# THE STATE OF TEXAS

TO: KNIGHT OIL TOOLS, INC.
By Serving It's Registered Agent
Timothy R. Brown
333 Clay Street, Suite 3300
Houston, TX 77002

CAUSE # O-10-498

01-13-2011

W.F. *[signature]*

**Defendant, Greeting:**

YOU ARE HEREBY COMMANDED to appear before the Honorable **12TH District Court** of **Leon** County, Texas, at the Court House of said county in **Centerville, Texas,** by filing a written answer at or before **9:00 o'clock a.m.** of the **Monday** next after the expiration of **Twenty** days **after** the date of service of this citation on **PLAINTIFF'S ORIGINAL PETITION** filed on the **28th** day of **December 2010**, numbered **O-10-498** on the docket of said court, and styled:

| | |
|---|---|
| RIPPY OIL COMPANY, RIPPY INTEREST LLC. THE GENECOV GROUP, INC. AND JOHN D. PROCTOR VS. KNIGHT OIL TOOLS, INC. AND PIONEER DRILLING COMPANY | **PLAINTIFFS** <br><br> **DEFENDANTS** |

The Name and Address of the Attorney for the Plaintiff:

**Mike Morris
Attorney at Law
1221 McKinney, Suite 4300
Houston, TX 77010-2010**

The nature of the Plaintiff's demand is set out and shown by a true and correct copy of the above **PLAINTIFF'S ORIGINAL PETITION** accompanying this citation, and made a part thereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**NOTICE TO DEFENDANT**: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

**Issued** and given under my hand and the seal of said court at Centerville, Texas, this the **28th day of December 2010.**

Attest: *[signature]*
Clerk 12th, 87TH, 278TH District Courts, Leon County, TX

By *[signature]*, CLERK
Address of Clerk: Diane Oden Davis
Leon County District Clerk
P.O. Box 39
Centerville, Texas 75833

**SHERIFF or PRIVATE PROCESS SERVER RETURN**

Came to hand on the _____ day of _____, 2010, at _____ o'clock _____. M., and executed in _____ County, Texas, by delivering to the within named defendants, to--wit:

_____, at _____ o'clock _____. M., _____, 2010 each, in person, a true and copy of this citation with a true and correct copy of this petition attached thereto having first endorsed on such copy of said citation the date of delivery. FEES: For serving this citation.............................$ _____

To certify which witness my hand officially. Subscribed and sworn to by _____
before me, the undersigned authority, this _____day of _____, 2010

Sheriff of _____County, Texas

By _____, Deputy

**CERTIFICATE OF DELIVERY**

I do hereby certify that I delivered to _____, on the _____ day of _____,
2010, at _____ o'clock _____.m., this copy of this instrument.

_____ LEON COUNTY SHERIFF, TEXAS

BY DEPUTY or Private Process Server (Please sign and print name)

_____

**EXHIBIT A**

NO. O-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY INTEREST LLC, THE GENECOV GROUP, INC., And JOHN D. PROCTOR | § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | LEON COUNTY, TEXAS |
| KNIGHT OIL TOOLS, INC., And PIONEER DRILLING COMPANY | § § | 12th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, RIPPY OIL COMPANY ("RIPPY OIL") on its own behalf, and on behalf of all working interest owners, to-wit: Rippy Interest LLC; and The Genecov Group, Inc., and John D. Proctor (hereinafter sometimes referred to as Plaintiffs) complaining of KNIGHT OIL TOOLS, INC. ("KNIGHT OIL TOOLS") and PIONEER DRILLING COMPANY ("PIONEER") hereinafter sometimes referred to as Defendants, and for cause of action, would show the Court the following:

I.

### DISCOVERY PLAN

Plaintiffs request that the discovery in this case be conducted under Level 3.

II.

### PARTIES

Plaintiff, RIPPY OIL, is a Texas corporation with its principal place of business in Tyler, Smith County, Texas. Rippy Oil brings suit on its own behalf and on behalf of all working interest owners, to-wit: Rippy Interest LLC; The Genecov Group, Inc., and John Procter.

Plaintiff, RIPPY INTEREST LLC, is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas.

FILED
DIANE DAVIS, DISTRICT CLERK
LEON COUNTY, TEXAS

DEC 23 2010

BY Diane Davis

Plaintiff, THE GENECOV GROUP, INC., is a Texas corporation with its principal place of business in Tyler, Smith County, Texas.

Plaintiff, John D. Proctor, is an individual residing in Tyler, Smith County, Texas.

Defendant, KNIGHT OIL TOOLS, INC., is a Louisiana corporation authorized by the Texas Secretary of State to do business in Texas and doing business in Texas. Knight Oil Tools' principal place of business in Texas is Houston, Harris County, Texas. Knight Oil Tools can be served with process by serving its registered agent Timothy R. Brown at 333 Clay Street, Suite 3300, Houston, Texas 77002. Plaintiffs request that citation issue at this time.

Defendant, PIONEER DRILLING COMPANY, is a Texas corporation with its principal place of business in Texas and can be served with process by serving its registered agent CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Dallas County, Texas 75201. Plaintiffs request that citation issue at this time.

