## CAUSE NO. O-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY | § | IN THE DISTRICT COURT OF |
| INTEREST LLC, THE GENECOV | § | |
| GROUP, INC., AND JOHN D. | § | |
| PROCTOR, | § | |
| *Plaintiffs,* | § | LEON COUNTY, T E X A S |
| | § | |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. AND | § | |
| PIONEER DRILLING COMPANY, | § | 278th JUDICIAL DISTRICT |
| *Defendants.* | § | |

FILED
BEVERLY WILSON, DISTRICT CLERK
LEON COUNTY, TEXAS
MAY 10 2018
BY _____

## **CHARGE OF COURT**

MEMBERS OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1373

**EXHIBIT
D**

1.     Do not let bias, prejudice, or sympathy play any part in your decision.

2.     Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All the questions and answers are important. No one should say that any question or answer is not important.

6.     Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7.     Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.     Do not answer questions by drawing straws or by any method of chance.

9.    Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11.    Unless otherwise instructed, the answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## **DEFINITIONS**

"Occurrence": in the questions, below "occurrence" means the drill pipe separation that occurred on the Easterling No. 1-H well on May 11, 2010.

"Knight Oil Tools" includes its employees and, Robinson Tubular Services and its employees.

"Rippy Oil Company" includes Rippy Oil Company, and its agents, employees, or consultants, including Leo Wiggins and Larry Elkins.

"Gyrodata" means Gyrodata, and its agents and employees.

## QUESTION 1

Did Knight Oil Tools breach the implied warranty of fitness for a particular purpose, and, if so, was such breach a proximate cause of the occurrence in question?

A warranty that the goods are fit for a particular purpose is implied at the time of contracting if -

1. Knight Oil Tools had reason to know the particular purpose for which the drill pipe was required; and

2. Knight Oil Tools had reason to know that Rippy Oil Company was justifiably relying on Knight Oil Tools' skill and judgment to furnish suitable drill pipe.

There is a breach of an implied warranty of fitness for a particular purpose if at the time of lease, the drill pipe supplied by Knight Oil Tools was unfit for the particular purpose for which the drill pipe was leased.

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom.  There may be more than one proximate cause of an occurrence.

Answer "Yes" or "No."

Answer: ___Yes___

## **QUESTION 2**

Did Knight Oil Tools make a negligent misrepresentation with respect to the condition of the drill pipe at issue, on which Rippy Oil Company justifiably relied and was the proximate cause of the occurrence in question?

Negligent misrepresentation occurs when—

   1.   a party makes a representation in the course of his business; and

   2.   the representation supplies false information for the guidance of others in their business; and

   3.   the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information.

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom.   There may be more than one proximate cause of an occurrence.

A person may not justifiably rely on a representation if there is information indicating such reliance is unwarranted.

Answer "Yes" or "No."

Answer: ___yes___

## **QUESTION 3**

Did the negligence, if any, of those named below proximately cause the occurrence in question?

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause, unbroken by any new and independent cause, that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred.  In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that occurrence, or some similar occurrence, might reasonably result therefrom.  There may be more than one proximate cause of an occurrence.

"New and independent cause" means the act or omission of a separate and independent agency, not reasonably foreseeable, that destroys the causal connection, if any, between the act or omission inquired about and the occurrence in question and thereby becomes the immediate cause of such occurrence.

You are instructed that the occurrence of an accident is not of itself evidence of negligence.

Answer "Yes" or "No" for each of the following:

1.  Rippy Oil Company                         __NO__

2.  Gyrodata                                  __NO__

If you answered "Yes" to Question 1 or 2 and "Yes" to one or more entities in Question 3, then answer the following question.  Otherwise, do not answer the following question.

Assign percentages of responsibility only to those you found caused or contributed to cause the occurrence in question.  The percentages you find must total 100 percent.  The percentages must be expressed in whole numbers.  The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found.  The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

## QUESTION 4

For each person you found caused or contributed to cause the occurrence, find the percentage of responsibility attributable to each:

| | | |
|---|---|---|
| 1. | Knight Oil Tools | _____ % |
| 2. | Rippy Oil Company | _____ % |
| 3. | Gyrodata | _____ % |
| | *Total* | ____100____ % |

## QUESTION 5

Was the Easterling No. 1-H well capable of being reproduced by drilling another well as it existed at the time of the occurrence in question?

