CAUSE NO. O-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY INTEREST LLC, THE GENECOV GROUP, INC., AND JOHN D. PROCTOR,<br>           *Plaintiffs,*<br><br>VS.<br><br>KNIGHT OIL TOOLS, INC. AND PIONEER DRILLING COMPANY,<br>           *Defendants.* | §§§§§§§§§§§§ | IN THE DISTRICT COURT OF<br><br><br><br>LEON COUNTY, T E X A S<br><br><br><br><br>278th JUDICIAL DISTRICT |

## KNIGHT OIL TOOLS, INC.'S MOTION TO DISREGARD CERTAIN JURY FINDINGS, AND FOR ENTRY OF JUDGMENT

Defendant Knight Oil Tools, Inc. files this this Motion to Disregard Jury Findings, and for Entry of Judgment, requesting that this Court disregard certain of the jury's findings and render judgment that Plaintiffs, Rippy Oil Company, Rippy Interest, LLC, The Genecov Group, Inc., and John D. Proctor (collectively, "Rippy"), take nothing on their claims against Knight Oil, and that Knight Oil recover on its counterclaim. Knight Oil expressly reserves its right to file additional motions or assert further challenges to the jury's findings as permitted under the Texas Rules of Civil Procedure.

### INTRODUCTION

This case was called to a jury trial before this Court on May 1, 2018. At trial, Rippy presented its claims for recovery against Knight Oil based on allegations of negligent misrepresentation and breach of the implied warranty for fitness for particular purpose. Rippy claimed that these acts damaged its well, and that the well could not be reproduced "as it existed at the time of the occurrence in question." Based on these claims, Rippy

**EXHIBIT F**

sought to recover as damages the fair market value of the well immediately before the occurrence in question.

The jury found that Knight Oil breached the implied warranty for fitness for particular purpose and made a negligent misrepresentation. The jury also found that the well could not be reproduced "as it existed at the time of the occurrence in question." However, in answer to a separate question, the jury found that the cost to reproduce the well was $1.5 million, necessarily implying that the well could be reproduced. The jury further found that the fair market value of the well was $5.9 million immediately before the occurrence in question, and $0 immediately after the occurrence in question. Finally, the jury found that Rippy failed to comply with the parties' agreement and awarded $361,356.87 in damages to Knight Oil.

Under Texas law, if a well can be reproduced by drilling another one, the proper measure of damages is the *lesser* of (i) the cost of drilling and equipping another such well, less the value of any salvage, and (ii) the reasonable cash market value of the well immediately before the occurrence in question. *Basic Energy Serv., Inc. v. D-S-B Properties, Inc.*, 367 S.W.3d 254, 262 (Tex. App.—Tyler 2011, no pet.); *Atex Pipe & Supply, Inc. v. Sesco Prod. Co.*, 736 S.W.2d 914, 917 (Tex. App.—Tyler 1987, writ denied). Because the jury found that the well could be reproduced for $1.5 million, which was less than the fair market value of the well, the proper measure of damages, if any, is the cost to reproduce the well. Nevertheless, the Court signed a Final Judgment on June 4, 2018, awarding Rippy $5.9 million, minus the amount of Knight Oil's counterclaim, totaling $5,538,643.13, plus $2,056,885.14 in prejudgment interest.

For the reasons herein, Knight Oil requests the Court to disregard certain of the jury's findings and render judgment that Rippy take nothing. By filing this motion, Knight Oil does not waive any of the points previously made in other motions or withdraw any of those points.

## ARGUMENT

**I.   Question No. 1.**

The Court should disregard the jury's answer to Question No. 1 for any one or more of the following reasons:

1. The jury's answer to Question No. 1 is not supported by legally sufficient evidence.

2. The evidence is factually insufficient to support a finding of each of the elements, and subparts of Question No. 1 that—

   a. Knight Oil breached the implied warranty of fitness for a particular purpose;

   b. Any such breach was a proximate cause of the occurrence in question;

   c. Knight Oil had reason to know the particular purpose for which the drill pipe was required; and

   d. Knight Oil had reason to know that Rippy was justifiably relying on Knight Oil's skill and judgment to furnish suitable drill pipe.

   e. Rippy did, in fact, justifiably rely on Knight Oil's skill and judgment to furnish suitable drill pipe.

   f. The drill pipe failed the particular purpose for which was it was allegedly required.

3. Rippy's evidence was intended to prove that there was a defect in the pipe that caused the occurrence, which would have been a different legal theory than the one submitted to the jury in Question 1. Rippy offered legally insufficient evidence that the occurrence in question was caused by a product free from defects and suitable for some purposes, but not for the specific purpose in question. Rippy's proof at trial was designed to demonstrate that there was a defect in the pipe that caused the failure, which is not a theory of breach of an implied warranty for fitness for particular use. Rippy offered legally insufficient evidence under the theory it submitted—i.e., that the occurrence in question was caused by a product free from defects and suitable for some purposes, but not for the specific purpose in question. Thus, Rippy has no viable cause of action for breach of the implied warranty of fitness for particular purpose. And, because Rippy has submitted the wrong theory and there is no evidence to support the theory of negligent misrepresentation (discussed below), judgment should be rendered in favor in Knight on all liability findings.

4. This question as submitted is immaterial, and should not have been submitted.

## II. Question No. 2.

The Court should disregard the jury's answer to Question No. 2 for any one or more of the following reasons:

1. The jury's answer to Question No. 2 is not supported by legally sufficient evidence.

2. The evidence is factually insufficient to support a finding of each of the elements, and subparts of Question No. 2 that—

  a. Knight Oil made a misrepresentation with respect to the condition of the drill pipe at issue;

  b. Such representation supplied false information for the guidance of others in their business;

  c. Knight Oil did not exercise reasonable care or competence in obtaining or communicating the information;

  d. Rippy justifiably relied on such representation; and

  e. Any such representation was the proximate cause of the occurrence in question.

