UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § | CIVIL ACTION NO. 6:21-CV-04191-RRS -CBW |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § § | |
| KNIGHT OIL TOOLS, INC. | § § | MAGISTRATE CAROL B WHITEHURST |
| | § | (ORAL ARGUMENT REQUESTED) |

## INTERVENOR RIPPY OIL COMPANY'S MOTION TO DISMISS  COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Proposed Intervenor, Rippy Oil Company (" Rippy Oil"), files this Motion to Dismiss AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company's ("AIG"), Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 12(b)(1) (2)(3)(6) and (7) and Federal Rule of Civil Procedure 19(a), (b)and (c); the Declaratory Judgment Act, 28 U.S.C. §2201(a); the Anti-Injunction Act, 28 U.S.C. §2283; and principles of comity, federalism, and abstention,

A.    **This Court Should Dismiss AIG's Complaint for Declaratory Judgment as there is no Case or Controversy between AIG and KOT**

1.    AIG filed  this declaratory judgment action seeking a judicial declaration against Knight Oil Tools, Inc.("KOT") that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance ( ACE American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss" and "[t]here is no coverage under the ASIC policy for Knight's liability." (DOC. #1, pp. 17-18).

2.    AIG did not name  the Scheduled Underlying Insurance carrier ACE American

Insurance Company ("ACE") as a necessary party to the declaratory judgment action. Nor did AIG sue another necessary party: proposed Intervenor Rippy Oil, third-party beneficiary under the ACE policy and a judgment creditor of ACE and AIG named insured Knight Oil Tools Inc now known as Knight Oil Tools LLC, ( "Knight" or "KOT"). (DOC.#1, p.1).

3.      The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201(a). "As a general rule , an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891. 896 (5th Cir. 2000).

4.      There is no adverse dispute between AIG and KOT, as ACE and AIG defended KOT in the underlying Texas lawsuit brought by Rippy Oil against KOT, and AIG continues to prosecute appeal of a final judgment in favor of Rippy Oil against KOT to the Texas Supreme Court through attorneys retained by AIG to represent KOT. AIG's Complaint contains no factual allegations of misconduct of KOT as a basis to deny coverage nor does it remotely suggest AIG intends to withdraw from KOT's defense. (Doc #1, pp. 1-18). Indeed, just the opposite is true as AIG directed the filing of a Petition for Review in the Texas Supreme Court after filing this Declaratory Judgement Action. (See Unopposed Motion for Extension of time to file Petition for Review in Supreme Court of Texas, No 21-1115, styled Knight Oil Tools Inc. v. Rippy Oil Company, et al).

5.      Moreover, there is no possible injury to KOT who has emerged from Chapter 11 Bankruptcy. KOT's Joint Chapter Plan of Reorganization of November 29, 2017 was confirmed December 1, 2017 and the bankruptcy proceeding terminated on June 17, 2019. The Order lifting

stay in the bankruptcy court specifically allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. (Doc #1, Exhibit C). On information and belief, AIG did not file a claim for relief in the KOT bankruptcy proceeding or otherwise seek permission from the bankruptcy court to pursue this Declaratory Judgement action against KOT.

6.      Declaratory relief is available only when there is an actual, substantial case or controversy between the parties Plaintiff AIG and Defendant KOT who have adverse legal interests of sufficient immediacy and reality to warrant the exercise of this court's remedial power under the Declaratory Judgement Act. Plaintiff AIG does not allege the existence of an actual case or controversy between AIG and KOT which is a condition precedent for this declaratory judgment action.

7.      Accordingly, Intervenor Rippy Oil respectfully submits that a declaratory judgement action is not available between AIG and KOT,  and declaratory judgment relief  is not appropriate in this case, where there is no substantial case or controversy between AIG and KOT and no possible injury to KOT. AIG's Complaint for Declaratory Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

**B.**     **This Court Should Exercise its Discretion to Dismiss as Parallel Litigation is  Pending in Texas  State Court between All Necessary Parties**

8.      A district court may choose to dismiss a declaratory judgment action brought pursuant

3

to 28 U.S.C. §2201(a) by not exercising jurisdiction over it when parallel litigation is pending in state court, especially when this court does not have authority to grant declaratory relief under the Anti-Injunction Act, 28 U.S.C. §2283 against the parallel state court action.

9.      In making a decision whether to dismiss, the Fifth Circuit in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891 (5th Cir. 2000) has outlined three issues, a federal district court must determine:

    a.      whether the declaratory judgment action is justiciable;

    b.      whether the court has authority to grant declaratory relief; and

    c.      whether the court should exercise its discretion to decide or dismiss the action.

