12/29/2021 2:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60372053
By: Monica Jackson
Filed: 12/29/2021 11:36 AM

# 2021-83799 / Court: 133

CAUSE NO. ........................................

| | | |
|---|---|---|
| RIPPY OIL COMPANY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY N/K/A AIG | § | |
| INSURANCE COMPANY | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| AND RISK SPECIALISTS COMPANIES | § | |
| INSURANCE AGENCY, INC. | § | |
| *Defendants.* | § | ........................JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, Plaintiff Rippy Oil Company ("Rippy Oil"), on its own behalf, and on behalf of all working interest owners, to-wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor (hereinafter sometimes referred to as "Plaintiff Rippy Oil" or Plaintiffs) file this Original Petition against Defendant ACE American Insurance Company ("ACE"), Chartis Specialty Insurance Company, now known as, AIG Specialty Insurance Company ("AIG"), and Risk Specialists Companies Insurance Agency ("Risk Specialists"), and for cause of action would show the Court as follows:

### I.

### DISCOVERY PLAN

1.       Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff requests that this case be designated as a Level 3 case in accordance with the discovery control plan tailored to the circumstances of this specific suit.

**EXHIBIT B**

2.      Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants tender required disclosures pursuant to Texas Rules of Civil Procedure 194.1, 194.2, 194.3, and 194.4.

## II.

## PARTIES

3.      Plaintiff Rippy Oil Company is a Texas Corporation with its principal place of business in Tyler, Smith County, Texas.  Rippy Oil Company brings suit on its own behalf and on behalf of all working interest owners, to wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor.

4.      Rippy Interest, LLC is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas.

5.      The Genecov Group, Inc. is a Texas corporation with its principal place of business in Tyler, Smith County, Texas.

6.      John D. Proctor is an individual residing in Tyler, Smith County, Texas.

7.      Defendant ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of California, with its principal place of business in Pennsylvania. Defendant ACE is admitted, authorized, and licensed by the Texas Department of Insurance to write general liability insurance policies, providing commercial general liability insurance coverage in the state of Texas, including issuing general liability policy No. HDO G24940214, providing commercial general liability insurance coverage to Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC and all its operations in Texas.  Defendant ACE is engaged in the business of insurance in this state and designated an agent for service of process in Texas. Defendant ACE American Insurance Company may be served with process by serving

EXHIBIT B

its designated registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.  Issuance of citation and service of process by certified mail, return receipt requested, is requested at this time.

8.      Defendant Chartis Specialty Insurance Company, now known as, AIG Specialty Insurance Company ("Defendant AIG"), is an insurance company incorporated in the state of Illinois with its principal place of business in the state of New York.  Defendant AIG is not admitted, authorized, or licensed to issue liability insurance in the state of Texas.   On information and belief, Chartis Specialty Insurance Company, was not eligible in 2010 and 2011 to issue surplus lines liability insurance, including the surplus lines commercial general liability coverage, issued by policy No. BE 13074559 in Texas under Chapter 981 of the Texas Insurance Code and therefore was an unauthorized insurer.  Defendant AIG nevertheless engaged in the business of insurance in this state, including issuing surplus lines commercial umbrella liability policy No. BE 13074559 providing surplus lines commercial general liability insurance coverage to Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC. and all it operations in Texas. Defendant AIG's policy was issued through Patrick Dwayne David and Knox Insurance Agency Group LLC. On information and belief Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group LLC was not a licensed surplus lines agency in Texas. Defendant AIG is engaged in the business of insurance in this state, but has not designated an agent for service of process in Texas.   Defendant AIG, as an ineligible and therefore unauthorized surplus lines carrier issuing policies in Texas, is deemed to have designated the Commissioner of Insurance of the Texas Department of Insurance as its agent for service pursuant to Texas Insurance Code 804.201.  Indeed, Defendant AIG pursuant to Paragraph O titled "Service of Suit" under IV headed "Conditions" in its commercial umbrella liability policy

3

No. BE 13074559, agreed that service of process may be made upon Counsel, Legal Department, Chartis Specialty Insurance Company (now known as AIG Specialty Insurance Company), 175 Water Street, New York, New York 10038, or his or her representative. Further Defendant AIG agreed in Condition VI(O) headed "Service of Suit" to designate the Commissioner of Insurance as its true and lawful attorney upon whom may be served any lawful process and further designated the above-named counsel as the person to whom the Commissioner of Insurance of the Texas Department of Insurance is authorized to mail such process.

