CAUSE NO. 0-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY INTEREST, LLC, THE GENECO GROUP, INC., AND JOHN D. PROCTOR<br>*Plaintiffs,* | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | LEON COUNTY, TEXAS |
| KNIGHT OIL TOOLS, INC. AND PIONEER DRILLING COMPANY<br>*Defendants.* | §<br>§<br>§ | 278TH JUDICIAL DISTRICT |

## APPLICATION FOR TURNOVER ORDER

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, Plaintiff Rippy Oil Company on its own behalf, and on behalf of all working interest owners, to wit: Rippy Interest, LLC, the Geneco Group, Inc., and John D. Proctor (hereinafter "Plaintiff Rippy Oil"), and files this Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Turnover Statute," and in support of this application would show the Court as follows:

### A.   SUMMARY OF THE ARGUMENT

1. This is a request for post-judgment relief to collect on a Final Judgment rendered by this Court, which Final Judgment has not been superseded, from insurance proceeds under two general liability insurance policies providing commercial general liability insurance coverage to named insured, Judgment Debtor and Defendant Knight Oil Tools, Inc. now known as Knight Oil Tool, LLC, (hereinafter "Defendant KOT"): ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559. The Final Judgment, which has not been superseded, was entered after a protracted and fully adversarial jury trial. The Leon County Jury returned a verdict in favor of Plaintiff Rippy Oil and against Defendant KOT. The

**EXHIBIT 1**

factual findings expressed in the jury's verdict and this Court's Final Judgment are binding on Defendant KOT and its general liability insurance carriers ACE and AIG who defended Defendant KOT in the underlying lawsuit. The facts established through the evidence admitted at trial as well as the jury's verdict and responses to special issues conclusively establish coverage under both policies as well as ACE and AIG's obligations to pay the Final Judgment entered in this case from their respective policy proceeds. The Court's Final Judgement has now been affirmed on appeal by the Waco Court of Appeals. Plaintiff Rippy Oil therefore seeks a determination by this Court that the ACE and AIG policies indemnification obligations and all claims and causes of action that Defendant KOT may have against ACE and AIG arising out of the indemnity obligations of the policies, can be turned over and assigned to Plaintiff Rippy Oil and/or a Receiver for the benefit of Plaintiff Rippy Oil appointed by this Court.

**B.    FACTUAL STATEMENT AND PROCEDURAL POSTURE OF THE CASE**

2.    This Court entered a Final Judgment in Plaintiff Rippy Oil's favor against Defendant, Knight Oil Tools, Inc. now known as Knight Oil Tool, LLC, (hereinafter "Defendant KOT") in the amount of $5,538, 643.13. Additionally, this Court awarded prejudgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before final judgment was signed" on June 4, 2018. The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid. A copy of the Final Judgment is attached as Exhibit A.

3.    Defendant KOT had previously filed for Chapter 11 bankruptcy on August 8, 2017. Plaintiff Rippy Oil filed a Motion for an Order Granting Relief From the Automatic Stay in the bankruptcy court, which Motion was granted by then United States Bankruptcy Judge Robert

**EXHIBIT 1**

Summerhays by Order signed October 24, 2017. A copy of the Bankruptcy Court's Order is attached hereto as Exhibit B. As set out in the attached Order, the automatic stay was modified for the purpose of allowing the prosecution of the above-captioned lawsuit. The Order further allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants. The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. The Fifth Circuit has held "that while insurance policies are generally property of the estate, the proceeds of liability insurance policies, unlike first party policies generally are not." *Sosbee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1023 (5th Cir. 2012). Under the ACE and AIG liability insurance policies, Defendant KOT does not have a cognizable interest in the proceeds of the liability insurance policies as the indemnity proceeds, up to the polices combined limits of $26 Million, will be payable only for the benefit of those harmed by the judgment debtor Defendant KOT under the terms of the insurance contract. The party harmed here is judgment creditor and third-party beneficiary Plaintiff Rippy Oil whose final judgment remains unsastified.

4. Defendant KOT was a named insured on general liability insurance policies providing commercial general liability coverage to Defendant KOT in force and effect on May 11, 2010 issued by ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559. ACE and AIG retained attorneys to vigorously defend Defendant KOT and contest Plaintiff Rippy Oil's claims, causes of actions, and damages in the above-captioned lawsuit through jury trial, verdict, and Final Judgment signed June 4, 2018. Plaintiff Rippy Oil

EXHIBIT 1

believes on information and belief that just before, during, or shortly after the fully adversarial trial of this case, ACE tendered the per occurrence policy limit of $1 Million to AIG, and that AIG accepted same. After the verdict a copy of which is attached which is Exhibit C, and entry of Final Judgment, AIG retained attorneys appealed the Final Judgment in favor of Plaintiff Rippy Oil against Defendant KOT to the Waco Court of Appeals.

