UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-04191-RRS -CBW |
| COMPANY (f/k/a CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY) | § | JUDGE ROBERT R SUMMERHAYS |
| | § | |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |
| | § | |
| | § | (ORAL ARGUMENT REQUESTED) |
| | § | (JURY REQUESTED) |

## RIPPY OIL COMPANY'S MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT OR IN THE ALTERNATIVE INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Intervenor, Rippy Oil Company ("Rippy Oil"), with leave of Court granted, files this Motion to Dismiss AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company's ("AIG"), Complaint for Declaratory Judgment (Doc. #1) pursuant to Federal Rule of Civil Procedure 12(b)(1) (3 )(6) and (7) and Federal Rule of Civil Procedure 19(a), (b)and (c); the Declaratory Judgment Act, 28 U.S.C. §2201(a); the Anti-Injunction Act, 28 U.S.C. §2283; and principles of comity, federalism, and abstention, or in the alternative, intervention pursuant to Federal Rule of Civil Procedure 24.

## A. THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG AND KOT

1.    AIG filed this declaratory judgment action seeking a judicial declaration against Knight Oil Tools, Inc. ("KOT") that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance (ACE

1

American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss"

and "[t]here is no coverage under the ASIC policy for Knight's liability." (DOC. #1, pp. 17-18).

2.     AIG did not name the Reorganized Debtor Knight Energy Services, LLC a

necessary party to any declaratory judgment action seeking a finding of no coverage following

the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of

Reorganization as of November 29, 2017, wherein the ACE and AIG liability policies were

expressly vested in the Reorganized Debtor Knight Energy Services, LLC.  AIG did not name

the Scheduled Underlying Insurance carrier ACE American Insurance Company ("ACE") as a

necessary party to the declaratory judgment action. Nor did AIG sue another necessary party:

proposed Intervenor Rippy Oil, third-party beneficiary under the ACE policy and a judgment

creditor of ACE and AIG named insured Knight Oil Tools Inc. later known as Knight Oil Tools

LLC, ("Knight" or "KOT"). (DOC. #1, p.1).

3.     The Declaratory Judgment Act provides that "[i]n a case of actual controversy

within its jurisdiction, ...any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking such

declaration." 28 U.S.C § 2201(a). "As a general rule, an actual controversy exists where 'a

substantial controversy of sufficient immediacy and reality [exists] between parties having

adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891. 896 (5th Cir. 2000).

4.     There is no adverse dispute between AIG and KOT, as ACE and AIG defended

KOT in the underlying Texas lawsuit brought by Rippy Oil against KOT, and AIG continues to

prosecute appeal of a final judgment in favor of Rippy Oil against KOT to the Texas Supreme

Court through attorneys retained by AIG to represent KOT. AIG's Complaint contains no factual

allegations of misconduct of KOT as a basis to deny coverage nor does it remotely suggest AIG

2

intends to withdraw from KOT's defense. (Doc #1, pp. 1-18). Indeed, just the opposite is true as AIG directed the filing of a Petition for Review in the Texas Supreme Court after filing this Declaratory Judgement Action. (See Unopposed Motion for Extension of time to file Petition for Review in Supreme Court of Texas, No 21-1115, styled *Knight Oil Tools Inc. v. Rippy Oil Company, et al*).

5.      Moreover, there is no possible injury to KOT who has emerged from Chapter 11 Bankruptcy. KOT's Joint Chapter Plan of Reorganization of November 29, 2017 was confirmed December 1, 2017 and the bankruptcy proceeding terminated on June 17, 2019. The Order lifting stay in the bankruptcy court specifically allowed Intervenor Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. (Doc #1, Exhibit C). On information and belief, AIG did not file a claim for relief in the KOT bankruptcy proceeding or otherwise seek permission from the bankruptcy court to pursue this Declaratory Judgement action against KOT, a Debtor protected by the Order confirming the Joint Chapter 11 Plan of Reorganization and staying and enjoining the very action brought by Plaintiff AIG against Defendant KOT.

6.      Declaratory relief is available only when there is an actual, substantial case or controversy between the parties Plaintiff AIG and Defendant KOT who have adverse legal interests of sufficient immediacy and reality to warrant the exercise of this court's remedial power under the Declaratory Judgement Act. Plaintiff AIG does not allege the existence of an

3

actual case or controversy between AIG and KOT which is a condition precedent for this declaratory judgment action.

7.      Accordingly, Intervenor Rippy Oil respectfully submits that a declaratory judgement action is not available between AIG and KOT, and declaratory judgment relief is not appropriate in this case, where there is no substantial case or controversy between AIG and KOT and no possible injury to KOT. AIG's Complaint for Declaratory Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

**B.      THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS AS PARALLEL LITIGATION IS PENDING IN TEXAS STATE COURT BETWEEN ALL NECESSARY PARTIES**

8.      A district court may choose to dismiss a declaratory judgment action brought pursuant to 28 U.S.C. § 2201(a) by not exercising jurisdiction over it when parallel litigation is pending in state court, especially when this court does not have authority to grant declaratory relief under the Anti-Injunction Act, 28 U.S.C. § 2283 against the parallel state court action.

9.      In making a decision whether to dismiss, the Fifth Circuit in *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891 (5th Cir. 2000) has outlined three issues, a federal district court must determine:

a.      whether the declaratory judgment action is justiciable;

b.      whether the court has authority to grant declaratory relief; and

c.      whether the court should exercise its discretion to decide or dismiss the action.

