IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY** | § § § § § § § | **NO: 6:21-CV-04191-RRS-CBW** <br><br> **JUDGE ROBERT S SUMMERHAYS** <br><br> **MAG. CAROL B WHITEHURST** |
| **v.** | § § | |
| **KNIGHT OIL TOOLS, INC.** | § § § § § | |

**ACE AMERICAN INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE COMPLAINT-IN-INTERVENTION**

ACE American Insurance Company ("ACE") submits this memorandum in support of its Motion for Leave to File Complaint-in-Intervention for Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202, in the Declaratory Judgment Action filed by AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) ("ASIC") against Knight Oil Tools, Inc. ("KOT") under Civil Action No. 6:21-CV-04191-RRS-CBW. For the reasons discussed below, ACE submits that is should be permitted to intervene under Fed. R. Civ. Pro. 24(b)(1)(B) given the existence of common issues of law and fact present in ASIC's Complaint for Declaratory Judgment and ACE's proposed Complaint-in-Intervention.

**I.   Procedural Background**

On December 7, 2021, ASIC filed its Declaratory Judgment action in matter number 21-4191, seeking a determination of coverage under its Commercial Umbrella Liability Policy issued

to KOT for claims arising out of an incident on or about May 11, 2010, and the judgment rendered in favor of Rippy Oil Company ("Rippy Oil") against KOT in an underlying Texas state court action. [Rec. Doc. 1]. On January 18, 2022, Rippy Oil filed a motion to dismiss ASIC's Declaratory Judgement, or alternatively, to intervene pursuant to Fed. R. Civ. Proc. 24, arguing *inter alia*, that there was no case or controversy between ASIC and KOT. [R. Doc. 13]. ASIC filed a Motion to Strike Rippy Oil's Motion to Dismiss on February 1, 2022, [R. Doc. 15], in response to which this Court issued a Notice of Motion Setting on February 2, 2022. [R. Doc. 16].

Because there are common questions of law or fact regarding potential coverage under ACE's own policy issued to KOT, General Liability Policy No. HDO G24940214 ("Policy"), ACE seeks leave to intervene as an interested party in the disposition of this action. ACE requests a declaration of whether ACE has coverage or any obligation to indemnify or defend KOT under the Policy.

**II.    Law and Argument**

Federal Rule of Civil Procedure 24 establishes the rules for interventions of right and permissive interventions. A party has a right to intervene when that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impeded the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. Pro. 24(a)(2). Rule 24 alternatively enables a party who "has a claim or defense that shares with the main action a common question of law or fact" to permissively intervene. Fed. R. Civ. Pro. 24(b)(1)(B). ACE submits that is satisfies the requirements of Rule 24(b)(1)(B).

Permissive interventions are discretionary; however, such interventions are appropriate where – as here – the movant's claim and the main action present common issues of law and fact.

*Trans Chemical Ltd. v. China Nat. Machinery Import and Export Corp.*, 332 F.3d 815, 824 (5th Cir. 2003). Whether a common question exists should be construed liberally. *Miller v. Amusement Enterprises, Inc.*, 426 F.2d 534, 537 (5th Cir. 1970) ("[T]he right of intervention . . . is ordinarily accorded under liberalized circumstances."); *see also Bureerong v. Uvawas*, 167 F.R.D. 83, 96 (C.D. Ca. 1996) ("The existence of a 'common question' should be liberally construed."). If there is a common issue of law or fact, then the court must exercise discretion in determining whether to allow the intervention to proceed. *Graham v. Evangeline Parish Sch. Bd.*, 223 F.R.D. 407 (W.D. La. 9/1/04). In exercising that discretion, consideration must be given to whether the intervention will prejudice the rights of the original parties to the action. Fed. R. Civ. Pro. 24(b)(3).

Here, there are common issues of both law and fact, and ACE's intervention does not prejudice the original parties' rights. Specifically, ASIC seeks a declaration that it has no coverage obligation to its named insured, KOT, in connection with an underlying lawsuit. In support of its declaratory judgment action, ASIC submits that certain terms, conditions, limitations, and exclusions in its commercial umbrella liability policy preclude coverage. These exclusions include, *inter alia*: (1) Damage to Impaired Property or Property Not Physically Injured; (2) Expected or Intended Injury; and (3) Architects and Engineers Professional Liability Exclusion. ACE also issued a commercial general liability policy to KOT, containing exclusions for Damage to Impaired Property or Property Not Physically Injured, Expected or Intended Injury, as well as an Architects and Engineers Professional Liability Exclusion. The referenced provisions in ACE's policy are similar to those in ASIC's policy, and the evidence to consider in applying these policy provisions is the same. Therefore, both the facts and the law are common to claims under both policies.

In *Hanover Ins. Co. v. Superior Labor Servs.*, the Eastern District of Louisiana granted the

permissive intervention of an insurer under almost the exact same scenario as the one before this Court. 170 F. Supp. 3d 656. In *Hanover*, a common insurer to Masse Contracting, Inc., ("Masse") and Allied Shipyards, Inc. ("Allied"), filed a declaratory judgment seeking a declaration of no coverage under its policy for claims asserted against Masse and Allied in an underlying personal injury action. *Id*. at 665. Hanover Insurance Company, also an insurer of Masse, sought to intervene in the action, seeking judgment declaring that it had no obligation to defend or indemnify Masse in the underlying lawsuits. *Id*. Crucially, the policies issued by both insurers in *Hanover* contained substantially similar exclusions. *Id*.

After examining a similar case in which the District Court of Maryland allowed permissive intervention on largely similar grounds, the court in *Hanover* found "that judicial economy will be served by allowing Hanover to intervene in this action and that allowing Hanover's claim in intervention to proceed will not unduly delay or prejudice any parties." *Id*. at 667; *see also Pennsylvania Nat. Mutual Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 226 (D. Md. 2010). In reaching this conclusion, the court in *Hanover* noted that the "material factual disputes will most certainly overlap and the legal issues surrounding the application of the . . . exclusions in the policies will be substantially similar." *Id*. at 668. The court also concluded that "[i]ntervention will avoid a competing action in state court and will avoid inconsistent results on these disputed issues." *Id*.

Similarly, the proposed intervention by ACE in ASIC's declaratory judgment action also involves overlapping "material factual disputes" and "substantially similar" exclusions. Considering that ACE's policy was issued to KOT for the same policy period as ASIC's umbrella policy, the fact that both policies contain similar policy language, and that potential coverage under ACE's and ASIC's policies arise out of the same underlying litigation, this Court should allow

ACE's intervention to proceed as the Eastern District of Louisiana did in *Hanover*.

Finally, ACE submits that permitting this intervention to proceed is the most efficient use of judicial resources, will avoid duplicity of proceedings, ensure consistency and finality of outcomes for similarly situated parties, and promote procedural and substantial due process. Accordingly, ACE respectfully requests that it be allowed to proceed with its intervention.

Respectfully submitted,

**BROWN SIMS, PC**

BY: */s/ Thear J. Lemoine*
Thear J. Lemoine (# 26383)
Gregory M. Burts (#39133)
1100 Poydras St., 39th Floor
New Orleans, LA 70163
P: (504) 569-1007
F: (504) 569-9255
E: *tlemoine@brownsims.com*
*gburts@brownsims.com*
**Attorneys for ACE American Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by the court's electronic notification system, or by fax, email, United States Mail (postage prepaid) and/or hand delivery on February 10, 2022.

*/s/ Thear J. Lemoine*
Thear J. Lemoine