IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY COMPANY) | § § § § | CIVIL ACTION NO. 6:21-CV-041919 |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § § | |
| KNIGHT OIL TOOLS, INC. | § § § | MAGISTRATE CAROL B WHITEHURST |

**INTERVENOR RIPPY OIL COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR ABSTENSION AND TO
DISMISS COMPLAINT FOR DECLARATORY JUDGMENT
OR IN THE ALTERNATIVE STAY OR TRANSFER**

JAMES H. GIBSON  (LA BAR #14285)
ALAN W. STEWART  (LA BAR #34107)
GIBSON LAW PARTNERS, LLC
2448 Johnston St. (70503)
P.O Box 52124
Lafayette, LA 70505

KENNETH TEKELL, SR. (#19764000)
LAW OFFICE OF KENNETH TEKELL, SR. PLLC
6 Broad Oaks Lane
Houston, Texas 77056

MICHAEL P. MORRIS (#14495800)
TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.
1221 McKinney, Suite 4300
Houston, Texas 77010

# TABLE OF CONTENTS

## Contents

TABLE OF CONTENTS ............................................................................................................ii
INDEX OF AUTHORITIES .....................................................................................................iii
I.      PROCEDURAL POSTURE OF THE CASE. ................................................................. - 1 -
II.     FACTUAL BACKGROUND. ......................................................................................... - 3 -
III.    INTERESTED PARTIES AND WITNESSES IN TORT LITIGATION. ...................... - 5 -
IV. LEGAL STANDARD ......................................................................................................... - 8 -
        A.    Justiciability ........................................................................................................ - 10 -
        B.    No Authority to Grant Declaratory Relief ........................................................... - 10 -
        C.    Discretion to Decide or Dismiss .......................................................................... - 12 -
        D.    Federalism and Comity - the Proper Allocation of Decision - Making Between State and Federal Courts ..- 13 -
        E.    Fairness - Distinguishing Between Legitimate and Improper Reasons for Forum Selection ................ - 16 -
        F.    Efficiency - Court Should Avoid Duplicative or Piece mill Litigation Where Possible ..................... - 19 -
V.      ALTERNATIVE BASIS FOR ABSTENTION: 28 U.S.C. § 1334(C)(1) ................................. - 21 -
VI.     MOTION TO DISMISS FOR IMPROPER VENUE ................................................... - 22 -
VII.    TRANSFER IN THE INTEREST OF JUSTICE ......................................................... - 23 -
VIII.   CONCLUSION ............................................................................................................. - 25 -

INDEX OF AUTHORITIES

## Cases

*909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990).... - 20 -

*Bauer v. Texas*, 341 Fed. 3d 352, 357-358 (5th Cir. 2003). ............................................................... - 11 -

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L. Ed. 1120 (1942)............................. - 10 -

*Emps. Mut. Cas. Co. v. Five Star Indus. LLC*, No. 2:19-CV-0191, 2019 WL 3331608 (W.D. La. May 20, 2019)- 17 -

*Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660, 670-674 (Tex. 2008)............................. - 16 -

*Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996)................................................................... - 24 -

*MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604(207) ........................ - 11 -

*Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983)............. - 20 -

*Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891 .................................................................... - 8 -

*Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *3-4 (N. D. Tex. Aug. 24, 2005) ........................................................................... - 13 -

*Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005) ........................................................................... - 21 -

*QB Syndicate 1036 v. Compass Mins. Louisiana;* no: 6:20-CV-oo554, 2020 WL 9219076 (W. D. La. Nov. 13, 2020) .............................................................................................................. - 9 -

*QBE Syndicate 1036 v. Compass Mins. Louisiana, Inc.*, No. 5:20-20-CV-00554, 2021 WL 3780407 (W. D. La. Aug. 25, 2021) .............................................................................................................. - 9 -

*Sherwin - Williams Co. v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003).......................................... - 9 -

*St. Paul Ins. Co. v. Trejo*, 39 Fed. 3d 585, 590-591 (5th Cir. 1994) ................................................... - 15 -

*Texas Employers' Ins. Ass'n v. Jackson*, 862 Fed. 2d 491, 506 (5th Cir. 1998) (en banc), cert. denied., 490 U.S. 1035, 109 S. Ct. 1932, 104 L. Ed. 2d 404(1989) ........................................................................ - 13 -

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.* 815 F. Supp. 994, 997 (E. D. Tex. 1993)...................... - 19 -

*Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 Fed. 2d 774, 776 (5th Cir. 1993) ............................. - 12 -

*Venator Group Specialty, Inc. v. Mathew/Muniot Family, LLC*, 322 F. 3d 835, 838 (5th Cir. 2003)................... - 11 -

*Wilton v. Seven Falls Co.*, 41 F.3d. 934, 935 (5th Cir. 1994) ......................................................... - 10 -

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-289, 15 S.Ct. 2137, 132 L. Ed. 2d. 214 (1995)............................. - 10 -

*Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) ............................................................ - 24 -

## Statutes

28 U.S.C. § 1334(c)(1)................................................................................................ - 23 -

28 U.S.C. § 1391(a)(2)................................................................................................ - 24 -

28 U.S.C. § 1406(a).................................................................................................. - 25 -

28 U.S.C. § 1406(a), (b)............................................................................................. - 24 -

28 U.S.C. § 1446(a).................................................................................................. - 27 -

Section 15.002(a)(3) of the Texas Civil Practice & Remedies Code..................................................... - 26 -

Anti-Injunction Act, 28 U.S.C. §2283 ................................................................................ - 1 -

Declaratory Judgment Act, 28 U.S.C. § 2201(a)........................................................................ - 1 -

Federal Rule of Civil Procedure 19(a), (b), and (c).................................................................. - 1 -

Texas Rule of Civil Procedure Rule 11 ............................................................................... - 2 -

NOW INTO COURT, through undersigned counsel comes Intervenor RIPPY OIL COMPANY ("Rippy Oil"), files this Memorandum of Law in Support of its Motion for Abstention and to Dismiss Plaintiff's, AIG Specialty Insurance Company (f/k/a Chartis Specialty Insurance Company) ("AIG"), declaratory judgment action (R. Doc. 1) or in the alternative Stay or Transfer pursuant to Federal Rule of Civil Procedure 12(b) (1), (3), (6), and (7) and Federal Rule of Civil Procedure 19(a), (b), and (c); 28 U.S.C. § 1406(a), (b); the Declaratory Judgment Act, 28 U.S.C. § 2201(a); the Anti-Injunction Act, 28 U.S.C. §2283; and principles of comity, federalism, and abstention.

