IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-041919 |
| COMPANY (f/k/a CHARTIS | § | |
| SPECIALTY INSURANCE COMPANY) | § | |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS AFFIDAVIT EXHIBIT S

O-10-00498

Filed 10/10/2018 5:05 PM
Beverly Wilson
District Clerk
Leon County, Texas

Karen Ballard

| From: | David Gunn |
|---|---|
| To: | Snead, Brad |
| Cc: | Cathey, Brian; Barger, Jessica |
| Subject: | Re: Knight Oil v. Rippy |
| Date: | Wednesday, October 10, 2018 1:58:18 PM |

Brad,

The answer to your question is Yes. The extra 30 days would be ok.

Best regards,
David

On Oct 9, 2018, at 4:05 PM, Snead, Brad <snead@wrightclosebarger.com> wrote:

> David,
>
> Thanks for taking my call. As I mentioned on the phone, due to the prior the bankruptcy proceedings, we were in the process of preparing a net worth affidavit to suspend execution of the judgment. The deadline to do so is October 16[th]. However, we discovered this morning that it appears that Knight Oil has a sufficient net worth such that we will need to post a bond for the full amount of the compensatory damages.
>
> We're currently putting the bond together and will get it on file as soon as possible. But we'd like a cushion just in case we cannot do so by the 16[th].
>
> Will your clients agree, pursuant to TRAP 24.1(a)(1), to suspend execution of the judgment for an additional 30 days, until November 15, 2018?
>
> If so, please state such agreement in response to this email. This email exchange will constitute a valid and enforceable Rule 11 Agreement, which we will file with the trial court pursuant to TRAP 24.1(a)(1).
>
> Thank you very much,
>
> Brad
>
> **Bradley W. Snead** | Partner
> WRIGHT CLOSE & BARGER, LLP
> One Riverway, Suite 2200
> Houston , Texas 77056
> 713.572.4321
> 713.490.4033 (Direct)
> 713.572.4320 (Fax)
> snead@wrightclosebarger.com

MM AFFIDAVIT EXHIBIT S

*Board Certified Civil Appellate Law*
*Texas Board of Legal Specialization*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-041919 |
| COMPANY (f/k/a CHARTIS | § | |
| SPECIALTY INSURANCE COMPANY) | § | |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS
# AFFIDAVIT
# EXHIBIT T

Filed 11/12/2018 3:13 PM
Beverly Wilson
District Clerk
Leon County, Texas
Karen Ballard



JESSICA Z. BARGER
barger@wrightclosebarger.com

Board Certified Civil Appellate Law
Texas Board of Legal Specialization

November 8, 2018

*Email: ktekell@balagiatekell.com*
Kenneth Tekell
LAW OFFICE OF
KENNETH TEKELL SR., PLLC
1221 McKinney, Suite 3200
Houston, TX 77010

    Re:    Cause No. O-10-498; *Rippy Oil Company, et al. v. Knight Oil Tools, Inc. and Pioneer Drilling Company*; In the 278th JDC Leon County, Texas

Dear Counsel:

    Pursuant to Texas Rule of Civil Procedure 11, this agreement will confirm that, Plaintiffs, Rippy Oil Company, Rippy Interest, LLC, The Genecov Group, Inc., and John D. Proctor agree not to execute on the judgment against Defendant or its insurers until the appellate courts' issuance of the mandate. As part of this agreement, Plaintiffs agree not to file or assert a judgment lien, abstract of judgment, writ of garnishment, or any other post-judgment enforcement mechanism in any court or elsewhere against Defendant prior to the issuance of the mandate. This agreement is not intended to prejudice any rights Plaintiffs may have to enforce the judgment once the appellate courts' mandate issues.

    If this letter accurately sets forth our agreement, please sign where indicated below and return the letter to me via facsimile or email. Once executed, we will file this Rule 11 Agreement with the trial court pursuant to Texas Rule of Appellate Procedure 24.1(a)(1).

            Respectfully,

            */s/ Jessica Z. Barger*

            Jessica Z. Barger

WRIGHT CLOSE & BARGER, LLP
ONE RIVERWAY, SUITE 2200, HOUSTON, TEXAS 77056 • TEL: 713.572.4321 • FAX: 713.572.4320

MM AFFIDAVIT EXHIBIT T

November 8, 2018
Page 2


Jessica Z. Barger

_____ ~~~ _by permission BJL_

ON BEHALF OF DEFENDANT KNIGHT OIL TOOLS, INC.


Kenneth Tekell

ON BEHALF OF PLAINTIFFS, RIPPY OIL COMPANY, RIPPY INTEREST, LLC,
THE GENECOV GROUP, INC., AND JOHN D. PROCTOR

MM AFFIDAVIT EXHIBIT T

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-041919 |
| COMPANY (f/k/a CHARTIS | § | |
| SPECIALTY INSURANCE COMPANY) | § | |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS
# AFFIDAVIT
# EXHIBIT U



**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00284-CV**

**KNIGHT OIL TOOLS, INC.,**

                                                  **Appellant**

**v.**

**RIPPY OIL COMPANY, RIPPY INTEREST LLC,**
**THE GENECOV GROUP, INC.,**
**AND JOHN D. PROCTOR,**

                                               **Appellees**

_____

**From the 278th District Court**
**Leon County, Texas**
**Trial Court No. O-10-498**

## ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. _See_ Tex. Civ. Prac. & Rem. Code Ann. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures." _Id_. § 154.002. Mediation

MM AFFIDAVIT EXHIBIT U

is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a). This Court assigns The Honorable Deborah Hankinson as mediator. Her address and phone number are as follows:

<div align="center">

Honorable Deborah Hankinson
3838 Oak Lawn Avenue, Suite 1000
Dallas, Texas 75219
214-754-9185
deborah@dhankinson.com

</div>

Mediation must occur within thirty days after the date of this order; however, it is left to the parties and the mediator to agree on the location of the mediation.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each

MM AFFIDAVIT EXHIBIT U

party.  The mediator's fees will be taxed as costs.  Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.

PER CURIAM

Before Chief Justice Gray,
        Justice Neill, and
        Justice Davis[1]
Order issued and filed April 28, 2021



---

[1] The Honorable Rex Davis, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Knight Oil Tools, Inc. v. Rippy Oil Company                                      Page 3

MM AFFIDAVIT EXHIBIT U



DEBORAH   HANKINSON
COMPREHENSIVE CONFLICT RESOLUTION

deborah@dhankinson.com
214 754 9185

March 8, 2022

*Via e-mail*

Nita Whitener, Clerk of the Court
Tenth Court of Appeals
501 Washington Ave., Room 415
Waco, TX 76701-1373
Nita.Whitener@txcourts.gov

Re:   No. 10-18-00284-CV; *Knight Oil Tools, Inc. v. Rippy Oil Company, et al.*

Dear Ms. Whitener:

I received a copy of the Court's Order of Referral to Mediation dated April 28, 2021 in which the Court appointed me to serve as the Mediator. I appreciate that the Court provided me the opportunity to serve.

Attorneys from Wright, Close & Barger, LLP, are Counsel in this case. Attorneys from Wright, Close & Barger, LLP, also represent one of the parties in an arbitration in which I have been serving as an Arbitrator for over a year. That arbitration proceeding is ongoing. Under these circumstances, to fulfill my professional responsibilities as an arbitrator pursuant to the applicable Arbitrator Code of Conduct and arbitration rules, I am unable to serve as the Mediator in this case and ask to be relieved of that responsibility.

Sincerely,

Deborah Hankinson

cc:   Randy Donato
      Tommy Gillaspie
      Brian Cathey
      Jessica Barger
      Bradley Snead
      David Gunn
      Joshua Smith
      Nicholas Bruno
      Kenneth Tekell
      William Slusser

Hankinson PLLC | 3838 Oak Lawn Avenue, Ste. 1000 | Dallas, TX 75219 | dhankinson.com

MM AFFIDAVIT EXHIBIT U

ACCEPTED
10-18-00284-CV
TENTH COURT OF APPEALS
WACO, TEXAS
5/13/2021 2:12 PM
NITA WHITENER
CLERK



BRIAN J. CATHEY
cathey@wrightclosebarger.com

Trials and Appeals in Civil Cases

May 13, 2021

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
5/13/2021 4:16:00 PM
NITA WHITENER
Clerk

Nita Whitener, Clerk
Tenth Court of Appeals
501 Washington Ave., Rm. 415
Waco, Texas 76701

*Via Electronic Submission*

     Re:   No. 10-18-00284-CV; *Knight Oil Tools, Inc. v. Rippy Oil Company*

Dear Ms. Whitener:

     As the Court may recall, this appeal was referred to mediation before the Honorable Deborah Hankinson; however, Justice Hankinson perceived a conflict of interest and notified the Court she would be unable to serve. In light of Judge Hankinson's notice, counsel for Appellant and counsel for Appellee Rippy Oil Company have reserved May 20, 2021, for mediation with the Honorable Charles Seymore.

     Purusant to the Court's determination that this appeal is appropriate for mediation, and in keeping with the Court's timetable, the parties are planning to proceed with mediation before Justice Seymore next Thursday. Thank you for your assistance in this matter.

                    Very truly yours,

                    /s/ *Brian J. Cathey*

                    Brian J. Cathey

                    *Counsel for Appellant Knight Oil Tools, Inc.*

BJC/jcr
cc: All counsel of record

MM AFFIDAVIT EXHIBIT U



ACCEPTED
10-18-00284-CV
TENTH COURT OF APPEALS
WACO, TEXAS
5/19/2021 9:38 AM
NITA WHITENER
CLERK

Trials and Appeals in Civil Cases

BRIAN J. CATHEY
cathey@wrightclosebarger.com

May 19, 2021

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
5/19/2021 10:12:00 AM
NITA WHITENER

*Via Electronic Submission*

Nita Whitener, Clerk
Tenth Court of Appeals
501 Washington Ave., Rm. 415
Waco, Texas 76701

  Re:   No. 10-18-00284-CV; *Knight Oil Tools, Inc. v. Rippy Oil Company*

Dear Ms. Whitener:

  As noted in Appellant Knight Oil Tools's prior correspondence, the Honorable Deborah Hankinson (the mediator assigned in the Court's April 28, 2021 order) is unable to serve as a mediator in this appeal; therefore, counsel for Appellant and counsel for Appellee Rippy Oil Company contacted the Honorable Charles Seymore about mediation. The parties initially reserved May 20, 2021 for mediation, but Appellant had to move the mediation to June 7, 2021, due to several unexpected conditions. Since this date is slightly outside the Court's original 30-day timeline, Appellant writes to respectfully request a brief extension of that deadline.

  Appellant sincerely appreciates the Court's patience and will keep the Court abreast of any further developments related to the impending mediation.

      Very truly yours,

      /s/ *Brian J. Cathey*

      Brian J. Cathey

      *Counsel for Appellant Knight Oil Tools, Inc.*

BJC/jcr

cc: All counsel of record

MM AFFIDAVIT EXHIBIT U

ACCEPTED
10-18-00284-CV
TENTH COURT OF APPEALS
WACO, TEXAS
6/7/2021 6:00 PM
NITA WHITENER
CLERK

No. 10-18-00284-CV

IN THE TENTH COURT OF APPEALS WACO, TEXAS

FILED IN
10th COURT OF APPEALS
WACO, TEXAS
6/8/2021 8:20:00 AM
NITA WHITENER
Clerk

KNIGHT OIL TOOLS, INC.,
Appellant,

v.

RIPPY OIL COMPANY,
Appellee,

On Appeal from the 278th District Court, Leon County, Texas
Trial Court Cause No. O-10-498; Hon. Hal R. Ridley, Presiding

## MEDIATOR'S REPORT

On June 7, 2021, the parties and their attorneys participated in Mediation. Regretfully, the case was not settled.

Respectfully submitted,

*s/s*

_____
Charles W. Seymore
SBN: 18067600
3803 Lakeridge Canyon Drive
Sugar Land, Texas 77498
Ph. 281-804-7759
seymore479@msn.com
charlesseymoremediator.com

MM AFFIDAVIT EXHIBIT U

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-041919 |
| COMPANY (f/k/a CHARTIS | § | |
| SPECIALTY INSURANCE COMPANY) | § | |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS
# AFFIDAVIT
# EXHIBIT V

MM AFFIDAVIT EXHIBIT V



**IN THE**
**TENTH COURT OF APPEALS**

_____

**No. 10-18-00284-CV**

**KNIGHT OIL TOOLS, INC.,**

                                        **Appellant**

**v.**

**RIPPY OIL COMPANY, RIPPY INTEREST LLC,**
**THE GENECOV GROUP, INC.,**
**AND JOHN D. PROCTOR,**

                                        **Appellees**

_____

**From the 278th District Court**
**Leon County, Texas**
**Trial Court No. O-10-498**

_____

## MEMORANDUM OPINION

_____

Rippy Oil Company brought suit against Knight Oil Tools, Inc. for damages that occurred when a drill pipe broke while drilling a well. Knight filed a counterclaim against Rippy for unpaid invoices. The jury found Knight liable for damages and also found Rippy failed to pay certain invoices. The trial court signed a judgment ordering

MM AFFIDAVIT EXHIBIT V

that Rippy recover $5,900,000.00 in damages from Knight Oil, less the amount of Knight's counterclaim of $361, 356.87, for a net recovery of $5,538,643.13. We affirm.

### BACKGROUND FACTS

Knight Oil Tools rents drill pipe to oil companies and oil well operators for drilling oil and gas wells. Rippy Oil Company made plans to drill a well in the Eagle Ford Shale and contacted Knight to supply pipe for drilling the horizontal portion of the Easterling 1-H well. Rippy hired Leo Wiggins as a well consultant, and Larry Elkins to assist Wiggins. Wiggins and Elkins had authority to order equipment as needed for drilling and to accept delivery.

Knight delivered pipe and other equipment to the Easterling 1-H well site with a delivery ticket and sent the invoice to the main office. The delivery ticket contained language that the pipe measurements complied with the dimensions for American Petroleum Institute (A.P.I.) premium class and/or Knight Oil Tools value. The testimony at trial established that pipe marked with two white bands meets the standards for A.P.I. premium pipe. The pipe delivered by Knight was marked with two white bands, but the record shows that some of the pipe delivered did not comply with the dimensions for A.P.I. premium class pipe.

