UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-04191-RRS -CBW |
| COMPANY (f/k/a CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY) | § | JUDGE ROBERT R SUMMERHAYS |
| | § | |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |
| | § | |
| | § | (ORAL ARGUMENT REQUESTED) |
| | § | (JURY REQUESTED) |

## INTERVENOR RIPPY OIL COMPANY'S RESPONSE TO KNIGHT ENERGY SERVICES, LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS

GIBSON LAW PARTNERS, LLC
James H. Gibson
Alan W. Stewart
2448 Johnston St. (70503)
P.O Box 52124
Lafayette, LA 70505
Direct: 337-767-6025
Main:  337-761-6023
Fax:    337-761-6061
Email: jimgibson@gibsonlawpartners.com
         alanstewart@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC
Kenneth Tekell, Sr.
ktekell@balagiatekell.com
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558
*Signed by Mike Morris with permission
(Appearance pro hac vice granted
January 10, 2022, Doc. # 9)

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.
MICHAEL P. MORRIS (#14495800)
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com
(Appearance pro hac vice granted
January 10, 2022, Doc. # 9)

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................. i

INDEX OF AUTHORITIES ...................................................................................................... ii-iii

A.    THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG AND KOT ................................................... 2

B.    THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE ................................................................................ 6

C.    THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE ............ 11

D.    A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS SUIT IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION .................................................................................................................................... 15

E.    FACTUAL BACKGROUND. ............................................................................................. 20

F.    INTERESTED PARTIES AND WITNESSES IN UNDERLYING TORT LITIGATION ......................... 22

G.    CONCLUSION AND PRAYER ............................................................................................ 25

## APPENDIX

1.    Affidavit of Michael Patrick Morris and attached Exhibits A through Z, AA, AB, AC, AD, and AE.

# INDEX OF AUTHORITIES

## Cases

*909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990) ......... 16

*Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967)........................................................... 14,18

*Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L.Ed. 100 (1951)...................................................... 13

*Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011)
.................................................................................................................................................................. 11

*Cadle Co.*, 174 F.3d at 605................................................................................................................................ 8

*Chapa v. Mitchell*, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005) ............................................................ 14

*D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009)....................................... 12

*Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017) ....................................... 15

*Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996) .............................................................. 18

*Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012)............................................................ 15

*Florida Marine Transporters v. Lawson & Lawson Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001)18

*Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969) .................................................................... 6

*Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 1006) ........................... 10

*In re: Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009) ........................................................................... 17

*In re Juniper Networks, Inc.*, 14 F.4th 1313, 321 (5th Cir. 2021)................................................................... 20

*In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).................................................................................... 20

*In re: Nitro Fluids*, LLC, 978 F. 3d 1308 (5th Cir. 2020)............................................................................... 19

*In re: Toyota Hybrid Brake Litigation*, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020)........................... 14

*In re: Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004)(*Volkswagon* I) ..................................................... 19

*In re: Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2000) ................................................................. 19

*Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020) ............................................................................. 10

*Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011)........................................ 7

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)................................................................. 7

*Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995) ................................................... 23

*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) ............................................... 16, 18

*Monroe Guaranty Ins. Co. v. BITCO*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022) .................... 11

*Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985) .............................................. 18

*Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969,
at *5-6 (N. D. Tex. Aug. 24, 2005) ............................................................................................................... 17

*Peyman v. Optobiomics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003)............................................. 18

*Phar-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, -
-S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022).......................................................................................... 11

*Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d. 947, 950 (5th Cir. 1997) ..................................................... 7

*Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004,
no pet.)....................................................................................................................................................... 24

*Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001) ....... 18

*State Farm County Mut. Inc. Co. v. Ollis*, 768 S.W. 2d 722, 723 (Tex. 1989)................................................... 6

*State Farm Fire and Cas. Co. v. Fullerton* ..................................................................................................... 6

*State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021) ................................................................. 13

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E. D. Tex. 1993) ................... 16

*True View VIE Surgery Str.1, L.P. v. Goodman Glob. Holdings, Inc.*, 216 WL 755494, at *6 (S.D. Tex. Feb. 24,
2016)........................................................................................................................................................... 14

*Volkswagon* I, 371 F.3d at 204-205.................................................................................................................. 19

*Volkswagon* II, 545 F.3d at 317................................................................................................................. 20, 22

*W. Gulf Mar. Ass'n. v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 571 F.2d 741, 729 (5th
Cir. 1985) .................................................................................................................................................... 7

*Waguespack v. Medtronic, Inc.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016) ..................................................... 17

*West Gulf Maritime Ass'n.*, 571 F.2d at 729 n. 1........................................................................................... 7

## Statutes

Fed. R. Civ. P. 45(c)(3) .................................................................................................................................... 17

Fed. R. Civ. P. 45(c)(3)(A)(ii) ........................................................................................................ 17


**Other Authorities**

TEXAS INSURANCE CODE § 101.201 ................................................................................................ 20
TEXAS INSURANCE CODE §§ 101.01(B) AND 981.001(B) ................................................................ 7
TEXAS INSURANCE CODE §§ 981.002(3), 981.004(A) ..................................................................... 7
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216 .................................. 8
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216; AND 101.201 .............. 8
TEXAS INSURANCE CODE ARTICLE 21.42 ....................................................................................... 20
Texas Rule of Civil Procedure Rule 11 ......................................................................................... 2

**INTERVENOR RIPPY OIL COMPANY'S RESPONSE TO KNIGHT ENERGY SERVICES, LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE STAY PROCEEDINGS**

NOW INTO COURT, through undersigned counsel, comes Intervenor, Rippy Oil Company ("Rippy Oil"), with leave of Court granted to intervene (R. Doc. 12), files this Response to Defendant Knight Energy Services, LLC's Motion and Incorporated Memorandum in Support of Defendant's Motion to Dismiss, or in the alternative, to Stay Proceedings, and in support thereof would show the Court as follows:

A.   **THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG AND KOT.**

1.     AIG filed this declaratory judgment action seeking a judicial declaration against Knight Oil Tools, Inc. ("KOT") that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance (ACE American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss" and "[t]here is no coverage under the ASIC policy for Knight's liability." (R. Doc. 1, pp. 17-18).