III.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy is in excess of the minimal jurisdictional limits of the Court. The Court has personal jurisdiction over Defendants, because they have purposely availed themselves of the privileges and benefits of conducting business in Texas pursuant to §17.042 of the Texas Civil Practice & Remedies Code, have engaged in business in Texas by providing services to Texas residents, which services were to be performed in whole or in part in Texas, and the cause of action made the basis of this suit arises out of Defendants' contacts with and in the state of Texas.

2

Venue is proper in Leon County, Texas pursuant to the provisions of §§ 15.001, 15.002(a)(1) of the Texas Civil Practice & Remedies Code because Leon County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

IV.

## FACTUAL SUMMARY

At all times mentioned below, Plaintiff Rippy Oil Company was, and is now, engaged in the oil and gas business, including the exploration, drilling, and production of hydrocarbons.

At all times mentioned below, Defendant Knight Oil Tools was, and is now, engaged in the business of providing drilling services including supplying drill pipe.

At all times mentioned below, Defendant Pioneer Drilling was, and is now, engaged in the business of providing drilling services including the use of drill pipe.

Heretofore, Defendants provided Plaintiff certain drilling services including the supplying of drill pipe for which Defendants have invoiced Plaintiffs in excess of the minimum jurisdictional limits of this Court. Plaintiffs sought the drilling services and drill pipe for use in their well known as the Easterling No. 1-H well located in Leon County, Texas. The Easterling No. 1-H well was the first of a multi-well program planned for the Aguila Vado (Eagleford Shale) Field which comprised approximately 14,000 acres in Leon County.

The drill pipe supplied by Defendant Knight Oil Tools and utilized by Defendant Pioneer Drilling was represented to be API Specification 5D 3 ½" O.D. 13.30-PPF Grade S-135 drill pipe.

At the time the drill pipe was supplied, Defendants knew or had reason to know the purpose for which Plaintiffs sought the drill pipe and drilling services and that Plaintiffs were relying on Defendants to furnish drill pipe and drilling services suitable and fit for that purpose.

On or about May 11, 2010, Defendant Pioneer Drilling was utilizing the drill pipe supplied by Defendant Knight Oil Tools during drilling operations when the drill pipe supplied by Defendant Knight Oil Tools failed, destroying the Easterling No. 1-H Well.

V.

## NEGLIGENCE

Plaintiffs would incorporate the factual allegations set forth in Paragraph IV under "Factual Summary."

Defendants were negligent in the distribution and use of the drill pipe in question. Defendants' negligence was a proximate cause of Plaintiffs' damages. Plaintiffs cannot more specifically allege the specific acts of negligent distribution and use of the drill pipe in question on the part of Defendants at this time because facts in that regard are particularly within the knowledge of Defendants. In the alternative, in the event Plaintiffs are unable to prove specific acts of negligent distribution and use of the drill pipe in question, Plaintiffs rely on the doctrine of *res ipsa loquitur*. In this connection, Plaintiffs would show that the character of the occurrence giving rise to this litigation is such that it would not have happened in the absence of negligence, and the distribution and use of the drill pipe in question was within the exclusive control of Defendants at the time the negligence probably occurred.

VI.

## STRICT LIABILITY

Plaintiffs would incorporate the factual allegations set forth in Paragraph IV under "Factual Summary."

The drill pipe in question distributed by Defendant Knight Oil Tools was defective and unsafe for its intended purposes at the time it left the control of Knight Oil Tools and at the time it was delivered to Plaintiffs' well site. The drill pipe in question was defective in that it failed to conform to its design, specifications, and represented qualities and characteristics. The drill pipe in question was in the same or substantially same condition at the time it failed in Plaintiffs' well as it was when it was originally distributed by Defendant Knight Oil Tools. Defendant Knight Oil Tools' defective drill pipe was the producing cause of Plaintiffs' damages.

VII.

## DAMAGES

Plaintiffs would incorporate the factual allegations set forth in Paragraph IV under "Factual Summary."

As a result of Defendants' negligence and strict tort liability, Plaintiffs have suffered damages in excess of the minimal jurisdictional limits of this Court.

VIII.

## JURY REQUEST

Plaintiffs request a jury trial of this matter and have accordingly paid the proper fee with the filing of Plaintiffs' Original Petition.

IX.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

(1) Judgment against Defendants, jointly and severally, for damages in a sum within the jurisdictional limits of this Court;

(2) Pre-judgment and post-judgment interest at the maximum rate permitted by law;

(3) Costs of court; and

(4) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

THE KRIST LAW FIRM, P.C.

BY: *Ronald D Krist* by *Mike Morris*
RONALD D. KRIST
State Bar No. 11727000
Marina View Building
2600 South Shore Blvd., Suite 120
League City, Texas 77573
(281) 283-8500
(281) 488-3489 - Fax

TEKELL, BOOK, ALLEN & MORRIS, L.L.P.

BY: *Mike Morris*
MIKE MORRIS
State Bar No. 14495800
1221 McKinney, Suite 4300
Houston, Texas 77010-2010
(713) 222-9542
(713) 655-7727 - Fax

ATTORNEYS FOR PLAINTIFFS, RIPPY OIL COMPANY, RIPPY INTEREST LLC, THE GENECOV GROUP, INC., and JOHN PROCTER