Answer "Yes" or "No."

Answer: ___ND___

## QUESTION 6

What would have been the reasonable and necessary costs of drilling and equipping the Easterling 2-H well in the condition the Easterling 1-H well was equipped before the occurrence in question less the salvage value?

Do not include in your answer any amount that you find Rippy Oil Company could have avoided by the exercise of reasonable care. Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any:

a.   The reasonable and necessary drilling and equipping costs for the Easterling No. 2-H well.

Answer:   _1.5 Million_

If you answered "Yes" to Question 1 or 2 as to Knight Oil ~~Company~~ Tools HER, then answer the following question. Otherwise, do not answer the following question.

## QUESTION 7

What is the reasonable fair market value of the Rippy Oil Company's Easterling 1-H well immediately before the occurrence in question and immediately after the occurrence in question and proximately caused by the occurrence in question?

"Fair market value" means the price a willing seller not obligated to sell can obtain from a willing buyer not obligated to buy.  Do not include interest on any amount of damages you find.

Answer each question in dollars and cents, if any.

**a. Before the occurrence in question.**

Consider only evidence of fair market value immediately prior to the time of the occurrence, not at any time after the occurrence. Do not consider evidence from wells not in the same field and formation as the Easterling No. 1-H well.

Answer:   _5.9 Million_

**b. After the occurrence in question.**

Consider only evidence of fair market value immediate after the time of the occurrence.  Do not consider evidence from wells not in the same field and formation as the Easterling No. 1-H well.

Answer:   _0_

## QUESTION 8

Did Rippy fail to comply with the parties' Agreement by failing to pay the Invoices?

For the purpose of answering this question, "Invoices" means Knight Oil Tools Invoice Nos. 232983, 233524, 233853, 234340, and 234461.

Answer "Yes" or "No":

Answer: ___yes___

## **QUESTION 9**

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Knight Oil Tools for its damages, if any, that resulted from such failure to comply?

Consider this measure of damages, and none other, the total amount of the invoices.

Please answer in dollars and cents.

Answer: $ _361,356.87_

**Presiding Juror:**

1.       When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.       The presiding juror has these duties:

    a.   have the complete charge read aloud if it will be helpful to your deliberations;

    b.   preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

    c.   give written questions or comments to the bailiff who will give them to the judge;

    d.   write down the answers you agree on;

    e.   get the signatures for the verdict certificate; and

    f.   notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1.       You may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2.       If 10 jurors agree on every answer, those 10 jurors sign the verdict.

If 11 jurors agree on every answer, those 11 jurors sign the verdict.

If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.       All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____

Judge Presiding

### VERDICT CERTIFICATE

Check one:

_____   Our verdict is unanimous.  All twelve of us have agreed to each and every
answer.  The presiding juror has signed the certificate for all twelve of us.

_____          _____

**Signature of Presiding Juror**                    **Printed Name of Presiding Juror**

_____   Our verdict is not unanimous.  Eleven of us have agreed to each and every
answer and have signed the certificate below.

*JD*   Our verdict is not unanimous.  Ten of us have agreed to each and every
answer and have signed the certificate below.

| | Signature | Name Printed |
|---|---|---|
| 1. | *Jean Davis* | Jean Davis |
| 2. | *Powell Ward* | Powell WARD |
| 3. | *Paul Bosse* | Paul Bosse |
| 4. | *Tomas Clark* | Tomas Clark |
| 5. | *Margaret Gray* | MARGARET GRAY |
| 6. | *Tony H Gonzalez* | Tony H Gonzalez |
| 7. | *Louisa Hargrave* | Louisa Hargrave |
| 8. | *Lawrence J Cornett* | LAWRENCE J. CORNETT |
| 9. | *George Pawley* | George Pawley |
| 10. | *Jacob Holcomb* | JACOB Holcomb |
| 11. | | |

FILED
BEVERLY WILSON, DISTRICT CLERK
LEON COUNTY, TEXAS   5-10-18
MAY 10 2018   5:50pm

BY _____

1388