 3. This question as submitted is immaterial, and should not have been submitted.

## III. Question No. 3, subpart 1.

The Court should disregard the jury's answer to Question No. 3, subpart 1 for any one or more of the following reasons:

 1. The conclusive evidence established that the negligence of Rippy was a proximate cause of the occurrence in question.

 2. There is no evidence, or the evidence is legally insufficient, to support a finding that a new and independent cause destroyed the casual connection between Rippy's negligence and the occurrence in question.

## IV. Question No. 3, subpart 2.

The Court should disregard the jury's answer to Question No. 3, subpart 2 for any one or more of the following reasons:

 1. The conclusive evidence established that the negligence of Gyrodata was a proximate cause of the occurrence in question.

2. There is no evidence, or the evidence is legally insufficient, to support a finding that a new and independent cause destroyed the casual connection between Gyrodata's negligence and the occurrence in question.

## V. Question No. 5.

The Court should disregard the jury's answer to Question No. 5 for any one or more of the following reasons:

1. The jury's answer to Question No. 5 is not supported by legally sufficient evidence.

2. There is no evidence, or the evidence is legally insufficient, to support a finding that the Easterling No. 1–H well was not capable of being reproduced by drilling another well as it existed at the time of the occurrence in question.

3. The conclusive evidence established that the Easterling No. 1–H well was capable of being reproduced by drilling another well as it existed at the time of the occurrence in question.

4. This question as submitted contained an improper statement of law and should not have been submitted, by including the language "as it existed at the time of the occurrence in question." *See Am. Glycerin Co. v. Kenridge Oil Co.*, 295 S.W. 633, 636–37 (Tex. Civ. App.—Eastland 1927, no writ) ("We suggest that upon another trial of this case evidence should be admitted and the jury called upon to determine in answer to a proper special issue *whether or not the well could have been reproduced by drilling another one*."(emphasis added)).

  5. This question as submitted is immaterial, and should not have been submitted.

### VI. Question No. 6.

The Court should disregard the jury's answer to Question No. 6 for any one or more of the following reasons:

  1. The jury's answer to Question No. 6 is not supported by legally sufficient evidence.

  2. There is no evidence, or the evidence is legally insufficient, to support a finding that the reasonable and necessary drilling and equipping costs for the Easterling No. 2-H well was $1.5 million.

### VII. Question No. 7, subpart a.

The Court should disregard the jury's answer to Question No. 7, subpart a for any one or more of the following reasons:

  1. The jury's answer to Question No. 7, subpart a is not supported by legally sufficient evidence.

  2. There is no evidence, or the evidence is legally insufficient, to support a finding that the reasonable fair market value of the Rippy Easterling 1–H well immediately before the occurrence in question was $5.9 million.

  3. The conclusive evidence established that the reasonable fair market value of the well immediately before the occurrence in question was less than $5.9 million.

    4.    There is no evidence, or the evidence is legally insufficient, to support a finding that the reasonable fair market value of the Easterling 1–H well immediately before the occurrence in question was proximately caused by the occurrence in question.

    5.    This question as submitted is immaterial, and should not have been submitted.

## VIII. Question No. 7, subpart b.

The Court should disregard the jury's answer to Question No. 7, subpart b for any one or more of the following reasons:

    1.    The jury's answer to Question No. 7, subpart b is not supported by legally sufficient evidence.

    2.    There is no evidence, or the evidence is legally insufficient, to support a finding that the reasonable fair market value of the Rippy Easterling 1–H well immediately after the occurrence in question was $0 million.

    3.    The conclusive evidence established that the reasonable fair market value of the well immediately after the occurrence in question was greater than $0.

    4.    There is no evidence, or the evidence is legally insufficient, to support a finding that the reasonable fair market value of the Easterling 1–H well immediately after the occurrence in question was proximately caused by the occurrence in question.

    5.    This question as submitted is immaterial, and should not have been submitted.

## CONCLUSION

Knight Oil Tools, Inc. requests that the Court vacate the Final Judgment in this matter, disregard the jury's findings, and render judgment that Plaintiffs, Rippy Oil Company, Rippy Interest, LLC, The Genecov Group, Inc., and John D. Proctor, take nothing, and that Knight Oil recover on its counterclaim as found by the jury.

Respectfully submitted,

*/s/ Jessica Z. Barger*
Thomas C. Wright
State Bar No.22059400
Jessica Z. Barger
State Bar No. 24032706
Bradley W. Snead
State Bar No. 24049835
WRIGHT & CLOSE, LLP
One Riverway, Suite 2200
Houston, Texas 77056
(713) 572-4321
(713) 572-4320 (fax)
wright@wrightclosebarger.com
barger@wrightclosebarger.com
snead@wrightclosebarger.com

/s/ *Randy Donato*
Randy Donato
SBN: 05973300
James T. Sunosky
SBN: 2403372
DONATO, MINX, BROWN & POOL, P.C.
3200 Southwest Freeway, Suite 2300
Houston, Texas 77027
(713) 877-1112 (Main)
(713) 877-1138 (Fax)
rdonato@donatominxbrown.com

**ATTORNEYS FOR DEFENDANT KNIGHT OIL TOOL**

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on the 3rd day of July, 2018, a true and correct copy of the above and foregoing has been served by electronic transmission on all counsel of record.

                                             */s/ Jessica Z. Barger*
                                             Jessica Z. Barger