See also *Sherwin- Williams Co. v. Holmes Country, 343 F. 3d 383, 387 (5th Cir. 2003)*

10.      At the time AIG filed this declaratory judgment action on December 7, 2021, Rippy Oil had a pending Texas state court action against KOT wherein a final judgement in favor of Rippy Oil against KOT had been affirmed by the Waco Court of Appeals. An extension to file a Petition for Review is currently pending in the Texas Supreme Court. As part of post-judgement proceedings in that case, Rippy Oil is preparing to file the attached Application for Turnover Order to satistify the final judgement from the policy proceeds of the ACE American Insurance Company (ACE) and Chartis Specialty Insurance Company (AIG) policies issued to named insured KOT as permitted by the Order lifting bankruptcy stay. (See Exhibit 1 Application for Turnover Order). Additionally, Rippy Oil has a pending breach of contract and declaratory judgment action pending in the 133rd Judicial District Court in Houston, Harris County, Texas seeking to satisfy the final judgement from the ACE and AIG policies. (See Exhibit 2, Plaintiff's Original Petitions).

C.   **No Authority to Grant Declaratory Relief**

11.   If the Court concludes, that this declaratory action is justiciable, the Court must still determine whether it has the authority to grant declaratory relief.  Under the second element of the analysis, a district court does not have authority to consider the merits of a declaratory judgment action when:

    a.   the declaratory action Defendant was previously a party in a related  in state court action;

    b.   the state case involved the same issues as those in the federal court; and

    c.   the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. §2283.

12.   Here, all three factors are met. The Rippy Oil Company v. KOT, Texas state court suit in the 278th Judicial District Court of Leon County, Texas had been through a fully adversarial jury trial, verdict, final judgment, and appeal to the Waco Court of Appeals when AIG filed this declaratory judgment action. Pursuant to the order lifting the KOT bankruptcy stay , Rippy Oil is seeking satisfaction of its final judgment against the policy proceeds of the ACE and AIG policies, not the assets of KOT. Additionally, the pending Texas state court action, in the 133rd Judicial District Court against ACE, AIG, and Risk Specialists seeks a declaration  that ACE and AIG have coverage to pay the final judgment under the same policies AIG seeks to bring before this court. Because the Anti-Injunction Act would prohibit this court from enjoining these Texas state court proceedings, Plaintiff AIG's request for declaratory judgment against KOT  should be dismissed.

**D.**   **The Court Should Exercise its Discretion to Dismiss Based on Principles of Comity, Federalism, and Abstention**

13.     Even if the court had the authority to grant relief, it should exercise its discretion to dismiss this federal court declaratory judgment action. The Fifth Circuit in *St. Paul Ins. Co. v. Trejo,* 39 F. 3d 585, 590-591 (5th Cir. 1994), identified seven non-exclusive factors for this court to consider when determining whether to exercise discretion to assert its jurisdiction in a declaratory judgment action:

      a.      whether there is a pending state action in which all of the matters in controversy may be fully litigated;

      b.      whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant;

      c.      whether the Plaintiff engaged in forum shopping in bringing the suit;

      d.      whether possible inequities in allowing the declaratory Plaintiff to gain precedence in time or to change forums exists;

      e.      whether the federal court is a convenient forum for the parties and witnesses;

      f.      whether retaining the lawsuit would serve the purposes of judicial economy; and

      g.      whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

14.     As observed by the Fifth Circuit, the "*Trejo* factors" enumerated above address all three aspects of the overriding analysis outlined by the Supreme Court in *Brillhart v. Excess*

*Insurance Company of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620(1942): federalism, fairness, and efficiency.

15.     All three aspects of the *Trejo* test weigh against this court exercising its jurisdiction over this declaratory judgment case:

   a.     federalism - the proper allocation of the decision - making between state and federal court;

   b.     fairness - distinguishing between legitimate and improper reasons for forums selection; and

   c.     efficiency - avoidance of duplicative or piecemill litigation where possible.

16.     Accordingly, even if the declaratory action between AIG and KOT is justiciable and this Court has authority to grant declaratory relief, this Court should exercise its discretion to decline jurisdiction and to dismiss this declaratory action.

17.     Should the Court grant , judgement creditor and third-party beneficiary Rippy Oil Company the right to intervene , Intervenor Rippy Oil Company will file a Memorandum of Law in support of its request that the Court grant its Motion to Dismiss.  In the alternative, Intervenor Rippy Oil Company respectfully requests that the Court abate or stay this case until resolution of the previously filed, parallel, and pending Texas state court actions are concluded. Finally, Intervenor Rippy Oil Company requests such other and further relief, whether in law or equity to which it shows itself justly entitled.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC
Attorneys at Law

By: *_____
       James H. Gibson
       State Bar No. 14285
       2448 Johnston St. (70503)
       P.O Box 52124
       Lafayette, LA 70505
       Direct Dial :337-767-6025
       Main:  337-761-6023
       Fax:   337-761-6061
       Email: jimgibson@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: *_____
       Kenneth Tekell, Sr.
       State Bar No. 19764000
       ktekell@balagiatekell.com
       6 Broad Oaks Lane
       Houston, Texas 77056
       Telephone:  713-823-6558

•     Signed by Mike Morris with permission

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.


By: _____
       Mike Morris
       State Bar No. 14495800
       1221 McKinney, Suite 4300
       Houston, Texas 77010
       (713) 222-9542
       (713) 655-7727 - Fax
       mmorris@taylorbook.com

ATTORNEYS FOR INTERVENOR,
RIPPY OIL COMPANY

8

## CERTIFICATE OF SERVICE

      I certify that on this _____ day of January, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Western District of Texas:

_____