9.       Accordingly, Defendant AIG may be served with process by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701, who is thereafter requested to mail process including Citation and this Petition to Counsel, Legal Department, Chartis Specialty Insurance Company, 175 Water Street, New York, New York 10038. Issuance of Citation and service of process by certified mail, return receipt requested, is requested at this time. The mailing address for Counsel, Legal Department, Chartis Specialty Insurance Company is 175 Water Street, New York, New York 10038 should be typed on the face of the Citation.

10.       Defendant Risk Specialists Companies Insurance Agency, Inc. ("Defendant Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal place of business in Houston, Harris County Texas. Defendant Risk Specialists is engaged in the business of insurance in this state and designated an agent for service of process in the state of Texas. Defendant Risk Specialists may be served with process by serving its designated registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin Texas, 78701-3218. Issuance of citation and service of process by certified mail, return receipt requested, is requested at this time.

EXHIBIT B

III.

JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy and damages sought are within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000.00. Additionally, the district court has residual jurisdiction of suits for declaratory relief pursuant to the Texas Uniform Declaratory Judgment Act set out in Tex. Civ. Prac. & Rem. Code §§ 37.001 – 37.011, as the amount in controversy is in excess of the minimum jurisdictional limits of this Court. The Court has both general and specific personal jurisdiction over Defendants.   Defendant ACE is an authorized and admitted fire and casualty insurance carrier approved and licensed by the Texas Department of Insurance to issue general liability insurance policies with commercial general liability insurance coverage to Texas insureds and Louisiana insureds doing substantial business in the State of Texas like judgment debtor Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC ("KOT"). Defendant AIG is not an authorized or admitted liability insurance carrier, but is currently an eligible surplus lines carrier subject to Chapter 981 of the Texas Insurance Code and regulation by the Texas Department of Insurance pursuant to Chapter 15 of the Texas Administrative Code.  Defendant AIG has issued surplus lines general liability insurance policies with commercial general liability coverage to Texas insureds and Louisiana insureds like KOT doing business in Texas.  Defendant ACE and AIG's business activities were purposefully directed to the state of Texas and the disputes between Plaintiff and Defendant ACE arise from and are related to those business activities, including defense of and indemnification of KOT pursuant to ACE policy No. HDO G24940214 and Chartis Specialty Insurance Company policy No. BE 13074559 in the underlying Texas state

5

EXHIBIT B

court lawsuit brought by Plaintiff against KOT.  Further, the contacts of Defendants ACE and AIG with Texas are purposeful, continuous, and systematic in that the insurance company Defendants have issued numerous liability insurance policies to multiple Texas insureds since they began conducting the business of insurance in Texas, including the issuance of general liability insurance policies with commercial general liability insurance coverage to KOT, who conducts business in the state of Texas.

12.    Venue is proper in Harris County, Texas pursuant to the provisions of Section 15.002(a)(3) of the Texas Civil Practice & Remedies Code as Defendant Risk Specialist has a principal office in Houston, Harris County, Texas as defined by Section 15.001(a). Venue is also proper in Harris County, Texas or in the alternative  Leon County, Texas pursuant to the provisions of Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to this insurance dispute occurred in  Harris or Leon County, Texas. The surplus lines policy No. BE 13074559, issued on behalf of Chartis Specialty Insurance Company, was bound and issued by Defendant Risk Specialists in Houston, Harris County Texas. The occurrence of property damage sustained by Plaintiffs occurred in Leon County, Texas. The underlying lawsuit asserting the claims of Plaintiff against Defendants ACE and AIG's named insured KOT, was filed in the 278th Judicial District Court of Leon County, Texas. Defendants ACE and AIG retained defense attorneys located in Houston, Harris County Texas and  directed the defense of KOT in Leon County, Texas.  A final judgment was entered in favor of Plaintiffs against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Plaintiff.  Subsequent to discharge from bankruptcy, KOT moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas.  Plaintiff, as judgment creditor and third-party