5. On December 30, 2020, the Waco Court of Appeals initially affirmed this Court's Final Judgment. The attorneys retained by AIG filed a Motion for Rehearing on behalf of Defendant KOT. On November 1, 2021, the Waco Court of Appeals once again affirmed this trial court's Final Judgment. A copy of the Waco Appellate Court's Opinion is attached hereto as Exhibit D.

6. On December 7, 2021, AIG filed a Declaratory Judgment against Defendant KOT in the United States District Court for the Western District of Louisiana seeking a Declaration that the AIG policy is not triggered until the limits of liability of the ACE policy had been exhausted by payment, as well as a Declaration that AIG has no coverage for Defendant KOT's liability under the Final Judgment. Curiously, AIG did not name ACE or judgment creditor Plaintiff Rippy Oil Company who upon entry of this Court's final judgment became a necessary and indispensable party to any proceeding seeking a finding of no coverage to pay the final judgment in this case. A true and correct copy of AIG's Complaint for Declaratory Judgment without exhibits is attached hereto as Exhibit E.

7. Defendant KOT's Joint Chapter 11 Plan of Reorganization as of November 29, 2017 was confirmed December 1, 2017, Defendant KOT was previously discharged from bankruptcy, and the bankruptcy proceeding terminated on June 17, 2019. Based upon information and belief, Plaintiff Rippy Oil asserts that neither ACE nor AIG asserted claims of no-coverage against Defendant KOT in Bankruptcy Court or otherwise attempted to reserve no-coverage defenses

**EXHIBIT 1**

before Defendant KOT was discharged in bankruptcy. Although the ACE and AIG policies were produced in discovery as required by the Texas Rules of Civil Procedure, no denials of coverage letters or reservation of rights to deny coverage for ACE or AIG were produced by Defendant KOT in this lawsuit. A copy of the ACE and AIG policies as produced in discovery in this case on behalf of Defendant KOT by attorneys retained by ACE are attached as Exhibits F and G. Accordingly, it is doubtful that there is any actual case or controversy between Defendant KOT and AIG which is ripe for determination by the United States District Court for the Western District of Louisiana as ACE and AIG have not withdrawn their defense of Defendant KOT and there is no real or substantial controversy between Defendant KOT and AIG. On the other hand, it is clear that AIG's conduct in waiting until December 7, 2021 to deny coverage to Defendant KOT by filing and requesting a Declaratory Judgment that it has no coverage raises potential claims and causes of action in favor of Defendant KOT including estoppel and waiver and for breach of the AIG policy contract, breach of the common law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practice Act. It is unknown at this point whether Defendant KOT intends to vigorously defend AIG's allegations as Defendant KOT has not been served in the Declaratory Judgment action pending in the United States District Court for the Western District of Louisiana. Likewise, it is further unknown at this time whether Defendant KOT has entered into a fraudulent and collusive agreement or understanding with AIG to lay down and not vigorously defend the AIG Declaratory Judgment action in an effort to prevent Plaintiff Rippy Oil from satisfying the Final Judgment from the ACE and AIG policy proceeds.

**EXHIBIT 1**

## C. ARGUMENT AND AUTHORITIES

8. Section 32.001 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Turnover Statute" provides that this Court may order the turnover of a Judgment Debtor's property to aid in satisfying the judgment if that property: (1) can not readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution or seizure for the satisfaction of liabilities." See Tex. Civ. Prac. & Rem. Code Ann. Section 31.002(a)(1)-(2). The purpose of the Turnover Statute "is to aid a diligent judgment creditor to reach certain types of property of a judgment debtor." *Criswell v. Ginsberg & Foreman*, 843 (S.W.2d 304, 306 (Tex. App.—Dallas 1992, no writ). The Turnover Statute specifically permits a court, in satisfaction of a judgment, to order the turnover of property that cannot be readily levied on by ordinary legal processes, including "causes of action against third-parties to a judgment creditor who [has] the same interest in pursuing them to maximize value as the judgment debtor." *In re: Great Northern Energy, Inc.*, 493 S.W.3d 283, 289 (Tex. App.—Texarkana 2016, no pet.). *Republic Ins. Co. v. Millard*, 825 S.W.2d 780 (Tex. App.—Houston [14th Dist.] 1992)(orig. proceeding). An unajudicated cause of action is "property" subject to a turnover order. *In re: Farmers Ins. Exch.*, 13-14-00330-cv, 2014 WL 6804986 (Tex. App.—Corpus Christi Dec. 4, 2014, no pet.)(citing *Assos. Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.—Waco 1992, orig. proceeding). A cause of action may be exempt from turnover in limited circumstances when doing so would "extinguish a cause of action." *Assoc. Ready Mix*, 843 S.W.2d at 762. But the judgment debtor bears the burden of showing that the property in question is exempt under Section 31.002(a). *In re: C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.—Dallas 2009, no pet.). Here the ACE and AIG policy proceeds and Defendant KOT's potential

**EXHIBIT 1**

claims and causes of action, including but not limited to breach of contract, declaratory relief and violations of Chapter 542 of the Texas Insurance Code are not exempt from turnover.