*See also Sherwin- Williams Co. v. Holmes Country, 343 F. 3d 383, 387 (5th Cir. 2003)*

10.      At the time AIG filed this declaratory judgment action on December 7, 2021, Rippy Oil had a pending Texas state court action against KOT wherein a final judgement in favor of Rippy Oil against KOT had been affirmed by the Waco Court of Appeals. An extension to file

a Petition for Review was granted by the Texas Supreme Court and KOT's Petition for Review is now due January 26, 2022 (See Case No. 21-1115, styled *Knight Oil Tools, Inc. v. Rippy Oil Company, et al.*, pending in the Texas Supreme Court). As part of post-judgement proceedings in that case, Rippy Oil is preparing to file the attached Application for Turnover Order to satisfy the final judgement from the policy proceeds of the ACE American Insurance Company (ACE) and Chartis Specialty Insurance Company (AIG) policies issued to named insured KOT and now vested in Knight Energy Services, LLC as permitted by the Order lifting bankruptcy stay. (See Exhibit 1 Application for Turnover Order). Additionally, Rippy Oil has a pending breach of contract and declaratory judgment action against ACE and AIG pending in the 133rd Judicial District Court in Houston, Harris County, Texas seeking to satisfy the final judgement from the ACE and AIG policies. (See Exhibit 2, Plaintiff's Original Petitions).

C.  **NO AUTHORITY TO GRANT DECLARATORY RELIEF**

11.     If the Court concludes, that this declaratory action is justiciable, the Court must still determine whether it has the authority to grant declaratory relief.   Under the second element of the analysis, a district court does not have authority to consider the merits of a declaratory judgment action when:

      a.     the declaratory action Defendant was previously a party in a related in state court action;

      b.     the state case involved the same issues as those in the federal court; and

      c.     the district court is prohibited from enjoining the state proceeding under the Anti-Injunction Act, 28 U.S.C. §2283.

12.     Here, all three factors are met. The *Rippy Oil Company v. KOT*, Texas state court suit in the 278th Judicial District Court of Leon County, Texas had been through a fully adversarial jury trial, verdict, final judgment, and appeal to the Waco Court of Appeals when

AIG filed this declaratory judgment action. Pursuant to the order lifting the KOT bankruptcy stay, Rippy Oil is seeking satisfaction of its final judgment against the policy proceeds of the ACE and AIG policies, not the assets of KOT. Additionally, the pending Texas state court action, in the 133rd Judicial District Court against ACE, AIG, and Risk Specialists seeks a declaration that ACE and AIG have coverage to pay the final judgment under the same policies AIG seeks to bring before this court. Because the Anti-Injunction Act would prohibit this court from enjoining these Texas state court proceedings, Plaintiff AIG's request for declaratory judgment against KOT should be dismissed.

## D.   THE COURT SHOULD EXERCISE ITS DISCRETION TO DISMISS BASED ON PRINCIPLES OF COMITY, FEDERALISM, AND ABSTENTION

13.    Even if the court had the authority to grant relief, it should exercise its discretion to dismiss this federal court declaratory judgment action.   The Fifth Circuit in *St. Paul Ins. Co. v. Trejo*, 39 F. 3d 585, 590-591 (5th Cir. 1994), identified seven non-exclusive factors for this court to consider when determining whether to exercise discretion to assert its jurisdiction in a declaratory judgment action:

a.    whether there is a pending state action in which all of the matters in controversy may be fully litigated;

b.    whether the Plaintiff filed suit in anticipation of a lawsuit filed by the Defendant;

c.    whether the Plaintiff engaged in forum shopping in bringing the suit;

d.    whether possible inequities in allowing the declaratory Plaintiff to gain precedence in time or to change forums exists;

e.    whether the federal court is a convenient forum for the parties and witnesses;

f.    whether retaining the lawsuit would serve the purposes of judicial economy; and

g.      whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

14.      As observed by the Fifth Circuit, the "*Trejo* factors" enumerated above address all three aspects of the overriding analysis outlined by the Supreme Court in *Brillhart v. Excess Insurance Company of America*, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620(1942): federalism, fairness, and efficiency.

15.      All three aspects of the *Trejo* test weigh against this court exercising its jurisdiction over this declaratory judgment case:

a.      federalism - the proper allocation of the decision - making between state and federal court;

b.      fairness - distinguishing between legitimate and improper reasons for forums selection; and

c.      efficiency - avoidance of duplicative or piecemeal litigation where possible.

16.      Accordingly, even if the declaratory action between ΛIG and KOT is justiciable and this Court has authority to grant declaratory relief, this Court should exercise its discretion to decline jurisdiction and to dismiss this declaratory action.

**E.      INTERVENOR RIPPY OIL COMPANY, AS JUDGMENT CREDITOR OF DEFENDANT KOT AND THIRD-PARTY BENEFICIARY OF THE ACE AND AIG POLICIES INTERVENES WITH LEAVE OF COURT TO ASSERT CLAIMS FOR COVERAGE AGAINST AIG**

17.      Without warning its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and subject thereto, Intervenor Rippy Oil, on its own behalf, and on behalf of all working interest owners, to-wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor (hereinafter sometimes referred to as "Intervenor Rippy Oil) files this Original Petition in

Intervention with leave of Court granted, and for cause of action would show the Court as follows:

**F.**    **PARTIES**

18.    Rippy Oil Company is a Texas Corporation organized under the laws of Texas with its principal place of business in Tyler, Smith County, Texas.   Rippy Oil Company brings suit on its own behalf and on behalf of all working interest owners, to wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor.