## I.   **PROCEDURAL POSTURE OF THE CASE.**

1.      This is a declaratory judgment action brought by a liability insurance umbrella carrier, Plaintiff AIG, seeking a judicial declaration of no coverage against its named insured Knight Oil Tools Inc. (KOT), a Reorganized Debtor under Chapter 11. KOT is a Defendant in a prior filed and pending Texas state court Underlying Tort Litigation brought by Intervenor Rippy Oil. (Morris Aff. pp. 1-2, ¶ 2-4; Ex. A). Intervenor Rippy Oil is now a judgement creditor of KOT and third party beneficiary under Plaintiff AIG's liability insurance policy providing commercial general liability insurance coverage to Defendant KOT. (Morris Aff. pp. 2-4, ¶ 5-11; Ex. B, C, D, E, F).  Plaintiff AIG has not brought this declaratory judgment action against Intervenor Rippy Oil or KOT's primary liability insurance carrier ACE American Insurance Company (ACE).  (R. Doc. 12 - 13).  Intervenor Rippy Oil has intervened with leave of court to assert this Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the alternative, Stay or Transfer.

2.      Rather than file a declaratory judgment action in Texas asserting no coverage against the real party in interest, judgment creditor and third-party beneficiary, Intervenor Rippy

Oil, Plaintiff AIG made an end run around the pending state court Underlying Tort Litigation previously filed by Intervenor Rippy Oil against KOT in Texas State Court and currently before the Texas Supreme Court pursuant to a pending Petition for Review and the KOT Chapter 11 Bankruptcy Court Orders and in a brazen example of impermissible "forum shopping," "procedural fencing," and "gamesmanship," raced to the federal court house in the Western District of Louisiana, Lafayette Division,  in violation of a Texas Rule of Civil Procedure Rule 11 Agreement filed in the Underlying Tort Litigation to file the present declaratory judgment action against KOT, a Reorganized Debtor, that is being defended by ACE and/or AIG and whose assets are protected by the Chapter 11 Bankruptcy Case Court's orders.  Indeed, ACE and/or AIG continue to fully defend KOT by prosecuting appeal to the Texas Supreme Court in the Underlying Tort Litigation, supporting the conclusion that there is absolutely no "case or controversy" between AIG and KOT.  It is undisputed that KOT is receiving a defense and pursuant to Chapter 11 Bankruptcy Case orders has no obligation to satisfy the judgment in favor of Intervenor Rippy Oil Company from its assets pursuant to Bankruptcy orders, statutes, and case law.  Therefore, this Court should immediately conclude that there is no case or controversy between AIG and KOT and dismiss this case.

3.     Moreover, it is undisputed that at the time Plaintiff AIG filed the present declaratory judgment action, Intervenor Rippy Oil had a parallel Texas state court action pending before the Texas Supreme Court pursuant to Petition for Review filed by attorneys retained by AIG on behalf of KOT. Moreover, the First Filed Coverage Litigation between Intervenor Rippy Oil, and ACE, AIG and Risk Specialists was filed in the State District Court Cause No. 2021-83799; styled *RIPPY OIL COMPANY v. ACE AMERICAN INSURANCE CO., CHARTIS SPECIALTY INSURANCE COMPANY NOW KNOWN AS AIG INSURANCE COMPANY SPECIALTY INSURANCE COMPANY, and RISK SPECIALISTS COMPANIES INSURANCE*

*AGENCY, INC.,* in the 133rd District Court for Harris County, Texas. AIG removed this cause to the Southern District Court of Texas Houston Division, Civil Action No.: 4:22-CV-000276; styled *RIPPY OIL COMPANY V. ACE AMERICAN INSURANCE CO., CHARTIS SPECIALTY INSURANCE CO. N/K/A AIG INSURANCE COMPANY SPECIALTY INSURANCE COMPANY, RISK SPECIALISTS COMPANIES INSURANCE AGENCY, INC.* As between Intervenor Rippy Oil Company and ACE and AIG this is the First Filed Coverage Litigation currently pending in the Southern District of Texas – Houston Division.

## II.  **FACTUAL BACKGROUND.**

4.      The relevant facts are undisputed and established by pleadings, orders and other documents filed with the various courts in Texas and by the Affidavits of James R. Rippy and Mike Morris attached hereto and incorporated by reference.

a.  **On or about December 28, 2010**: Rippy Oil Company; Rippy Interest LLC; The Genecov Group, Inc.; and John D. Proctor (collectively "Rippy") filed suit against Knight Oil Tools, Inc. ("KOT") and Pioneer Drilling in the 12th Judicial District Court in Leon, Texas[1] ("the Tort Litigation") for property damages sustained during drilling operations as a consequence of the sudden and accidental failure of drill pipe distributed by KOT to Rippy Oil. (Morris Aff. pp. 1-2, ¶¶ 2-4; Ex. A).

b.  **August 8, 2017**: Knight Energy Holdings, LLC and certain of its affiliates and ACE American Insurance Company filed a petition for relief under Title 11 of the United States Code commencing its voluntary Ch. 11 reorganization in the United States Bankruptcy Court for the Western District of Louisiana[2] (the "Bankruptcy Court. AIG Specialty Insurance Company ("AIG") and ACE American Insurance Company had actual knowledge of these bankruptcy proceedings and were active participants. (Morris Aff. pp. 4-5, ¶¶ 15-19; Exs. I, J, K, L, M; p. 8, ¶ 23-24; Exs. P and Q).

c.  **October 24, 2017**: The Bankruptcy Court lifted the automatic stay for the limited purpose of allowing the prosecution of the Tort Litigation, which remains on appeal. (Morris Aff. p. 5, ¶ 16, Ex. K).  Pursuant to the October 24, 2017, Order of the Bankruptcy Court,

---

[1] The suit in the Leon County State Court is captioned and docketed "*Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498" and was originally filed in the 12th Judicial District Court which transferred the case to the 369th as a result of State District Court reorganization and subsequently transferred again to the 278th where the case proceeded to trial in May of 2018.

[2] See ECF No. 17-51014 in the records of the United States District Court for the Western District of Louisiana (Lafayette Division).