On May 11, 2010, one of the drill pipes supplied by Knight broke while it was in the well. The parties agree that the pipe failure was caused by fatigue. Rippy was not able to recover the broken pipe and the drill string beyond it and eventually had to

Knight Oil Tools v. Rippy Oil Company

Page 2

MM AFFIDAVIT EXHIBIT V

abandon the Easterling 1-H well.  Rippy attempted to drill an offset well, Easterling 2-H, but that effort was unsuccessful.

Rippy filed suit against Knight to recover damages for the lost well, and Knight filed a counterclaim to recover for unpaid invoices.  The jury found in favor of Rippy on submitted questions of negligent representation, breach of implied warranty of fitness for a particular purpose, and alternative damage findings.  The jury further found in favor of Knight on unpaid invoices.  The trial court entered judgment, after offset, in favor of Rippy.

### SUFFICIENCY OF THE EVIDENCE

The case was submitted to the jury on two theories of liability: (1) negligent misrepresentation, and (2) breach of warranty of fitness for a particular purpose.  In its first issue, Knight argues that the evidence is legally and factually insufficient to support the jury's findings regarding causation of the well failure under any theory. Specifically, Knight argues that the evidence was insufficient to prove Knight's conduct was a proximate cause of the loss of the well under either theory submitted to the jury.  In the second issue, Knight argues that the evidence is legally and factually insufficient to support the jury's findings on breach of warranty of fitness for a particular purpose and negligent representation.

In reviewing the jury's verdict for the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the prevailing party, "crediting favorable

Knight Oil Tools v. Rippy Oil Company                                          Page 3

MM AFFIDAVIT EXHIBIT V

evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 808 (Tex.2005). We must not substitute our opinion on witness credibility for that of the jury. *Id*. at 816-17.

> Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another. Reviewing courts cannot impose their own opinions to the contrary.
> Most credibility questions are implicit rather than explicit in a jury's verdict. Thus, reviewing courts must assume jurors decided all of them in favor of the verdict if reasonable human beings could do so. Courts reviewing all the evidence in a light favorable to the verdict thus assume that jurors credited testimony favorable to the verdict and disbelieved testimony contrary to it.
>
> ...
>
> Nor is it necessary to have testimony from both parties before jurors may disbelieve either. Jurors may disregard even uncontradicted and unimpeached testimony from disinterested witnesses. Even uncontroverted expert testimony does not bind jurors unless the subject matter is one for experts alone.
> Of course, "[t]he jury's decisions regarding credibility must be reasonable." Jurors cannot ignore undisputed testimony that is clear, positive, direct, otherwise credible, free from contradictions and inconsistencies, and could have been readily controverted. And as noted above, they are not free to believe testimony that is conclusively negated by undisputed facts. But whenever reasonable jurors could decide what testimony to discard, a reviewing court must assume they did so in favor of their verdict, and disregard it in the course of legal sufficiency review.

*Id*. at 819-20 (footnotes and citations omitted).

In a factual-sufficiency challenge, an appellate court must consider and weigh all of the evidence. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam). The verdict should be set aside only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Id*. We may not pass upon the witnesses' credibility

MM AFFIDAVIT EXHIBIT V

or substitute our judgment for that of the factfinder, even if the evidence would support a different result. *2900 Smith, Ltd. v. Constellation New Energy, Inc.*, 301 S.W.3d 741, 746 (Tex. App. —Houston [14th Dist.] 2009, no pet.). If we determine the evidence is factually insufficient, we must detail the evidence relevant to the issue and state in what regard the contrary evidence greatly outweighs the evidence supporting the trial court's judgment; we need not do so when affirming the judgment. *Id.*

## PROXIMATE CAUSE

The components of proximate cause are cause-in-fact and foreseeability. *See Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005). The cause-in-fact element is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act ("but for" the act), the harm would not have occurred. *HMC Hotel Props. II Ltd. Partnership v. Keystone-Texas Prop. Holding Corporation*, 439 S.W.3d 910, 913 (Tex. 2014). These elements cannot be established by mere conjecture, guess, or speculation. *Id.*

Foreseeability, the other aspect of proximate cause, requires that a person of ordinary intelligence should have anticipated the danger created by a negligent act or omission. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). The question of foreseeability, and proximate cause generally, involves a practical inquiry based on "common experience applied to human conduct." *Id.* It asks whether the injury "might reasonably have been contemplated" as a result of the defendant's conduct. *Id.*

Knight Oil Tools v. Rippy Oil Company                                                    Page 5

MM AFFIDAVIT EXHIBIT V

Charles Rippy testified that after the lawsuit was filed, Knight provided serial numbers for some of the drill pipe.  Based on those serial numbers, evidence showed that Knight Oil purchased the drill pipe in 1993 and delivered the pipe to the well site in April 2010.  Charles Rippy further testified that some of the drill pipe had not been inspected by Knight in over a year.  The jury heard evidence that the fatigue cracks in the pipe were present before the pipe was used by Rippy.  Hilton Prejean, an A.P.I. member who helped write the A.P.I. standards, testified by deposition that the pipe that broke was "scrap tool joint" with excessive wear.  Prejean found that the tool joint on the pipe had pre-existing cracks before being used at the Rippy well and that it "should not have been on location at all."

Knight argues that Rippy was required to produce evidence that the pipe would not have failed assuming it met A.P.I. premium standards citing *BIC Pen Corporation v. Carter*, 346 S.W.3d 533 (Tex. 2011) as authority.  In *BIC*, a six year-old girl was severely burned when her five year-old brother started a fire with a BIC lighter.  The plaintiff alleged that the manufacturing defects in the lighter were the cause of the fire and the girl's injuries.  The Supreme Court stated that there must have been some evidence that the fire that burned the little girl started because of the specific manufacturing defects and that absent those defects her injuries would not have occurred.  *Id*. at 542.  The Court concluded that the evidence was insufficient to support the finding that manufacturing defects in BIC's Subject Lighter were a cause-in-fact of the injuries.  *Id*. at 545.

Knight Oil Tools v. Rippy Oil Company

Page 6

**MM AFFIDAVIT EXHIBIT V**

We do not agree with Knight's premise that under *BIC*, Rippy must show that the pipe would not have failed assuming it met A.P.I. premium standards. Rather, pursuant to *BIC*, Rippy must show that the condition of the pipe supplied by Knight was a substantial factor in the loss of the well and that absent the condition of the pipe, the harm would not have occurred.

The parties agree that the pipe broke as a result of fatigue failure. Knight presented evidence that the fatigue failure could have been caused by corrosion of the drill pipe. Knight also contends that that the drilling operation subjects the drill pipe to significant forces that can fatigue the pipe.

Rippy offered evidence that the tool joint was worn excessively, did not meet A.P.I. premium standards, and had pre-existing cracks before being used in the Rippy well. The jury heard evidence that that A.P.I. premium pipe has a wider tool joint which corresponds to less fatigue throughout the rest of the pipe. Rippy presented evidence that the pipe should not have been on location at all and that it was an A.P.I. reject.

We must not substitute our opinion on witness credibility for that of the jury. *City of Keller v. Wilson*, 168 S.W.3d at 816-17. The jury could conclude that the A.P.I reject pipe was a substantial factor in bringing about the drill pipe separation, and absent the condition of the pipe, the harm would not have occurred. We find that the evidence is legally sufficient to support the jury's finding on proximate cause. Additionally, we

MM AFFIDAVIT EXHIBIT V

cannot say that the jury's verdict on proximate cause is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule the first issue.

NEGLIGENT MISREPRESENTATION

The jury was asked in Question 2 whether Knight Tool made a negligent representation with respect to the condition of the drill pipe on which Rippy justifiably relied and was a proximate cause of the drill pipe separation. The jury answered "yes," and Knight challenges the jury finding.

The elements of negligent misrepresentation are: (1) a defendant provided information in the course of his business; (2) the information supplied was false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the information; and (5) the plaintiff suffered damages proximately caused by the reliance. *Retherford v. Castron*, 378 S.W.3d 29, 37 (Tex. App. — Waco 2012, pet. den'd); *Larsen v. Carlene Langford & Associates*, 41 S.W.3d 245, 249-50 (Tex. App. —Waco 2001, pet. den'd).

Charles Rippy, the President of Rippy Oil, testified that Rippy requested A.P.I. premium pipe for the Easterling 1-H well. The evidence shows that A.P.I. premium pipe is marked with two white bands to signify that it is premium. Daniel Rogers, a corporate representative for Knight, testified by deposition that if the drill pipe supplied by Knight had two white bands, the customer could rely on the pipe being A.P.I. premium pipe and

Knight Oil Tools v. Rippy Oil Company                                                           Page 8

**MM AFFIDAVIT EXHIBIT V**

that "the whole world" could rely on it being premium pipe. Rogers further stated that Knight intended to represent the pipe as being inspected to A.P.I. premium standards.

The record shows that the pipe that failed did not meet A.P.I. premium standards. The pipe broke in the well, and the well was lost. Viewing the evidence in the light most favorable to the jury's verdict, we find that a rational factfinder could conclude that Knight made a false representation about the quality of the drill pipe, that Knight did not use reasonable care in obtaining or communicating the information, and that Rippy justifiably relied on the representation.

We find that the evidence is legally sufficient to support the jury's finding on negligent representation. Additionally, we cannot say that the jury's verdict as to this claim is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. When the judgment rests on multiple theories of recovery, we need not address all causes of action if any one theory is valid. *EMC Mortgage Corp. v. Jones*, 252 S.W.3d 857, 870 (Tex. App. —Dallas 2008, no pet.); *Checker Bag Co. v. Washington*, 27 S.W.3d 625, 634 (Tex. App. — Waco 2000, pet. den'd). Therefore, we need not address Knight's complaint on appeal as to the sufficiency of the evidence to support the jury's answer on breach of breach of implied warranty of fitness for a particular purpose. We overrule Knight's second issue.

Knight Oil Tools v. Rippy Oil Company

Page 9

MM AFFIDAVIT EXHIBIT V

## NEGLIGENCE

In the fourth issue, Knight argues that the evidence is factually insufficient to support the jury's failure to find that Rippy and Gyrodata were negligent.  In Question 3, the jury was asked if the negligence of the Rippy Oil Company and/or Gyrodata proximately caused the occurrence in question.  The jury answered <u>"No"</u> for both Rippy Oil Company and Gyrodata.

Knight contends that there were problems in the well prior to the drill pipe breaking.  Early on in the drilling process of the Easterling 1-H well, a mud motor supplied by Gyrodata broke off in the well causing Rippy to have to drill off course from its planned well.  Knight also addresses Gyrodata's equipment failure in drilling the Easterling 2-H well; however, that was not before the jury in Question 3.

Charles Rippy testified that they encountered a trouble spot while drilling the Easterling 1-H, but that it was not a "catastrophe" and was fairly common.  Rippy also testified that they had to make adjustments after the Gyrodata motor broke off in the well.

In Question 3 the jury was asked if the negligence of Rippy or Gyrodata proximately caused the "occurrence" in question.  As stated, the components of proximate cause are cause-in-fact and foreseeability.  *See Western Investments, Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005).  Occurrence was defined for the jury as "the drill pipe separation that occurred on the Easterling No. 1-H well on May 11, 2010."

MM AFFIDAVIT EXHIBIT V

The jury could conclude that the Gyrodata motor breaking was not a substantial factor in bringing about the drill pipe separation on the Easterling 1-H well.  Knight does not specifically argue any act of negligence on the part of Rippy that was a proximate cause of the drill pipe separation.  We cannot say that the jury's answer to Question 3 is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. We overrule the fourth issue.

<div align="center">SUMMARY JUDGMENT</div>

In the third issue, Knight argues that the trial court erred in granting summary judgment.  We review a trial court's summary judgment de novo.  *Provident Life & Accident Insurance Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).  The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). In reviewing a traditional motion for summary judgment, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented.  *See Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference in favor of the nonmovant and resolving any doubts against the motion.  *See id.* at 756.  In our review, we take the nonmovant's competent evidence as true.  *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

MM AFFIDAVIT EXHIBIT V

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006); *see also Humphrey v. Pelican Isle Owners Ass'n*, 238 S.W.3d 811, 813 (Tex. App. —Waco 2007, no pet.). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 583. The nonmovant must produce "summary judgment evidence raising a genuine issue of material fact." TEX. R. CIV. P. 166a (i). When determining if more than a scintilla of evidence has been produced, the evidence must be viewed in the light most favorable to the nonmovant. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex.2004).

The pipe was delivered to the well site with a delivery ticket that had a provision on the front indicating that the customer agrees to the terms and conditions on the reverse side of the document. The reverse side of the delivery ticket contained terms and conditions including a paragraph on release and indemnity and a paragraph on waiver of warranty.

In its answer, Knight pled the affirmative defenses of release and indemnity based upon the terms and provisions on the delivery ticket. Knight argued that Rippy's designated agents, Wiggins and Elkins, had authority to bind Rippy to the terms and conditions on the delivery ticket. Rippy argues that the evidence does not show that Wiggins and Elkins had authority to bind Rippy to release or indemnity provisions.

MM AFFIDAVIT EXHIBIT V

The trial court initially granted the motion without stating the basis for its ruling. During trial, Knight moved for reconsideration of the trial court's ruling. The trial court denied the motion for reconsideration and found that the Release Discharging Indemnity Agreement on the back of the invoice was not negotiated between the parties. The trial court further found that "neither Elkins or Wiggins had apparent, implied, or actual authority on behalf of Rippy to bind them to the indemnity, discharge and release provisions...."

In *Rourke v. Garza*, the Court stated that the doctrine of apparent authority is based on estoppel, and one seeking to charge a principal through the apparent authority of an agent to bind the principal must prove such conduct on the part of the principal as would lead a reasonably prudent person, using diligence and discretion, to suppose that the agent has the authority he purports to exercise. *Rourke v. Garza*, 530 S.W.2d 794, 802 (Tex. 1975). The Court found that there was no authority based upon the agent's position as general superintendent. *Rourke v. Garza*, 530 S.W.2d at 804. The Court stated,

"Contracts indemnifying one against his distribution of defective products should be viewed as exceptions to the usual business practice, in the same manner as those indemnifying one against his own negligence." *Rourke v. Garza*, 530 S.W.2d 794, 804 (Tex. 1975). The Court further stated that such contracts may have great financial impact on the parties and are therefore not of the kind ordinarily executed by a superintendent of job sites. *Id.*

Knight Oil Tools v. Rippy Oil Company                                          Page 13

**MM AFFIDAVIT EXHIBIT V**

Leo Wiggins and Larry Elkins were well consultants on the Easterling 1-H well, but they were not employees of Rippy.  The summary judgment evidence shows both Wiggins and Elkins had authority to order equipment, to accept delivery of equipment, and to supervise operations at the well.  In his deposition, Charles Rippy stated that Wiggins and Elkins did not have authority to negotiate any agreement on behalf of Rippy on release and indemnity.