2.     AIG did not name the Reorganized Debtor Knight Energy Services, LLC, a necessary party to any declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC.  AIG did not name the Scheduled Underlying Insurance carrier ACE American Insurance Company ("ACE") as a necessary party to the declaratory

judgment action.[1] Nor did AIG sue another necessary party: Intervenor Rippy Oil, third-party beneficiary under the ACE and AIG policies and a judgment creditor of ACE and AIG named insured KOT.  (R. Doc. 1, p.1).  Intervenor Rippy Oil has intervened with leave of Court (R. Doc. 12) to assert a Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the Alternative Stay or Transfer.  Intervenor Rippy Oil agrees with Defendant KOT that Plaintiff AIG's Motion to Dismiss should be granted as Plaintiff AIG has no justiciable controversy with Defendant KOT.  (R. Doc. 42 pp. 5-9).

      3.    AIG makes no unequivocal allegation whether ACE has or has not exhausted its "Scheduled Underlying" primary policy, or otherwise refused to exhaust same.[2]  Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for determination.  (R. Doc. 1 pp. 17-18).  Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ...any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201(a). "As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891. 896 (5th Cir. 2000).

---

[1]  In an attempt to avoid the First Filed Coverage Litigation filed by Rippy Oil Company against ACE, AIG, and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") currently pending in the Southern District, Houston Division, and ACE recently filed a Motion to Intervene in this case on February 10, 2022. (R. Doc. 17) which Intervenor Rippy Oil opposes.  (R. Doc. 38).

[2]  Based on settlement negotiations during trial before verdict in the Underlying Tort Litigation, Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to AIG and that AIG has accepted same.  (Morris Aff. p. 5, ¶ 20).

4.      There is no adverse dispute between AIG and KOT, as ACE and/or AIG defended KOT in the underlying Texas lawsuit brought by Intervenor Rippy Oil against KOT, and ACE and/or AIG continue to prosecute appeal of a final judgment in favor of Intervenor Rippy Oil against KOT to the Texas Supreme Court through attorneys retained by ACE and/or AIG to represent KOT.[3] AIG's Complaint contains no factual allegations of misconduct of KOT as a basis to deny coverage nor does it remotely suggest ACE or AIG intend to withdraw from KOT's defense. (R. Doc. 1, pp. 1-18).  In short, AIG fails to set forth any factual allegations to support "an actual controversy" among and between Plaintiff AIG and Defendant KOT.  AIG addresses the critical threshold issue of justiciability with the single conclusory allegation "[t]his complaint is brought pursuant to the Declaratory Judgment Act …, because there is an actual controversy among the parties."  (R. Doc. 1, ¶ 3).  Frankly, this conclusory allegation does not meet the pleading standard of Federal Rule 8(a)(1) which requires in the case of a declaratory judgment action, some factual statement regarding justiciability and ripeness to invoke the Court's remedial power.  Indeed, just the opposite is true as AIG alleges that its coverage (including a duty to defend is not triggered until the underlying ACE policy is "exhausted by payment of loss." (R. Doc. 1, p. 17, ¶ 60-61).

5.      If ACE has not tendered its policy limits or AIG has not accepted same, it therefore follows that ACE has not yet exhausted its primary policy limits and AIG's hypothetical coverage dispute is not justiciable or ripe for determination by this Court.

6.      Moreover, there is no injury to KOT who has emerged from Chapter 11 Bankruptcy Case as a Reorganized Debtor and would not be seeking any indemnification from AIG or ACE as a result of the Final Judgment in favor of Rippy Oil against KOT in the

---

[3]   On February 25, 2022, attorneys retained by AIG filed a Petition for Review appealing the November 10, 2021 judgment of the Tenth Court of Appeals in Waco, Texas affirming the Final Judgment in favor of

Underlying Tort Litigation due to the protection of the Bankruptcy Court's Orders.  KOT's Joint

Chapter Plan of Reorganization was confirmed December 1, 2017 and the bankruptcy

proceeding terminated on June 17, 2019. The Order lifting stay in the bankruptcy court

specifically allowed Intervenor Rippy Oil to seek recovery on the claims asserted in the

Underlying Tort Litigation solely from applicable insurance policies of Defendant KOT and the

other non-debtor defendants.  The Order Lifting Stay further set forth that Defendant KOT's

liability in the Underlying Tort Litigation and for any claims or causes of action that were or

could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by

Defendant KOT's applicable insurance policies. (Morris Aff. p. 5, ¶ 16).  AIG did not seek

permission from the bankruptcy court to pursue this Declaratory Judgement Action against KOT,

a Reorganized Debtor protected by the Order confirming the Joint Chapter 11 Plan of

Reorganization and staying and enjoining the very action brought by Plaintiff AIG against

Defendant KOT.  AIG did file proof of claims to which KOT objected and the Bankruptcy Court

granted KOT's objections to AIG's proofs of claim.  (Morris Aff. p. 4, ¶ 16; p. 5, ¶19; p. 8, ¶ 23).

7.      Declaratory relief is available only when there is an actual, substantial case or

controversy between the parties Plaintiff AIG and Defendant KOT who have adverse legal

interests of sufficient immediacy and reality to warrant the exercise of this court's remedial

power under the Declaratory Judgement Act. Plaintiff AIG does not factually allege the existence

of an actual case or controversy between AIG and KOT which is a condition precedent for this

declaratory judgment action.