EXHIBIT B

beneficiary of the Defendants ACE and AIG liability insurance policies in question, seek to recover the full amount of the final judgment entered in the 278th Judicial District Court of Leon County, Texas from Defendants ACE and AIG.  Venue is also proper in Harris or Leon County, Texas pursuant to 15.005 of the Texas Civil Practice Remedies Code because Plaintiff has established proper venue against one or more of the Defendants in Harris or Leon County, and therefore Plaintiff has venue over all of the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.  Finally, under IV "Conditions" Paragraph O, headed "Service of Suit," Defendant AIG agreed "in the event of our failure to pay any amount claimed to be due hereunder, we, at the insured's request, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Harris County or in the alterative Leon County, Texas District Courts qualify as courts of competent jurisdiction to which Defendant AIG has submitted to the jurisdiction.

<div align="center">IV.</div>

<div align="center">CHOICE OF LAW</div>

13.    The dispute between Plaintiff and Defendants is directly related to policies of general liability insurance with commercial general liability insurance coverage issued by Defendants and concerns whether the policies of liability insurance are required to pay the final judgment obtained by Plaintiff against KOT.  Plaintiff is a judgment creditor and third-party beneficiary under the policies issued by Defendants ACE and AIG.  Defendant ACE's policy No. HDO G23740214 issued to KOT provides in pertinent part at Section IV headed "Commercial General Liability Conditions," Paragraph 3 titled "Legal Action Against Us," "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured".

<div align="center">7</div>

<div align="right">EXHIBIT B</div>

14.     Likewise, Defendant AIG policy No. BE 13074559 issued to KOT provides in pertinent part at Section VI titled "Conditions," in Paragraph J that "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an Insured;....". Plaintiff is a Texas company with its principal place of business in Texas that obtained a jury verdict and final judgment in Cause No. 0-10-498 styled Rippy Oil Company, et al. vs. Knight Oil Tools, Inc., et al., in the 278th Judicial District Court of Leon County, Texas, after a fully adversarial trial in which Defendants ACE and AIG hired Texas attorneys to vigorously defend and contest the allegations against Defendants ACE and AIG's named insured KOT.  As a Texas judgment creditor of KOT and third-party beneficiary under the policies issued by Defendants ACE and AIG, Plaintiff brings a declaratory judgment and breach of contract action to recover the amount of the final judgment, interest and costs, from Defendants ACE and AIG under Texas law. Article 21.42 of the Texas Insurance Code provides:

(a) Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this state or at the home office of the company or corporation issuing same.

15.     The Texas Insurance Code therefore directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas.  Scottsdale Ins. Co. v. National Emergency Services,

8

EXHIBIT B

Inc., 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  All three elements are met here.

16.     Additionally, Plaintiffs seek a declaration that Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance pursuant to Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213 and 981.216.  Anyone who assists in procuring unauthorized insurance like Defendant Risk Specialist is individually liable for unpaid claims under the policy pursuant to Texas Insurance Code §101.201.  Likewise an unauthorized insurer cannot enforce policy exclusions in an attempt to avoid coverage pursuant to Texas Insurance Code §101.201

17.     Accordingly, Texas law governs this dispute between Plaintiff and Defendants.

## V.

## FACTUAL BACKGROUND

18.     KOT rents steel drill pipe delivered from storage facilities in Houston, Alice, and Odessa, Texas as well as Broussard, Louisiana and locations in other states.  On or about May 11, 2010, Pioneer Drilling was utilizing the drill pipe rented, supplied and represented to have been API inspected and API Premium Class by KOT during normal drilling operations to finish drilling the horizontal leg of the Easterling No. 1-H well in Leon County, Texas. The drill pipe was being utilized on that date well within the capacity, capabilities, and operating parameters of API Premium Class drill pipe, when the drill pipe supplied by Defendant KOT catastrophically failed physically damaging and destroying a valuable portion of the Easterling No. 1-H well which prevented its completion and subsequent production of oil reserves from the target intervals Plaintiff had successfully penetrated with the Easterling No. 1-H well bore.  Plaintiff made every effort to mitigate their damages by attempting to fish the failed drill pipe, separated