9. If a judgment debtor like Defendant KOT has property subject to a turnover order, as Defendant KOT does in the case of claims against the liability policies and carriers who issued them, this Court is authorized to: (1) Order the judgment debtor to turn over the non-exempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated Sheriff or Constable for execution; (2) otherwise apply the property to the satisfaction of the judgment; or (3) appoint a receiver with the authority to take possession of the non-exempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment. Tex. Civ. Prac. & Rem. Code Ann. Section 31.002(a)(2).

### D. RELIEF REQUESTED

10. Because the liability policies issued by ACE and AIG to Defendant KOT and the claims and causes of action that Defendant KOT has against ACE and AIG are all property subject to a turnover order, Plaintiff Rippy Oil moves for an order compelling Defendant KOT to turnover ACE American Insurance Company policy No. HDO G24940214 and Chartis Specialty Insurance Company policy No. BE 1374559 and all claims and causes of action against ACE and AIG pursuant to the indemnity obligations of the policies. Additionally, Plaintiff Rippy Oil also requests the Court to appoint a receiver to take possession of Defendant KOT's claims and causes of action against ACE and AIG through assignment attached as Exhibit A to the proposed Order submitted with this Motion and to distribute the gross proceeds, if any, from those claims and causes of action to satisfy the Final Judgment entered by this Court on June 4, 2018.

**EXHIBIT 1**

11. Plaintiff Rippy Oil further requests that the Court set bond for the receivership at $0, or at a nominal amount to cover anticipated costs of a Sheriff or Constable in the event there is no recovery by Plaintiff Rippy Oil Company on the policies issued by ACE and AIG or claims and causes of action against them.

12. This Court has authority to enter a turnover order without affording Defendant KOT prior notice for an opportunity to be heard as the rendering of the Final Judgment put Judgment Debtor Defendant KOT on notice that post-judgment proceedings would follow. *See Exparte Johnson*, 654 S.W.2d 415, 418 n.1 (Tex. 1983); *Ross v. 3D Tower, Ltd.*, 824 S.W.2d 270, 272 (Tex. App—Houston [14th Dist.] 1992, no writ).

13. In addition, the traditional substantive requirements for the appointment of a receiver or the issuance of injunctions are not required as part of a turnover order under Section 31.002. *Childre v. Great Southwest Life Ins. Co.*, 700 S.W.2d. 284, 288 (Tex. App.—Dallas 1985, no writ). The attorneys hired by ACE and AIG to defend Defendant KOT in this case are being served with a copy of this Application and Order.

14. Finally, Plaintiff Rippy Oil Company requests its reasonable costs and attorney's fees to obtain and enforce the turnover order and that such fees and expenses be taxed as costs in this case and for such other and further relief as Plaintiff Rippy Oil shows itself justly entitled.

**EXHIBIT 1**

Respectfully submitted,

**LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By: \*
   Kenneth Tekell, Sr.
   State Bar No. 19764000
   ktekell@balagiatekell.com
   6 Broad Oaks Lane
   Houston, Texas 77056
   Telephone: 713-823-6558

* Signed by Mike Morris with permission

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By: _____
   Mike Morris
   State Bar No. 14495800
   1221 McKinney, Suite 4300
   Houston, Texas 77010
   (713) 222-9542
   (713) 655-7727 - Fax
   mmorris@taylorbook.com

ATTORNEYS FOR PLAINTIFFS,
RIPPY OIL COMPANY INDIVIDUALLY
AND ON BEHALF OF ALL WORKING
INTEREST OWNERS, TO-WIT: RIPPY
INTEREST, LLC, THE GENECOV GROUP,
INC. AND JOHN D. PROCTOR

EXHIBIT 1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with Rule 21a of the Texas Rules of Civil Procedure to all counsel on this the _____ day of _____, 2021.

Randy Donato
James T. Sunsoky
Donato, Minx, Brown & Pool, P.C.
3200 Southwest Fwy., Suite 2300
Houston, Texas 77027
rdonato@donatominxbrown.com
jsunosky@donatominxbrown.com

Jessica Z. Barger
Brian J. Cathey
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, Texas 77056
barger@wrightclosebarger.com

                                        Mike Morris

**EXHIBIT 1**