19.    Rippy Interest, LLC is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas, all of its members Managers, and offices reside and are domiciled in Tyler, Smith County, Texas.

20.    The Genecov Group, Inc. is a Texas corporation organized under the laws of Texas with its principal place of business in Tyler, Smith County, Texas.

21.    John D. Proctor is an individual residing and domiciled in Tyler, Smith County, Texas.

22.    Non-Party ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of California, with its principal place of business in Pennsylvania. Defendant ACE is admitted, authorized, and licensed by the Texas Department of Insurance to write general liability insurance policies, providing commercial general liability insurance coverage in the state of Texas, including issuing general liability policy No. HDO G24940214, providing commercial general liability insurance coverage to Knight Oil Tools, Inc. later known as Knight Oil Tools, LLC and all its operations in Texas.   ACE is engaged in the business of insurance in this state and designated an agent for service of process in Texas.

8

23.     Chartis Specialty Insurance Company, now known as, AIG Specialty Insurance Company ("Defendant AIG"), is an insurance company incorporated in the state of Illinois with its principal place of business in the state of New York.   Defendant AIG is not admitted, authorized, or licensed to issue liability insurance in the state of Texas.   On information and belief, Chartis Specialty Insurance Company, was not eligible in 2010 and 2011 to issue surplus lines liability insurance, including the surplus lines commercial general liability coverage, issued by policy No. BE 13074559 in Texas under Chapter 981 of the Texas Insurance Code and therefore was an unauthorized insurer.   Defendant AIG nevertheless engaged in the business of insurance in Texas, including issuing surplus lines commercial umbrella liability policy No. BE 13074559 providing surplus lines commercial general liability insurance coverage to Knight Oil Tools, Inc. later known as Knight Oil Tools, LLC., and all it operations in Texas. Defendant AIG's policy was bound and issued by Risk Specialists Companies Insurance Agency, Inc. at the request of Patrick Dwayne David and Knox Insurance Agency Group LLC. On information and belief Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group LLC was not a licensed surplus lines agency in Texas.     Defendant AIG is engaged in the business of insurance in this state, but has not designated an agent for service of process in Texas.   Defendant AIG, as an ineligible and therefore unauthorized surplus lines carrier issuing policies in Texas, is deemed to have designated the Commissioner of Insurance of the Texas Department of Insurance as its agent for service pursuant to Texas Insurance Code 804.201. Indeed, Defendant AIG pursuant to Paragraph O titled "Service of Suit" under IV headed "Conditions" in its commercial umbrella liability policy No. BE 13074559, agreed that service of process may be made upon Counsel, Legal Department, Chartis Specialty Insurance Company (now known as AIG Specialty Insurance Company), 175 Water Street, New York, New York

10038, or his or her representative.   Further Defendant AIG agreed in Condition VI(O) headed "Service of Suit" to designate the Commissioner of Insurance as its true and lawful attorney upon whom may be served any lawful process and further designated the above-named counsel as the person to whom the Commissioner of Insurance of the Texas Department of Insurance is authorized to mail such process.

24.     Non-Party Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal office and place of business in Texas in Houston, Harris County, Texas.   Risk Specialists is engaged in the business of insurance in Texas.

### G.     JURISDICTION AND VENUE

25.     Jurisdiction over the subject matter of this intervention should be in Texas State District Court and the amount in controversy and damages sought are within the jurisdictional limits of the Texas State District Court.   Pursuant to Texas Rule of Civil Procedure 47(c), Intervenor seeks monetary relief over $1,000,000.00. Additionally, the Texas District Court has residual jurisdiction of suits for declaratory relief pursuant to the Texas Uniform Declaratory Judgment Act set out in Tex. Civ. Prac. & Rem. Code §§ 37.001 – 37.011, as the amount in controversy is in excess of the minimum jurisdictional limits of this Court.   The Texas State District Court has both general and specific personal jurisdiction over ACE, AIG, and Risk Specialists.    ACE is an authorized and admitted fire and casualty insurance carrier approved and licensed by the Texas Department of Insurance to issue general liability insurance policies with commercial general liability insurance coverage to Texas insureds and Louisiana insureds doing substantial business in the State of Texas like judgment debtor Knight Oil Tools, Inc. later known as Knight Oil Tools, LLC ("KOT"). Defendant AIG is not an authorized or admitted

liability insurance carrier, but is currently an eligible surplus lines carrier subject to Chapter 981 of the Texas Insurance Code and regulation by the Texas Department of Insurance pursuant to Chapter 15 of the Texas Administrative Code.   Defendant AIG has issued surplus lines general liability insurance policies with commercial general liability coverage to Texas insureds and Louisiana insureds like KOT doing business in Texas.   Defendant ACE and AIG's business activities were purposefully directed to the state of Texas and the disputes between Intervenor and ACE and Defendant AIG arise from and are related to those business activities, including defense of and indemnification of KOT pursuant to ACE policy No. HDO G24940214 and Chartis Specialty Insurance Company policy No. BE 13074559 in the underlying Texas state court lawsuit brought by Plaintiff against KOT.   Further, the contacts of ACE and Defendant AIG with Texas are purposeful, continuous, and systematic in that ACE and AIG have issued numerous liability insurance policies to multiple Texas insureds since they began conducting the business of insurance in Texas, including the issuance of general liability insurance policies with commercial general liability insurance coverage to KOT, who conducts business in the state of Texas.