INTERVENOR was only entitled to seek recovery to the extent the claims were covered by KOT's applicable insurance policies and that Knight's liability was to be limited to the extent of any coverage provided by KOT's insurance policies. The October 24, 2017, Order expressly states in pertinent part that:

> "IT IS FURTHER ORDERED that the automatic stay be and is hereby modified as to Knight Tools, LLC (the "Subject Debtor") for the limited purpose of allowing the prosecution of the case captioned as *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.,* No. 0-10-498, pending in the 369[th] Judicial District Court in Leon County, Texas (the "Proceeding").
>
> IT IS FURTHER ORDERED that Rippy Oil shall seek recovery on the claims asserted in the Proceeding solely from the applicable insurance policies of the Subject Debtor and the other non-Debtor defendants;…
>
> IT IS FURTHER ORDERED that the Subject Debtor's liability in the Proceeding, and for any claims or causes of action that were or could have been raised in the Proceeding, shall be limited to the extent of any coverage provided by the Subject Debtor's applicable insurance policies."

d.   **October 26, 2016**: Rippy filed an amended complaint in the Tort Litigation.  (Morris Aff. p. 4, ¶ 14; Ex. H)

e.   **December 1, 2017**: The order confirming the Ch.11 Plan of Reorganization was signed, with an effective date of December 12, 2017.   (Morris Aff. p. 5, ¶ 18).

f.   **June 4, 2018**: A Final Judgment against Knight was signed in the Tort Litigation ordering KOT to pay Rippy Oil various amounts.  (Morris Aff. p. 8, ¶ 25, Ex. R).

g.   **December 30, 2020**: KOT appealed the June 4, 2018 Final Judgment to the Tenth Court of Appeals, at Waco, Texas. The appellate court affirmed the June 4, 2018 Final Judgment twice. (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

h.   **November 10, 2021**: On rehearing, the Texas , the Tenth Court of Appeals affirmed the trial court's Judgment once again. (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

i.   **December 7, 2021**: AIG filed the instant action seeking declaratory relief in the United Stated District Court for the Western District of Louisiana. (R. Doc. 1)

j.   **December 29, 2021**: Rippy Oil filed a breach of contract and declaratory judgment action seeking to determine whether ACE, AIG, and Risk Specialists are required to pay Final Judgment pursuant to the insurance policies produced in the Underlying Tort Litigation and referenced in the Bankruptcy Court's October 24, 2017 Order.  That matter is captioned and docketed "*Rippy Oil Co. v. ACE American Insurance Co., Chartis Specialty Insurance Co. N/K/A AIG Insurance Company, Specialty Insurance Co., and Risk Specialists Companies Insurance Agency, Inc.;* No. 21-83799, 133[rd] District Court,

Harris County, Texas and now been removed to the Southern District of Texas Houston Division. (Morris Aff. pp. 9-10, ¶ 31, Ex. W).

k.   **January 27, 2022**: The Harris County litigation was removed to the United States District Court for the Southern District of Texas by AIT and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") with the written consent of ACE. See Civil Docket No. 4:22-cv-00276.

l.   **February 25, 2022**:   Attorney's retained by AIG on behalf of KOT filed a Petition for Review in the Texas Supreme Court; No. 21-1115. (Morris Aff. pp. 1-2).

## III.   <u>INTERESTED PARTIES AND WITNESSES IN TORT LITIGATION</u>.

5.      AIG filed its declaratory judgment action in Louisiana against KOT only. Intervenor Rippy Oil owns a judgment against KOT in the underlying currently on appeal to the Texas Supreme Court.  Judgment creditor and third-party beneficiary under the ACE and AIG liability policies  Intervenor Rippy Oil filed the First Filed Coverage Litigation in Texas against ACE, AIG, and Risk Specialist.

a.      Plaintiff AIG is a foreign insurance company organized under the laws of the State of Illinois with its principal place of business in New York.  AIG has an office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division. (Morris Aff. p. 3, ¶ 9, Ex. D 1-4).

b.      Named defendant "Knight Oil Tools, Inc." merged into Knight Oil Tools, LLC. (Morris Aff. p. 5, ¶ 18, Ex. M).  Post-confirmation "Knight Oil Tools, LLC" has merged with IronGate Energy Services, LLC and changed its legal name to Knight Energy Services, LLC. and is a Limited Liability Company organized under the laws of Delaware with its principal place of business and principal office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division.  (Morris Aff. p. 10, ¶¶ 33-37, Exs. Y, Z, AA, AB, and AC).

c.     Intervenor Rippy Oil Company is a Texas corporation organized under the leave of the State of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, p. 1, ¶¶ 2-5, Ex. 1)

d.     Working Interest Owner, Rippy Interest LLC ("Rippy Oil"), is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas, all of its members reside and are domiciled in Tyler, Smith County, Texas within the Eastern District of Texas, Tyler Division.  (Aff of James R. Rippy, pp. 1-2, ¶¶ 6-8, Ex. 2).

e.     Working Interest Owner, The Genecov Group, Inc. is a Texas corporation organized under the laws of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, pp. 1-2, ¶¶ 9-10, Ex. 3).

f.     Working Interest Owner, John D. Proctor is an individual residing and domiciled in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division.  (Aff. of James R. Rippy, pp. 1-2, ¶ 11).

g.     Proposed Intervenor, ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of Pennsylvania, with its principal place of business in Pennsylvania, although its policy was underwritten, bound, and issued from ACE Risk Management's (now Chubb) offices in Houston, Harris County, Texas within the Southern District of Texas, Houston Division.  (Morris Aff. pp. 2 and 4, ¶¶ 10-1, Exs. E & F).

h.     Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal office and place of business in Texas in Houston, Harris County, Texas.  Risk Specialists produced, underwrote, bound and issued the AIG surplus lines policy in Houston, Harris County, Texas,

within the Southern District of Texas, Houston Division.  (Morris Aff. pp. 2-3, ¶¶ 5-9, Exs. B, C, D 1-4).