The record shows that Wiggins placed the order for the drill pipe for the Easterling 1-H.  The pipe was delivered by a third-party trucking company.  The delivery tickets in evidence are signed primarily by Elkins; however, there are some signed by Wiggins and one ticket in evidence is signed by another unknown person.  The delivery tickets prior to the pipe failure are signed by Elkins.  The delivery tickets produced by Knight as summary judgment evidence do not provide a copy of the reverse side of the ticket that contains the terms and conditions on release and indemnity.

We find *Rourke v. Garza* to be controlling.  Wiggins and Elkins were well consultants, and they had authority to order pipe and accept delivery.  However, they did not have authority to negotiate any agreement on behalf of Rippy on release and indemnity.  As stated in *Rourke*, such contracts may have great financial impact on the parties and are therefore not of the kind ordinarily executed by a superintendent of job sites. *Rourke v. Garza*, 530 S.W.2d 794, 804 (Tex. 1975).  As in *Rourke*, Knight was unaware who actually signed the tickets upon delivery.  The pipe was delivered by a third-party

Knight Oil Tools v. Rippy Oil Company                                              Page 14

MM AFFIDAVIT EXHIBIT V

company and not always signed by the person who ordered it.  The trial court did not err in granting Rippy's motion for summary judgment.  We overrule the third issue.

## DAMAGES

In issues five and six, Knight argues that the evidence is insufficient to support the jury's finding on damages, that the trial court erred in admitting evidence and refusing jury charge instructions, and that the trial court erred in wording jury questions.

In Question 5, the jury was asked if the Easterling No. 1-H well was capable of being reproduced by drilling another well as it existed at the time of the occurrence in question.  The jury answered "No."  In Question 6, the jury was asked what would have been the reasonable and necessary costs of drilling and equipping the Easterling 2-H well in the condition the Easterling 1-H well was equipped before the occurrence in question less the salvage value.  The jury answered that the reasonable and necessary drilling and equipping costs for the Easterling No. 2-H well were $1.5 million.  In Question 7, the jury was asked the reasonable fair market value of the Easterling 1-H well immediately before the occurrence in question and immediately after the occurrence in question.  The jury was instructed that fair market value means the price a willing seller not obligated to sell can obtain from a willing buyer not obligated to buy.  The jury answered that the value of the Easterling 1-H before the occurrence was 5.9 million dollars and after the time of the occurrence was 0.

Knight Oil Tools v. Rippy Oil Company                                    Page 15

Charles Rippy testified that the fair market value of the Easterling 1-H well just prior to the drill pipe breaking was nine million dollars.  Charles Rippy explained that they drilled the Sims 3-H as a concept well to gather information before drilling the Easterling 1-H.  Charles Rippy explained that he used the production data from the Sims 3-H to help determine the fair market value of the Easterling 1-H.

Knight produced evidence that the fair market value of the Easterling 1-H before the drill pipe break was between $1,053,315 and $2,231,600.  Knight's fair market value made reductions for potential mechanical problems.  Knight's expert explained in detail how he arrived at those values.

A jury generally has discretion to award damages within the range of evidence presented at trial.  *Gulf States Utilities. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002).  It may not, however, "arbitrarily assess an amount neither authorized nor supported by the evidence presented at trial." *First State Bank v. Keilman*, 851 S.W.2d 914, 930 (Tex. App. Austin —1993, writ denied).  The jury heard differing methods for arriving at the value of the well and for discounting the value for risk.  The jury's answer of 5.9 million dollars is in the range of evidence presented at trial.

Knight cites *Basic Energy Services, Inc. v. D-S-B Props., Inc.* as authority on the proper measure of damages when the damaged property is an oil or gas well.  *See Basic Energy Services, Inc. v. D-S-B Props., Inc.*, 367 S.W.3d 254 (Tex. App. —Tyler 2011, no pet.). In *Basic Energy Services, Inc.*, the Court stated:

Knight Oil Tools v. Rippy Oil Company                                    Page 16

**MM AFFIDAVIT EXHIBIT V**

> The measure of damages for the destruction of an oil well that can be reproduced is the lower of two values: (1) the cash market value of the old well or (2) the cost of reproducing the well with a new well equipped like the old one, less any salvage value of the old well.

*Basic Energy Services, Inc. v. D-S-B Props., Inc.*, 367 S.W.3d at 262.  Knight states that the trial court should have entered judgment on the jury's answer in Question 6 rather than the jury's finding in Question 7.

If the well can be reproduced by drilling another one, the proper measure of damages is the cost of drilling and equipping another such well, less the value of any salvage; provided that this cost does not exceed the reasonable cash market value of the well immediately before the tubing collapse.  *Atex Pipe & Supply, Inc. v. Sesco Production Co.*, 736 S.W.2d 914, 917 (Tex. App. —Tyler 1987, writ den'd).  If the well cannot be reproduced or if the cost of reproduction exceeds the value of the well, the proper measure of damages is the difference in the reasonable cash market value of the well, as equipped, immediately before and immediately after the tubing collapse.  *Id.*

In Question 5, the jury found that the Easterling No. 1-H well was not capable of being reproduced by drilling another well as it existed at the time of the occurrence in question.  The trial court did not abuse its discretion in submitting Question 5 to the jury.  Because the jury found the well could not be reproduced, the proper measure of damages is the difference in the reasonable cash market value of the well, as equipped, immediately before and immediately after the drill pipe failure as found by the jury in Question 7.  *See Atex Pipe & Supply, Inc. v. Sesco Production Co.*, 736 S.W.2d at 917.

Knight Oil Tools v. Rippy Oil Company                                    Page 17

**MM AFFIDAVIT EXHIBIT V**

We overrule the fifth and sixth issues on appeal.

## CONCLUSION

We affirm the trial court's judgment.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Davis[1]
(Chief Justice Gray dissents with a note)*
Affirmed
Opinion delivered and filed November 10, 2021
[CV06]


*(Chief Justice Gray dissents.  A separate opinion will not issue.  Chief Justice Gray notes, however, that prior to the jury trial the trial court granted a motion for summary judgment on the affirmative defenses of indemnity and release.  The basis of the motion was that the person who had the authority to order and accept delivery of the pipe for Rippy did not have the authority to accept the terms and conditions on the delivery ticket.  The question thus framed was the scope of the agency; was he a "company man" or was he merely a "job superintendent" with no real authority to contract on behalf of the company.  Chief Justice Gray believes that Rippy did not conclusively prove through summary judgment evidence that the well consultants did not have that limitation on their authority.  The evidence established that they had the authority to agree to the terms necessary to order equipment and accept delivery on behalf of the company.  At the very least the scope of the agency was disputed.  Moreover, because the evidence regarding these defenses also impacts the reasonableness of the reliance on the representation of Knight, the evidence of the defenses has evidentiary implications on the reasonableness of Rippy's reliance upon the representations of Knight as to the quality/condition of the pipe that was delivered,  thus potentially impacting the jury findings on the elements of

[1] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.

Knight Oil Tools v. Rippy Oil Company                                          Page 18

MM AFFIDAVIT EXHIBIT V

Rippy's claims.  Therefore, in fairness, a new trial is warranted which is not limited to the affirmative defenses.  Because the Court affirms the trial court's judgment, Chief Justice Gray respectfully dissents.)



Knight Oil Tools v. Rippy Oil Company

MM AFFIDAVIT EXHIBIT V

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-041919 |
| COMPANY (f/k/a CHARTIS | § | |
| SPECIALTY INSURANCE COMPANY) | § | |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS

# AFFIDAVIT

# EXHIBIT W

MM AFFIDAVIT EXHIBIT W

12/29/2021 2:02 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 60372053
By: Monica Jackson
Filed: 12/29/2021 11:36 AM

# 2021-83799 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| RIPPY OIL COMPANY | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY N/K/A AIG | § | |
| INSURANCE COMPANY | § | |
| SPECIALTY INSURANCE COMPANY, | § | |
| AND RISK SPECIALISTS COMPANIES | § | |
| INSURANCE AGENCY, INC. | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE AND JURY OF SAID COURT:

COMES NOW, Plaintiff Rippy Oil Company ("Rippy Oil"), on its own behalf, and on behalf of all working interest owners, to-wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor (hereinafter sometimes referred to as "Plaintiff Rippy Oil" or Plaintiffs) file this Original Petition against Defendant ACE American Insurance Company ("ACE"), Chartis Specialty Insurance Company, now known as, AIG Specialty Insurance Company ("AIG"), and Risk Specialists Companies Insurance Agency ("Risk Specialists"), and for cause of action would show the Court as follows:

### I.

### DISCOVERY PLAN

1.      Pursuant to Texas Rule of Civil Procedure 190.1, Plaintiff requests that this case be designated as a Level 3 case in accordance with the discovery control plan tailored to the circumstances of this specific suit.

**MM AFFIDAVIT EXHIBIT W**

2.    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants tender required disclosures pursuant to Texas Rules of Civil Procedure 194.1, 194.2, 194.3, and 194.4.

II.

PARTIES

3.    Plaintiff Rippy Oil Company is a Texas Corporation with its principal place of business in Tyler, Smith County, Texas.  Rippy Oil Company brings suit on its own behalf and on behalf of all working interest owners, to wit: Rippy Interest, LLC, the Genecov Group, Inc. and John D. Proctor.

4.    Rippy Interest, LLC is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas.

5.    The Genecov Group, Inc. is a Texas corporation with its principal place of business in Tyler, Smith County, Texas.

6.    John D. Proctor is an individual residing in Tyler, Smith County, Texas.

7.    Defendant ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of California, with its principal place of business in Pennsylvania. Defendant ACE is admitted, authorized, and licensed by the Texas Department of Insurance to write general liability insurance policies, providing commercial general liability insurance coverage in the state of Texas, including issuing general liability policy No. HDO G24940214, providing commercial general liability insurance coverage to Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC and all its operations in Texas.  Defendant ACE is engaged in the business of insurance in this state and designated an agent for service of process in Texas. Defendant ACE American Insurance Company may be served with process by serving

2

MM AFFIDAVIT EXHIBIT W

its designated registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136. Issuance of citation and service of process by certified mail, return receipt requested, is requested at this time.

8.      Defendant Chartis Specialty Insurance Company, now known as, AIG Specialty Insurance Company ("Defendant AIG"), is an insurance company incorporated in the state of Illinois with its principal place of business in the state of New York. Defendant AIG is not admitted, authorized, or licensed to issue liability insurance in the state of Texas. On information and belief, Chartis Specialty Insurance Company, was not eligible in 2010 and 2011 to issue surplus lines liability insurance, including the surplus lines commercial general liability coverage, issued by policy No. BE 13074559 in Texas under Chapter 981 of the Texas Insurance Code and therefore was an unauthorized insurer. Defendant AIG nevertheless engaged in the business of insurance in this state, including issuing surplus lines commercial umbrella liability policy No. BE 13074559 providing surplus lines commercial general liability insurance coverage to Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC. and all it operations in Texas. Defendant AIG's policy was issued through Patrick Dwayne David and Knox Insurance Agency Group LLC. On information and belief Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group LLC was not a licensed surplus lines agency in Texas. Defendant AIG is engaged in the business of insurance in this state, but has not designated an agent for service of process in Texas. Defendant AIG, as an ineligible and therefore unauthorized surplus lines carrier issuing policies in Texas, is deemed to have designated the Commissioner of Insurance of the Texas Department of Insurance as its agent for service pursuant to Texas Insurance Code 804.201. Indeed, Defendant AIG pursuant to Paragraph O titled "Service of Suit" under IV headed "Conditions" in its commercial umbrella liability policy

3

MM AFFIDAVIT EXHIBIT W

No. BE 13074559, agreed that service of process may be made upon Counsel, Legal Department, Chartis Specialty Insurance Company (now known as AIG Specialty Insurance Company), 175 Water Street, New York, New York 10038, or his or her representative.  Further Defendant AIG agreed in Condition VI(O) headed "Service of Suit" to designate the Commissioner of Insurance as its true and lawful attorney upon whom may be served any lawful process and further designated the above-named counsel as the person to whom the Commissioner of Insurance of the Texas Department of Insurance is authorized to mail such process.

9.      Accordingly, Defendant AIG may be served with process by serving the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701, who is thereafter requested to mail process including Citation and this Petition to Counsel, Legal Department, Chartis Specialty Insurance Company, 175 Water Street, New York, New York 10038.  Issuance of Citation and service of process by certified mail, return receipt requested, is requested at this time.  The mailing address for Counsel, Legal Department, Chartis Specialty Insurance Company is 175 Water Street, New York, New York 10038 should be typed on the face of the Citation.

10.     Defendant Risk Specialists Companies Insurance Agency, Inc. ("Defendant Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal place of business in Houston, Harris County Texas.  Defendant Risk Specialists is engaged in the business of insurance in this state and designated an agent for service of process in the state of Texas. Defendant Risk Specialists may be served with process by serving its designated registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin Texas, 78701-3218. Issuance of citation and service of process by certified mail, return receipt requested, is requested at this time.