8.      Accordingly, Intervenor Rippy Oil respectfully submits that a declaratory

judgement action is not available between AIG and KOT, and declaratory judgment relief is not

appropriate in this case, where there is no substantial case or controversy between AIG and KOT

Rippy Oil against KOT entered in the Underlying Tort Litigation.

and no possible injury to KOT. AIG's Complaint for Declaratory Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or this Court should decline to exercise its remedial power under the Declaratory Judgment Act under the circumstances of this case as requested by Defendant KOT.  Intervenor Rippy Oil also agrees with Defendant KOT that failure to join the real party in interest Intervenor Rippy Oil, judgment creditor and third-party beneficiary under the policies, violates Federal Rule 19 of Civil Procedure and warrants dismissal under Federal Rule of Civil Procedure 12(b)(7).  (R. Doc. 42 pp. 9-10).  A declaratory judgment in favor of AIG on the duty to defend or any other declaratory relief requested would not be binding on the real party in interest Rippy Oil who has not been properly joined by AIG in its request for declaratory relief against KOT only.  *See State Farm County Mut. Inc. Co. v. Ollis*, 768 S.W. 2d 722, 723 (Tex. 1989); *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969); *Dairyland v. Childress*, 650 S.W.2d 770, 773-774 (Tex. 1983); *State Farm Fire and Cas. Co. v. Fullerton*, 118 F. 3d 374, 385, n. 6 (5th Cir 1997).  Accordingly, proceeding with the AIG suit against Defendant KOT only would not resolve Intervenor Rippy Oil's right to collect its judgment against the ACE and AIG policies.

**B.** **THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE.**

9.     In the event the court decides to address the First-to-File Rule in the context of Defendant KOT's Motion to Stay this case in favor of the Texas case, when related cases are pending before two Federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap.  *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir. 1999).  The First-to-File Rule rests on principals of comity and sound judicial administration. Id.  The concern manifestly is to avoid the waste of duplication, to avoid rulings which may encroach upon the authority of sister courts, and to avoid piece-meal

resolution of issues that call for a uniform result. *W. Gulf Mar. Ass'n. v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 571 F.2d 741, 729 (5th Cir. 1985). Within the Fifth Circuit, once it has been demonstrated that there is substantial overlap between the two suits, the general rule is that the court in which an action is first filed is the appropriate court to determine whether substantially similar issues in the second suit should proceed. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d. 947, 950 (5th Cir. 1997). When faced with truly duplicate litigation, it sometimes may be appropriate to transfer the action or stay it. *West Gulf Maritime Ass'n.*, 571 F.2d at 729 n. 1. In deciding if a substantial overlap exists, the Fifth Circuit has examined factors such as whether "the core issue ... was the same" or if "much of the proof adduced ... would be identical between the two lawsuits. *Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011). Where overlap between two suits is less than complete, the judgment is made case-by-case, based upon such factors as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute. *Save Power Ltd.*, 121 F.3d at 951.

10.     A second-file court plays a limited role when presented with a motion to transfer or stay based on the First-to-File Rule. *Cadle Co.*, 174 F.3d at 605. This role is to decide whether the moving party in the second-file court has demonstrated a "substantial overlap" between the two suits. *Id.* Contrary to the contention of KOT, AIG and/or ACE, there is no substantial overlap between the First-Filed Texas case between Rippy Oil and ACE, AIG, and Risk Specialists, and the Louisiana case between AIG and KOT.

11.     As the Court will note, none of the Plaintiffs are the same. None of the Defendants are the same. The Louisiana Case involves a declaratory judgment action by AIG

against KOT only.  AIG seeks a judicial declaration against KOT only that "[c]overage under the ASIC policy is not triggered unless or until the limits of liability of the scheduled underlying insurance and any other applicable other insurance are exhausted by payment of loss" and "there is no coverage under the ASIC policy for Knight's liability."  (R. Doc. 1, pp. 17-18).  AIG did not name the Reorganized Debtor, Knight Energy Services, LLC, a necessary party to any declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC.  AIG did not name the scheduled underlying insurance carrier ACE as a necessary party to the declaratory judgment action.  Nor did AIG sue another necessary party: Rippy Oil, Third-Party Beneficiary under the ACE and AIG policies and a Judgment Creditor of ACE and AIG named insured KOT.  (R. Doc. 1, p. 1).  Intervenor Rippy Oil in the Louisiana Case has intervened with leave of court (R. Doc. 12) to assert a Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the alternative Stay or Transfer in favor of the Texas case.  Moreover, because the Louisiana Case brought by AIG against KOT, does not involve a case or controversy or injury to KOT and is not justiciable or ripe for adjudication it should be dismissed for want of jurisdiction and there is no overlap with the Texas Case brought by judgment creditor and third-party beneficiary Rippy Oil against AIG, ACE, and Risk Specialists.

12.     Moreover, AIG makes no unequivocal allegation whether ACE has or has not exhausted its "scheduled underlying" primary policy, or otherwise refuse to exhaust same. Based on settlement negotiations during trial before verdict in the underlying tort litigation,

Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to AIG and that AIG has accepted same. (Morris Aff. p. 5, ¶ 20). Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for determination. (R. Doc. 1, pp. 17-18). Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE. On the other hand, if AIG has indeed accepted the ACE tender of policy limits and is now controlling the defense of KOT on appeal to the Texas Supreme Court, the duty to defend KOT is the only potential issue in dispute that could be decided by the Louisiana Federal Court and it is not a real issue in dispute as the Texas Supreme Court is currently deciding whether the Petition for Review will be granted or denied and there is nothing currently to defend in the Underlying Tort Litigation. The Texas Case does not seek a defense or otherwise involve the duty to defend KOT. Rather, Rippy Oil seeks to satisfy its judgment from liability policies issued by ACE and AIG and involves the obligation of ACE, AIG and Risk Specialists to pay that Judgment to Rippy Oil.

13.     Texas law is clear, as recently reaffirmed by the Texas Supreme Court in two Opinions handed down on February 11, 2022. Texas courts continue to follow the Eight-Corners Rule which directs the Court to determine an insurer's duty to defend its insured based on (1) the pleadings against the insured and (2) the terms of the insurance policy. *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020). Under the 8-Corners Rule, the insurer's duty to defend is determined by comparing the allegations in the plaintiff's petition to the policy provisions, without regard to the truth or falsity of those allegations and without reference to the facts otherwise known or ultimately proven. *Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). Extrinsic evidence or facts outside the pleadings are generally

not considered.  The Texas Supreme Court recently noted that it remains true that in most cases, whether a duty to defend exists is determined under Texas' long standing Eight-Corners Rule, but clarified for the first time a narrow exception in *Monroe Guaranty Ins. Co. v. BITCO*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022 and *Phar-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, --S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022) holding:

> But, if the underlying petition states a claim that could trigger the duty to defend, and the application of the Eight-Corners Rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage facts to be proved.