EXHIBIT B

drill pipe string, bottom-hole assembly, and drill bit damaged and lost in the hole after notifying Defendant KOT of the drill pipe failure. Despite efforts to salvage the Easterling No. 1-H well, the jury found that the Easterling No. 1-H well could not be reproduced resulting in physical damage to and loss of well bore, the oil bearing formation the well bore had penetrated, and hydrocarbon reserves, the drilling equipment damaged and lost down hole and charged to Plaintiffs, all of which tangible property damage was caused by the failed drill pipe delivered by KOT. After days of technical evidence, in a fully adversarial trial, a jury found for Plaintiff Rippy Oil on all liability issues submitted. A true and correct copy of the jury's charge is attached hereto as Exhibit A.

19. In response to Question 5 the jury found that Easterling No. 1-H well could not be reproduced finding that the KOT drill pipe failure ruined the well beyond repair and beyond the ability to replicate. In other words, the jury found that the Easterling No. 1-H well was totaled.

20. If KOT had totaled someone's pickup, the measure of damages would have been the value before minus the value after: "The ordinary measure of damage for injury to property is the difference between the value of that damage before the damage was done and its value after injury…." *Texas & P. Ry. Co. v. Levi & Bro., 59 Tex. 674, 679 (1883); see Gilbert Wheeler, Inc. v. Enbridge Pipelines (E.Texas), L.P., 449 S.W.3d 474,481 (Tex. 2014)* .

The same concept applies to a lost oil and gas well, *i.e.* a well that cannot be reproduced:

> If the well cannot be reproduced or if the cost of reproduced exceeds the value of the well, the proper measure of damages is the difference in the reasonable cash market value of the well, as equipped, immediately before and immediately after the tubing collapse.

*Atex Pipe & Supply, Inc. v. Sesco Prod. Co., 736 S.W. 2d 914, 917 (Tex. App.—Tyler 1987, writ denied).*

EXHIBIT B

This rule from *Atex* has been the law for years in Texas and remains good law today. *Dowell v. Cichowski*, 640 S.W.2d 342,350 (Tex. Civ. App. — San Antonio 1976, no writ); *Whitson Co. v. Bluff Creek Oil Co.,* 278 S.W.2d 339, 346 (Tex.Civ. App.--Fort Worth 1955), *aff's* 293 S.W. 2d488 (Tex. 1956); *Hazlewood Patterson Co. v. Hancock,* No. 10-03-00274-CV, 22004 WL 2903861, at*2 (Tex. App. —Waco Dec. 15, 2004. Pet. denied).   *"Atex* sets forth the measure of damages for a damaged well."

21.    All the evidence produced during the fully adversarial trial showed that the Easterling No. 1-H well was not reproducible as a result of the KOT drill pipe failure. KOT brought no witnesses who testified that the well could be reproduced. The jury found that KOT ruined the well- beyond repair and beyond the ability to replicate-so KOT and Defendants ACE and AIG justly ought to pay the value of the destroyed property which the jury found in Question 7 to be $5.9 million dollars.

22.    The judge of the 278th entered a Final Judgment in Plaintiff Rippy Oil's favor against KOT in the amount of $5,538,643.13. Additionally, the Court awarded prejudgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before final judgment was signed" on June 4, 2018. The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid. A copy of the Final Judgment is attached as Exhibit B.

23.    KOT had previously filed for Chapter 11 bankruptcy on August 8, 2017. Plaintiff Rippy Oil filed a Motion for an Order Granting Relief From the Automatic Stay in the bankruptcy court, which Motion was granted by then United States Bankruptcy Judge Robert Summerhays by Order signed October 24, 2017. A copy of the Bankruptcy Court's Order is

11

**EXHIBIT B**

attached hereto as Exhibit C.  As set out in the attached Order, the automatic stay was modified for the purpose of allowing the prosecution of the underlying lawsuit.  The Order further allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies.