26.     Venue is not proper in the Western District of Louisiana, Lafayette Division "under 28 U.S.C. § 1391(a)(2)" as alleged by Plaintiff AIG as the AIG policy at issue was not issued in the state of Louisiana as alleged but rather was bound and issued in Houston, Texas by Risk Specialists Companies Insurance Agency, Inc.   Moreover, following the Order confirming the Debtor's Joint Chapter 11 Plan of Reorganization, the AIG policy vested in Reorganized Debtor Knight Energy Services, LLC which is organized under the laws of Delaware with its principal place of business in Houston, Texas.   Knight Energy Services, LLC's officers, members, and managers also reside and are domiciled in Texas.   Accordingly, pursuant to

11

Federal Rule of Civil Procedure 12(b)(3), Intervenor Rippy Oil requests the Court to dismiss this action or transfer the case to the Texas State District Court, 133rd Judicial District of Harris County, Texas, or another proper U.S. District Court under 28 U.S.C. § 1406(a).   Alternatively, because the more convenient forum is the Houston, Harris County, Texas 133rd Judicial District Court, Intervenor requests the Court to dismiss this case for forum non conveniens. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996).

27.    Venue is proper in Harris County, Texas pursuant to the provisions of Section 15.002(a)(3) of the Texas Civil Practice & Remedies Code as Risk Specialist has a principal office in Texas in Houston, Harris County, Texas as defined by Section 15.001(a). Venue is also proper in Harris County, Texas or in the alternative   Leon County, Texas pursuant to the provisions of Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to this insurance dispute occurred in   Harris or Leon County, Texas. The surplus lines policy No. BE 13074559, issued on behalf of Chartis Specialty Insurance Company, was bound and issued by Risk Specialists in Houston, Harris County Texas. The occurrence of property damage sustained by Intervenor Rippy Oil occurred in Leon County, Texas. The underlying lawsuit asserting the claims of Intervenor Rippy Oil against ACE and AIG's named insured KOT, was filed in the 278th Judicial District Court of Leon County, Texas. ACE and AIG retained defense attorneys located in Houston, Harris County Texas and directed the defense of KOT in Leon County, Texas.   A final judgment was entered in favor of Intervenor against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Intervenor.   Subsequent to discharge from bankruptcy, KOT merged with another limited liability company, Irongate Energy Service, LLC, and changed its legal name to Knight Energy Services, LLC, a limited liability company formed under the laws of

Delaware with its principal place of business in Texas and moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas. Intervenor, as judgment creditor and third-party beneficiary of the ACE and AIG liability insurance policies in question, seeks to recover the full amount of the final judgment entered in the 278th Judicial District Court of Leon County, Texas from ACE and AIG.  Venue is also proper in Harris or Leon County, Texas pursuant to 15.005 of the Texas Civil Practice Remedies Code because Intervenor has established proper venue against one or more of the parties ACE, AIG, and Risk Specialists in Harris or Leon County, and therefore Intervenor has venue over all of the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences.  Finally, under IV "Conditions" Paragraph O, headed "Service of Suit," Defendant AIG agreed "in the event of our failure to pay any amount claimed to be due hereunder, we, at the insured's request, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Harris County or in the alterative Leon County, Texas State District Courts qualify as courts of competent jurisdiction to which Defendant AIG has submitted to the jurisdiction.

**H.   CHOICE OF LAW**

28.    The dispute between Intervenor and Defendant AIG is directly related to policies of general liability insurance with commercial general liability insurance coverage issued by ACE and AIG and concerns whether the policies of liability insurance are required to pay the final judgment obtained by Intervenor against KOT.  Intervenor is a judgment creditor and third-party beneficiary under the policies issued by Defendants ACE and AIG.  Defendant ACE's policy No. HDO G23740214 naming KOT as insured provides in pertinent part at Section IV headed "Commercial General Liability Conditions," Paragraph 3 titled "Legal Action Against

13

Us," "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured."

29.     Likewise, Defendant AIG policy No. BE 13074559 naming KOT as insured provides in pertinent part at Section VI titled "Conditions," in Paragraph J that "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an Insured;....".  Intervenor is a Texas company with its principal place of business in Texas that obtained a jury verdict and final judgment in Cause No. 0-10-498 styled *Rippy Oil Company, et al. vs. Knight Oil Tools, Inc., et al.*, in the 278th Judicial District Court of Leon County, Texas, after a fully adversarial trial in which ACE and AIG hired Texas attorneys to vigorously defend and contest the allegations against ACE and AIG's named insured KOT.  As a Texas judgment creditor of KOT and third-party beneficiary under the policies issued by ACE and AIG, Intervenor is entitled to bring a declaratory judgment and breach of contract action to recover the amount of the final judgment, interest and costs, from ACE and AIG under Texas law. Article 21.42 of the Texas Insurance Code provides:

(a)     Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this state or at the home office of the company or corporation issuing same.

30.     The Texas Insurance Code therefore directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was

issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas. *Scottsdale Ins. Co. v. National Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.). All three elements are met here.