6.      Witnesses called to testify in the Leon County, Texas State Court action (Morris Aff. pp. 5-7, ¶¶ 20-a to 20-I, Ex. N) included:

a.   Charles Glynn Rippy who resides and is domiciled in Tyler, Smith County, Texas, which is located in the Eastern District of Texas, Tyler Division;

b.   Curtis Dale Ignasiak who resides and is domiciled in Bellville, Austin County, Texas, located within the Southern District of Texas, Houston Division;

c.   Dale M. Rogers Rippy who resides and is domiciled in Willis, Montgomery County, Texas which is located in the Southern District of Texas, Houston Division;

d.   Grant Peterson who Rippy who resides and is domiciled in Conroe, Montgomery County, Texas located in the Southern District of Texas, Houston Division;

e.   George Hite who Rippy who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

f.   Ted Bruno who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

g.   Hilton Prejean (Deceased);

h.   David Watson who resides and is domiciled in Oklahoma City, Oklahoma County, Texas located within the Western District of Oklahoma;

i.   Scott Harding who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

7.      Additional witnesses likely to be called in the First Filed Coverage Litigation pending in the Southern District of Texas, Houston Division, (Morris Aff. pp. 7-8, ¶¶ 21(a) & (b), Exs. B and E) include:

j.   Clint Laskoskie, Risk Specialists Companies Insurance Agency, Inc. located  at 2929 Allen Parkway, Suite 1300, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division; and

k.   Chris Reichardt, ACE Risk Management, located at 2 Riverway, Suite 900, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division.

8. The record is undisputed, that no party in interest in the Texas Underlying Tort Litigation or witness called in the Leon County State Court trial or likely to be called in the First Filed Coverage Litigation in the Southern District of Texas, Houston Division, is a resident of, domiciled in, or citizen of Louisiana, and there is no party in interest or witness which maintains its principal place of business in Louisiana, much less in the Western District of Louisiana, Lafayette Division.  As set forth in the Morris Affidavit according to Google Maps.  Houston, Texas, not Lafayette, Louisiana is clearly a more convenient forum to all real parties in interest and witnesses.  (Morris Aff. pp. 2-4, ¶¶ 5-11, pp. 5-18, ¶¶ 20-21; pp. 10-11, ¶¶33-19).

### IV.   LEGAL STANDARD

9. In *Orix Credit Alliance, Inc. v. Wolfe*, 212 F. 3d 891, the Fifth Circuit set out a three-step process for district courts to follow in deciding whether to dismiss a declaratory judgment action.  *See also Sherwin - Williams Co. v. Holmes County*, 343 F. 3d 383, 387 (5th Cir. 2003).  The district court must determine:

(1)   whether the declaratory action is justiciable;

(2)   whether the court has the authority to grant declaratory relief; and

(3)   whether to exercise its discretion to decide or dismiss the action.

This Court performed a similar analysis in 2020 in adopting United States Magistrate Patrick Hanna's opinion in *QB Syndicate 1036 v. Compass Mins. Louisiana;* no: 6:20-CV-oo554, 2020 WL 9219076 (W. D. La. Nov. 13, 2020)*,* report and recommendation adopted sub nom. *QBE Syndicate 1036 v. Compass Mins. Louisiana, Inc.,* No. 5:20-20-CV-00554, 2021 WL 3780407 (W. D. La. Aug. 25, 2021); United States Magistrate Judge Patrick J. Hanna's report began his analysis by noting the Declaratory Judgment Act 'is an enabling act, which confers discretion on the courts rather than an absolute right of a litigant.'  "*Sherwin - Williams Co. v. Holmes County,*

343 F. 3d 383, 389 (5th Cir. 2003) (quoting *Wilton v. Seven Falls Co.*, 515 U. S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214(1995)).   "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* (quoting *Wilton*, 515 U.S. at 286).   "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* (quoting *Wilton*, 515 U.S. at 289).   Affirming a lower court's decision to abstain and stay a declaratory judgment action filed by a liability carrier against a judgment creditor in favor of the judgment creditor's State Court suit, the 5th Circuit, in an opinion written by W. Eugene Davis, held that the District Court has broad discretion to grant (or decline to grant) declaratory relief and that the Appellate Court reviews the dismissal of a declaratory judgment action for abuse of discretion.   *Wilton v. Seven Falls Co.*, 41 F.3d. 934, 935 (5th Cir. 1994).   In a subsequent opinion affirming the judgment of the 5th Court of Appeals, the United States Supreme Court agreed that *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L. Ed. 1120 (1942), governs declaratory judgment actions of the type before this Court and that "district courts' discussions about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting relief, should be reviewed for abuse of discretion."   *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-289, 15 S.Ct. 2137, 132 L. Ed. 2d. 214 (1995).   There is nothing automatic or obligatory on the part of a federal court to hear a declaratory judgment action like the one brought by AIG against KOT as the United States Supreme Court reaffirmed in *Wilton*:

> "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the District Court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants, consistent with the non-obligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close."   *Id.* at 288.

A.      **Justiciability**

10.     Under the live pleading in this case, Plaintiff AIG seeks a judicial declaration of no coverage against a Reorganized Debtor with no real stake in the outcome and no real dog in the hunt. To be justiciable, a declaratory judgment action must present a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality." *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127, 127 S. Ct. 764, 166 L. Ed. 2d 604(207). *See also Venator Group Specialty, Inc. v. Mathew/Muniot Family, LLC*, 322 F. 3d 835, 838 (5th Cir. 2003) ("in the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exist between parties having adverse legal interest"). A plaintiff under the Federal Declaratory Judgment Act can satisfy justiciability by alleging facts (or establishing facts outside the pleadings) from which it appears there is a substantial likelihood that Defendant will suffer injury in the future. Based on those facts, there must be a substantial and continuing controversy between adverse parties. *Bauer v. Texas*, 341 Fed. 3d 352, 357-358 (5th Cir. 2003). Not only did Plaintiff AIG fail to sufficiently alleged facts of a "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality", the Reorganized Debtor KOT cannot possibly suffer any harm from a finding of no coverage to indemnify KOT against the judgement in favor of Intervenor Rippy Oil and has absolutely no incentive as a Reorganized Debtor, protected by the Chapter 11 Bankruptcy Case orders, to contest Plaintiff AIG's allegations. Therefore this declaratory action between Plaintiff AIG and Defendant KOT is neither ripe nor justiciable.

B.      **No Authority to Grant Declaratory Relief**

11.     Moreover, the fact that Rippy Oil has now intervened to seek dismissal of this case does not cure Plaintiff AIG's inability to assert a "case or controversy' against Reorganized

Debtor KOT. It is well established under Fifth Circuit jurisprudence that a district court does not have authority to consider the merits of a declaratory judgment action when:

>  (1)   the declaratory Defendant previously filed a cause of action in state court;
>
>  (2)   the state case involve the same issues as those in the federal court; and
>
>  (3)   the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act, 28 U.S.C. §2283.