4

MM AFFIDAVIT EXHIBIT W

## III.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy and damages sought are within the jurisdictional limits of this Court. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief over $1,000,000.00. Additionally, the district court has residual jurisdiction of suits for declaratory relief pursuant to the Texas Uniform Declaratory Judgment Act set out in Tex. Civ. Prac. & Rem. Code §§ 37.001 — 37.011, as the amount in controversy is in excess of the minimum jurisdictional limits of this Court. The Court has both general and specific personal jurisdiction over Defendants.   Defendant ACE is an authorized and admitted fire and casualty insurance carrier approved and licensed by the Texas Department of Insurance to issue general liability insurance policies with commercial general liability insurance coverage to Texas insureds and Louisiana insureds doing substantial business in the State of Texas like judgment debtor Knight Oil Tools, Inc. now known as Knight Oil Tools, LLC ("KOT"). Defendant AIG is not an authorized or admitted liability insurance carrier, but is currently an eligible surplus lines carrier subject to Chapter 981 of the Texas Insurance Code and regulation by the Texas Department of Insurance pursuant to Chapter 15 of the Texas Administrative Code. Defendant AIG has issued surplus lines general liability insurance policies with commercial general liability coverage to Texas insureds and Louisiana insureds like KOT doing business in Texas. Defendant ACE and AIG's business activities were purposefully directed to the state of Texas and the disputes between Plaintiff and Defendant ACE arise from and are related to those business activities, including defense of and indemnification of KOT pursuant to ACE policy No. HDO G24940214 and Chartis Specialty Insurance Company policy No. BE 13074559 in the underlying Texas state

5

MM AFFIDAVIT EXHIBIT W

court lawsuit brought by Plaintiff against KOT. Further, the contacts of Defendants ACE and AIG with Texas are purposeful, continuous, and systematic in that the insurance company Defendants have issued numerous liability insurance policies to multiple Texas insureds since they began conducting the business of insurance in Texas, including the issuance of general liability insurance policies with commercial general liability insurance coverage to KOT, who conducts business in the state of Texas.

12.    Venue is proper in Harris County, Texas pursuant to the provisions of Section 15.002(a)(3) of the Texas Civil Practice & Remedies Code as Defendant Risk Specialist has a principal office in Houston, Harris County, Texas as defined by Section 15.001(a). Venue is also proper in Harris County, Texas or in the alternative  Leon County, Texas pursuant to the provisions of Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events giving rise to this insurance dispute occurred in  Harris or Leon County, Texas. The surplus lines policy No. BE 13074559, issued on behalf of  Chartis Specialty Insurance Company, was bound and issued by Defendant Risk Specialists in Houston, Harris County Texas. The occurrence of property damage sustained by Plaintiffs occurred in Leon County, Texas. The underlying lawsuit asserting the claims of Plaintiff against Defendants ACE and AIG's named insured KOT, was filed in the 278th Judicial District Court of Leon County, Texas. Defendants ACE and AIG retained defense attorneys located in Houston, Harris County Texas and  directed the defense of KOT in Leon County, Texas.  A final judgment was entered in favor of Plaintiffs against KOT, in the 278th Judicial District Court of Leon County, Texas after a fully adversarial trial and jury verdict in favor of Plaintiff.  Subsequent to discharge from bankruptcy, KOT moved its principal office and principal place of business from Lafayette Louisiana to Houston, Harris County Texas.  Plaintiff, as judgment creditor and third-party

6

beneficiary of the Defendants ACE and AIG liability insurance policies in question, seek to recover the full amount of the final judgment entered in the 278th Judicial District Court of Leon County, Texas from Defendants ACE and AIG. Venue is also proper in Harris or Leon County, Texas pursuant to 15.005 of the Texas Civil Practice Remedies Code because Plaintiff has established proper venue against one or more of the Defendants in Harris or Leon County, and therefore Plaintiff has venue over all of the Defendants and all claims or actions arising out of the same transaction, occurrence, or series of transactions or occurrences. Finally, under IV "Conditions" Paragraph O, headed "Service of Suit," Defendant AIG agreed "in the event of our failure to pay any amount claimed to be due hereunder, we, at the insured's request, will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Harris County or in the alterative Leon County, Texas District Courts qualify as courts of competent jurisdiction to which Defendant AIG has submitted to the jurisdiction.

IV.

## CHOICE OF LAW

13.     The dispute between Plaintiff and Defendants is directly related to policies of general liability insurance with commercial general liability insurance coverage issued by Defendants and concerns whether the policies of liability insurance are required to pay the final judgment obtained by Plaintiff against KOT. Plaintiff is a judgment creditor and third-party beneficiary under the policies issued by Defendants ACE and AIG. Defendant ACE's policy No. HDO G23740214 issued to KOT provides in pertinent part at Section IV headed "Commercial General Liability Conditions," Paragraph 3 titled "Legal Action Against Us," "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an insured".

7

MM AFFIDAVIT EXHIBIT W

14.     Likewise, Defendant AIG policy No. BE 13074559 issued to KOT provides in pertinent part at Section VI titled "Conditions," in Paragraph J that "a person or organization may sue us to recover on an agreed settlement or on a final judgment against an Insured;....". Plaintiff is a Texas company with its principal place of business in Texas that obtained a jury verdict and final judgment in Cause No. 0-10-498 styled Rippy Oil Company, et al. vs. Knight Oil Tools, Inc., et al., in the 278th Judicial District Court of Leon County, Texas, after a fully adversarial trial in which Defendants ACE and AIG hired Texas attorneys to vigorously defend and contest the allegations against Defendants ACE and AIG's named insured KOT. As a Texas judgment creditor of KOT and third-party beneficiary under the policies issued by Defendants ACE and AIG, Plaintiff brings a declaratory judgment and breach of contract action to recover the amount of the final judgment, interest and costs, from Defendants ACE and AIG under Texas law. Article 21.42 of the Texas Insurance Code provides:

(a) Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this state or at the home office of the company or corporation issuing same.

15.     The Texas Insurance Code therefore directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas. Scottsdale Ins. Co. v. National Emergency Services,

MM AFFIDAVIT EXHIBIT W

Inc., 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  All three elements are met here.

16.     Additionally, Plaintiffs seek a declaration that Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance pursuant to Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213 and 981.216. Anyone who assists in procuring unauthorized insurance like Defendant Risk Specialist is individually liable for unpaid claims under the policy pursuant to Texas Insurance Code §101.201.  Likewise an unauthorized insurer cannot enforce policy exclusions in an attempt to avoid coverage pursuant to Texas Insurance Code §101.201

17.     Accordingly, Texas law governs this dispute between Plaintiff and Defendants.

V.

**FACTUAL BACKGROUND**

18.     KOT rents steel drill pipe delivered from storage facilities in Houston, Alice, and Odessa, Texas as well as Broussard, Louisiana and locations in other states.  On or about May 11, 2010, Pioneer Drilling was utilizing the drill pipe rented, supplied and represented to have been API inspected and API Premium Class by KOT during normal drilling operations to finish drilling the horizontal leg of the Easterling No. 1-H well in Leon County, Texas. The drill pipe was being utilized on that date well within the capacity, capabilities, and operating parameters of API Premium Class drill pipe, when the drill pipe supplied by Defendant KOT catastrophically failed physically damaging and destroying a valuable portion of the Easterling No. 1-H well which prevented its completion and subsequent production of oil reserves from the target intervals Plaintiff had successfully penetrated with the Easterling No. 1-H well bore.  Plaintiff made every effort to mitigate their damages by attempting to fish the failed drill pipe, separated

9

MM AFFIDAVIT EXHIBIT W

drill pipe string, bottom-hole assembly, and drill bit damaged and lost in the hole after notifying Defendant KOT of the drill pipe failure. Despite efforts to salvage the Easterling No. 1-H well, the jury found that the Easterling No. 1-H well could not be reproduced resulting in physical damage to and loss of well bore, the oil bearing formation the well bore had penetrated, and hydrocarbon reserves, the drilling equipment damaged and lost down hole and charged to Plaintiffs, all of which tangible property damage was caused by the failed drill pipe delivered by KOT. After days of technical evidence, in a fully adversarial trial, a jury found for Plaintiff Rippy Oil on all liability issues submitted. A true and correct copy of the jury's charge is attached hereto as Exhibit A.

19. In response to Question 5 the jury found that Easterling No. 1-H well could not be reproduced finding that the KOT drill pipe failure ruined the well beyond repair and beyond the ability to replicate. In other words, the jury found that the Easterling No. 1-H well was totaled.

20. If KOT had totaled someone's pickup, the measure of damages would have been the value before minus the value after: "The ordinary measure of damage for injury to property is the difference between the value of that damage before the damage was done and its value after injury…." *Texas & P. Ry. Co. v. Levi & Bro., 59 Tex. 674, 679 (1883); see Gilbert Wheeler, Inc. v. Enbridge Pipelines (E.Texas), L.P., 449 S.W.3d 474,481 (Tex. 2014)* .

The same concept applies to a lost oil and gas well, *i.e.* a well that cannot be reproduced:

> If the well cannot be reproduced or if the cost of reproduced exceeds the value of the well, the proper measure of damages is the difference in the reasonable cash market value of the well, as equipped, immediately before and immediately after the tubing collapse.

*Atex Pipe & Supply, Inc. v. Sesco Prod. Co., 736 S.W. 2d 914, 917 (Tex. App.—Tyler 1987, writ denied).*

This rule from *Atex* has been the law for years in Texas and remains good law today. *Dowell v. Cichowski*, 640 S.W.2d 342,350 (Tex. Civ. App. — San Antonio 1976, no writ); *Whitson Co. v. Bluff Creek Oil Co.*, 278 S.W.2d 339, 346 (Tex.Civ. App.--Fort Worth 1955), *aff's* 293 S.W. 2d488 (Tex. 1956); *Hazlewood Patterson Co. v. Hancock*, No. 10-03-00274-CV, 22004 WL 2903861, at*2 (Tex. App. —Waco Dec. 15, 2004. Pet. denied). *"Atex* sets forth the measure of damages for a damaged well."

21.    All the evidence produced during the fully adversarial trial showed that the Easterling No. 1-H well was not reproducible as a result of the KOT drill pipe failure. KOT brought no witnesses who testified that the well could be reproduced. The jury found that KOT ruined the well- beyond repair and beyond the ability to replicate-so KOT and Defendants ACE and AIG justly ought to pay the value of the destroyed property which the jury found in Question 7 to be $5.9 million dollars.

22.    The judge of the 278th entered a Final Judgment in Plaintiff Rippy Oil's favor against KOT in the amount of $5,538,643.13. Additionally, the Court awarded prejudgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before final judgment was signed" on June 4, 2018. The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid. A copy of the Final Judgment is attached as Exhibit B.

23.    KOT had previously filed for Chapter 11 bankruptcy on August 8, 2017. Plaintiff Rippy Oil filed a Motion for an Order Granting Relief From the Automatic Stay in the bankruptcy court, which Motion was granted by then United States Bankruptcy Judge Robert Summerhays by Order signed October 24, 2017. A copy of the Bankruptcy Court's Order is

MM AFFIDAVIT EXHIBIT W

attached hereto as Exhibit C. As set out in the attached Order, the automatic stay was modified for the purpose of allowing the prosecution of the underlying lawsuit. The Order further allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants. The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies.

24.     KOT was a named insured on general liability insurance policies providing commercial general liability coverage to KOT in force and effect on the May 11, 2010 date of occurrence issued by ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559. ACE and AIG retained attorneys to vigorously defend KOT and contest Plaintiff Rippy Oil's claims, causes of actions, and damages in the above-captioned lawsuit through jury trial, verdict, and Final Judgment signed June 4, 2018. Plaintiff Rippy Oil believes on information and belief that just before, during, or shortly after the fully adversarial trial of this case, ACE tendered its policy limit of $1 Million to AIG, and that AIG accepted same. After the verdict and entry of Final Judgment, AIG retained attorneys to appeal the Final Judgment in favor of Plaintiff Rippy Oil against Defendant KOT.

25.     On December 30, 2020, the Waco Court of Appeals initially affirmed this Court's Final Judgment. The attorneys retained by AIG filed a Motion for Rehearing on behalf of Defendant KOT. On November 10, 2021, the Waco Court of Appeals once again affirmed this trial court's Final Judgment. A copy of the Waco Appellate Court's Opinion is attached hereto as Exhibit D.

MM AFFIDAVIT EXHIBIT W

26.     On December 7, 2021, AIG filed a Declaratory Judgment against KOT in the United States District Court for the Western District of Louisiana despite the fact that KOT principal office and principal place of business was by that date Houston, Harris County, Texas, seeking a Declaration that the AIG policy is not triggered until the limits of liability of the ACE policy had been exhausted by payment, as well as a Declaration that AIG has no coverage for KOT's liability under the Final Judgment.  A true and correct copy of AIG's Complaint for Declaratory Judgment without exhibits is attached hereto as Exhibit E.

27.     KOT's Joint Chapter 11 Plan of Reorganization as of November 29, 2017 was confirmed December 1, 2017, KOT was previously discharged from bankruptcy, and the bankruptcy proceeding terminated on June 17, 2019.  Based upon information and belief, Plaintiff Rippy Oil asserts that neither ACE, nor AIG asserted claims of no-coverage against KOT in Bankruptcy Court or otherwise attempted to reserve no-coverage defenses before KOT was discharged in bankruptcy.  Although the ACE and AIG policies were produced in discovery as required by the Texas Rules of Civil Procedure, no denials of coverage letters or reservation of rights to deny coverage for ACE or AIG were produced by KOT or Defendants ACE and AIG. A true copy of the ACE and AIG policies produced by KOT and ACE in discovery pursuant to the Texas Rules of Civil Procedure, bates labeled Knight 000001 to Knight 000198, are attached as Exhibits F and G. Accordingly, it is doubtful that there is any case or controversy between Defendant KOT and AIG which is ripe for determination by the United States District Court for the Western District of Louisiana.  On the other hand, it is clear that AIG's conduct in waiting until December 7, 2021 to attempt to deny coverage to Defendant KOT by filing and requesting a Declaratory Judgment that it has no coverage raises potential claims and causes of action by KOT of estoppel and waiver and for breach of the AIG policy contract, breach of the

13

MM AFFIDAVIT EXHIBIT W

common law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practice Act. It is unknown at this point whether KOT intends to vigorously defend AIG's allegations as KOT has not been served in the Declaratory Judgment action pending in the United States District Court for the Western District of Louisiana. Likewise, it is further unknown at this time whether KOT has entered into a fraudulent and collusive agreement or understanding with AIG to buy back the policy or otherwise to lay down and not vigorously defend the AIG Declaratory Judgment action in an effort to prevent Plaintiff Rippy Oil from satisfying the Final Judgment from the ACE and AIG policy proceeds. To prevent any fraudulent or collusive agreement between KOT and AIG, Plaintiff Rippy Oil intends to file an Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice & Remedies Code in the 278th Judicial District Court of Leon County Texas where the Final Judgment was entered.

28.      Since being discharged from bankruptcy KOT currently operates its drill pipe rental business at its principal office and principal place of business in Houston, Harris County, Texas.

VI.