14.    In contrast, whether a liability insurer like ACE or AIG owes a duty to indemnify its insured or pay a judgment creditor and third-party beneficiary like Rippy Oil is determined based on the facts actually established in the underlying suit.  *See Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011).  Under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties." *D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009).  In the Louisiana Federal court case, the duty to indemnify KOT is rendered completely moot and a non-issue by the Chapter 11 Bankruptcy Court Orders and Bankruptcy Statutes which make clear that the emerged and Reorganized Debtor KOT will never have to use its assets to satisfy the Judgment in favor of Rippy Oil.  Chapter 11 Bankruptcy Orders made absolutely clear that Rippy Oil could not pursue KOT to satisfy a Judgment in the Underlying Tort Litigation, but rather was restricted when it came to KOT, to pursuing the policy proceeds of the ACE and AIG policies.

15.     In summary, not only are the parties different, but the fundamental issues in dispute, as well as the proof to be adduced to resolve those core issues in the two lawsuits, is completely different.  Therefore, there is no potential for conflict and Texas has a substantial interest in seeing that Rippy Oil, a Texas corporation, citizen, and resident, has every opportunity to satisfy a Texas Judgment, based on Texas litigation arising out of a Texas accident, can be satisfied from the liability insurance policies of ACE and AIG underwritten, bound, and issue in Texas to cover KOT's Texas risks.  Moreover, it would also be a great burden on the Texas parties and witnesses involved in the Texas lawsuit because Rippy Oil Company's case against ACE, AIG and Risk Specialists involves the duty to pay under the ACE and AIG policies which must be determined based on the facts actually established in the underlying Texas Tort Litigation while the duty to defend dispute, if any, in Louisiana between AIG and KOT requires only two documents which are  ordinarily relevant to the determination of the duty to defend: the policy and the Plaintiff's pleading in the Underlying Tort Litigation.  *Id.*  Certainly, the interest in having the suit heard in Texas between Rippy Oil and ACE, AIG and Risk Specialists outweighs the interest in having the suit remain in Louisiana between Plaintiff AIG and Defendant KOT who has no injury and no "dog in the hunt."

16.     Plaintiff Rippy Oil believes that the factors to be considered in determining whether there exists a "substantial overlap," strongly favor allowing the case to proceed in the Southern District of Texas, Houston Division.  *See State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021).

**C.     THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE**

17.     Even if less than complete overlap of core issues or proof to be adduced exists, courts may exercise discretion and decline application of the First-to-File Rule in light of "compelling circumstances." *Mann Mfg., Inc.* 439 F.2d. at 407.  An ample degree of discretion, appropriate for discipline and experienced judges must be left to the lower courts. *Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L. Ed. 100 (1951).

18.     Courts in the Fifth Circuit have identified at least three "compelling circumstances" under which the First-to-File Rule is not applicable, even if there is a substantial overlap of core issues or proof that would be adduced.  First, the Rule is disregarded under a "bad faith" exception when "a party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he [may] file a pre-emptive lawsuit." *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967); *In re: Toyota Hybrid Brake Litigation*, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020); *Chapa v. Mitchell*, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005).

19.     Second, the rule is disregarded under an "anticipatory filing" exception when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping." *True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016)

20.     Third, the rule is disregarded under a "form selection clause" exception when such a clause is found to be valid and enforceable because to do otherwise "would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing the agreed-upon promises." *Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017)("the court [has not] located any authority holding that the First-to-File Rule is a proper

basis to set aside a valid forum selection clause containing mandatory language." *Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012).

21.     In this case, AIG was on notice of Rippy Oil's lawsuit against KOT. (Morris Aff. Ex. G, and H). AIG was also on notice that the Bankruptcy Court's Order lifting the stay limited Rippy Oil to recovering any judgment against KOT from the ACE and AIG policies protecting KOT's assets. (Morris Aff. Ex. K). AIG was further on notice of KOT's Chapter 11 Bankruptcy and its subsequent discharge from Chapter 11 as a Reorganized Debtor. (Morris Aff. Exs. I, L, M, P, Q). Further, AIG retained attorneys to attend the trial in the Underlying Tort Litigation and participated in settlement negotiations with representatives of Rippy Oil and prosecuted post-verdict and post-judgement appeals and attended a second non-binding mediation on behalf of KOT as recently as 7, 2021. (Morris Aff. p. 5, ¶ 20; p. 9, ¶ 26, 27, and 28). It is beyond dispute that AIG was fully aware of Rippy Oil's intention to file suit against ACE and AIG in Texas if ACE and AIG did not satisfy the Final Judgment against KOT. Rippy Oil had no ability to pursue KOT's assets due to Bankruptcy Orders and Statutes protecting the emerged and reorganized debtor KOT.