24.     KOT was a named insured on general liability insurance policies providing commercial general liability coverage to KOT in force and effect on the May 11, 2010 date of occurrence issued by ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559.  ACE and AIG retained attorneys to vigorously defend  KOT and contest Plaintiff Rippy Oil's claims, causes of actions, and damages in the above-captioned lawsuit through jury trial, verdict, and Final Judgment signed June 4, 2018.  Plaintiff Rippy Oil believes on information and belief that just before, during, or shortly after the fully adversarial trial of this case, ACE tendered its policy limit of $1 Million to AIG, and that AIG accepted same.  After the verdict and entry of Final Judgment, AIG retained attorneys to appeal the Final Judgment in favor of Plaintiff Rippy Oil against Defendant KOT.

25.     On December 30, 2020, the Waco Court of Appeals initially affirmed this Court's Final Judgment.  The attorneys retained by AIG filed a Motion for Rehearing on behalf of Defendant KOT.  On November 10, 2021, the Waco Court of Appeals once again affirmed this trial court's Final Judgment.  A copy of the Waco Appellate Court's Opinion is attached hereto as Exhibit D.

EXHIBIT B

26.     On December 7, 2021, AIG filed a Declaratory Judgment against KOT in the United States District Court for the Western District of Louisiana despite the fact that KOT principal office and principal place of business was by that date Houston, Harris County, Texas, seeking a Declaration that the AIG policy is not triggered until the limits of liability of the ACE policy had been exhausted by payment, as well as a Declaration that AIG has no coverage for KOT's liability under the Final Judgment.  A true and correct copy of AIG's Complaint for Declaratory Judgment without exhibits is attached hereto as Exhibit E.

27.     KOT's Joint Chapter 11 Plan of Reorganization as of November 29, 2017 was confirmed December 1, 2017, KOT was previously discharged from bankruptcy, and the bankruptcy proceeding terminated on June 17, 2019.  Based upon information and belief, Plaintiff Rippy Oil asserts that neither ACE, nor AIG asserted claims of no-coverage against KOT in Bankruptcy Court or otherwise attempted to reserve no-coverage defenses before KOT was discharged in bankruptcy.  Although the ACE and AIG policies were produced in discovery as required by the Texas Rules of Civil Procedure, no denials of coverage letters or reservation of rights to deny coverage for ACE or AIG were produced by KOT or Defendants ACE and AIG. A true copy of the ACE and AIG policies produced by KOT and ACE in discovery pursuant to the Texas Rules of Civil Procedure, bates labeled Knight 000001 to Knight 000198, are attached as Exhibits F and G. Accordingly, it is doubtful that there is any case or controversy between Defendant KOT and AIG which is ripe for determination by the United States District Court for the Western District of Louisiana.  On the other hand, it is clear that AIG's conduct in waiting until December 7, 2021 to attempt to deny coverage to Defendant KOT by filing and requesting a Declaratory Judgment that it has no coverage raises potential claims and causes of action by KOT of estoppel and waiver and for breach of the AIG policy contract, breach of the

EXHIBIT B

common law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practice Act.  It is unknown at this point whether KOT intends to vigorously defend AIG's allegations as KOT has not been served in the Declaratory Judgment action pending in the United States District Court for the Western District of Louisiana.  Likewise, it is further unknown at this time whether KOT has entered into a fraudulent and collusive agreement or understanding with AIG to buy back the policy or otherwise to lay down and not vigorously defend the AIG Declaratory Judgment action in an effort to prevent Plaintiff Rippy Oil from satisfying the Final Judgment from the ACE and AIG policy proceeds.  To prevent any fraudulent or collusive agreement between KOT and AIG, Plaintiff Rippy Oil intends to file an Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice & Remedies Code in the 278th Judicial District Court of Leon County Texas where the Final Judgment was entered.

28.     Since being discharged from bankruptcy KOT currently operates its drill pipe rental business at its principal office and principal place of business in Houston, Harris County, Texas.

VI.