31.     Additionally, Plaintiffs seek a declaration that Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance pursuant to Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213 and 981.216. Anyone who assists in procuring unauthorized insurance like Risk Specialist is individually liable for unpaid claims under the policy pursuant to Texas Insurance Code §101.201.   Likewise an unauthorized insurer cannot enforce policy exclusions in an attempt to avoid coverage pursuant to Texas Insurance Code §101.201

32.     Accordingly, Texas law governs this dispute between Intervenor and ACE, Defendant AIG, and Risk Specialists.

I.      **FACTUAL BACKGROUND**

33.     KOT rents steel drill pipe delivered from storage facilities in Houston, Alice, and Odessa, Texas as well as Broussard, Louisiana and locations in other states.   On or about May 11, 2010, Pioneer Drilling was utilizing the drill pipe rented, supplied and represented to have been API inspected and API Premium Class by KOT during normal drilling operations to finish drilling the horizontal leg of the Easterling No. 1-H well in Leon County, Texas. The drill pipe was being utilized on that date well within the capacity, capabilities, and operating parameters of API Premium Class drill pipe, when the drill pipe supplied by Defendant KOT catastrophically failed physically damaging and destroying a valuable portion of the Easterling No. 1-H well which prevented its completion and subsequent production of oil reserves from the

target intervals Intervenor had successfully penetrated with the Easterling No. 1-H well bore. Intervenor made every effort to mitigate their damages by attempting to fish the failed drill pipe, separated drill pipe string, bottom-hole assembly, and drill bit damaged and lost in the hole after notifying Defendant KOT of the drill pipe failure. Despite efforts to salvage the Easterling No. 1-H well, the jury found that the Easterling No. 1-H well could not be reproduced resulting in physical damage to and loss of well bore, the oil bearing formation the well bore had penetrated, and hydrocarbon reserves, the drilling equipment damaged and lost down hole and charged to Intervenor, all of which tangible property damage was caused by the failed drill pipe delivered by KOT. After days of technical evidence, in a fully adversarial trial, a jury found for Intervenor Rippy Oil on all liability issues submitted. A true and correct copy of the jury's charge is attached hereto as Exhibit 3.

34. In response to Question 5 the jury found that Easterling No. 1-H well could not be reproduced finding that the KOT drill pipe failure ruined the well beyond repair and beyond the ability to replicate. In other words, the jury found that the Easterling No. 1-H well was totaled.

35. If KOT had totaled someone's pickup, the measure of damages would have been the value before minus the value after: "The ordinary measure of damage for injury to property is the difference between the value of that damage before the damage was done and its value after injury…." *Texas & P. Ry. Co. v. Levi & Bro.*, 59 Tex. 674, 679 (1883); *see Gilbert Wheeler, Inc. v. Enbridge Pipelines (E.Texas), L.P.*, 449 S.W.3d 474,481 (Tex. 2014).

The same concept applies to a physically damaged and lost oil and gas well, *i.e.* a well that cannot be reproduced:

> If the well cannot be reproduced or if the cost to reproduce exceeds the value of the well, the proper measure of damages is the difference in the reasonable cash market value of the well, as equipped, immediately before and immediately after the tubing collapse.

*Atex Pipe & Supply, Inc. v. Sesco Prod. Co.,* 736 S.W. 2d 914, 917 (Tex. App.—Tyler 1987, writ denied).

This rule from *Atex* has been the law for years in Texas and remains good law today. *Dowell v. Cichowski,* 640 S.W.2d 342,350 (Tex. Civ. App. – San Antonio 1976, no writ); *Whitson Co. v. Bluff Creek Oil Co.,*  278 S.W.2d 339, 346 (Tex.Civ. App.--Fort Worth 1955), *aff's* 293 S.W. 2d488 (Tex. 1956); *Hazlewood Patterson Co. v. Hancock,* No. 10-03-00274-CV, 22004 WL 2903861, at*2 (Tex. App. --Waco Dec. 15, 2004. Pet. denied).   *"Atex* sets forth the measure of damages for a damaged well."

36.     All the evidence produced during the fully adversarial trial showed that the Easterling No. 1-H well was not reproducible as a result of the KOT drill pipe failure. KOT brought no witnesses who testified that the well could be reproduced.   The jury found that KOT ruined the well- beyond repair and beyond the ability to replicate-so KOT and Defendants ACE and AIG justly ought to pay the value of the destroyed property which the jury found in Question 7 to be $5.9 million dollars.

37.     The judge of the 278th entered a Final Judgment in Intervenor Rippy Oil's favor against KOT in the amount of $5,538,643.13. Additionally, the Court awarded prejudgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before final judgment was signed" on June 4, 2018. The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid.   A copy of the Final Judgment is attached as Exhibit 4.

38.     KOT had previously filed for Chapter 11 bankruptcy on August 8, 2017. Intervenor Rippy Oil filed a Motion for an Order Granting Relief From the Automatic Stay in the bankruptcy court, which Motion was granted by then United States Bankruptcy Judge Robert Summerhays by Order signed October 24, 2017.  A copy of the Bankruptcy Court's Order is attached hereto as Exhibit 5.  As set out in the attached Order, the automatic stay was modified for the purpose of allowing the prosecution of the underlying lawsuit.  The Order further allowed Intervenor Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies.

39.     KOT was a named insured on general liability insurance policies providing commercial general liability coverage to KOT in force and effect on the May 11, 2010 date of occurrence issued by ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559.  ACE and AIG retained attorneys to vigorously defend KOT and contest Intervenor Rippy Oil's claims, causes of actions, and damages in the above-captioned lawsuit through jury trial, verdict, and Final Judgment signed June 4, 2018.  Intervenor Rippy Oil believes on information and belief that just before, during, or shortly after the fully adversarial trial of this case, ACE tendered its policy limit of $1 Million to AIG, and that AIG accepted same.  After the verdict and entry of Final Judgment, AIG retained attorneys to appeal the Final Judgment in favor of Intervenor Rippy Oil against Defendant KOT.