*Sherwin - Williams*, 343 F. 3d at 388 n. 1 (citing *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 Fed. 2d 774, 776 (5th Cir. 1993).

12.     The Fifth Circuit has firmly decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment is equivalent to issuing an injunction in violation of the Anti-Injunction Act and therefore in violation of the principles of federalism and comity. See *Texas Employers' Ins. Ass'n v. Jackson*, 862 Fed. 2d 491, 506 (5th Cir. 1998) (en banc), cert. denied., 490 U.S. 1035, 109 S. Ct. 1932, 104 L. Ed. 2d 404(1989).

13.     Here, all three factors have been met.  The Rippy Oil state court suit against KOT had been pending for almost 11 years when Plaintiff AIG filed the declaratory judgment against a Reorganized Debtor with no injury and no case or controversy with AIG. Intervenor Rippy Oil is currently seeking to file an Application for Turnover Order in the Underlying Tort Litigation and forth coming Motion for Sanctions based on AIG's violation of a Texas Rule of Civil Procedure Rule 11 Agreement filed in the Underlying Tort Litigation.  (Morris Aff. p. 9, ¶¶ 26-27, Exs. S and T).  Rippy Oil filed a separate state court breach of contract and declaratory judgment action against ACE and AIG seeking satisfaction of its judgment as required by the Chapter 11 Bankruptcy Case Court's Agreed Order Lifting the Bankruptcy stay. Because the Anti-Injunction Act would prohibit this court from enjoining the state court proceedings, and none of the exceptions apply, Plaintiff AIG's request for declaratory judgment should be dismissed.

*Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *3-4 (N. D. Tex. Aug. 24, 2005).

**C.**   **Discretion to Decide or Dismiss**

14.    Even if the case brought by Plaintiff AIG against Defendant KOT presented a justiciable controversy for which the court has the authority to grant declaratory relief, this court may exercise its discretion to dismiss the action.  The court's discretion stems from the language of the Declaratory Judgment Act itself which "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant."  *Sherwin - Williams*, 343 F. 3d at 389.  The Declaratory Judgment Act provides in pertinent part that district courts "may declare the rights and other legal relations of any interested party seeking a declaration."  28 U.S.C. §2201(a); *Orix Credit Alliance*, 212 F. 3d at 895 (district court has broad discretion to decide or dismiss a declaratory judgment action); *Travelers Ins. Co. v. La. Farm Bureau*, 996 F. 2d at 778 (recognizing a district court's vast discretion in the declaratory judgment context).  Indeed, as the U.S. Supreme Court has explained, "[i]n the declaratory judgment context, the normal principle that federal court should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."  *Wilton*, 515 U.S. at 289, 115 S. Ct. at 2143.

15.    The Fifth Circuit has identified seven non-exclusive factors for a federal court to consider when ruling on a motion to dismiss a declaratory judgment action:

(1)    whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2)    whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3)    whether the plaintiff engaged in forum shopping in bringing the suit;

(4)    whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)     whether the federal court is a convenient forum for the parties and witnesses;

(6)     whether retaining the lawsuit would serve the purposes of judicial economy; and

(7)     whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 Fed. 3d 585, 590-591 (5th Cir. 1994).

16.     The *Trejo* factors are not exhaustive or otherwise applied mechanically.  Rather, the court may consider other factors in deciding how to exercise its discretion to decide or dismiss a declaratory judgment action as long as all factors are intended to address three fundamental aspects that should be considered when deciding whether to exercise jurisdiction over a declaratory judgment suit: federalism, fairness, and efficiency.  *Sherwin - Williams*, 343 F. 3d at 390-391.  After considering the *Trejo* factors in light of these values, Intervenor Rippy Oil respectfully urges the court to exercise its discretion to dismiss this action.

### D.     Federalism and Comity - the Proper Allocation of Decision – Making Between State and Federal Courts

17.     Specifically, the first and seventh or last *Trejo* factors address federalism and comity concerns.  With regard to federalism and comity considerations, the Fifth Circuit has stated that, "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit.  *Sherwin - Williams*, 343 Fed. 3d at 390-391.  Here, as previously discussed there were two pending Texas state court actions in which all of the matters in controversy (whether ACE and AIG are bound by the Underlying Tort litigation jury's findings implicating coverage and ultimately have

coverage to pay the judgment in favor of Rippy Oil against KOT will be fully litigated.)[3] Secondly, Plaintiff AIG raises no issue of federal law. Whether Plaintiff AIG breached its policy by failing to satisfy the judgment in favor of Rippy Oil is purely an issue of state law that will be decided in the parallel Texas state case. Accordingly, *Trejo* factors one and seven weigh in favor of dismissal.

18.     The FIRST TREJO FACTOR: Whether there is a pending state action in which all of the matters in controversy may be fully litigated focused on the

first pending state action is the Underlying Tort Litigation in Leon County, Texas, which has not yet been fully resolved on appeal. The Court is aware that Rippy Oil was successful in obtaining a judgment against KOT, who was and is insured by AIG. The Court should also note that AIG, although not a named defendant in the Underlying Tort Litigation, participated in that litigation by providing a defense for KOT at trial and on appeal to the Tenth Court of Appeals and now before the Texas Supreme Court. The question of AIG and ACE's liability to pay the Judgment to Rippy Oil associated with the insurance coverage that they provided to KOT was not made an issue before the Leon County Court, but the jury's findings in the Underlying Tort Litigation are inextricably intertwined with that matter and ACE and AIG are bound by same if affirmed by the Texas Supreme Court. *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d. 660, 670-674 (Tex. 2008).

19.     The decision by the Leon County Texas State Court was affirmed twice on appeal to the 10th Court of Appeals. It remains to be seen whether the Texas Supreme Court will review the Appellate Court's decision in that matter as AIG retained attorneys filed a Petition for Review on behalf of KOT on February 25, 2022.  After the Tenth Court of Appeals denied

---

[3] The First Filed Coverage Litigation between Rippy Oil and ACE and AIG was filed in the 133rd Judicial District of Harris County and recently removed by AIG with consent of ACE to the Southern District of

KOT's Motion for Rehearing but before filing its Petition for Review, AIG filed this matter against KOT only, which is no doubt an attempt to escape the Texas venue and application of Texas law. Subsequently, Rippy Oil filed a suit in Texas State Court in Harris County, Texas, to determine AIG's liability which matter was removed to the District Court for the Southern District of Texas (Houston Division), where it remains.