<u>**BREACH OF CONTRACT AGAINST DEFENDANTS ACE & AIG**</u>

29.      Plaintiff Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

30.      Plaintiff Rippy Oil has standing to sue ACE and AIG under their policies issued to named insured and judgment debtor KOT, as a judgement creditor after a fully adversarial jury trial defended by ACE and AIG, favorable jury verdict, and final judgment ( see Supra, paragraphs 18 to 22 and Exhibits A and B) and third-party beneficiary under the ACE and AIG

MM AFFIDAVIT EXHIBIT W

policies ( see Supra, paragraphs 13 and 14 and Exhibits G and F). Under the ACE and AIG policies, Defendants ACE and AIG had a duty to defend and indemnify and protect KOT against the property damage claims asserted by the Plaintiffs against named insured KOT in the underlying lawsuit by paying those sums that the insured KOT becomes legally obligated to pay as damages because of property damage to which their respective policies apply. (Exhibit G, Knight 000009; Exhibit F, Knight 000112). Pursuant to the ACE and AIG policies, Defendants ACE and AIG have an obligation to pay Plaintiff Rippy Oil as judgment creditor of KOT and third-party beneficiary under the ACE and AIG policies up to their respective policy limits to satisfy the final judgment in favor of Plaintiff Rippy Oil against KOT (Exhibit F, Knight 000019; Exhibit G, Knight 000126).

31.     KOT made proper notification to and demand for coverage, defense and indemnification upon Defendant ACE and AIG. KOT has complied with all necessary conditions and other terms of the policies or is otherwise excused from the performance of those conditions and terms on the basis of waiver and/or estoppel. All conditions precedent to coverage under the ACE and AIG policies have been performed.

32.     Defendant ACE and AIG's liability policies provide coverage for KOT against all property damage claims asserted against KOT by Plaintiffs and no exclusions apply or the exceptions to those exclusions apply to bring the property damage claims back within the policies coverage. The burden of proof is on Defendants ACE and AIG to establish that any exclusion or limitation of coverage applies. See Texas Insurance Code § 554.002.

33.     Both the ACE and AIG policies provide coverage for an "occurrence" causing "property damage", meaning injury to tangible property. See *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 23-24 (Tex. 2008). There can be no doubt that physical

15

MM AFFIDAVIT EXHIBIT W

damage to and loss of the Easterling No. 1-H well bore, the oil bearing formation the well bore had penetrated, and the oil reserves from that formation are in fact injury to tangible property.

34.     Both the ACE and AIG policies define an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions (Exhibit F, Knight 000022; Exhibit G, Knight 000133)." An accident is generally understood to be a fortuitous, unexpected, and unintended event.  See *Lamar Homes, Inc. v. Mid-Continental Cas. Co.*, 242 S.W.3d 1, 8 (Tex. 2007).  There can be no doubt that the catastrophic failure of the KOT drill pipe and resulting injury to Plaintiffs' tangible property was a fortuitous, unexpected, and unintended event from the point of view of both Plaintiff Rippy Oil and KOT and conclusively qualifies as an "occurrence" of property damage.

35.     Both the ACE and AIG policies define "property damage" to mean:

a.   Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b.   Loss of use of tangible property that is not physically injured.  All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

There is likewise no doubt that after a fully adversarial jury trial in which the defense of KOT was controlled by Defendants ACE and AIG, the jury in the underlying lawsuit returned a verdict and findings that demonstrate conclusively an "occurrence" causing "property damage", meaning injury to tangible property.  Defendants ACE and AIG are bound by the findings by the jury in the underlying lawsuit which verdict became the basis of the final judgment in favor of Plaintiff Rippy Oil against KOT.  See *Getty Oil Co., Inc. v. Ins. Co. of N. Am.*, 845 S.W. 2d 794, 802 (Tex. 1992).

16

MM AFFIDAVIT EXHIBIT W

36.     The duty to indemnify owed by Defendants ACE and AIG means that ACE and AIG are obligated to "pay all covered claims and judgments against an insured (KOT)".  See *D.R. Horton—Texas v. Markel Intern. Ins.*, 300 S.W. 3d 740, 743 (Tex. 2009).

37.     Defendants ACE and AIG breached their policies by wrongfully denying coverage to KOT including indemnification against and payment of the final judgment in favor of Plaintiff Rippy Oil for property damages resulting from the failure of KOT's drill pipe.

38.     As a proximate result of Defendant ACE's breach of contract, Plaintiff Rippy Oil has been damaged in an amount in excess of the minimum jurisdictional limits of the Court.

39.     As a proximate result of Defendants' breach of contract, Plaintiff Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights as a judgment creditor and third party beneficiary including asserting the claims in this action.  Plaintiff Rippy Oil has previously made demand on Defendants ACE and AIG to satisfy the final judgment in its favor against KOT but Defendants ACE and AIG refused to do so.  Accordingly, Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute this breach of contract cause of action against Defendants pursuant to Tex. Civ. Prac. & Rem. Code § 38.001

VII.

DAMAGES

40.     As a result of Defendant ACE and AIG's breach of their policies of liability insurance to indemnify KOT and pay Plaintiff Rippy Oil's final judgment against KOT up to the policy limits of the ACE and AIG policies, Plaintiffs have suffered damages in the full amount of the final judgment plus post judgment interest until the final judgment is paid in full.

41.     As a proximate result of Defendant ACE and AIG's breach of contract, Plaintiff Rippy Oil has been required to retain attorneys and incur fees and expenses to prosecute its rights

17

MM AFFIDAVIT EXHIBIT W

and recover its damages. Plaintiff has previously presented its demands to Defendants including demands for satisfaction of the final judgment. Accordingly, Plaintiff Rippy Oil seeks to recover all attorneys' fees and expenses to prosecute its breach of contract calls of action against Defendant pursuant to Section 38.001 of the Texas Civil Practice & Remedies Code

## VIII.

## DEFENDANT RISK SPECIALIST IS INDIVIDUALLY LIABLE FOR UNPAID CLAIMS UNDER THE AIG POLICY

42.     Plaintiff Rippy Oil Company incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

43.     Defendant AIG's policy issued by Chartis Specialty Insurance Company is a surplus lines policy and Defendant AIG is an unlicensed carrier in the state of Texas and therefore an unauthorized insurer subject to regulation under the Texas Insurance Code.  See *Mid-American Indemnity Insurance Co. v. King*, 22 S.W. 3d 321, 326 (Tex. 1995); *Lexington Insurance Company v. Strayhorn*, 209 S.W. 3d 83 (Tex. 2006).

44.     Both the surplus lines and unauthorized insurance statutes include among their purposes a concern that many insureds in this state hold insurance policies issued by insurers who are not authorized to do business in this state and who are not qualified as eligible surplus lines insures under Chapter 981 of Texas Insurance Code.  See Texas Insurance Code §§ 101.001 (b) and 981.001 (b).  Accordingly, a licensed surplus lines agent and eligible surplus lines carrier are mandatory prerequisites for issuance of all surplus lines policies covering Texas risks.  Texas Insurance Code §§ 981.002 (3), 981.004 (a).  Failure to meet the statutory requirements renders Defendant AIG surplus lines policy unauthorized insurance.  Moreover anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  See Texas Insurance Code §§ 981.103-981.105, 981.202-981.203, 981.211, 981.213, & 981.216; §

18

MM AFFIDAVIT EXHIBIT W

101.201.  Moreover, an unauthorized insurer cannot enforce its policies while an eligible surplus line carrier may do so except in cases of a material and intentional Texas Insurance Code violation.  See Texas Insurance Code § 101.201; § 981.005.  Unauthorized insurers cannot even defend themselves in Texas without filing a bond.  See Texas Insurance Code §§ 101.352-101.354.

45.     Defendant Risk Specialist is a Houston, Texas located and domiciled managing general agent who bound and issued Chartis Specialty Insurance Company policy No. BE 130774459.  Defendant Risk Specialist assisted Patrick DeWayne David and Knox Insurance Agency Group, LLC with procuring the Chartis Specialty Insurance Company policy in question to cover KOT including KOT's Texas based facilities, business, and liability risks.  On information and belief, Mr. David was not a licensed surplus lines agent in Texas and Knox Insurance Agency Group, LLC was not a licensed surplus agency in Texas and Defendant Risk Specialist did not comply with the requirements of Chapter 981 and the Texas Administrative Code Chapter 15.

46.     Accordingly, Defendant Risk Specialist is individually liable for any unpaid claims under the Chartis Specialty Insurance Company policy in question.

## IX.

## DECLARATORY JUDGMENT AGAINST DEFENDANTS

47.     Against all Defendants, Plaintiff Rippy Oil alleges the following cause of action.

48.     Plaintiff Rippy Oil incorporates by reference each and every allegation set forth in the preceding paragraphs as though fully alleged herein.

49.     Pursuant to Tex. Civ. Prac. & Rem. Code, Chapter 37, Plaintiff Rippy Oil as judgment creditor of KOT under the June 4, 2018 final judgment and third party beneficiary

19

MM AFFIDAVIT EXHIBIT W

under the ACE and AIG policies requests that the Court declare rights, status and other legal relations as between Plaintiff Rippy Oil and Defendants under the liability insurance policies and applicable Texas Insurance Code provisions with respect to coverage for, indemnity against, and payment of the final judgment in Plaintiff Rippy Oil's favor against KOT after a fully adversarial trial controlled by Defendants ACE and AIG and jury verdict in favor of Plaintiff Rippy Oil.

50.     Specifically, Plaintiff Rippy Oil requests a declaration that:

     a.    KOT is a named insured under Defendant ACE's Policy No. HDO G 24940214 and Defendant AIG Policy No. BE 13074559 entitled to coverage for defense, indemnification against, and payment of the final judgment signed and entered on June 4, 2018 in favor of Plaintiff Rippy Oil against KOT;

     b.    Property damage claims caused by an occurrence asserted and established by Plaintiff Rippy Oil against KOT after a fully adversarial trial, jury verdict, and final judgment are covered under the provisions of Defendant ACE's policy No. HDO G 24940214 and Defendant AIG's policy No. BE 13074559;

     c.    No exclusions or endorsements in the ACE and AIG policies apply to deny coverage to KOT or payment of the final judgment entered June 4, 2018 in favor of Plaintiff Rippy Oil, including exclusions D and K or endorsements 10, 24, or 28;

     d.    Defendants ACE and AIG waived conditions in their policies and are estopped to assert same;

     e.    Chartis Specialty Insurance Company is an unauthorized insurer and Chartis Specialty Insurance Company policy No. BE 13074559 is unauthorized insurance under the Texas Insurance Code and Defendant AIG is prohibited from asserting exclusions or limitations of coverage contained in the unauthorized policy pursuant to Texas Insurance Code § 101.201;

     f.    Chartis Specialty Insurance Company materially and intentionally violated the Texas Insurance Code Chapter 981 and / or Chapter 225 in issuing Chartis Specialty Insurance Company policy No. BE 13074559;

MM AFFIDAVIT EXHIBIT W

g.   Defendant AIG is required to put up a bond to defend Plaintiffs claims and causes of action in Court pursuant to Texas Insurance Code §§ 101.352 – 101.354;

h.   Defendant Risk Specialists assisted directly and / or indirectly in the procurement of Chartis Specialty Insurance Company policy No. BE 13074459 and is liable for the full amount of a claim or loss under the terms of the policy if Defendant AIG fails to pay the full amount of the June 4, 2018 final judgment to Plaintiff Rippy Oil.

51.   Plaintiff Rippy Oil further requests a declaration that it is entitled to court costs, together with reasonable and necessary attorneys' fees as are equitable and just, pursuant to Tex. Civ. Prac. & Rem. Code § 37.009 and for such other declaratory judgment or decree as may be necessary and proper.

## X.

### SELF-AUTHENTICATION OF DOCUMENTS

52.   Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs hereby gives notice of its intent to utilize documents produced by Defendants at pre-trial proceedings and at trial as self-authenticated documents.

## XI.

### DEMAND FOR JURY

53.   Pursuant to Texas Rule of Civil Procedure 216(a), Plaintiffs respectfully requests a trial by jury. A jury fee is being paid by Plaintiff simultaneously with this request for jury trial.

## XII.

### CONCLUSION AND PRAYER

54.   Plaintiffs respectfully requests that Defendants be cited to appear and answer, and that upon final jury trial, Plaintiff have judgment against Defendants for all relief requested.

21

MM AFFIDAVIT EXHIBIT W

Further, Plaintiffs seek an award of reasonable attorneys' fees as well as pre-judgment and post-judgment interest at the maximum rate allowed by law together with taxable court costs.

55.    Finally, Plaintiffs demand a judgment for such other and further relief, whether in law or at equity, to which it shows itself justly entitled.

Respectfully submitted,

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: *
    Kenneth Tekell, Sr.
    State Bar No. 19764000
    ktekell@balagiatekell.com
    6 Broad Oaks Lane
    Houston, Texas 77056
    Telephone:  713-823-6558

• Signed by Mike Morris with permission

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.

By:
    Mike Morris
    State Bar No. 14495800
    1221 McKinney, Suite 4300
    Houston, Texas 77010
    (713) 222-9542
    (713) 655-7727 - Fax
    mmorris@taylorbook.com

ATTORNEYS FOR PLAINTIFFS,
RIPPY OIL COMPANY INDIVIDUALLY
AND ON BEHALF OF ALL WORKING
INTEREST OWNERS, TO-WIT: RIPPY
INTEREST, LLC, THE GENECOV GROUP,
INC. AND JOHN D. PROCTOR

22

MM AFFIDAVIT EXHIBIT W

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Denise Nesbitt on behalf of Michael Morris
Bar No. 14495800
dnesbitt@taylorbook.com
Envelope ID: 60372053
Status as of 12/29/2021 3:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Morris | | mmorris@taylorbook.com | 12/29/2021 2:02:38 PM | SENT |

MM AFFIDAVIT EXHIBIT W

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Denise Nesbitt on behalf of Michael Morris
Bar No. 14495800
dnesbitt@taylorbook.com
Envelope ID: 60372053
Status as of 12/29/2021 3:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michael Morris | | mmorris@taylorbook.com | 12/29/2021 2:02:38 PM | SENT |

MM AFFIDAVIT EXHIBIT W

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § | CIVIL ACTION NO. 6:21-CV-041919 |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS AFFIDAVIT EXHIBIT X

# Law Office of Kenneth Tekell, Sr. PLLC

6 Broad Oaks Lane
Houston, Texas 77056
(713) 823-6558
ktekell@balagiatekell.com

January 10, 2022

Mr. Randy Donato                     Via Email: rdonato@donatominxbrown.com
Mr. James T. Sunosky                 Via Email: jsunosky@donatominxbrown.com
Donato, Minx, Brown & Pool, P.C.     Via CMRRR#:7013 1710 0001 3126 1929
3200 Southwest Fwy., Suite 2300
Houston, Texas 77027

Ms. Jessica Z. Barger                Via Email: barger@wrightclosebarger.com
Brian J. Cathey                      Via CMRRR#: 7013 1710 0001 3126 1912
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, Texas 77056

RE:    Cause No.: 0-10-498 Rippy Oil Company et al vs. Knight Oil Tools Inc. et al. In
       the 278th Judicial District Court of Leon County, Texas

       Cause No.: 2021-83799; Rippy Oil Company vs. ACE American Insurance
       Company, et al; In the 133rd Judicial District Court of Harris County, Texas.