22.     The Fifth Circuit follows a general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights. *Texas Instruments, Inc. v. Micron Semiconductor*, Inc. 815 F. Supp. 994, 997 (E. D. Tex. 1993). Here that privilege should and does belong to Rippy Oil as the injured party, judgment creditor, third-party beneficiary, and non-breaching party. AIG brought a declaratory judgment suit in Louisiana Federal Court against a Reorganized Debtor KOT fully protected by bankruptcy orders entered in its KOT Chapter 11 Bankruptcy Case as a pre-emptory strike in anticipation of another action to be filed by Rippy Oil upon resolution of appeal by the Texas Supreme Court. AIG negotiated

13

Texas Rule 11 Agreements, which they were fully aware, until the anticipatory breach of same by AIG, prevented Rippy Oil from initiating suit against AIG until "the appellate courts' issuance of the Mandate." (Morris Aff. p. 9, ¶¶ 26 and 27).  This court should not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit to collect a judgment in a different forum. *See 909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990).  Prior negotiations between the parties, established here, serve as evidence that a suit was expected to be filed.  *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983).  AIG was on notice of the Rippy Oil state court lawsuit, the KOT Chapter 11 Bankruptcy, and the Bankruptcy Court's Order limiting collection of any judgment against KOT from ACE and AIG and further negotiated the Rule 11 Agreements that, until their breach by AIG, hand-cuffed Rippy Oil and prevented it from suing ACE and AIG earlier.  But for those Rule 11 Agreements, Rippy Oil would have filed suit against ACE and AIG as soon as ACE and AIG failed to put up a supersedes bond.  AIG was also no doubt aware that upon resolution of the KOT appeal by the Texas Supreme Court, Rippy Oil would pursue satisfaction of its judgement from ACE and AIG.  Based on these facts, it is apparent that AIG filed the action in anticipation of litigation and in order to gain the advantage of their preferred forum in an effort to apply Louisiana law over Texas law.  Even though it is certainly true that every Plaintiff who files a lawsuit engages in determining a place to file suit, the alleged victim is typically given the right to choose the forum where its coercive case for breach of contract will be heard.  Several courts in the Fifth Circuit have found that allowing an alleged wrongdoer to proceed with a pre-emptive strike declaratory judgment action in anticipation of Plaintiff filing a coercive breach of contract suit divests the true Plaintiff of his right especially when Plaintiff has been prevented

from filing suit do to the Rule 11 Agreements secured by attorneys hired by AIG to defend KOT.

*See e.g., Pennsylvania General Insurance Company v. Caremark PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005) (and cases cited therein); *see also Waguespack v. Medtronic, Inc.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016); *Peyman v. Optobiomics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003); *Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001); *Florida Marine Transporters v. Lawson & Lawson Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001); *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996); *Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967).

**D.**   **A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS SUIT IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION.**

23.   Finally, a balance of the *Volkswagon* private and public factors in favor of one venue can support the "compelling circumstances" exception to the First-to-File Rule that support dismissal, transfer or stay of the Louisiana lawsuit in favor of the Texas lawsuit. *In re: Nitro Fluids, LLC*, 978 F. 3d 1308 (5th Cir. 2020).  Even assuming that the Texas Case and Louisiana Case overlap, which is denied, an analysis of the *Volkswagon* public and private interest factors precludes transfer to Louisiana.

24.   As the Fifth Circuit has explained in *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2000)( *En Banc*)(*Volkswagon* II) and *In re Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004)(*Volkswagon* I)**,** the private factors are: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure the attendance of non-party

witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.  The four public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law.

25.     The availability of sources of proof weighs heavily in favor of the Southern District of Texas, Houston Division.  What matters according to the Fifth Circuit is the relative access to sources of evidence in the two competing forums.  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 321 (5th Cir. 2021)(citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)(noting "the question is relative ease of access, not absolute ease of access") and while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources of proof factor irrelevant.  *See Volkswagon II*, 545 F.3d at 316 ("that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").  Here, that portion of the KOT drill pipe that failed and was retrieved from the Easterling 1-H well and was the focus of the Underlying Tort Litigation, along with all discovery exchanges, documentary evidence, and exhibits in the Underlying Tort Litigation are stored and maintained in the offices of Rippy Oil Company's attorney's offices in Houston, Harris County, Texas.  (Morris Aff. pp. 11-12, ¶ 43).  None of the sources of facts actually established in the Underlying Tort Litigation are located in the Western District of Louisiana, Lafayette Division.

26.     The availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order, likewise, weighs in favor of the Southern District of Texas, Houston Division. As in *Volkswagon I*, the non-party witnesses located in Texas are outside the Western District of Louisiana, Lafayette Division's subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii) and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to Motions to Quash under Fed. R. Civ. P. 45(c)(3).  More importantly, a proper venue that does enjoy absolute subpoena power for both depositions and trial over 8 of the 10 witnesses listed, the Southern District of Texas, Houston Division, is available. (Morris Aff. pp. 5-8, ¶¶ 20-21, Ex. N).  Accordingly, this factor weighs in favor of the Southern District of Texas, Houston Division.

27.     With regard to the relative convenience for and cost of attendance of witnesses between the two forums, the Fifth Circuit has stated that this is probably the single most important factor in transfer analysis. *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009). Eight witnesses who testified in the Underlying Tort Litigation including KOT adverse witnesses, the non-party witness, and all experts are closer to the Southern District of Texas, Houston Division and six of the witnesses are within a 100 mile threshold as are two underwriters. In *Volkswagon* I, the Fifth Circuit set a 100 mile threshold as follows: "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. *See Volkswagon* I, 371 F.3d at 204-205.  The Fifth Circuit noted that it was an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meals and lodging expense; and additional travel time with overnight stays

17

increases the time which these fact witnesses must be away from their regular employment. *Id.* at 205. Witnesses not only suffer monetary costs, but also the personal cost associated with being away from work, family and community. *See Volkswagon* II, 545 F.3d at 317. Clearly, this factor weighs in favor of the Southern District of Texas, Houston Division. Likewise, all other practical problems that make the trial of a case easy, expeditious, and inexpensive weigh in favor of the Southern District of Texas, Houston Division. No known party or non-party witness lives in the Western District of Louisiana, Lafayette Division and none of the facts giving rise to the accident made the basis of the Texas Tort Litigation, the Texas Tort Litigation itself, the jury's verdict, the Texas Judgment, the Texas appeal, or the underwriting, binding, and issuing of the ACE and AIG policies occurred in the Western District of Louisiana, Lafayette Division. Accordingly, all four private interest factors weigh heavily in favor of maintaining the *Rippy Oil vs. ACE, AIG, and Risk Specialists* First-Filed Coverage Litigation in the Southern District of Texas, Houston Division.