## BREACH OF CONTRACT AGAINST DEFENDANTS ACE & AIG

29.     Plaintiff Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

30.     Plaintiff Rippy Oil has standing to sue ACE and AIG under their policies issued to named insured and judgment debtor KOT,  as a judgement creditor after a fully adversarial jury trial defended by ACE and AIG, favorable jury verdict,  and final judgment ( see Supra, paragraphs 18 to 22 and Exhibits A and B) and third-party beneficiary under the ACE and AIG

14

EXHIBIT B

policies ( see Supra, paragraphs 13 and 14 and Exhibits G and F).   Under the ACE and AIG policies, Defendants ACE and AIG had a duty to defend and indemnify and protect KOT against the property damage claims asserted by the Plaintiffs against named insured KOT in the underlying lawsuit by paying those sums that the insured KOT becomes legally obligated to pay as damages because of property damage to which their respective policies apply. (Exhibit G, Knight 000009; Exhibit F, Knight 000112).   Pursuant to the ACE and AIG policies, Defendants ACE and AIG have an obligation to pay Plaintiff Rippy Oil as judgment creditor of KOT and third-party beneficiary under the ACE and AIG policies up to their respective policy limits to satisfy the final judgment in favor of Plaintiff Rippy Oil against KOT (Exhibit F, Knight 000019; Exhibit G, Knight 000126).

31.     KOT made proper notification to and demand for coverage, defense and indemnification upon Defendant ACE and AIG.   KOT has complied with all necessary conditions and other terms of the policies or is otherwise excused from the performance of those conditions and terms on the basis of waiver and/or estoppel.   All conditions precedent to coverage under the ACE and AIG policies have been performed.

32.     Defendant ACE and AIG's liability policies provide coverage for KOT against all property damage claims asserted against KOT by Plaintiffs and no exclusions apply or the exceptions to those exclusions apply to bring the property damage claims back within the policies coverage. The burden of proof is on Defendants ACE and AIG to establish that any exclusion or limitation of coverage applies. See Texas Insurance Code § 554.002.

33.     Both the ACE and AIG policies provide coverage for an "occurrence" causing "property damage", meaning injury to tangible property. See *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23-24 (Tex. 2008). There can be no doubt that physical

15

**EXHIBIT B**

damage to and loss of the Easterling No. 1-H well bore, the oil bearing formation the well bore had penetrated, and the oil reserves from that formation are in fact injury to tangible property.

34.      Both the ACE and AIG policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions (Exhibit F, Knight 000022; Exhibit G, Knight 000133)." An accident is generally understood to be a fortuitous, unexpected, and unintended event.  See *Lamar Homes, Inc. v. Mid-Continental Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007).  There can be no doubt that the catastrophic failure of the KOT drill pipe and resulting injury to Plaintiffs' tangible property was a fortuitous, unexpected, and unintended event from the point of view of both Plaintiff Rippy Oil and KOT and conclusively qualifies as an "occurrence" of property damage.

35.      Both the ACE and AIG policies define "property damage" to mean:

a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.  Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

There is likewise no doubt that after a fully adversarial jury trial in which the defense of KOT was controlled by Defendants ACE and AIG, the jury in the underlying lawsuit returned a verdict and findings that demonstrate conclusively an "occurrence" causing "property damage", meaning injury to tangible property.  Defendants ACE and AIG are bound by the findings by the jury in the underlying lawsuit which verdict became the basis of the final judgment in favor of Plaintiff Rippy Oil against KOT.  See *Getty Oil Co., Inc. v. Ins. Co. of N. Am.*, 845 S.W. 2d 794, 802 (Tex. 1992).

**EXHIBIT B**

36.     The duty to indemnify owed by Defendants ACE and AIG means that ACE and AIG are obligated to "pay all covered claims and judgments against an insured (KOT)".  See *D.R. Horton—Texas v. Markel Intern. Ins.*, 300 S.W. 3d 740, 743 (Tex. 2009).

37.     Defendants ACE and AIG breached their policies by wrongfully denying coverage to KOT including indemnification against and payment of the final judgment in favor of Plaintiff Rippy Oil for property damages resulting from the failure of KOT's drill pipe.

38.     As a proximate result of Defendant ACE's breach of contract, Plaintiff Rippy Oil has been damaged in an amount in excess of the minimum jurisdictional limits of the Court.