40.     On December 30, 2020, the Waco Court of Appeals initially affirmed this Court's Final Judgment.   The attorneys retained by AIG filed a Motion for Rehearing on behalf of Defendant KOT.   On November 10, 2021, the Waco Court of Appeals once again affirmed this trial court's Final Judgment.   A copy of the Waco Appellate Court's Opinion is attached hereto as Exhibit 6.

41.     On December 7, 2021, AIG filed a Declaratory Judgment against KOT in the United States District Court for the Western District of Louisiana.   Despite the fact that the Reorganized Debtor Knight Energy Services, LLC in whom the AIG policy had vested had its principal office and principal place of business by that date in Houston, Harris County, Texas, Plaintiff AIG sought a declaration in Louisiana Federal Court that the AIG policy is not triggered until the limits of liability of the ACE policy had been exhausted by payment, as well as a declaration that AIG has no coverage for KOT's liability under the Final Judgment.   (Doc. #1).

42.      KOT's Joint Chapter 11 Plan of Reorganization as of November 29, 2017 was confirmed by Order entered December 1, 2017.   KOT emerged from bankruptcy, and the bankruptcy proceeding terminated on June 17, 2019.   Based upon information and belief, Intervenor Rippy Oil asserts that neither ACE, nor AIG asserted claims of no-coverage against KOT in Bankruptcy Court or otherwise attempted to reserve no-coverage defenses before KOT emerged from bankruptcy.   Although the ACE and AIG policies were produced in discovery as required by the Texas Rules of Civil Procedure, no denials of coverage letters or reservation of rights to deny coverage for ACE or AIG were produced by KOT or Defendants ACE and AIG. A true copy of the ACE and AIG policies produced by KOT and ACE in discovery pursuant to the Texas Rules of Civil Procedure, bates labeled Knight 000001 to Knight 000198, are attached as Exhibits 7 and 8. Accordingly, it is doubtful that there is any case or controversy between

Defendant KOT and AIG which is ripe for determination by the United States District Court for the Western District of Louisiana.  On the other hand, it is clear that AIG's conduct in waiting until December 7, 2021 to attempt to deny coverage to Defendant KOT by filing and requesting a Declaratory Judgment that it has no coverage raises potential claims and causes of action by KOT of res judicata, estoppel and waiver and for breach of the AIG policy contract, breach of the common law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practice Act.  It is unknown at this point whether   KOT intends to vigorously defend AIG's allegations as KOT has not been served in the Declaratory Judgment action pending in the United States District Court for the Western District of Louisiana.   Likewise, it is further unknown at this time whether KOT has entered into a fraudulent and collusive agreement or understanding with AIG to attempt to buy back the policy or otherwise to lay down and not vigorously defend the AIG Declaratory Judgment action in an effort to prevent Intervenor Rippy Oil from satisfying the Final Judgment from the ACE and AIG policy proceeds.  To prevent any fraudulent or collusive agreement between KOT and AIG, Intervenor Rippy Oil intends to file an Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice & Remedies Code in the 278th Judicial District Court of Leon County Texas where the Final Judgment was entered.

43.     Since being discharged from bankruptcy KOT, as Reorganized Debtor Knight Energy Services, LLC, currently operates its drill pipe rental business at its principal office and principal place of business in Houston, Harris County, Texas.  Additionally, all Knight Energy Services, LLC's officers, members, and managers reside and are domiciled in Texas.

20

**J.      BREACH OF CONTRACT AGAINST DEFENDANTS ACE & AIG**

44.      Intervenor Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

45.      Intervenor Rippy Oil has standing to sue ACE and AIG under their policies issued to named insured and judgment debtor KOT, as a judgement creditor after a fully adversarial jury trial defended by ACE and AIG, favorable jury verdict, and final judgment (see Supra, paragraphs 33 to 37 and Exhibits 1 and 2) and third-party beneficiary under the ACE and AIG policies (see Supra, paragraphs 28 and 29 and Exhibits 7 and 8).   Under the ACE and AIG policies, Defendants ACE and AIG had a duty to defend and indemnify and protect KOT against the property damage claims asserted by the Plaintiffs against named insured KOT in the underlying lawsuit by paying those sums that the insured KOT becomes legally obligated to pay as damages because of property damage to which their respective policies apply. (Exhibit 7, Knight 000009; Exhibit 8, Knight 000112).   Pursuant to the ACE and AIG policies, Defendants ACE and AIG have an obligation to pay Intervenor Rippy Oil as judgment creditor of KOT and third-party beneficiary under the ACE and AIG policies up to their respective policy limits to satisfy the final judgment in favor of Intervenor Rippy Oil against KOT (Exhibit 7, Knight 000019; Exhibit 8, Knight 000126).

46.      KOT made proper notification to and demand for coverage, defense and indemnification upon ACE and AIG.   KOT has complied with all necessary conditions and other terms of the policies or is otherwise excused from the performance of those conditions and terms on the basis of res judicata, waiver, estoppel and/or other doctrine of issue preclusion.   All conditions precedent to coverage under the ACE and AIG policies have been performed.

47.     ACE and AIG's liability policies provide coverage for KOT against all property damage claims asserted against KOT by Intervenor and no exclusions apply or the exceptions to those exclusions apply to bring the property damage claims back within the policies coverage. The burden of proof is on ACE and AIG to establish that any exclusion or limitation of coverage applies.   See Texas Insurance Code § 554.002.

48.     Both the ACE and AIG policies provide coverage for an "occurrence" causing "property damage", meaning injury to tangible property. *See Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23-24 (Tex. 2008). There can be no doubt that physical damage to and loss of the Easterling No. 1-H well bore, the oil bearing formation the well bore had penetrated, and the oil reserves from that formation are in fact injury to tangible property.