20.     The proceedings mentioned, are not perfectly parallel. However, "…'perfect parallelism' between the state and federal cases is not required for this factor to weigh in favor of dismissal. Instead, *Trejo* only requires "a pending state action in which all of the matters in controversy may be fully litigated" in order to trigger the relevant federalism concerns. The fact that the state court litigation might present additional issues or call for slower resolution of the issue presented in the declaratory action does not mean that the actions are not parallel." *Emps. Mut. Cas. Co. v. Five Star Indus. LLC*, No. 2:19-CV-0191, 2019 WL 3331608 (W.D. La. May 20, 2019), *report and recommendation adopted,* No. 2:19-CV-0191, 2019 WL 3331687 (W.D. La. July 23, 2019). (citations removed).

21.     Intervenor Rippy Oil asserts that the proceedings pending in Texas are parallel, and weigh in favor of the Court's dismissal or abstention. However, even if the Court found that these proceeds were not parallel, the lack of a pending parallel state proceeding should not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action. *See Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383 (5th Cir. 2003) at 394.  There are three other forums which involve the parties present in this case, and which could arguably constitute "parallel proceedings" within the meaning of *Trejo*.

22.     Regarding the SEVENTH TREJO FACTOR:  Whether the federal court is being called

Texas, Houston Division.

on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, No state judicial decree other than the Final Judgment in the Underlying Tort Litigation has been entered that currently impacts the issue of coverage. However, the determinations made by the Leon County Jury and Trial Court once affirmed on appeal by the Texas Supreme Court, and their application to coverage remain to be determined. To what extent those findings by a Texas State Court jury that support a Texas State Court Judgment bind ACE and AIG is best left to a Texas Court applying Texas Law. Intervenors respectfully submit Trejo Factors one and seven weight in favor of dismissal or abstention.

E.   **Fairness - Distinguishing Between Legitimate and Improper Reasons for Forum Selection**

23.   The second, third and fourth *Trejo* factors address fairness concerns which require the court to determine whether the declaratory judgment Plaintiff AIG filed suit was in anticipation of a lawsuit to be filed by the declaratory judgment Defendant KOT or the real party in interest, judgment creditor and third-party beneficiary Intervenor Rippy Oil; whether the declaratory judgment Plaintiff AIG engaged in forum shopping in bringing the declaratory judgment action; and whether possible inequities exist in allowing the declaratory judgment Plaintiff AIG to gain precedence in time or to change forums.  Each of these factors analyzes whether the Plaintiff AIG is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds.  *Sherwin - Williams*, 343 F. 3d at 391.  Courts look to factors that suggest "procedural fencing," such as filing the declaratory action before the other party is legally able to bring a state action due to some exhaustion requirement or using the

federal court suit for the sole purpose of determining which state's law would apply.   See *Sherwin-Williams Co*., 343 F.3d at 397-399.

24.     In this case, Plaintiff AIG was on notice of Intervenor Rippy Oil's lawsuit against KOT.  (Morris Aff. Ex. G, H, I).  Plaintiff AIG was also on notice that the Bankruptcy Court's Order lifting stay limited Intervenor Rippy Oil to recovering any judgment against the ACE and AIG policies protecting KOT's assets.  Plaintiff AIG was further on notice of KOT's Chapter 11 Bankruptcy and its subsequent discharge from Chapter 11 as a Reorganized Debtor.  Further, Plaintiff AIG retained attorneys to attend the trial in the Underlying Tort Litigation and participated in settlement negotiations with representatives of Intervenor Rippy Oil and prosecuted post-verdict and post-judgement appeals and attended a second non-binding mediation on behalf of KOT as recently as June 7, 2021.  (Morris Aff. p. 5, ¶ 20; p. 9, ¶ 28).  It is beyond dispute that AIG was fully aware of Intervenor Rippy Oil's intention to file suit against ACE and AIG in Texas if ACE and AIG did not satisfy the Final Judgment against KOT.

25.     The Fifth Circuit follows a general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights.  *Texas Instruments, Inc. v. Micron Semiconductor, Inc.* 815 F. Supp. 994, 997 (E. D. Tex. 1993).  Here that privilege should and does belong to Intervenor Rippy Oil as the injured party, judgment creditor, third-party beneficiary, and non-breaching party.  Plaintiff AIG brought this declaratory judgment suit against a Reorganized Debtor KOT fully protected by bankruptcy orders entered in its KOT Chapter 11 Bankruptcy Case in anticipation of another action to be filed by Intervenor Rippy Oil upon resolution by the Texas Supreme Court.  Accordingly, this court must then determine whether Plaintiff AIG brought the suit for proper or improper reasons.  *Sherwin - Williams*, 343 F. 3d at 397 - 99.  This court should not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit

involving the same issues in a different forum. *See 909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990). Prior negotiations between the parties will serve as evidence that a suit was expected to be filed. *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983). Plaintiff AIG was on notice of the Rippy Oil state court lawsuit, the KOT Chapter 11 Bankruptcy, and the Bankruptcy Court's Order limiting collection of any judgment against KOT from ACE and AIG. Plaintiff AIG was also no doubt aware that upon resolution of the KOT appeal by the Texas Supreme Court, Intervenor Rippy Oil would pursue satisfaction of its judgement from ACE and AIG. Based on these facts, it is apparent that Plaintiff AIG filed the action in anticipation of litigation and in order to gain the advantage of their preferred forum in an effort to apply Louisiana law over Texas law. Even though it is certainly true that every Plaintiff who files a lawsuit engages in determining a place to file suit, the alleged victim is typically given the right to choose the forum where its case will be heard. Several courts in the 5th circuit have found that allowing an alleged wrongdoer to proceed with a declaratory judgment action divests the true Plaintiff of his right. *See* e.g., *Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005) (and cases cited therein).

26. The SECOND TREJO FACTOR: Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant weighs heavily in favor of dismissal or abstention.

27. Likewise, THIRD TREJO FACTOR: Whether the plaintiff engaged in forum shopping in bringing the suit weighs heavily on favor of dismissal or abstention by this Court.