To Whom It May Concern:

As you know the undersigned represents Rippy Oil Company and its working interest owners (Rippy Oil).

Attached please find a copy of the Final Judgment entered by the trial court in favor of my client Rippy Oil against Knight Oil Tools Inc. (KOT) in the above referenced lawsuit. The trial court's Final Judgment was affirmed by the Waco Court of Appeals on November 10, 2021. To date the Judgment has not been superseded and remains unsatisfied.

Rippy Oil, as judgment creditor of judgment debtor and named insured KOT, and as third-party beneficiary under the ACE and AIG policies, hereby demands full payment of the Final Judgment in the amount of $5,538,643.13; plus pre-judgment interest awarded by the trial court in the amount of $2,335,335.38 through June 3, 2018; plus post-judgment interest compounded annually through January 10, 2022 in the amount of $1,514,590.22; for a total amount under the final judgment of $9,388,568.73 together with taxable court costs in the trial court and on appeal. Post-judgment interest of 5% compounded annually will continue to accrue

January 10, 2022
Page 2

on the final judgment at the rate of $1,248.65 per day for the remainder of 2022 until the final judgment is paid if paid in 2022.

Failure to supersede or pay the Final Judgment and AIG's recent filing of a declaratory judgment action against KOT in the Federal District Court of the Western District, Lafayette Division seeking a finding of no coverage for the final judgment, has forced Rippy Oil to retain attorneys to protect its rights to satisfy its final judgment from ACE and AIG and the ACE and AIG policy proceeds.

In the event that the Final Judgment is not satisfied in full by ACE paying its policy limits including any supplemental limits and AIG paying the remaining amount owed within 30 days of the date of this letter, Rippy Oil will seek to recover from ACE and AIG reasonable and necessary attorney's fees pursuant to Section 37.009 and Sections 38.001-38.006 of the Texas Civil Practice and Remedies Code and Chapters 541 and 542 of the Texas Insurance Code in addition to the full amount of the Final Judgment together with additional damages and penalties as applicable under Chapters 541 and 542 of the Texas Insurance Code; pre-judgment and post-judgment interest permitted by law; and taxable court cost.

If you have any questions or comments, please don't hesitate to contact me.

Very truly yours,

*Kenneth Tekell Sr.*

Kenneth Tekell, Sr.

cc:

Mr. Robert I. Siegel
Mr. Allistair M. Ward
Gieger, Laborde & Laperouse, LLC
701 Poydras Street, Suite 4800
New Orleans, LA  70139-4800

Via Email: rsiegel@glllaw.com
Via Email: award@glllaw.com
Via CMRRR: 7013 1710 0001 3118 8554

MM AFFIDAVIT EXHIBIT X

FILED
BEVERLY WILSON, DISTRICT CLERK
LEON COUNTY, TEXAS
06-04-18
JUN 04 2018
By KBallard

CAUSE NO. O-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY | § | IN THE DISTRICT COURT OF |
| INTEREST LLC, THE GENECOV | § | |
| GROUP, INC., AND JOHN D. | § | |
| PROCTOR, | § | |
| _Plaintiffs_, | § | |
| | § | LEON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. AND | § | |
| PIONEER DRILLING COMPANY, | § | |
| _Defendants._ | § | 278TH JUDICIAL DISTRICT |

## FINAL JUDGMENT

BE IT REMEMBERED that on the 1st day of May 2018, came on to be heard the above-entitled and numbered cause for trial, with due and proper notice to all parties, and came Plaintiff Rippy Oil Company ("Plaintiff"), by and through its attorneys of record, and announced ready for trial, and came Defendants Knight Oil Tool, Inc. and Pioneer Drilling Co., by and through their attorneys of record, and announced ready for trial.

A jury of twelve (12) good and lawful citizens of Leon County was duly qualified, selected, impaneled, and sworn. The case proceeded to trial and the parties presented their evidence.

At the conclusion of the evidence, the Court submitted the questions of fact to the jury. The jury returned and announced its verdict in open Court in the presence of the parties and their counsel. The verdict was by ten jurors who together concurred in and agreed to the answers to all required questions and who signed their names to the verdict. There being no objection, the Court thereafter accepted the verdict and ordered same duly filed. The charge of the Court and the verdict of the jury are incorporated herein for all purposes by reference.

MM AFFIDAVIT EXHIBIT X

Based on the pleadings, the evidence, the jury verdict, and the stipulations of the parties, the Court finds that Plaintiff is entitled to recover from Defendant Knight Oil Tools, Inc. as follows.

It is ORDERED, ADJUDGED and DECREED that Plaintiff Rippy Oil Company have and recover $5,900,000.00 in past damages from Defendant Knight Oil Tools, Inc., less the amount of Defendant Knight Oil Tools' counterclaim of $361,356.87, for a net recovery of $5,538,643.13. Additionally, the Court awards prejudgment interest on these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before this final judgment is signed.

IT IS FURTHER ORDERED that this judgment will bear interest at the rate of 5.00%, compounded annually, from the date of this judgment until paid.

All costs of court spent or incurred in this cause are adjudged against Defendant.

All writs and processes for the enforcement and collection of this judgment or court costs may issue as necessary. All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED this ____4____ day of June 2018.

THE HONORABLE HAL R. RIDLEY
JUDGE PRESIDING

2

1441

MM AFFIDAVIT EXHIBIT X

**APPROVED AS TO SUBSTANCE AND FORM:**

**LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By: _____
Kenneth Tekell
State Bar No.
ktekell@balagiatekell.com
1221 McKinney, Suite 3200
Houston, TX  77010
(713) 654-5191

**HERRICK & ASSOCIATES, P.C.**

By: _____
David P. Herrick
State Bar No. 00785957
dherrick@herrickassociates.com
18111 Preston Road, Suite 480
Dallas, TX  75252
(214) 303-1258
(214) 303-1257 (Fax)

**THE KRIST LAW FIRM, P.C.**

By: _____
Ronald D. Krist
State Bar No. 11727000
psteele@kristlaw.com
The Krist Building
17100 El Camino Real
Houston, TX  77058
(281) 283-8500
(281) 488-3489 (Fax)

**DAVID HAMMIT LLC**

By: _____
David Hammit
State Bar No. 08857660
david@hammitlaw.com
109 South Madison Street
Madisonville, TX  77864
(936) 349-1600
(936) 349-0505 (Fax)

**BECK REDDEN LLP**

By: _____
David M. Gunn
State Bar No. 08621600
dgunn@beckredden.com
John S. Adcock
State Bar No. 00790206
jadcock@beckredden.com
1221 McKinney, Suite 4500
Houston, TX  77010
(713) 951-3700
(713) 951-3720 (Fax)

MM AFFIDAVIT EXHIBIT X

**ATTORNEYS FOR PLAINTIFFS**

**APPROVED AS TO FORM ONLY:**

DONATO, MINX, BROWN & POOL, P.C.

By: _____
  Randy Donato
  State Bar No. 05973300
  rdonato@donatominxbrown.com
  James T. Sunosky
  State Bar No. 24033372
  jsunosky@donatominxbrown.com
  3200 Southwest Freeway, Suite 2300
  Houston, TX  77027
  (713) 877-1112
  (713) 877-1138 (Fax)

WRIGHT CLOSE & BARGER, LLP

By: _____
  Jessica Z. Barger
  State Bar No. 24032706
  barger@wrightclosebarger.com
  One Riverway, Suite 2200
  Houston, TX  77056
  (713) 572-4321
  (713) 572-4320 (Fax)

**ATTORNEYS FOR DEFENDANTS**

4

MM AFFIDAVIT EXHIBIT X

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § | CIVIL ACTION NO. 6:21-CV-041919 |
| VS. | § § | JUDGE ROBERT R SUMMERHAYS |
| KNIGHT OIL TOOLS, INC. | § § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS
# AFFIDAVIT
# EXHIBIT Y

# TEXAS SECRETARY of STATE
## JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 6654706 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | August 7, 1985 | **Entity Status:** | Terminated |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17209819303 | **FEIN:** | 172098193 |

| | |
|---|---|
| **Name:** | Knight Energy Holdings, LLC |
| **Address:** | 2727 SE Evangeline Thruway<br>Lafayette, LA 70508 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | December 12, 2017 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 3040320 | Application For Certificate Of Authority | August 7, 1985 | August 7, 1985 | No | 4 |
| | 3040321 | Articles Of Merger | December 30, 1994 | December 30, 1994 | No | 7 |
| | 3040322 | Articles Of Merger | December 30, 1994 | December 30, 1994 | No | 6 |
| | 16989600024 | Change of Office by Registered Agent | September 17, 2002 | September 17, 2002 | No | 1 |
| | 23875550001 | Public Information Report (PIR) | December 31, 2002 | January 18, 2003 | No | 1 |
| | 44587530001 | Public Information Report (PIR) | December 31, 2003 | October 11, 2003 | No | 1 |
| | 72008850001 | Public Information Report (PIR) | December 31, 2004 | October 11, 2004 | No | 1 |
| | 121456380001 | Public Information Report (PIR) | December 31, 2005 | March 20, 2006 | No | 1 |
| | 145471810001 | Public Information Report (PIR) | December 31, 2006 | September 25, 2006 | No | 1 |
| | 177495490001 | Public Information Report (PIR) | December 31, 2007 | July 10, 2007 | No | 1 |
| | 268709950001 | Public Information Report (PIR) | December 31, 2008 | July 25, 2009 | No | 1 |
| | 322126430001 | Public Information Report (PIR) | December 31, 2009 | August 20, 2010 | No | 2 |
| | 337038040001 | Public Information Report (PIR) | December 31, 2010 | October 27, 2010 | No | 6 |
| | 362304110002 | Amendment to Registration - Conversion or Merger | April 1, 2011 | April 1, 2011 | No | 5 |
| | 362561600002 | Application for Amended Registration | April 4, 2011 | April 4, 2011 | No | 2 |
| | 457370410001 | Public Information Report (PIR) | December 31, 2012 | December 15, 2012 | No | 1 |
| | 491273210001 | Public Information Report (PIR) | December 31, 2012 | July 23, 2013 | No | 1 |
| | 525010990001 | Public Information Report (PIR) | December 31, 2013 | January 16, 2014 | No | 1 |
| | 574126480001 | Public Information Report (PIR) | December 31, 2014 | October 20, 2014 | No | 2 |
| | 615167490001 | Public Information Report (PIR) | December 31, 2014 | July 12, 2015 | No | 2 |
| | 653136670001 | Public Information Report (PIR) | December 31, 2015 | January 31, 2016 | No | 2 |
| | 701247200001 | Public Information Report (PIR) | December 31, 2015 | November 22, 2016 | No | 2 |
| | 725414270001 | Public Information Report (PIR) | December 31, 2016 | March 30, 2017 | No | 1 |
| | 768762100004 | Change of Registered Agent/Office | October 26, 2017 | October 26, 2017 | No | 2 |
| | 781098910005 | Amendment to Registration - Conversion or Merger | December 13, 2017 | December 13, 2017 | No | 5 |
| | 812774540001 | Public Information Report (PIR) | December 31, 2017 | May 11, 2018 | No | 1 |
| | 861701360001 | Public Information Report (PIR) | December 31, 2018 | January 16, 2019 | No | 2 |
| | 933128040002 | Termination of Foreign Entity | December 18, 2019 | December 18, 2019 | No | 3 |

[ Order ]   [ Return to Search ]

| Form 422 (Revised 05/11)<br><br>Return in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: See instructions** | <br>**Amendment to Registration**<br>**To Disclose a Change Resulting from**<br>**A Conversion or Merger** | **F I L E D**<br>In the Office of the<br>Secretary of State of Texas<br><br>**DEC 13 2017**<br><br>**Corporations Section** |

## Entity Information

1. The legal name of the converting or merging entity is:

Knight Energy Holdings, LLC

*State the name of the entity as currently shown in the records of the secretary of state.*

2. If the entity attained its registration under an assumed name, the qualifying assumed name as shown on the records of the secretary of state is:

3. The application for registration was issued to the entity on:     9/1/1983
                                                                                                              *mm/dd/yyyy*

The file number issued to the filing entity by the secretary of state is:   6654706

## Reason for Transfer of Registration

4A. ☒ The application for registration is amended to disclose a change resulting from a conversion from one type of foreign entity to another type of foreign filing entity in order for the converted entity to succeed to the registration of the converting entity. The name, jurisdiction of organization, and entity type of the converted entity succeeding to the registration are:

Knight Energy Holdings, LLC
                                                *Name of Entity Succeeding to Registration*

Delaware                                    Limited Liability Company
*Jurisdiction of Organization*                     *Type of Entity*

4B. ☐ The application for registration is amended to disclose a change resulting from a merger into another foreign filing entity in order for the entity that survived or resulted from the merger to succeed to the registration of the merging entity. The name, jurisdiction of organization, and entity type of the entity succeeding to the registration are:

                                                *Name of Entity Succeeding to Registration*

*Jurisdiction of Organization*                     *Type of Entity*

## Changes to the Application for Registration
(Attach a completed application for registration.)

5. The entity succeeding to the registration hereby attaches an application for registration setting forth the information applicable to that entity and amends the prior registration accordingly.