28.     With regard to the four public interest factors, the administrative difficulties flowing from court congestion appear to be neutral as both the Southern District of Texas, Houston Division and the Western District of Louisiana, Lafayette Division statistics including cases per judgeship and median times from filing to disposition for civil cases in the Southern District of Texas, Houston Division and Western District of Louisiana, Lafayette Division appear to be roughly equivalent. (Morris Aff. p. 11, ¶ 40, Ex. AD).

29.     With regard to the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum, Rippy Oil would respectfully submit that the Southern District of Texas, Houston Division has a significant interest in resolving the satisfaction of a Texas Judgment arising out of Texas litigation based on a Texas accident from

policies of liability insurance covering Texas risks and underwritten, bound, and issued in Houston, Harris County, Texas.  Moreover, the Texas Insurance Code has expressed a public policy interest in the State of Texas in regulating unauthorized insurers like surplus lines carrier AIG which issued a surplus lines policy through Risk Specialists in Houston, Harris County, Texas.  *See Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83 (Tex. 2006).  Furthermore, the Texas Insurance Code makes clear that anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  *See* Texas Insurance Code § 101.201.  The Southern District of Texas, Houston Division, and the jurors to be impaneled to decide any fact issues in the case, have a definite interest in enforcing public policy expressed in the Texas Insurance Code against "unauthorized insurers" like AIG.

30.     Likewise, the familiarity of the forum with the law that will govern the case weighs in favor of the Southern District of Texas, Houston Division.  The Texas Insurance Code Article 21.42 directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas.  *Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  All three elements are met here and Texas law will govern the case brought by Rippy Oil against ACE, AIG and Risk Specialists.  Maintaining that lawsuit in the Southern District of Texas, Houston Division would avoid any unnecessary problems of conflicts of laws or the application of Texas law.  In summary, all non-neutral private and public interest factors bearing on the transfer decision favor the Southern District of

Texas, Houston Division and no factor favors maintaining the case to the Western District of Louisiana, Lafayette Division.  This Court should dismiss, transfer, or stay this case.

## E.    **FACTUAL BACKGROUND.**

31.    The relevant facts are undisputed and established by pleadings, orders and other documents filed with the various courts in Texas and by the Affidavits of James R. Rippy and Mike Morris attached hereto and incorporated by reference.

a.    **On or about December 28, 2010**: Rippy Oil Company; Rippy Interest LLC; The Genecov Group, Inc.; and John D. Proctor (collectively "Rippy") filed suit against Knight Oil Tools, Inc. ("KOT") and Pioneer Drilling in the 12th Judicial District Court in Leon, Texas[4] ("the Underlying Tort Litigation") for property damages sustained during drilling operations as a consequence of the sudden and accidental failure of drill pipe distributed by KOT to Rippy Oil.  (Morris Aff. pp. 1-2, ¶¶ 2-4; Ex. A).

b.    **September 19, 2016**: Rippy Oil sent a demand letter in the Underlying Tort Litigation directed to KOT with a request that a copy be forwarded to representatives of ACE and AIG (Morris Aff., p. 4, ¶ 12).

c.    October 24, 2016: Rippy Oil and KOT and representatives of ACE and AIG attended non-binding mediation with Mediator Benny Rush in Huntsville, Walker County, Texas without reaching a settlement in the Underlying Tort Litigation.  (Morris Aff., p. 4, ¶ 13).

d.    **October 26, 2016**: Rippy filed an amended complaint in the Underlying Tort Litigation. (Morris Aff. p. 4, ¶ 14; Ex. H)

e.    **August 8, 2017**: Knight Energy Holdings, LLC and certain of its affiliates and filed a petition for relief under Title 11 of the United States Code commencing its voluntary Ch. 11 reorganization in the United States Bankruptcy Court for the Western District of Louisiana[5] (the ("Bankruptcy Court.  AIG Specialty Insurance Company ("AIG") and ACE American Insurance Company had actual knowledge of these bankruptcy proceedings and were active participants.  (Morris Aff. pp. 4-5, ¶¶ 15-19; Exs. I, J, K, L, M; p. 8, ¶ 23-24; Exs. P and Q).

f.    **October 24, 2017**: The Bankruptcy Court lifted the automatic stay for the limited purpose of allowing the prosecution of the Underlying Tort Litigation, which remains on

---

[4] The suit in the Leon County State Court is captioned and docketed "*Rippy Oil Co., et al. v. Knight Oil Tools, Inc., et al.*, Case No. 0-10-498" and was originally filed in the 12th Judicial District Court which transferred the case to the 369th as a result of State District Court reorganization and subsequently transferred again to the 278th where the case proceeded to trial in May of 2018.

[5] See ECF No. 17-51014 in the records of the United States District Court for the Western District of Louisiana (Lafayette Division).

appeal. (Morris Aff. p. 5, ¶ 16, Ex. K). Pursuant to the October 24, 2017, Order of the Bankruptcy Court, INTERVENOR was only entitled to seek recovery to the extent the claims were covered by KOT's applicable insurance policies and that KOT's liability was to be limited to the extent of any coverage provided by KOT's insurance policies. The October 24, 2017, Order expressly states in pertinent part that:

> "IT IS FURTHER ORDERED that the automatic stay be and is hereby modified as to Knight Tools, LLC (the "Subject Debtor") for the limited purpose of allowing the prosecution of the case captioned as *Rippy Oil Company, et al. v. Knight Oil Tools, Inc., et al.,* No. 0-10-498, pending in the 369th Judicial District Court in Leon County, Texas (the "Proceeding").