39.     As a proximate result of Defendants' breach of contract, Plaintiff Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights as a judgment creditor and third party beneficiary including asserting the claims in this action.  Plaintiff Rippy Oil has previously made demand on Defendants ACE and AIG to satisfy the final judgment in its favor against KOT but Defendants ACE and AIG refused to do so.  Accordingly, Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute this breach of contract cause of action against Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 38.001

## VII.

### DAMAGES

40.     As a result of Defendant ACE and AIG's breach of their policies of liability insurance to indemnify KOT and pay Plaintiff Rippy Oil's final judgment against KOT up to the policy limits of the ACE and AIG policies, Plaintiffs have suffered damages in the full amount of the final judgment plus post judgment interest until the final judgment is paid in full.

41.     As a proximate result of Defendant ACE and AIG's breach of contract, Plaintiff Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights

EXHIBIT B

and recover its damages. Plaintiff has previously presented its demands to Defendants including demands for satisfaction of the final judgment. Accordingly, Plaintiff Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute its breach of contract calls of action against Defendant pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code

## VIII.

## DEFENDANT RISK SPECIALIST IS INDIVIDUALLY LIABLE FOR UNPAID CLAIMS UNDER THE AIG POLICY

42.     Plaintiff Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

43.     Defendant AIG's policy issued by Chartis Specialty Insurance Company is a surplus lines policy and Defendant AIG is an unlicensed carrier in the state of Texas and therefore an unauthorized insurer subject to regulation under the Texas Insurance Code.  See *Mid-American Indemnity Insurance Co. v. King*, 22 S.W. 3d 321, 326 (Tex. 1995); *Lexington Insurance Company v. Strayhorn*, 209 S.W. 3d 83 (Tex. 2006).

44.     Both the surplus lines and unauthorized insurance statutes include among their purposes a concern that many insureds in this state hold insurance policies issued by insurers who are not authorized to do business in this state and who are not qualified as eligible surplus lines insures under Chapter 981 of Texas Insurance Code. See Texas Insurance Code §§ 101.001 (b) and 981.001 (b). Accordingly, a licensed surplus lines agent and eligible surplus lines carrier are mandatory prerequisites for issuance of all surplus lines policies covering Texas risks.  Texas Insurance Code §§ 981.002 (3), 981.004 (a).  Failure to meet the statutory requirements renders Defendant AIG surplus lines policy unauthorized insurance.  Moreover anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  See Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213, & 981.216; §

EXHIBIT B

101.201. Moreover, an unauthorized insurer cannot enforce its policies while an eligible surplus line carrier may do so except in cases of a material and intentional Texas Insurance Code violation. See Texas Insurance Code § 101.201; § 981.005. Unauthorized insurers cannot even defend themselves in Texas without filing a bond. See Texas Insurance Code §§ 101.352-101.354.

45.     Defendant Risk Specialist is a Houston, Texas located and domiciled managing general agent who bound and issued Chartis Specialty Insurance Company policy No. BE 130774459. Defendant Risk Specialist assisted Patrick DeWayne David and Knox Insurance Agency Group, LLC with procuring the Chartis Specialty Insurance Company policy in question to cover KOT including KOT's Texas based facilities, business, and liability risks. On information and belief, Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group, LLC was not a licensed surplus agency in Texas and Defendant Risk Specialist did not comply with the requirements of Chapter 981 and the Texas Administrative Code Chapter 15.

46.     Accordingly, Defendant Risk Specialist is individually liable for any unpaid claims under the Chartis Specialty Insurance Company policy in question.

## IX.

### DECLARATORY JUDGMENT AGAINST DEFENDANTS

47.     Against all Defendants, Plaintiff Rippy Oil alleges the following cause of action.

48.     Plaintiff Rippy Oil incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

49.     Pursuant to Tex. Civ. Prac. & Rem. Code, Chapter 37, Plaintiff Rippy Oil as judgment creditor of KOT under the June 4, 2018 final judgment and third party beneficiary

EXHIBIT B

under the ACE and AIG policies requests that the Court declare rights, status and other legal relations as between Plaintiff Rippy Oil and Defendants under the liability insurance policies and applicable Texas Insurance Code provisions with respect to coverage for, indemnity against, and payment of the final judgment in Plaintiff Rippy Oil's favor against KOT after a fully adversarial trial controlled by Defendants ACE and AIG and jury verdict in favor of Plaintiff Rippy Oil.