49.     Both the ACE and AIG policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions (Exhibit 7, Knight 000022; Exhibit 8, Knight 000133)." An accident is generally understood to be a fortuitous, unexpected, and unintended event.   See *Lamar Homes, Inc. v. Mid-Continental Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007).   There can be no doubt that the catastrophic failure of the KOT drill pipe and resulting injury to Intervenor's tangible property was a fortuitous, unexpected, and unintended event from the point of view of both Intervenor Rippy Oil and KOT and conclusively qualifies as an "occurrence" of property damage.

50.     Both the ACE and AIG policies define "property damage" to mean:

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

22

There is likewise no doubt that after a fully adversarial jury trial in which the defense of KOT was controlled by ACE and AIG, the jury in the underlying lawsuit returned a verdict and findings that demonstrate conclusively an "occurrence" causing "property damage", meaning an accident resulting in injury to tangible property.   ACE and AIG are bound by the findings by the jury in the underlying lawsuit which verdict became the basis of the final judgment in favor of Intervenor Rippy Oil against KOT.  *See Getty Oil Co., Inc. v. Ins. Co. of N. Am.*, 845 S.W. 2d 794, 802 (Tex. 1992).

51.     The duty to indemnify owed by ACE and AIG means that ACE and AIG are obligated to "pay all covered claims and judgments against an insured (KOT)."   See *D.R. Horton—Texas v. Markel Intern. Ins.*, 300 S.W. 3d 740, 743 (Tex. 2009).

52.     ACE and AIG breached their policies by wrongfully denying coverage to KOT including indemnification against and payment of the final judgment in favor of Intervenor Rippy Oil for property damages resulting from the failure of KOT's drill pipe.

53.     As a proximate result of ACE and AIG's breach of contract, Intervenor Rippy Oil has been damaged in an amount in excess of the minimum jurisdictional limits of the Court.

54.     As a proximate result of Intervenor's breach of contract, Intervenor Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights as a judgment creditor and third party beneficiary including asserting the claims in this action.   Intervenor Rippy Oil has previously made demand on ACE and AIG to satisfy the final judgment in its favor against KOT but ACE and AIG refused to do so.   Accordingly, Intervenor Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute this breach of contract cause of action against Defendant AIG pursuant to Tex. Civ. Prac. & Rem. Code § 38.001

### K.    DAMAGES

55.    As a result of ACE and AIG's breach of their policies of liability insurance to indemnify KOT and pay Intervenor Rippy Oil's final judgment against KOT up to the policy limits of the ACE and AIG policies, Intervenor has suffered damages in the full amount of the final judgment plus post judgment interest until the final judgment is paid in full.

56.    As a proximate result of ACE and AIG's breach of contract, Intervenor Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights and recover its damages.   Intervenor has previously presented its demands to ACE and AIG including demands for satisfaction of the final judgment. Accordingly, Intervenor Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute its breach of contract cause of action against Defendant AIG pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code

### L.    RISK SPECIALIST IS INDIVIDUALLY LIABLE FOR UNPAID CLAIMS UNDER THE AIG POLICY

57.    Intervenor Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

58.    Defendant AIG's policy issued by Chartis Specialty Insurance Company is a surplus lines policy and Defendant AIG is an unlicensed carrier in the state of Texas and therefore an unauthorized insurer subject to regulation under the Texas Insurance Code.  *See Mid-American Indemnity Insurance Co. v. King*, 22 S.W. 3d 321, 326 (Tex. 1995); *Lexington Insurance Company v. Strayhorn*, 209 S.W. 3d 83 (Tex. 2006).

59.    Both the surplus lines and unauthorized insurance statutes include among their purposes a concern that many insureds in the state of Texas hold insurance policies issued by

insurers who are not authorized to do business in this state and who are not qualified as eligible surplus lines insures under Chapter 981 of Texas Insurance Code.  See Texas Insurance Code §§ 101.001 (b) and 981.001 (b).  Accordingly, a licensed surplus lines agent and eligible surplus lines carrier are mandatory prerequisites for issuance of all surplus lines policies covering Texas risks.   Texas Insurance Code §§ 981.002 (3), 981.004 (a).   Failure to meet the statutory requirements renders Defendant AIG surplus lines policy unauthorized insurance.  Moreover anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  See Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213, & 981.216; § 101.201.  Moreover, an unauthorized insurer cannot enforce its policies while an eligible surplus line carrier may do so except in cases of a material and intentional Texas Insurance Code violation.   See Texas Insurance Code § 101.201; § 981.005.  Unauthorized insurers cannot even defend themselves in Texas without filing a bond.  See Texas Insurance Code §§ 101.352-101.354.

60.    Risk Specialist is a Houston, Texas located and domiciled managing general agent that bound and issued Chartis Specialty Insurance Company policy No. BE 130774459.  Risk Specialist assisted Patrick DeWayne David and Knox Insurance Agency Group, LLC with procuring the Chartis Specialty Insurance Company policy in question to cover KOT including KOT's Texas based facilities, business, and liability risks.  On information and belief, Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group, LLC was not a licensed surplus agency in Texas and Risk Specialist did not comply with the requirements of Chapter 981 and the Texas Administrative Code Chapter 15.

61.    Accordingly, Risk Specialist is individually liable for any unpaid claims under the Chartis Specialty Insurance Company policy in question.