28. Regarding the FOURTH TREJO FACTOR: Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, allowing

this matter to proceed in Louisiana would result in inequity. Simultaneous to this action there are two proceedings in Texas: 1) Underlying Tort Litigation; and 2) First Filed Coverage Litigation between Rippy Oil and ACE, AIG and Risk Specialists filed in Houston, Harris County State District Court, now removed to the Southern District of Texas. If the plaintiffs can obtain a favorable decision against a protected KOT with no injury or stake in the outcome, arguing application of Louisiana law, a potential conflict would be created with the Texas Courts. With a decision having already been reached in the Underlying Tort Litigation and the First Filed Coverage Litigation under way, comity dictates that this Court allow Texas Courts to apply Texas law in subsequent actions to enforce their own Texas judgments.

29.     Therefore, the *Trejo* - factors two, three and four, all weigh against the exercise of this Court's discretion to hear this declaratory judgment action.

### F.     Efficiency - Court Should Avoid Duplicative or Piece mill Litigation Where Possible

30.     This federal court is not a forum for Intervenor Rippy Oil or the emerged Reorganized Debtor KOT whose principal place of business is now Houston, Harris County, Texas or the Texas witnesses who were called to testify in the underlying trial, or who are likely called in the First Filed Coverage Litigation.  Significant judicial resources have been expended for almost 11 years prior to Plaintiff AIG filing the present declaratory judgment action against a Reorganized Debtor fully protected by the Orders entered in its Chapter 11 Bankruptcy Case in which the same state court issues that are now ripe for determination in Texas courts will be re-litigated sometime in the future by this federal court if Intervenor's Motion is not granted. Judicial efficiency concerns militate against permitting litigants unhappy with Intervenor Rippy Oil's selected Texas state court forum to seek essentially the same remedy in federal court in a State and District that have no connection to the real parties in interest or the witnesses. The

remaining Trejo factors find accessibility of the federal forum to Rippy Oil and its insurers and avoidance of duplicative judicial procedures weigh in favor of dismissal.

31.     The FIFTH TREJO FACTOR:  Whether the federal court is a convenient forum for the parties and witnesses weighs heavily in favor of dismissal or abstention

32.     More than a decade of litigation has occurred in Texas, where Rippy Oil, its experts, witnesses, the record of the Underlying Tort Litigation, and all the evidence remains. The occurrence of property damage sustained by Intervenor Rippy Oil occurred in Leon County, Texas.  The Underlying Tort Litigation asserting the claims of Intervenor Rippy Oil against ACE and AIG's named insured KOT, was filed in Leon County, Texas.  ACE and AIG retained defense attorneys located in Houston, Harris County Texas and directed the defense of KOT in Leon County, Texas, in the Waco Court of Appeals, and now in the Texas Supreme Court.  A final judgment was entered in favor of Intervenor Rippy Oil against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Intervenor. Subsequent to discharge from Chapter 11 Bankruptcy, KOT merged with IronGate Energy Service, LLC, changed its legal name to "Knight Energy Services, LLC", and moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas.

33.     The AIG policy at issue was not issued in the state of Louisiana, but rather was underwritten, bound and issued in Houston, Texas by Risk Specialists in indirect wholly owned and sister-subsidiary of AIG.  Further, Risk Specialist has a principal office in Texas in Houston, Harris County, Texas as defined by the Texas Civil Practice & Remedies Code.

34.     Moreover, following the Order confirming the Debtor's Joint Chapter 11 Plan of Reorganization, the AIG policy vested in Reorganized Debtor Knight Energy Services, LLC, whose principal place of business is in Houston, Texas (as mentioned previously).  Knight

Energy Services, LLC's officers, members, and managers also reside and are domiciled in Texas.

36.     The Fifth Trejo factor indeed weighs heavily in favor of dismissal or abstention in order to allow this matter to be heard in a Texas forum.

36.     Finally, the SIXTH TREJO FACTOR:  Whether retaining the lawsuit would serve the purposes of judicial economy, there are presently two federal districts considering the same legal issues that potentially overlap between some of the same parties.  The Louisiana case between AIG and KOT which is not binding on Intervenor Rippy Oil will not resolve the coverage dispute between Rippy Oil and ACE, AIG and Risk Specialists and under the Fifth Circuit's First-to-File Rule, this Court should defer to the case currently pending in the Southern District of Texas, Houston Division.  *Waguespak v. Medtronic, Inc.*, 185 F. Supp. 3d. 916 (M.D. La. 2016).  It is respectfully submitted that this factor also weighs heavily in favor of dismissal or abstention.

**V.     ALTERNATIVE BASIS FOR ABSTENTION: 28 U.S.C. § 1334(C)(1).**

37.     The second ground for abstention is based on the authority found at 28 U.S.C. § 1334(c)(1), which sets forth three general criteria for a federal court to use when deciding whether to abstain from hearing a proceeding. A court may exercise its discretion to abstain: 1) in the interest of justice; 2) comity with state courts; or 3) in respect for state law.  See *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) and *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987) (noting that § 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case").  Intervenor Rippy Oil has previously set forth its argument for permissive abstention under the Bankruptcy Code and adopts the same herein by reference.

## VI.    MOTION TO DISMISS FOR IMPROPER VENUE

38.     Intervenor Rippy Oil files this Motion to Dismiss Plaintiff AIG's suit for improper venue as authorized by Federal Rule of Civil Procedure 12(b)(3).   On December 7, 2021, Plaintiff AIG sued Defendant KOT for declaratory relief in the U. S. District Court Western District of Louisiana, Lafayette Division.   Venue is improper and therefore the Court should dismiss the suit, or in the alternative, transfer the suit to the U. S. Southern District of Texas, Houston Division, where the real party in interest Intervenor Rippy Oil is seeking to satisfy its judgment, as a judgment creditor and third-party beneficiary, against the ACE and AIG liability insurance policies.   Because AIG has filed this suit in an improper judicial district, this Court may dismiss the suit or, in the interest of justice, may transfer the case to a district where could have been brought. 28 U.S.C. § 1406(a), (b).

39.     This Court should dismiss this case because the Reorganized Debtor KOT does not reside in the Western District of Louisiana, Lafayette Division.   Since emerging from Chapter 11 bankruptcy, KOT is now organized under the laws of Delaware with its principal place of business in Houston, Harris County, Texas in the Southern District of Texas, Houston Division.

40.     This Court should also dismiss this case for improper venue because all, if not a substantial part of the property that is the subject of the action is not situated in the Western District of Louisiana, Lafayette Division.   Indeed, the oil well that was physically damaged is situated in Leon County, Texas and both the ACE and AIG liability insurance policies were assumed by the Reorganized Debtor KOT whose principal place of business is now Houston, Harris County, Texas in the Southern District of Texas, Houston Division.