## Effectiveness of Filing (Select either A, B, or C.)

A. ☒ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing.  The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time.  The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date: _____ 12/12/17 _____

By: _____

Signature of authorized person (see instructions)

Cole Griffin, Authorized Person
Typed or printed name of authorized person

Form 422                                    4

| Form **304** (Revised 05/11) | | This space reserved for office use. |
|---|---|---|
| Submit in duplicate to: Secretary of State P.O. Box 13697 Austin, TX 78711-3697 512 463-5555 FAX: 512/463-5709 **Filing Fee: $750** | **Application for Registration of a Foreign Limited Liability Company** | |

1.  The entity is a foreign limited liability company.  The name of the entity is:

Knight Energy Holdings, LLC
_____
*Provide the full legal name of the entity as stated in the entity's formation document in its jurisdiction of formation.*

2A.  The name of the entity in its jurisdiction of formation does not contain the word "limited liability company" or "limited company" (or an abbreviation thereof).  The name of the entity with the word or abbreviation that it elects to add for use in Texas is:

_____

2B.  The entity name is not available in Texas.  The assumed name under which the entity will qualify and transact business in Texas is:

_____
*The assumed name must include an acceptable organizational identifier or an accepted abbreviation of one of these terms.*

3.  Its federal employer identification number is:     172098193
    ☐ Federal employer identification number information is not available at this time.

4.  It is organized under the laws of: (set forth state or foreign country)   Delaware
    and the date of its formation in that jurisdiction is:   12/12/2017
                                                                            *mm/dd/yyyy*

5.  As of the date of filing, the undersigned certifies that the foreign limited liability company currently exists as a valid limited liability company under the laws of the jurisdiction of its formation.

6.  The purpose or purposes of the limited liability company that it proposes to pursue in the transaction of business in Texas are set forth below.

any lawful purpose
_____
The entity also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is organized.

7.  The date on which the foreign entity intends to transact business in Texas, or the date on which the foreign entity first transacted business in Texas is:  12/12/2017
                                                        *mm/dd/yyyy*          *Late fees may apply (see instructions).*

8.  The principal office address of the limited liability company is:

| 2727 SE Evangeline Thruway | Layfayette | LA | USA | 70508 |
|---|---|---|---|---|
| *Address* | *City* | *State* | *Country* | *Zip/Postal Code* |

Complete item 9A or 9B, but not both. Complete item 9C.

[✓] 9A.  The registered agent is an organization (cannot be entity named above) by the name of:

Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company

OR

[ ] 9B.  The registered agent is an individual resident of the state whose name is:

| First Name | M.I. | Last Name | Suffix |
|---|---|---|---|

9C.  The business address of the registered agent and the registered office address is:

| 211 E. 7th Street, Suite 620 | Austin | TX | 78701-3218 |
|---|---|---|---|
| Street Address | City | State | Zip Code |

10.  The entity hereby appoints the Secretary of State of Texas as its agent for service of process under the circumstances set forth in section 5.251 of the Texas Business Organizations Code.

11.  The name and address of each governing person is:

| NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.) | | | | | |
|---|---|---|---|---|---|
| IF INDIVIDUAL | | | | | |
| OR | First Name | M.I. | Last Name | | Suffix |
| | IF ORGANIZATION | | | | |
| | HMC Leasing, LLC | | | | |
| | Organization Name | | | | |
| 2727 SE Evangeline Thruway | | Layfayette | LA | USA | 70508 |
| Street or Mailing Address | | City | State | Country | Zip Code |

| NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.) | | | | | |
|---|---|---|---|---|---|
| IF INDIVIDUAL | | | | | |
| OR | First Name | M.I. | Last Name | | Suffix |
| | IF ORGANIZATION | | | | |
| | Organization Name | | | | |
| Street or Mailing Address | | City | State | Country | Zip Code |

| NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.) | | | | | |
|---|---|---|---|---|---|
| IF INDIVIDUAL | | | | | |
| OR | First Name | M.I. | Last Name | | Suffix |
| | IF ORGANIZATION | | | | |
| | Organization Name | | | | |
| Street or Mailing Address | | City | State | Country | Zip Code |

Form 304

7

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

## Effectiveness of Filing (Select either A, B, or C.)

A. ☑ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: _12/12/17_

Signature of authorized person (see instructions)

Cole Griffin, Authorized Person
Printed or typed name of authorized person.

Form 304                                        8

Filing Number: 6654706



05-102
(Rev.9-15/33)

Tcode 13196 Franchise

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

| Taxpayer number | Report year |
|---|---|
| 1 7 2 0 9 8 1 9 3 0 3 | 2 0 1 7 |

**You have certain rights** under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.

| Taxpayer name | |
|---|---|
| KNIGHT ENERGY HOLDINGS LLC | ◯ Blacken circle if the mailing address has changed. ■ |
| Mailing address P.O. BOX 52688 | Secretary of State (SOS) file number or Comptroller file number |
| City LAFAYETTE | State LA | ZIP code plus 4 70505-2688 | 0006654706 |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 2727 SE EVANGELINE THRUWAY, LAFAYETTE, LA 70508 |
|---|---|
| Principal place of business | 2727 SE EVANGELINE THRUWAY, LAFAYETTE, LA 70508 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

1720981930317

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name MARK COMEAUX | Title OFFICER | Director ◯ YES | Term expiration | m m | d d | y y |
|---|---|---|---|---|---|---|
| Mailing address P.O. BOX 52688 | City LAFAYETTE | | State LA | | ZIP Code 70505-2688 |
| Name COLE GRIFFIN | Title OFFICER | Director ◯ YES | Term expiration | m m | d d | y y |
| Mailing address P.O. BOX 52688 | City LAFAYETTE | | State LA | | ZIP Code 70505-2688 |
| Name | Title | Director ◯ YES | Term expiration | m m | d d | y y |
| Mailing address | City | | State | | ZIP Code |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| HMC LEASING, LLC | DE | 0801100587 | 100% |
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| KNIGHT TOPCO LLC | DE | | 100% |

| Registered agent and registered office currently on file (see instructions if you need to make changes) | |
|---|---|
| Agent: CORPORATION SERVICE, DBA CSC-LAWYERS INC | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
| Office: 211 E. 7TH ST, STE 620 | City AUSTIN | State TX | ZIP Code 78701 |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | Title CFO | Date 4/2/2018 | Area code and phone number (337) 233-0466 |
|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ◯ | PIR IND ◯ |
|---|---|

05-102
(Rev.9-15/33)

**Comptroller of Public Accounts FORM**

# Texas Franchise Tax Public Information Report

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

| ■ Taxpayer number | | | | | | | | | | ▶ Report year | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 7 | 2 | 0 | 9 | 8 | 1 | 9 | 3 | 0 | 3 | 2 | 0 | 1 | 8 |

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

| Taxpayer name | |
|---|---|
| **KNIGHT ENERGY HOLDINGS, LLC** | ■ ◯ Blacken circle if the mailing address has changed. |

| Mailing address | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|
| PO BOX 52688 | | |
| City **LAFAYETTE** | State **LA**   ZIP code plus 4 **70505** | **0006654706** |

◯ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office |
|---|
| PO BOX 52688, LAFAYETTE, LA, 70505 |
| Principal place of business |
| PO BOX 52688, LAFAYETTE, LA, 70505 |

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

1000000000015

**SECTION A** Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration | m m d d y y |
|---|---|---|---|---|
| **COLE GRIFFIN** | **MANAGER** | ◯ YES | | |
| Mailing address PO BOX 52688 | City **LAFAYETTE** | | State **LA** | ZIP Code **70505** |
| Name **MARK COMEAUX** | Title **CFO** | ◯ YES | Term expiration | |
| Mailing address PO BOX 52688 | City **LAFAYETTE** | | State **LA** | ZIP Code **70505** |
| Name | Title | ◯ YES | Term expiration | |
| Mailing address | City | | State | ZIP Code |

**SECTION B** Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| NONE | | | |
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C** Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| NONE | | | |

| Registered agent and registered office currently on file *(see instructions if you need to make changes)* | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information. |
|---|---|
| Agent: **CORPORATION SERVICE COMPANY** | |
| Office: **211 E 7TH STREET SUITE 620** | City **AUSTIN**   State **TX**   ZIP Code **78701** |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | **MARK COMEAUX** | Title **CFO** | Date **11/01/2018** | Area code and phone number ( **337** ) **233 - 0464** |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE ◯ | PIR IND ◯ |
|---|---|

TRANSMITTER ID = CSPROFTWSPROD

TLN = 00042948720

# Delaware

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"KNIGHT ENERGY HOLDINGS, LLC", A DELAWARE LIMITED LIABILITY COMPANY,

WITH AND INTO "IRONGATE ENERGY SERVICES, LLC" UNDER THE NAME OF "KNIGHT ENERGY SERVICES LLC", A LIMITED LIABILITY COMPANY ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE ON THE FOURTEENTH DAY OF NOVEMBER, A.D. 2018, AT 12:11 O'CLOCK P.M.

Jeffrey W. Bullock, Secretary of State

5333152   8100M
SR# 20187633719

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203897488
Date: 11-14-18

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:11 PM 11/14/2018
FILED 12:11 PM 11/14/2018
SR 20187633719 - File Number 5333152

**CERTIFICATE OF MERGER OF**
**KNIGHT ENERGY HOLDINGS, LLC**
**with and into**
**IRONGATE ENERGY SERVICES, LLC**

Pursuant to Section 18-209 of the Delaware Limited Liability Company Act (the *"DLLCA"*), the undersigned limited liability company has executed the following Certificate of Merger:

1.   The name and jurisdiction of formation or organization of each of the limited liability companies which are to merge are as follows:

| Name | Type of Entity | Jurisdiction of Formation |
| --- | --- | --- |
| Knight Energy Holdings, LLC | Limited Liability Company | Delaware |
| IronGate Energy Services, LLC | Limited Liability Company | Delaware |

2.   The Agreement and Plan of Merger (the *"Merger Agreement"*) providing for the merger (the *"Merger"*) of Knight Energy Holdings, LLC with and into IronGate Energy Services, LLC has been approved, adopted, certified, executed and acknowledged by the surviving limited liability company and the merging limited liability company in accordance with Section 18-209 of the DLLCA.

3.   The surviving limited liability company is IronGate Energy Services, LLC (the *"Surviving Company"*).

4.   The certificate of formation of the Surviving Company shall be amended to change the name of the Surviving Company to "Knight Energy Services LLC", such amendment to be effected by the Merger.

5.   An executed copy of the Merger Agreement is on file at the principal place of business of the Surviving Company, which is located at 19500 State Highway 249, Suite 600, Houston, Texas 77070.

6.   A copy of the Merger Agreement will be furnished by Surviving Company on request, without cost, to any member of the Surviving Company or Knight Energy Holdings, LLC.

7.   This Certificate of Merger, and the Merger provided for herein, shall become effective upon filing this Certificate of Merger with the Secretary of State of the State of Delaware.

*[signature page follows]*

US 5834848

1

IN WITNESS WHEREOF, IronGate Energy Services, LLC has executed this certificate as of the 14th day of November, 2018.

IRONGATE ENERGY SERVICES, LLC

By: _W. Kirk Brassfield_

Name:  W. Kirk Brassfield

Title:   Chief Financial Officer

SIGNATURE PAGE TO
CERTIFICATE OF MERGER OF
KNIGHT ENERGY HOLDINGS, LLC
WITH AND INTO
IRONGATE ENERGY SERVICES, LLC

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § | CIVIL ACTION NO. 6:21-CV-041919 |
| | § | JUDGE ROBERT R SUMMERHAYS |
| VS. | § § | |
| KNIGHT OIL TOOLS, INC. | § § | MAGISTRATE CAROL B WHITEHURST |

# MORRIS AFFIDAVIT EXHIBIT Z

# TEXAS SECRETARY of STATE
## JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 485267940002 | Application for Registration | June 12, 2013 | June 12, 2013 | No | 3 |
| | 586605320001 | Public Information Report (PIR) | December 31, 2014 | January 14, 2015 | No | 2 |
| | 632886730001 | Public Information Report (PIR) | December 31, 2015 | September 30, 2015 | No | 3 |
| | 725094420001 | Public Information Report (PIR) | December 31, 2016 | March 29, 2017 | No | 3 |
| | 755627740001 | Public Information Report (PIR) | December 31, 2016 | August 10, 2017 | No | 3 |
| | 798513180001 | Public Information Report (PIR) | December 31, 2017 | March 7, 2018 | No | 3 |
| | 855532360002 | Application for Amended Registration | December 13, 2018 | December 13, 2018 | No | 2 |
| | 877202110001 | Public Information Report (PIR) | December 31, 2018 | March 26, 2019 | No | 4 |
| | 960594450001 | Public Information Report (PIR) | December 31, 2019 | April 2, 2020 | No | 3 |

[Order]  [Return to Search]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

**Form 304**
(Revised 05/11)

Submit in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512/463-5709
**Filing Fee: $750**



**Application for
Registration
of a Foreign Limited
Liability Company**

This space reserved for office use.

**FILED**
In the Office of the
Secretary of State of Texas

JUN 12 2013

**Corporations Section**

1. The entity is a foreign limited liability company. The name of the entity is:

IronGate Energy Services, LLC

*Provide the full legal name of the entity as stated in the entity's formation document in its jurisdiction of formation.*

2A. The name of the entity in its jurisdiction of formation does not contain the word "limited liability company" or "limited company" (or an abbreviation thereof). The name of the entity with the word or abbreviation that it elects to add for use in Texas is:

2B. The entity name is not available in Texas. The assumed name under which the entity will qualify and transact business in Texas is:

*The assumed name must include an acceptable organizational identifier or an accepted abbreviation of one of these terms.*

3. Its federal employer identification number is:   46-2764715

☐ Federal employer identification number information is not available at this time.

4. It is organized under the laws of: (set forth state or foreign country)   Delaware
and the date of its formation in that jurisdiction is:   05/10/2013
                                                                     *mm/dd/yyyy*

5. As of the date of filing, the undersigned certifies that the foreign limited liability company currently exists as a valid limited liability company under the laws of the jurisdiction of its formation.

6. The purpose or purposes of the limited liability company that it proposes to pursue in the transaction of business in Texas are set forth below.

any and all lawful purposes

The entity also certifies that it is authorized to pursue such stated purpose or purposes in the state or country under which it is organized.

7. The date on which the foreign entity intends to transact business in Texas, or the date on which the foreign entity first transacted business in Texas is:  upon registration
                                                                     *mm/dd/yyyy*      Late fees may apply (see instructions).

8. The principal office address of the limited liability company is:

| 10613 W. Sam Houston Parkway,Ste. 450 | Houston | TX | USA 77064 |
|---|---|---|---|
| *Address* | *City* | *State* | *Country* *Zip/Postal Code* |

**RECEIVED**
Form 304
JUN 12 2013
**Secretary of State**

6

TX063BOC - 06/13/2011 C T System Online

Complete item 9A or 9B, but not both. Complete item 9C.