> IT IS FURTHER ORDERED that Rippy Oil shall seek recovery on the claims asserted in the Proceeding solely from the applicable insurance policies of the Subject Debtor and the other non-Debtor Defendants;

> IT IS FURTHER ORDERED that the Subject Debtor's liability in the Proceeding, and for any claims or causes of action that were or could have been raised in the Proceeding, shall be limited to the extent of any coverage provided by the Subject Debtor's applicable insurance policies."

g.  **December 1, 2017**: The order confirming the Chapter11 Plan of Reorganization was signed, with an effective date of December 12, 2017.   (Morris Aff. p. 5, ¶ 18).

h.  **May 1, 2018**: The Underlying Tort Litigation proceeded to trial before a Leon County, Texas jury. KOT was represented during trial by attorneys hired by ACE and AIG. Representatives of ACE and AIG attended trial. During trial and before the jury returned a verdict, ACE tendered its One Million Dollar ($1,000,000.00) policy limits to AIG who attempted to negotiate a settlement with additional funds offered from the AIG policy. (Morris Aff. p. 5, ¶ 20).

i.  **May 10, 2018**: The Leon County, Texas jury returned a verdict in favor of Rippy Oil against KOT.

j.  **June 4, 2018**: A Final Judgment against KOT was signed in the Underlying Tort Litigation ordering KOT to pay Rippy Oil various amounts. (Morris Aff. p. 8, ¶ 25, Ex. R).

k.  **November 8, 2018**: Rippy Oil and attorneys retained by AIG to represent KOT on appeal entered into a Texas Rule of Civil Procedure Rule 11 Agreement filed with the Trial Court in the Underlying Tort Litigation where the parties would await "the appellate courts' mandate to issue" before enforcing the Final Judgment in the Underlying Tort Litigation.  Morris Aff., p. 9, ¶¶ 26 and 27).

l.  **December 30, 2018**: KOT appealed the June 4, 2018 Final Judgment to the Tenth Court

of Appeals, at Waco, Texas. The appellate court affirmed the June 4, 2018 Final Judgment twice. (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

m.  **November 10, 2021**: On rehearing, the Texas, the Tenth Court of Appeals affirmed the trial court's Judgment once again. (Morris Aff. p. 9, ¶¶ 28-29, Exs. U and V).

n.  **December 7, 2021**: AIG filed a declaratory judgment action against KOT only in the United Stated District Court for the Western District of Louisiana violating the Rule 11 Agreement between the parties. (Docs. 1, 4).

o.  **December 29, 2021**: Rippy Oil filed a breach of contract and declaratory judgment action seeking to determine whether ACE, AIG, and Risk Specialists are required to pay Final Judgment pursuant to the insurance policies produced in the Underlying Tort Litigation and referenced in the Bankruptcy Court's October 24, 2017 Order.  That matter is captioned and docketed "*Rippy Oil Co. v. ACE American Insurance Co., Chartis Specialty Insurance Co. N/K/A AIG Specialty Insurance Co., and Risk Specialists Companies Insurance Agency, Inc.;* No. 21-83799, 133rd District Court, Harris County, Texas and now been removed to the Southern District of Texas Houston Division. (Morris Aff. pp. 9-10, ¶ 31, Ex. W).

p.  **January 27, 2022**: The Harris County litigation was removed to the United States District Court for the Southern District of Texas by AIG and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") with the written consent of ACE. See Civil Docket No. 4:22-cv-00276. (Doc. 1).

q.  **February 25, 2022**:  Attorney's retained by AIG on behalf of KOT filed a Petition for Review in the Texas Supreme Court; No. 21-1115. (Morris Aff. pp. 1-2).

F.  **INTERESTED PARTIES AND WITNESSES IN UNDERLYING TORT LITIGATION.**

32.    AIG filed a declaratory judgment action in Louisiana against KOT only.  Rippy Oil after a fully adversarial jury trial in Leon County state court obtained a judgment against KOT in the Underlying Tort Litigation which judgment is currently on appeal to the Texas Supreme Court.  KOT is a Reorganized Debtor after emerging from Chapter 11 Bankruptcy, whose assets are protected from the Final Judgment in favor of Rippy Oil by Bankruptcy statute and Orders.  KOT is currently being defended before the Texas Supreme Court by attorneys retained by AIG.  Rippy Oil as Judgment creditor of KOT and third-party beneficiary under the ACE and AIG liability policies, filed the First Filed Coverage Litigation in Houston, Harris

County, Texas against ACE, AIG, and Risk Specialist seeking to satisfy the judgment in the Underlying Tort Litigation from the ACE and AIG liability policies and Risk Specialists who is alleged to be individually liable pursuant to Chapter 981 of the Texas Insurance Code for unpaid claims under the AIG surplus lines policy.

      a.     Plaintiff AIG is a foreign insurance company organized under the laws of the State of Illinois with its principal place of business in New York. AIG has an office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division. AIG's surplus lines policy has underwritten, bound, and issued from the AIG offices in Houston, Harris County, Texas. (Morris Aff. p. 3, ¶ 9, Ex. D 1-4).

      b.     Named defendant "Knight Oil Tools, Inc." merged into Knight Oil Tools, LLC. (Morris Aff. p. 5, ¶ 18, Ex. M). Post-confirmation "Knight Oil Tools, LLC" has merged with IronGate Energy Services, LLC and changed its legal name to Knight Energy Services, LLC. and is now a Limited Liability Company organized under the laws of Delaware with its principal place of business and principal office in Houston, Harris County, Texas within the Southern District of Texas, Houston Division. (Morris Aff. p. 10, ¶¶ 33-37, Exs. Y, Z, AA, AB, AC, and AE).

      c.     Plaintiff Rippy Oil Company is a Texas corporation organized under the laws of the State of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division. (Aff. of James R. Rippy, p. 1, ¶¶ 2-5, Ex. 1)

      d.     Working Interest Owner, Rippy Interest LLC ("Rippy Oil"), is a Texas limited liability company with its principal place of business in Tyler, Smith County, Texas. All of its members reside and are domiciled in Tyler, Smith County, Texas within the Eastern District of Texas, Tyler Division. (Aff of James R. Rippy, pp. 1-2, ¶¶ 6-8, Ex. 2).

      e.     Working Interest Owner, The Genecov Group, Inc. is a Texas corporation organized under the laws of Texas with its principal place of business in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division. (Aff. of James R. Rippy, pp. 1-2, ¶¶ 9-10, Ex. 3).

      f.     Working Interest Owner, John D. Proctor is an individual residing and domiciled in Tyler, Smith County, Texas, within the Eastern District of Texas, Tyler Division. (Aff. of James R. Rippy, pp. 1-2, ¶ 11).