50.   Specifically, Plaintiff Rippy Oil requests a declaration that:

a.   KOT is a named insured under Defendant ACE's Policy No. HDO G 24940214 and Defendant AIG Policy No. BE 13074559 entitled to coverage for defense, indemnification against, and payment of the final judgment signed and entered on June 4, 2018 in favor of Plaintiff Rippy Oil against KOT;

b.   Property damage claims caused by an occurrence asserted and established by Plaintiff Rippy Oil against KOT after a fully adversarial trial, jury verdict, and final judgment are covered under the provisions of Defendant ACE's policy No. HDO G 24940214 and Defendant AIG's policy No. BE 13074559;

c.   No exclusions or endorsements in the ACE and AIG policies apply to deny coverage to KOT or payment of the final judgment entered June 4, 2018 in favor of Plaintiff Rippy Oil, including exclusions D and K or endorsements 10, 24, or 28;

d.   Defendants ACE and AIG waived conditions in their policies and are estopped to assert same;

e.   Chartis Specialty Insurance Company is an unauthorized insurer and Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance under the Texas Insurance Code and Defendant AIG is prohibited from asserting exclusions or limitations of coverage contained in the unauthorized policy pursuant to Texas Insurance Code § 101.201;

f.   Chartis Specialty Insurance Company materially and intentionally violated the Texas Insurance Code Chapter 981 and / or Chapter 225 in issuing Chartis Specialty Insurance Company policy No. BE 13074559;

20

EXHIBIT B

    g.    Defendant AIG is required to put up a bond to defend Plaintiffs claims and causes of action in Court pursuant to Texas Insurance Code §§ 101.352 – 101.354;

    h.    Defendant Risk Specialists assisted directly and / or indirectly in the procurement of Chartis Specialty Insurance Company policy No. BE 13074459 and is liable for the full amount of a claim or loss under the terms of the policy if Defendant AIG fails to pay the full amount of the June 4, 2018 final judgment to Plaintiff Rippy Oil.

51.    Plaintiff Rippy Oil further requests a declaration that it is entitled to court costs, together with reasonable and necessary attorneys' fees as are equitable and just, pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 and for such other declaratory judgment or decree as may be necessary and proper.

## X.

### SELF-AUTHENTICATION OF DOCUMENTS

52.    Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of its intent to utilize documents produced by Defendants at pre-trial proceedings and at trial as self-authenticated documents.

## XI.

### DEMAND FOR JURY

53.    Pursuant to Texas Rule of Civil Procedure 216(a), Plaintiffs respectfully requests a trial by jury. A jury fee is being paid by Plaintiff simultaneously with this request for jury trial.

## XII.

### CONCLUSION AND PRAYER

54.    Plaintiffs respectfully requests that Defendants be cited to appear and answer, and that upon final jury trial, Plaintiff have judgment against Defendants for all relief requested.

EXHIBIT B

Further, Plaintiffs seek an award of reasonable attorneys' fees as well as pre-judgment and post-judgment interest at the maximum rate allowed by law together with taxable court costs.

55.     Finally, Plaintiffs demand a judgment for such other and further relief, whether in law or at equity, to which it shows itself justly entitled.

Respectfully submitted,

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: _Kenneth Tekell Sr._
*
Kenneth Tekell, Sr.
State Bar No. 19764000
ktekell@balagiatekell.com
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558

*   Signed by Mike Morris with permission

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.

By: _mike morris_
Mike Morris
State Bar No. 14495800
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com

ATTORNEYS FOR PLAINTIFFS,
RIPPY OIL COMPANY INDIVIDUALLY
AND ON BEHALF OF ALL WORKING
INTEREST OWNERS, TO-WIT: RIPPY
INTEREST, LLC, THE GENECOV GROUP,
INC. AND JOHN D. PROCTOR

EXHIBIT B