## M.   <u>DECLARATORY JUDGMENT AGAINST DEFENDANT AIG</u>

62.   Against Defendant AIG, Intervenor Rippy Oil alleges the following cause of action.

63.   Intervenor Rippy Oil incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

64.   Pursuant to Tex. Civ. Prac. & Rem. Code, Chapter 37, and 28 U.S.C. §§ 2201, 2202, Intervenor Rippy Oil as judgment creditor of KOT under the June 4, 2018 final judgment and third party beneficiary under the ACE and AIG policies requests that the Court declare rights, status and other legal relations as between Intervenor Rippy Oil and Defendant AIG under the liability insurance policies and applicable Texas Insurance Code provisions with respect to coverage for, indemnity against, and payment of the final judgment in Intervenor Rippy Oil's favor against KOT after a fully adversarial trial controlled by ACE and AIG and jury verdict and final judgment in favor of Intervenor Rippy Oil.

65.   Specifically, Intervenor Rippy Oil requests a declaration that:

    a.   KOT is a named insured under ACE's Policy No. HDO G 24940214 and Defendant AIG's Policy No. BE 13074559 entitled to coverage for defense, indemnification against, and payment of the final judgment signed and entered on June 4, 2018 in favor of Intervenor Rippy Oil against KOT;

    b.   Property damage claims caused by an occurrence asserted and established by Intervenor Rippy Oil against KOT after a fully adversarial trial, jury verdict, and final judgment are covered under the provisions of ACE's policy No. HDO G 24940214 and Defendant AIG's policy No. BE 13074559;

    c.   No exclusions or endorsements in the ACE and AIG policies apply to deny coverage to KOT or payment of the final judgment entered June 4, 2018 in favor of Intervenor Rippy Oil, including exclusions D and K or endorsements 10, 24, or 28;

d.  ACE and Defendant AIG waived conditions and exclusions or limitations of coverage in their policies and are estopped to assert same;

e.  The KOT Bankruptcy Order confirming KOT's Joint Chapter 11 Plan of reorganization as of November 29, 2017 is *res judicata* or collateral estopps AIG from denying coverage to KOT or Intervenor Rippy Oil;

f.  Chartis Specialty Insurance Company is an unauthorized insurer and Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance under the Texas Insurance Code and Defendant AIG is prohibited from asserting exclusions or limitations of coverage contained in the unauthorized policy pursuant to Texas Insurance Code § 101.201;

g.  Chartis Specialty Insurance Company materially and intentionally violated the Texas Insurance Code Chapter 981 and / or Chapter 225 in issuing Chartis Specialty Insurance Company policy No. BE 13074559;

h.  Defendant AIG is required to put up a bond to defend Intervenor's claims and causes of action in Court pursuant to Texas Insurance Code §§ 101.352 – 101.354;

i.  Risk Specialists assisted directly and/or indirectly in the procurement of Chartis Specialty Insurance Company policy No. BE 13074459 and is liable for the full amount of a claim or loss under the terms of the policy if Defendant AIG fails to pay the full amount of the June 4, 2018 final judgment to Intervenor Rippy Oil.

66.  Intervenor Rippy Oil further requests a declaration that it is entitled to court costs, together with reasonable and necessary attorneys' fees as are equitable and just, pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 or 28 U.S.C. § 2202 and for such other declaratory judgment or decree as may be necessary and proper.

## N.   **DEMAND FOR JURY**

67.  Pursuant to Texas Rule of Civil Procedure 216(a) and Federal Rules of Civil Procedure 38, 39, and 57, Intervenor respectfully requests a trial by jury of any issues of fact.

## O.    **CONCLUSION AND PRAYER**

67.    Should the Court grant judgement creditor and third-party beneficiary Rippy Oil Company the right to intervene, Intervenor Rippy Oil Company will file a Memorandum of Law in support of its request that the Court grant its Motions to Dismiss.   In the alternative, Intervenor Rippy Oil Company respectfully requests that the Court abate or stay this case until resolution of the previously filed, parallel, and pending Texas state court actions are concluded. In the alternative, Intervenor Rippy Oil Company by its intervention seeks judgment against Defendant AIG for all relief requested.   Further, Intervenor Rippy Oil Company seeks an award of reasonable and necessary attorneys' fees, as well as pre-judgment and post-judgment interest at the maximum rate allowed by law together with taxable court costs.   Finally, Intervenor Rippy Oil Company requests such other and further relief, whether in law or equity to which it shows itself justly entitled.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC

By:    /s/ JAMES H. GIBSON
_____
James H. Gibson
LA Bar No. 14285
Alan W. Stewart
LA Bar No. 34107
2448 Johnston St. (70503)
P.O Box 52124
Lafayette, LA 70505
Direct: 337-767-6025
Main:   337-761-6023
Fax:    337-761-6061
Email:  jimgibson@gibsonlawpartners.com
        alanstewart@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: * *Kenneth Tekell, Sr.*

Kenneth Tekell, Sr. - *Signed by Permission
State Bar No. 19764000
ktekell@balagiatekell.com
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558
*Signed by Mike Morris with permission
(Appearance pro hac vice granted
January 10, 2022, Doc. # 9)


TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.

By: *Mike Morris*

Mike Morris
State Bar No. 14495800
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com
(Appearance pro hac vice granted
January 10, 2022, Doc. # 10)

**ATTORNEYS FOR INTERVENOR,
RIPPY OIL COMPANY**


### CERTIFICATE OF SERVICE

I certify that on this 13th day of January, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the Western District of Texas:

/s/ JAMES H. GIBSON

James H. Gibson