41.     Plaintiff AIG alleges that "venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because the policy at issue was issued in the State of Louisiana." Intervenor Rippy Oil would respectfully submit that this allegation is incorrect in that both the ACE and AIG

liability insurance policies were produced, bound, and issued in Houston, Harris County in the Southern District of Texas, Houston Division. (Morris Aff. pp. 2-4, ¶¶ 5-10, Exs. B, C, D, and E).

42.      In summary, Plaintiff AIG cannot establish proper venue in the Western District of Louisiana, Lafayette Division against Defendant KOT, Intervenor Rippy Oil, or ACE and this case should be transferred to the Southern District of Texas, Houston Division.

## VII.    TRANSFER IN THE INTEREST OF JUSTICE

43.      In addition, Louisiana would constitute an inconvenient forum for Intervenor Rippy Oil, who is based in Texas, where the property damages were sustained, all of the evidence is located where the principal parties and witnesses are located, and all the Underlying Tort Litigation has occurred, subject to Petition for Review currently pending before the Texas Supreme Court. Moreover, the underlying litigation has been pending in Texas for more than 11 years and the issue of coverage is currently pending before a Texas Federal court. To maintain jurisdiction in Louisiana will result in bifurcation of the case between two states, foreseeably creating potential choice-of-law problems in the future. Further, Intervenor's claims arise under Texas tort law and the enforcement of a judgment based on that law is an issue which is more properly addressed by Texas court who entered the Judgments. Comity here dictates that the Western District of Louisiana respectfully abstain.

44.      In the alternative to dismissal, the Court may transfer this case to the Southern District of Texas, Houston Division if (1) Defendant is subject to the jurisdiction of the proposed forum, (2) venue is proper in the proposed forum, and (3) the transfer is in the interest of justice. 28 U.S.C. § 1406(a).

45.      ACE, AIG, and KOT are subject to the jurisdiction of the Southern District of Texas, Houston Division.

46.     Venue is proper in Harris County, Texas.  Venue is proper in Harris County, Texas pursuant to the provisions of Section 15.002(a)(3) of the Texas Civil Practice & Remedies Code as Defendant Risk Specialist has a principal office in Texas in Houston, Harris County, Texas as defined by Section 15.001(a). Venue is also proper in Harris County, Texas or in the alternative  Leon County, Texas pursuant to the provisions of Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to this insurance dispute occurred in  Harris or Leon County, Texas. The surplus lines policy No. BE 13074559, issued on behalf of Chartis Specialty Insurance Company, was underwritten, bound, and issued by Defendant Risk Specialists in Houston, Harris County Texas.  The ACE primary policy was underwritten, bound, and issued by ACE USA, ACE Risk Management in Houston, Harris County, Texas.  The occurrence of property damage sustained by Intervenor Rippy Oil occurred in Leon County, Texas. The underlying lawsuit asserting the claims of Intervenor Rippy Oil against Defendants ACE and AIG's named insured KOT, was filed and tried in the 278th Judicial District Court of Leon County, Texas. Defendants ACE and AIG retained defense attorneys located in Houston, Harris County Texas and directed the defense of KOT in Leon County, Texas.  A final judgment was entered in favor of Intervenor Rippy Oil against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Intervenor Rippy Oil.  Subsequent to discharge from bankruptcy, KOT moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas.  Intervenor Rippy Oil, as judgment creditor and third-party beneficiary of the Defendants ACE and AIG liability insurance policies in question, seek to recover the full amount of the final judgment entered in the 278th Judicial District Court of Leon County, Texas from Defendants ACE and AIG.  Venue is also proper in Harris or Leon County, Texas pursuant to 15.005 of the Texas Civil Practice Remedies Code because Intervenor Rippy

Oil has established proper venue against one or more of the Defendants in Harris or Leon County, and therefore Intervenor has venue over all of the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. Finally, under IV "Conditions" Paragraph O, headed "Service of Suit," Defendant AIG agreed "in the event of our failure to pay any amount claimed to be due hereunder, we, at the insured's request, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Harris County or in the alternative Leon County, Texas District Courts qualify as courts of competent jurisdiction to which AIG has submitted to the jurisdiction. AIG, with the consent of ACE, recently removed the state court coverage action to the Southern District of Texas, Houston Division, which is proper venue in this case as it is the one located in the federal district and division where the state court action was pending pursuant to 28 U.S.C. § 1446(a).

## VIII.   CONCLUSION

47.     This matter is not justiciable as to AIG and KOT as there is no case or controversy between them, the Anti-Injunction Act prohibits this court from enjoining the state proceeding and Plaintiff AIG's request for declaratory judgment should be dismissed.   Additionally, concerns of federalism, fairness, and efficiency way heavily against exercising any jurisdiction to determine this declaratory judgment case.   Indeed, the case involves purely state law issues that will be decided in the previously filed, parallel and pending Texas state court actions.   The conduct in which Plaintiff AIG has engaged certainly constitutes a litigation practice that should be discouraged.   Accordingly, Intervenor respectfully requests that the court dismiss this case or in the alternative, abate or stay this case until resolution of the previously filed, parallel, and pending Texas state court actions are concluded or in the alternative transfer this case to the Southern District of Texas.

Respectfully submitted,

**GIBSON LAW PARTNERS, LLC**

By:  /S/ James H. Gibson
        JAMES H. GIBSON
        LSBN: 14285
        2448 Johnston St. (70503)
        P.O. Box 52124
        Lafayette, LA  70505
        Direct Dial:  337-761-6025
        Main:  337-761-6023
        Fax:  337-761-6061
        Email:  jimgibson@gibsonlawpartners.com

**LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By:    /S/ Kenneth Tekell
        Kenneth Tekell, Sr. – Signed by Permission
        State Bar No. 19764000
        ktekell@balagiatekell.com
        6 Broad Oaks Lane
        Houston, Texas 77056
        Telephone:  713-823-6558

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By: /S/ Mike Morris
         Mike Morris
         State Bar No. 14495800
         1221 McKinney, Suite 4300
         Houston, Texas 77010
         (713) 222-9542
         (713) 655-7727 - Fax
         mmorris@taylorbook.com

**ATTORNEYS FOR INTERVENOR, RIPPY OIL COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 15th day of March, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Western District of Louisiana.

*/S/ James H. Gibson*
JAMES H. GIBSON