☒ 9A.  The registered agent is an organization (cannot be entity named above) by the name of:

CSC-Lawyers Incorporating Service Company

OR

☐ 9B.  The registered agent is an individual resident of the state whose name is:

| | | | |
|---|---|---|---|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

9C.  The business address of the registered agent and the registered office address is:

| | | | |
|---|---|---|---|
| 211 E. 7th St. Ste. 620 | Austin | TX | 78701 |
| *Street Address* | *City* | *State* | *Zip Code* |

10.  The entity hereby appoints the Secretary of State of Texas as its agent for service of process under the circumstances set forth in section 5.251 of the Texas Business Organizations Code.

11.  The name and address of each governing person is:

NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | | | |
|---|---|---|---|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

OR

IF ORGANIZATION

IronGate Energy Holdings, LLC

*Organization Name*

| | | | | |
|---|---|---|---|---|
| 10613 W. Sam Houston Parkway, Ste. 450 | Houston | TX | USA | 77064 |
| *Street or Mailing Address* | *City* | *State* | *Country* | *Zip Code* |

NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | | | |
|---|---|---|---|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

OR

IF ORGANIZATION

*Organization Name*

| | | | | |
|---|---|---|---|---|
| *Street or Mailing Address* | *City* | *State* | *Country* | *Zip Code* |

NAME AND ADDRESS OF GOVERNING PERSON (Enter the name of either an individual or an organization, but not both.)

IF INDIVIDUAL

| | | | |
|---|---|---|---|
| *First Name* | *M.I.* | *Last Name* | *Suffix* |

OR

IF ORGANIZATION

*Organization Name*

| | | | | |
|---|---|---|---|---|
| *Street or Mailing Address* | *City* | *State* | *Country* | *Zip Code* |

TX063BOC - 06/13/2011 C T System Online

## Supplemental Provisions/Information

Text Area: [The attached addendum, if any, is incorporated herein by reference.]

## Effectiveness of Filing (Select either A, B, or C.)

A. ☒ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date:   June 4, 2013

_____
Signature of authorized person (see instructions)

José E. Feliciano, President and Chief Executive Officer
_____
Printed or typed name of authorized person.

Form 304                                    8

TX08JUOC - 06/13/2011 C T System Online

| Form 406 (Revised 05/11)<br><br>Submit in duplicate to:<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>512 463-5555<br>FAX: 512/463-5709<br>**Filing Fee: See instructions** | <br><br>**Amendment to Registration** | This space reserved for office use.<br><br>FILED<br>In the Office of the<br>Secretary of State of Texas<br><br>DEC 13 2018<br><br>Corporations Section |

## Entity Information

1. The legal name of the filing entity is:

IronGate Energy Services, LLC

*State the name of the entity as currently shown in the records of the secretary of state.*

2. If the entity attained its registration under an assumed name, the qualifying assumed name as shown on the records of the secretary of state is:

| 3. The registration was issued to the entity on: | 06/12/2013 |
| --- | --- |
| | *mm/dd/yyyy* |
| The file number issued to the filing entity by the secretary of state is: | 801800436 |

## Amendments to Application

4. The registration is amended to change the legal name of the entity as amended in the entity's jurisdiction of formation. The new name is:

Knight Energy Services LLC

5. The new name of the entity is not available for use in Texas or fails to include an appropriate organizational designation. Or, the entity wishes to amend the qualifying assumed name stated on its application for registration or amended registration. The assumed name the entity elects to adopt for purposes of maintaining its registration is:

6. The registration is amended to change the business or activity stated in its application for registration or amended registration. The business or activity that the entity proposes to pursue in this state is:

The entity certifies that it is authorized to pursue the same business or activity under the laws of the entity's jurisdiction of formation.



4

## Other Changes to the Application for Registration

7.  The foreign filing entity desires to amend its application for registration to make changes other than or in addition to those stated above.  Statements contained in the original application or any amended application are identified by number or description and changed to read as follows:

8. The principal office address of the limited liability company is: 19500 State Highway 249, Suite 600, Houston, Texas 77070.

## Effectiveness of Filing (Select either A, B, or C.)

A. ☒ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing.  The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of a future event or fact, other than the passage of time.  The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument.

Date: 12-12-18

_____
Signature of authorized person (see instructions)

W. Kirk Brassfield
_____
Printed or typed name of authorized person.

BQ5243 2 000

TX2019 05-102
Ver. 10.0 (Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),
Professional Associations (PA) and Financial Institutions

■ Tcode   13196

| ■ Taxpayer number | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|
| 32051233933 | 2019 | |

Taxpayer name   KNIGHT ENERGY SERVICES, LLC

☐ Blacken box if the mailing address has changed.

Mailing address   19500 STATE HIGHWAY 249, STE 600   HOUSTON   TX   77070

| City   HOUSTON | State   TX | ZIP code plus 4   77070 | Secretary of State (SOS) file number or Comptroller file number   0801860436 |
|---|---|---|---|

☐ Blacken box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office   19500 STATE HIGHWAY 249, STE 600   HOUSTON   TX   77070
Principal place of business   19500 STATE HIGHWAY 249,STE 600   HOUSTON   TX   77070

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!*   **This report must be signed to satisfy franchise tax requirements.**

3205123393319

## SECTION A   Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | | m m | d d | y y |
|---|---|---|---|---|---|---|
| KIRK BRASSFIELD | CFO | ☐ YES | Term expiration | | | |
| Mailing address   19500 STATE HIGHWAY 249, SUITE 600 | City   HOUSTON | | State   TX | | ZIP Code   77070 | |
| Name | Title | Director | | m m | d d | y y |
| DWIGHT GROSS | PRESIDENT & CEO | ☒ YES | Term expiration | | | |
| Mailing address   19500 STATE HIGHWAY 249, SUITE 600 | City   HOUSTON | | State   TX | | ZIP Code   77070 | |
| Name | Title | Director | | m m | d d | y y |
| JOSE FELCIANO | | ☒ YES | Term expiration | | | |
| Mailing address   19500 STATE HIGHWAY 249, SUITE 600 | City   HOUSTON | | State   TX | | ZIP Code   77070 | |

## SECTION B   Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| IRONGATE RENTAL SERVICES,LLC | TX | 0800914799 | 100.000 |
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
| IRONGATE TUBULAR SERVICES, LLC | TX | 0800915768 | 100.000 |

## SECTION C   Enter information for each corporation , LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| KNIGHT ENERGY TOPCO LLC | DE | 0803187445 | 100.000 |

Registered agent and registered office currently on file (see instructions if you need to make changes)

You must make a filing with the Secretary of State to change registered agent, registered office or general partner information

Agent:   CORPORATION SERVICE COMPANY DBA CSC - LAWYERS

| Office:   211 E. 7TH STREET   SUITE 620 | City   AUSTIN | State   TX | ZIP Code   78701 |
|---|---|---|---|

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ W Kirk Brassfield | Title   CFO | Date   12/12/19 | Area code and phone number   832-675-8507 |
|---|---|---|---|

### Texas Comptroller Official Use Only

| VE/DE ☐ | PIR IND ☐ |
|---|---|



7003

8Q5243 2 000

TX2019   05-102
Ver. 10.0   (Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode**  13196

■ **Taxpayer number**
32051233933

■ **Report year**
2019

*You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381.*

**Taxpayer name**  KNIGHT ENERGY SERVICES, LLC

■ ☐ Blacken box if the mailing address has changed.

**Mailing address**  19500 STATE HIGHWAY 249, STE 600

**City**  HOUSTON     **State**  TX     **ZIP code plus 4**  77070

Secretary of State (SOS) file number or Comptroller file number
0801800436

☐ Blacken box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

**Principal office**  19500 STATE HIGHWAY 249, STE 600  HOUSTON  TX  77070

**Principal place of business**  19500 STATE HIGHWAY 249, STE 600  HOUSTON  TX  77070

*You must report officer, director, member, general partner and manager information as of the date you complete this report*

*Please sign below!*   **This report must be signed to satisfy franchise tax requirements.**

3205123393319

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | Title | Director | Term expiration m m d d y y |
|------|-------|----------|------|
| COLIN LEONARD | | ☒ YES | |
| **Mailing address** 19500 STATE HIGHWAY 249, SUITE 600  **City** HOUSTON | | **State** TX | **ZIP Code** 77070 |
| STEPHEN DOMINGUE | | ☒ YES | |
| **Mailing address** 19500 STATE HIGHWAY 249, SUITE 600  **City** HOUSTON | | **State** TX | **ZIP Code** 77070 |
| CRAIG KELLEHER | | ☒ YES | |
| **Mailing address** 19500 STATE HIGHWAY 249, SUITE 600  **City** HOUSTON | | **State** TX | **ZIP Code** 77070 |

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|------|------|------|------|
| HMC LEASING, LLC | DE | 0801100587 | 100.000 |
| | | | |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|------|------|------|------|
| | | | |

Registered agent and registered office currently on file (see instructions if you need to make changes)
**Agent:**

*You must make a filing with the Secretary of State to change registered agent, registered office or general partner information*

**Office:**     **City**     **State**     **ZIP Code**

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

**sign here** ▶   *[signature]*   **Title** C.F.   **Date** 12/12/19   **Area code and phone number** 832-678-8502

**Texas Comptroller Official Use Only**

VE/DE ☐   PIR IND ☐

7003

8Q5243 2 000

TX2019   05-102
Ver. 10.0   (Rev.9-15/33)

# Texas Franchise Tax Public Information Report

To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP), Professional Associations (PA) and Financial Institutions

■ **Tcode** 13196

| ■ Taxpayer number | | ■ Report year | You have certain rights under Chapter 552 and 559, Government Code, to review, request and correct information we have on file about you. Contact us at 1-800-252-1381. |
|---|---|---|---|
| 32051233933 | | 2019 | |

| Taxpayer name   KNIGHT ENERGY SERVICES, LLC | ■ ☐ Blacken box if the mailing address has changed. |
|---|---|

| Mailing address   19500 STATE HIGHWAY 249, STE 600 | | | Secretary of State (SOS) file number or Comptroller file number |
|---|---|---|---|
| City   HOUSTON | State   TX | ZIP code plus 4   77070 | 0801800436 |

☐ Blacken box if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

| Principal office | 19500 STATE HIGHWAY 249, STE 600   HOUSTON   TX   77070 |
|---|---|
| Principal place of business | 19500 STATE HIGHWAY 249, STE 600   HOUSTON   TX   77070 |

You must report officer, director, member, general partner and manager information as of the date you complete this report.

*Please sign below!*   **This report must be signed to satisfy franchise tax requirements.**

3205123393319

**SECTION A**   Name, title and mailing address of each officer, director, member, general partner or manager.

| Name | | Title | | Director | | m m | d d | y y |
|---|---|---|---|---|---|---|---|---|
| ADAM PIEKARSKI | | | | ☒ YES | Term expiration | | | |
| Mailing address   19500 STATE HIGHWAY 249, SUITE 600 | | City   HOUSTON | | | State   TN | | | ZIP Code   77070 |
| Name | | Title | | Director | | m m | d d | y y |
| KELLEY SOBIESK | | | | ☒ YES | Term expiration | | | |
| Mailing address   19500 STATE HIGHWAY 249, SUITE 600 | | City   HOUSTON | | | State   TX | | | ZIP Code   77070 |
| Name | | Title | | Director | | m m | d d | y y |
| | | | | ☐ YES | Term expiration | | | |
| Mailing address | | City | | | State | | | ZIP Code |

**SECTION B**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**   Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

| Registered agent and registered office currently on file *(see instructions if you need to make changes)*<br>Agent: | | You must make a filing with the Secretary of State to change registered agent, registered office or general partner information |
|---|---|---|
| Office: | City | State | ZIP Code |

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

| sign here ▶ | W. Knight Brownfield | Title   CFO | Date   9/12/19 | Area code and phone number   833 678-8500 |
|---|---|---|---|---|

**Texas Comptroller Official Use Only**

| VE/DE | ☐ | PIR IND | ☐ |
|---|---|---|---|



7003

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Name | Name Status | Name Type | Name Inactive Date | Consent Filing # |
|---|---|---|---|---|
| IronGate Energy Services, LLC | Prior | Legal | December 13, 2018 | 0 |
| Knight Energy Services, LLC | In use | Legal | | 0 |

[ Order ]  [ Return to Search ]

Instructions:
🔘 To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Last Update | Name | Title | Address |
|---|---|---|---|
| March 7, 2018 | KIRK BPASSFIELD | VICE PRESIDENT | 19500 STATE HIGHWAY 249, SUITE 600 HOUSTON, TX 77070 USA |
| March 7, 2018 | DWIGHT GROSS | PRESIDENT | 19500 STATE HIGHWAY 249, SUITE 600 HOUSTON, TX 77070 USA |
| March 7, 2018 | TIM VAN POEKEL | CONTROLLER | 19500 STATE HIGHWAY 249, SUITE 600 HOUSTON, TX 77070 USA |

[ Order ]  [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 |
| | Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Assumed Name | Date of Filing | Expiration Date | Inactive Date | Name Status | Counties |
|---|---|---|---|---|---|
| No names exist for this filing. | | | | | |

Order    Return to Search

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Name | Entity Type | Document Description | Filing Date | Entity Filing Number | Jurisdiction | Capacity |
|---|---|---|---|---|---|---|
| There are no documents listed for this entity which match your inquiry. | | | | | | |

[Order] [Return to Search]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

# TEXAS SECRETARY of STATE
# JOHN B. SCOTT

### BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 801800436 | **Entity Type:** | Foreign Limited Liability Company (LLC) |
| **Original Date of Filing:** | June 12, 2013 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32051233933 | **FEIN:** | 462764715 |

| | |
|---|---|
| **Name:** | Knight Energy Services, LLC |
| **Address:** | 19500 State Highway 249 Ste. 600 Houston, TX 77070 USA |
| **Fictitious Name:** | N/A |
| **Jurisdiction:** | DE, USA |
| **Foreign Formation Date:** | May 10, 2013 |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Corporation Service Company dba CSC - Lawyers Incorporating Service Company | 211 E. 7th Street, Suite 620 Austin, TX 78701-3218 USA | |

[ Order ]   [ Return to Search ]

Instructions:
📧 To place an order for additional information about a filing press the 'Order' button.