      g.     Defendant, ACE American Insurance Company ("ACE") is a fire and casualty insurance company incorporated in the state of Pennsylvania, with its principal place of business in Pennsylvania, although its policy was underwritten, bound, and issued from ACE Risk Management's (now Chubb) offices in Houston, Harris County, Texas within the Southern District of Texas, Houston Division. (Morris Aff. pp. 2 and 4, ¶¶ 10-1, Exs. E & F).

      h.     Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists"), is a managing general agent incorporated in the state of Massachusetts with it principal office and place of business in Texas in Houston, Harris County, Texas. Risk Specialists produced, underwrote, bound and issued the AIG surplus lines policy in Houston, Harris County, Texas, within the Southern District of Texas, Houston Division. (Morris Aff. pp. 2-3, ¶¶ 5-9, Exs. B, C, D 1-4).

33.     Witnesses called to testify in the Leon County, Texas State Court action (Morris Aff. pp. 5-7, ¶¶ 20-a to 20-I, Ex. N) included:

a.     Charles Glynn Rippy who resides and is domiciled in Tyler, Smith County, Texas, which is located in the Eastern District of Texas, Tyler Division;

b.     Curtis Dale Ignasiak who resides and is domiciled in Bellville, Austin County, Texas, located within the Southern District of Texas, Houston Division;

c.     Dale M. Rogers Rippy who resides and is domiciled in Willis, Montgomery County, Texas which is located in the Southern District of Texas, Houston Division;

d.     Grant Peterson who Rippy who resides and is domiciled in Conroe, Montgomery County, Texas located in the Southern District of Texas, Houston Division;

e.     George Hite who Rippy who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

f.     Ted Bruno who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

g.     Hilton Prejean (Deceased);

h.     David Watson who resides and is domiciled in Oklahoma City, Oklahoma County, Texas located within the Western District of Oklahoma;

i.     Scott Harding who resides and is domiciled in Houston, Harris County, Texas located within the Southern District of Texas, Houston Division;

34.     Additional witnesses likely to be called in the First Filed Coverage Litigation pending in the Southern District of Texas, Houston Division, (Morris Aff. pp. 7-8, ¶¶ 21(a) & (b), Exs. B and E) include:

a.     Clint Laskoskie, Risk Specialists Companies Insurance Agency, Inc. located at 2929 Allen Parkway, Suite 1300, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division; and

b.     Chris Reichardt, ACE Risk Management, located at 2 Riverway, Suite 900, Houston, Harris County, Texas 77019 in the Southern District of Texas, Houston Division.

35.     The record is undisputed, that no party in interest in the Texas Underlying Tort Litigation or witness called in the Leon County State Court trial or likely to be called in the First Filed Coverage Litigation in the Southern District of Texas, Houston Division, is a resident of, domiciled in, or citizen of Louisiana, and there is no party in interest or witness which maintains its principal place of business in Louisiana, much less in the Western District of Louisiana,

Lafayette Division.  As set forth in the Morris Affidavit, according to Google Maps Houston, Texas, not Lafayette, Louisiana is clearly a more convenient forum or venue to all real parties in interest and witnesses.  (Morris Aff. pp. 2-4, ¶¶ 5-11, pp. 5-18, ¶¶ 20-21; pp. 10-11, ¶¶33-19).

## G.   **CONCLUSION AND PRAYER**

The over-arching question before the Court is whether this breach of contract and declaratory judgment action brought by Judgment Creditor and Third-Party Beneficiary Rippy Oil against Defendants ACE, AIG, and Risk Specialists should be litigated in Texas Courts.  The declaratory judgment action filed by AIG against KOT only in the Western District of Louisiana, Lafayette Division which has no connection to the parties, the witnesses, the accident, Texas judgment, Texas appeal, or the facts of this case. It is undisputed that AIG, in anticipation of a coverage suit by Rippy Oil to satisfy the judgment, breached the parties' Texas Rule 11 Agreement in bad faith and raced to an inconvenient venue for all parties and witnesses and pre-emptively filed a declaratory judgment action against an emerged and reorganized Debtor KOT only whose assets are completely protected by Chapter 11 Bankruptcy statutes and orders from collection of Plaintiff Rippy Oil's Judgment in an effort to apply Louisiana law rather than Texas law to collection and satisfaction of a Texas Judgment.  The Court should grant Defendant KOT's Motion to Dismiss, or in the alternative, stay in favor of the Texas lawsuit, and grant Intervenor Rippy Oil such other and further relief to which it shows itself justly entitled.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC

By:   /S/ James H. Gibson
      James H. Gibson
      LA Bar No. 14285
      Alan W. Stewart
      LA Bar No. 34107
      2448 Johnston St. (70503)
      P.O Box 52124

Lafayette, LA 70505
Direct: 337-767-6025
Main:  337-761-6023
Fax:    337-761-6061
Email: jimgibson@gibsonlawpartners.com
       alanstewart@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: *  /S/ Kenneth Tekell, Sr.                     
       Kenneth Tekell, Sr. - *Signed by Permission
       State Bar No. 19764000
       ktekell@balagiatekell.com
       6 Broad Oaks Lane
       Houston, Texas 77056
       Telephone:  713-823-6558
       *Signed by Mike Morris with permission
       (Appearance pro hac vice granted
       January 10, 2022, Doc. # 9)

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.

By:  /S/ Mike Morris                        
       Mike Morris
       State Bar No. 14495800
       1221 McKinney, Suite 4300
       Houston, Texas 77010
       (713) 222-9542
       (713) 655-7727 - Fax
       mmorris@taylorbook.com
       (Appearance pro hac vice granted
       January 10, 2022, Doc. # 10)

**ATTORNEYS FOR INTERVENOR,
RIPPY OIL COMPANY**


## CERTIFICATE OF SERVICE

I certify that on this 12th day of April, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Southern District of Texas.

             /S/ Mike Morris                        
            Mike Morris