UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE | § | CIVIL ACTION NO. 6:21-CV-04191-RRS -CBW |
| COMPANY (f/k/a CHARTIS SPECIALTY | § | |
| INSURANCE COMPANY) | § | JUDGE ROBERT R SUMMERHAYS |
| | § | |
| VS. | § | |
| | § | |
| KNIGHT OIL TOOLS, INC. | § | MAGISTRATE CAROL B WHITEHURST |
| | § | |
| | § | (ORAL ARGUMENT REQUESTED) |
| | § | (JURY REQUESTED) |

**INTERVENOR RIPPY OIL COMPANY'S COMBINED REPLY MEMORANDUM IN
RESPONSE TO PLAINTIFF AIG SPECIALTY INSURANCE COMPANY AND PROPOSED
INTERVENOR ACE AMERICAN INSURANCE COMPANY**

GIBSON LAW PARTNERS, LLC
James H. Gibson
Alan W. Stewart
2448 Johnston St. (70503)
P.O Box 52124
Lafayette, LA 70505
Direct: 337-767-6025
Main:  337-761-6023
Fax:    337-761-6061
Email:  jimgibson@gibsonlawpartners.com
            alanstewart@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC
Kenneth Tekell, Sr.
ktekell@balagiatekell.com
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558
*Signed by Mike Morris with permission
(Appearance pro hac vice granted
January 10, 2022, Doc. # 9)

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.
MICHAEL P. MORRIS (#14495800)
1221 McKinney, Suite 4300
Houston, Texas 77010
(713) 222-9542
(713) 655-7727 - Fax
mmorris@taylorbook.com
(Appearance pro hac vice granted
January 10, 2022, Doc. # 9)

# TABLE OF CONTENTS

TABLE OF CONTENTS ...........................................................................................................**i**

INDEX OF AUTHORITIES ...............................................................................................ii-iii

A.    THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG AND KOT. ..................................................1

B.    THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE.........................................................................6

C.    THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE.............11

D.    A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS SUIT IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION. ..................................................................................................................15

E.    CONCLUSION AND PRAYER .........................................................................................19

## APPENDIX

1.    Affidavits of Michael Patrick Morris and attached Exhibits A through Z, AA, AB, AC, AD, and AE filed March 3, 2022 (R. Doc. 36-5 and April 12, 2022 [R. Doc. 58-1]).

2.    Exhibit 1:  Plaintiff Rippy Oil Company's Motion for Supersedeas Bond for Violation of Rule 11 Agreement and Application for Turnover Order filed May 19, 2022 in Underlying Tort Litigation in Cause No. O-10-00498, styled Rippy Oil Company, et al. vs. Knight Oil Tools, Inc., et al., pending in the 278th Judicial District of Leon County, Texas.

# INDEX OF AUTHORITIES

## Cases

*909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990) .........16

*Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5ᵗʰ Cir. 1967) .................................................14,18

*Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L.Ed. 100 (1951) ..........................................13

*Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011) ....................................................................................................................................................11

*Cadle Co.*, 174 F.3d at 605 ..................................................................................................................................8

*Chapa v. Mitchell*, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005) ..............................................14

*D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009) .................................15

*Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017) ....................................15

*Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996) ...........................................................18

*Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012) ........................................................15

*Florida Marine Transporters v. Lawson & Lawson Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001)18

*Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969)..................................................................6

*Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 1006) ....................10

*In re: Genentech, Inc.*, 566 F.3d 1338, 1343 (5ᵗʰ Cir. 2009) .........................................................................17

*In re Juniper Networks, Inc.*, 14 F.4ᵗʰ 1313, 321 (5ᵗʰ Cir. 2021).................................................................20

*In re Radmax, Ltd.*, 720 F.3d 285, 288 (5ᵗʰ Cir. 2013) .................................................................................20

*In re: Nitro Fluids*, LLC, 978 F. 3d 1308 (5th Cir. 2020) .............................................................................19

*In re: Toyota Hybrid Brake Litigation*, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020) ...................14

*In re: Volkswagon AG*, 371 F.3d 201, 203 (5ᵗʰ Cir. 2004)(*Volkswagon* I) ..............................................19

*In re: Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5ᵗʰ Cir. 2000)..............................................................19

*Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020).............................................................................10

*Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011) ................................7

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ..............................................................7

*Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995)...............................................23

*Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5ᵗʰ Cir. 1983)........................................16, 18

*Monroe Guaranty Ins. Co. v. BITCO*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022 ...11

*Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5ᵗʰ Cir. 1985) ......................................18

*Pennsylvania General Insurance Company v. CAREMARK PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005)..............................................................................................17

*Peyman v. Optobiomics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003).....................................11

*Phar-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, --S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022). ...................................................................................11

*Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d. 947, 950 (5th Cir. 1997) ..................................................7

*Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1ˢᵗ Dist.] 2004, no pet.)...................................................................................................................................................24

*Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001) .......18

*State Farm County Mut. Inc. Co. v. Ollis*, 768 S.W. 2d 722, 723 (Tex. 1989) ...............................................6

*State Farm Fire and Cas. Co. v. Fullerton* .......................................................................................................6

*State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021)...............................................................13

*Texas Instruments, Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E. D. Tex. 1993)............16

*True View VIE Surgery Str.1, L.P. v. Goodman Glob. Holdings, Inc.*, 216 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016)...........................................................................................................................................................14

*Volkswagon* I, 371 F.3d at 204-205 ...............................................................................................................21

*Volkswagon* II, 545 F.3d at 317 ..............................................................................................................20, 22

*W. Gulf Mar. Ass'n. v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 571 F.2d 741, 729 (5th Cir. 1985)...........................................................................................................................................................7

*Waguespack v. Medtronic, Inc.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016) ...............................................17

*West Gulf Maritime Ass'n.*, 571 F.2d at 729 n. 1............................................................................................7

ii

**Statutes**

Fed. R. Civ. P. 45(c)(3) ................................................................................................................17
Fed. R. Civ. P. 45(c)(3)(A)(ii) .....................................................................................................17

**Other Authorities**

TEXAS INSURANCE CODE § 101.201 ...........................................................................................20
TEXAS INSURANCE CODE §§ 101.01(B) AND 981.001(B) ...............................................................7
TEXAS INSURANCE CODE §§ 981.002(3), 981.004(A) .....................................................................7
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216 ....................................8
TEXAS INSURANCE CODE §§ 981.03-981.05, 981.202-981.203, 981.211, 981.213, & 981.216; AND 101.201 ..............8
TEXAS INSURANCE CODE ARTICLE 21.42......................................................................................20
Texas Rule of Civil Procedure Rule 11 ..........................................................................................2

**INTERVENOR RIPPY OIL COMPANY'S COMBINED REPLY TO RESPONSE OF
PLAINTIFF AIG SPECIALTY INSURANCE COMPANY AND PROPOSED INTERVENOR
ACE AMERICAN INSURANCE COMPANY**

NOW INTO COURT, through undersigned counsel, comes Intervenor, Rippy Oil Company ("Rippy Oil"), with leave of Court granted to intervene (R. Doc. 12) and Leave of Court to file a Combined Reply Memorandum to Plaintiff AIG Specialty Insurance Company's ("AIG") Joint Memorandum in Opposition to Rippy Oil Company's Motion for Abstention and to Dismiss Complaint for Declaratory Judgment of in the alternative Stay or Transfer and In Opposition to Knight Oil Tools, Inc.'s Motion to Dismiss, or In The Alternative, To Stay Proceedings (R. Doc. 64) and ACE American Insurance Company's ("ACE") Response In Opposition to Rippy Oil Company's Motion for Abstention and to Dismiss or In The Alternative Stay or Transfer (R. Doc. 36); and incorporated Memorandum, and in support thereof would show the Court as follows:

**A.      THIS COURT SHOULD DISMISS AIG'S COMPLAINT FOR DECLARATORY
JUDGMENT AS THERE IS NO CASE OR CONTROVERSY BETWEEN AIG
AND KOT.**

1.      AIG filed this declaratory judgment action seeking a judicial declaration against Knight Oil Tools, Inc. ("KOT") only that "[c]overage under the ASIC policy (Chartis Specialty Insurance Company policy No. BE 1374599) is not triggered unless and until the limits of liability of the Scheduled Underlying Insurance and any other applicable Other Insurance (ACE American Insurance Company policy no. HDO G24940214) are exhausted by payment of Loss" and "[t]here is no coverage under the ASIC policy for Knight's liability." (R. Doc. 1, pp. 17-18).

2.      AIG did not name the Reorganized Debtor Knight Energy Services, LLC, a necessary party to any declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were

1

expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC.  AIG did not name the Scheduled Underlying Insurance carrier ACE American Insurance Company ("ACE") as a necessary party to the declaratory judgment action.[1]  Nor did AIG sue another necessary party: Intervenor Rippy Oil, third-party beneficiary under the ACE and AIG policies and a judgment creditor of ACE and AIG named insured KOT.  (R. Doc. 1, p.1).  Intervenor Rippy Oil has intervened with leave of Court (R. Doc. 12) to assert a Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the Alternative Stay or Transfer.  Intervenor Rippy Oil agrees with Defendant KOT that Plaintiff AIG's Motion to Dismiss should be granted as Plaintiff AIG has no justiciable controversy with Defendant KOT.  (R. Doc. 42 pp. 5-9).

3.     ACE and AIG do not advise the Court whether ACE has or has not exhausted its "Scheduled Underlying" primary policy, or otherwise refused to exhaust same.[2]  Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for determination.  (R. Doc. 1 pp. 17-18).  Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE.  The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C § 2201(a). "As a general rule, an actual controversy exists

---

[1]  In an attempt to avoid the First Filed Coverage Litigation filed by Rippy Oil Company against ACE, AIG, and Risk Specialists Companies Insurance Agency, Inc. ("Risk Specialists") currently pending in the Southern District, Houston Division, and ACE recently filed a Motion to Intervene in this case on February 10, 2022. (R. Doc. 17) which Intervenor Rippy Oil opposes.  (R. Doc. 38).  Proposed Intervenor ACE has not filed a response in opposition to Defendant KOT's Motion to Dismiss or in the alternative Stay [R. Doc. 42; R. Doc. 64]

[2]  Based on settlement negotiations during trial before verdict in the Underlying Tort Litigation, Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to

where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891. 896 (5th Cir. 2000).

4.      There is no adverse dispute between AIG and KOT, as ACE and/or AIG defended KOT in the underlying Texas lawsuit brought by Intervenor Rippy Oil against KOT, and ACE and/or AIG continue to prosecute appeal of a final judgment in favor of Intervenor Rippy Oil against KOT to the Texas Supreme Court through attorneys retained by ACE and/or AIG to represent KOT.[3] AIG's Complaint and ACE's proposed Intervention contain no factual allegations of misconduct by KOT as a basis to deny coverage nor do they remotely suggest ACE or AIG intend to withdraw from KOT's defense. (R. Doc. 1, pp. 1-18).  Neither do the responses of ACE or AIG suggest a basis for no duty to defend which is determined by the underlying complaint and the policies.  Indeed, if duty to defend was a true issue, ACE and AIG would have asserted same a decade ago and well before December 7, 2021.  In short, AIG fails to set forth any factual allegations to support "an actual controversy" among and between Plaintiff AIG and Defendant KOT.  AIG addresses the critical threshold issue of justiciability with the single conclusory allegation "[t]his complaint is brought pursuant to the Declaratory Judgment Act …, because there is an actual controversy among the parties."  (R. Doc. 1, ¶ 3). Frankly, this conclusory allegation does not meet the pleading standard of Federal Rule 8(a)(1) which requires in the case of a declaratory judgment action, some factual statement regarding justiciability and ripeness to invoke the Court's remedial power.  Indeed, just the opposite is true

---

AIG and that AIG has accepted same.  (Morris Aff. p. 5, ¶ 20).

[3]      On February 25, 2022, attorneys retained by AIG filed a Petition for Review in the Texas Supreme Court, Cause No. 21-1115 appealing the November 10, 2021 judgment of the Tenth Court of Appeals in Waco, Texas affirming the Final Judgment in favor of Rippy Oil against KOT entered in the Underlying Tort Litigation.  Rippy Oil filed a response to Petition for Review on March 15, 2022, and AIG on behalf of KOT filed a Reply to Response on March 30, 2022.

as AIG alleges that its coverage (including a duty to defend is not triggered until the underlying ACE policy is "exhausted by payment of loss." (R. Doc. 1, p. 17, ¶ 60-61).

5.     If ACE has not tendered its policy limits or AIG has not accepted same, it therefore follows that ACE has not yet exhausted its primary policy limits and AIG's hypothetical coverage dispute is not justiciable or ripe for determination by this Court.

6.     Moreover, ACE and AIG have failed to articulate any injury to KOT who has emerged from Chapter 11 Bankruptcy Case as a Reorganized Debtor and would not be seeking any indemnification from AIG or ACE as a result of the Final Judgment in favor of Rippy Oil against KOT in the Underlying Tort Litigation due to the protection of the Bankruptcy Court's Orders.  KOT's Joint Chapter Plan of Reorganization was confirmed December 1, 2017 and the bankruptcy proceeding terminated on June 17, 2019. The Order lifting stay in the bankruptcy court specifically allowed Intervenor Rippy Oil to seek recovery on the claims asserted in the Underlying Tort Litigation solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order Lifting Stay further set forth that Defendant KOT's liability in the Underlying Tort Litigation and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies. (Morris Aff. p. 5, ¶ 16).  ACE and AIG did not seek permission from the bankruptcy court to pursue this Declaratory Judgement Action against KOT, a Reorganized Debtor protected by the Order confirming the Joint Chapter 11 Plan of Reorganization and staying and enjoining the very action brought by Plaintiff AIG against Defendant KOT.  ACE and AIG did file proofs of claims.  KOT objected to AIG's proofs of claim and the Bankruptcy Court granted KOT's objections to AIG's proofs of claim. ACE's

proof of claim was apparently resolved.  (Morris Aff. p. 4, ¶ s 16-17; p. 5, ¶19; p. 8, ¶ 23). Neither ACE nor AIG asserted that they had no coverage during the KOT Bankruptcy.

7.      Declaratory relief is available only when there is an actual, substantial case or controversy between the parties Plaintiff AIG and Defendant KOT who have adverse legal interests of sufficient immediacy and reality to warrant the exercise of this court's remedial power under the Declaratory Judgement Act. Plaintiff AIG and proposed Intervenor ACE do not factually allege the existence of an actual case or controversy between ACE or AIG and KOT which is a condition precedent for this declaratory judgment action.

8.      Accordingly, Intervenor Rippy Oil respectfully submits that a declaratory judgement action is not available between AIG and KOT, and declaratory judgment relief is not appropriate in this case, where there is no substantial case or controversy between ACE or AIG and KOT and no possible injury to KOT. AIG's Complaint for Declaratory Judgment should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) or this Court should decline to exercise its remedial power under the Declaratory Judgment Act under the circumstances of this case as requested by Defendant KOT.  Intervenor Rippy Oil also agrees with Defendant KOT that failure to join the real party in interest Intervenor Rippy Oil, judgment creditor and third-party beneficiary under the policies, violates Federal Rule 19 of Civil Procedure and warrants dismissal under Federal Rule of Civil Procedure 12(b)(7).  (R. Doc. 42 pp. 9-10).  A declaratory judgment in favor of Ace or AIG on the duty to defend or any other declaratory relief requested would not be binding on the real party in interest Rippy Oil who has not been properly joined by AIG in its request for declaratory relief against KOT only.  *See State Farm County Mut. Inc. Co. v. Ollis*, 768 S.W. 2d 722, 723 (Tex. 1989); *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265 (Tex. 1969); *Dairyland v. Childress*, 650 S.W.2d 770, 773-774

(Tex. 1983); *State Farm Fire and Cas. Co. v. Fullerton*, 118 F. 3d 374, 385, n. 6 (5th Cir 1997). Accordingly, proceeding with the AIG suit against Defendant KOT only would not resolve Intervenor Rippy Oil's right to collect its judgment against the ACE and AIG policies.

**B.      THERE IS NOT SUFFICIENT OVERLAP BETWEEN THE LOUISIANA CASE AND THE TEXAS CASE TO INVOKE THE FIRST-TO-FILE RULE.**

9.      In the event the court decides to address the First-to-File Rule in the context of Defendant KOT's Motion to Stay this case in favor of the Texas case, when related cases are pending before two Federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. *Cadle Co. v. Whataburger of Alice*, *Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The First-to-File Rule rests on principals of comity and sound judicial administration. Id. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may encroach upon the authority of sister courts, and to avoid piece-meal resolution of issues that call for a uniform result. *W. Gulf Mar. Ass'n. v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 571 F.2d 741, 729 (5th Cir. 1985). Within the Fifth Circuit, once it has been demonstrated that there is substantial overlap between the two suits, the general rule is that the court in which an action is first filed is the appropriate court to determine whether substantially similar issues in the second suit should proceed. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971); *Save Power, Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). When faced with truly duplicate litigation, it sometimes may be appropriate to transfer the action or stay it. *West Gulf Maritime Ass'n.*, 571 F.2d at 729 n. 1. In deciding if a substantial overlap exists, the Fifth Circuit has examined factors such as whether "the core issue … was the same" or if "much of the proof adduced … would be identical between the two lawsuits. *Int'l. Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d. 751, 758 (5th Cir. 2011). Where overlap between two suits is less than complete, the judgment is made

case-by-case, based upon such factors as the extent of overlap, the likelihood of conflict, the comparative advantage, and the interest of each forum in resolving the dispute.  *Save Power Ltd.*, 121 F.3d at 951.

10.     A second-file court plays a limited role when presented with a motion to transfer or stay based on the First-to-File Rule.  *Cadle Co.*, 174 F.3d at 605.  This role is to decide whether the moving party in the second-file court has demonstrated a "substantial overlap" between the two suits.  *Id*.  Contrary to the contention of KOT, AIG and/or ACE, there is no substantial overlap between the First-Filed Texas case between Rippy Oil and ACE, AIG, and Risk Specialists, and the Louisiana case between AIG and KOT.

11.     As the Court will note, none of the Plaintiffs are the same.   None of the Defendants are the same.  The Louisiana Case involves a declaratory judgment action by AIG against KOT only.  AIG seeks a judicial declaration against KOT only that "[c]overage under the ASIC policy is not triggered unless or until the limits of liability of the scheduled underlying insurance and any other applicable other insurance are exhausted by payment of loss" and "there is no coverage under the ASIC policy for Knight's liability."  (R. Doc. 1, pp. 17-18).  AIG did not name the Reorganized Debtor, Knight Energy Services, LLC, a necessary party to any declaratory judgment action seeking a finding of no coverage following the December 1, 2017 Order confirming the Debtor KOT's Joint Chapter 11 Plan of Reorganization effective December 12, 2017, wherein the ACE and AIG liability policies were expressly vested in the Reorganized Debtors now doing business in Houston, Harris County, Texas as Knight Energy Services, LLC.   AIG did not name the scheduled underlying insurance carrier ACE as a necessary party to the declaratory judgment action.  Nor did AIG sue another necessary party: Rippy Oil, Third-Party Beneficiary under the ACE and AIG policies and a Judgment Creditor of

ACE and AIG named insured KOT.  (R. Doc. 1, p. 1).  Intervenor Rippy Oil in the Louisiana Case has intervened with leave of court (R. Doc. 12) to assert a Motion for Abstention and to Dismiss AIG's Complaint for Declaratory Judgment, or in the alternative Stay or Transfer in favor of the Texas case.  Moreover, because the Louisiana Case brought by AIG against KOT, does not involve a case or controversy or injury to KOT and is not justiciable or ripe for adjudication it should be dismissed for want of jurisdiction and there is no overlap with the Texas Case brought by judgment creditor and third-party beneficiary Rippy Oil against AIG, ACE, and Risk Specialists.

12.    Moreover, neither AIG nor ACE make an unequivocal allegation that ACE has exhausted its "scheduled underlying" primary policy, or otherwise refuse to exhaust same.  Based on settlement negotiations during trial before verdict in the underlying tort litigation, Rippy Oil believes that ACE has previously tendered its policy limit of One Million dollars ($1,000,000.00) to AIG and that AIG has accepted same.  (Morris Aff. p. 5, ¶ 20).  Accordingly, if ACE has not tendered its policy limits to AIG, under the express terms of the AIG policy, AIG is alleging its contractual obligation and duty to defend KOT has not arisen and is therefore not ripe for determination.  (R. Doc. 1, pp. 17-18).  Absent tender and acceptance, that duty to defend KOT on appeal remains with ACE.  On the other hand, if AIG has indeed accepted the ACE tender of policy limits and is now controlling the defense of KOT on appeal to the Texas Supreme Court, the duty to defend KOT is the only potential issue in dispute that could be decided by the Louisiana Federal Court and it is not a real issue in dispute as the Texas Supreme Court is currently deciding whether the Petition for Review will be granted or denied and there is nothing currently to defend in the Underlying Tort Litigation.  The Texas Case does not seek a defense or otherwise involve the duty to defend KOT.  Rather, Rippy Oil seeks to satisfy its

judgment from liability policies issued by ACE and AIG and involves the obligation of ACE, AIG and Risk Specialists to pay that Judgment to Rippy Oil.

13.     Texas law is clear, as recently reaffirmed by the Texas Supreme Court in two Opinions handed down on February 11, 2022. Texas courts continue to follow the Eight-Corners Rule which directs the Court to determine an insurer's duty to defend its insured based on (1) the pleadings against the insured and (2) the terms of the insurance policy.  *Loya Ins. Co. v. Avalos*, 610 S.W.3d 878, 879 (Tex. 2020).   Under the 8-Corners Rule, the insurer's duty to defend is determined by comparing the allegations in the plaintiff's petition to the policy provisions, without regard to the truth or falsity of those allegations and without reference to the facts otherwise known or ultimately proven.  *Guide One Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006).  Extrinsic evidence or facts outside the pleadings are generally not considered.  The Texas Supreme Court recently noted that it remains true that in most cases, whether a duty to defend exists is determined under Texas' long standing Eight-Corners Rule, but clarified for the first time a narrow exception in *Monroe Guaranty Ins. Co. v. BITCO*, No. 21-0232, --- S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022 and *Phar-San Juan–Alamo Independent School Dist. v. Texas Political Subdivisions Property/Casualty*, No. 20 – 0033, --S.W.3d ---, 2022 WL ___ (Tex. Feb. 11, 2022) holding:

> But, if the underlying petition states a claim that could trigger the duty to defend, and the application of the Eight-Corners Rule, due to a gap in the plaintiff's pleading, is not determinative of coverage, Texas law permits consideration of extrinsic evidence provided the evidence (1) goes solely to an issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage facts to be proved.

14.     In contrast, whether a liability insurer like ACE or AIG owes a duty to indemnify its insured or pay a judgment creditor and third-party beneficiary like Rippy Oil is determined

based on the facts actually established in the underlying suit. *See Burlington N. & Santa Fe Ry. Co. v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 334 S.W. 3d 217, 219 (Tex. 2011). Under Texas law, "the duty to defend and the duty to indemnify are distinct and separate duties." *D. R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W. 3d 740, 743 (Tex. 2009). In the Louisiana Federal court case, the duty to indemnify KOT is rendered completely moot and a non-issue by the Chapter 11 Bankruptcy Court Orders and Bankruptcy Statutes which make clear that the emerged and Reorganized Debtor KOT will never have to use its assets to satisfy the Judgment in favor of Rippy Oil. Chapter 11 Bankruptcy Orders made absolutely clear that Rippy Oil could not pursue KOT to satisfy a Judgment in the Underlying Tort Litigation, but rather was restricted when it came to KOT, to pursuing the policy proceeds of the ACE and AIG policies.

15. In summary, not only are the parties different, but the fundamental issues in dispute, as well as the proof to be adduced to resolve those core issues in the two lawsuits, is completely different. Therefore, there is no potential for conflict and Texas has a substantial interest in seeing that Rippy Oil, a Texas corporation, citizen, and resident, has every opportunity to satisfy a Texas Judgment, based on Texas litigation arising out of a Texas accident, can be satisfied from the liability insurance policies of ACE and AIG underwritten, bound, and issue in Texas to cover KOT's Texas risks. Moreover, it would also be a great burden on the Texas parties and witnesses involved in the Texas lawsuit because Rippy Oil Company's case against ACE, AIG and Risk Specialists involves the duty to pay under the ACE and AIG policies which must be determined based on the facts actually established in the underlying Texas Tort Litigation while the duty to defend dispute, if any, in Louisiana between AIG and KOT requires only two documents which are ordinarily relevant to the determination of the duty to defend: the policy and the Plaintiff's pleading in the Underlying Tort Litigation. *Id*. Certainly, the

interest in having the suit heard in Texas between Rippy Oil and ACE, AIG and Risk Specialists outweighs the interest in having the suit remain in Louisiana between Plaintiff AIG and Defendant KOT who has no injury and no "dog in the hunt."

16.     Plaintiff Rippy Oil believes that the factors to be considered in determining whether there exists a "substantial overlap," strongly favor allowing the case to proceed in the Southern District of Texas, Houston Division.  *See State of Louisiana v. Biden*, 538 F. Supp. 3d 649 (W.D. La. 2021).

**C.     THIS COURT SHOULD EXERCISE ITS DISCRETION AND DECLINE APPLICATION OF THE FIRST-TO-FILE RULE IN LIGHT OF "COMPELLING CIRCUMSTANCES" IN THIS CASE**

17.     Even if less than complete overlap of core issues or proof to be adduced exists, courts may exercise discretion and decline application of the First-to-File Rule in light of "compelling circumstances."  *Mann Mfg., Inc.* 439 F.2d. at 407.  An ample degree of discretion, appropriate for discipline and experienced judges must be left to the lower courts.  *Bindczyck v. Finucane*, 342 U.S. 76, 82, 72 S. Ct. 130, 96 L. Ed. 100 (1951).

18.     Courts in the Fifth Circuit have identified at least three "compelling circumstances" under which the First-to-File Rule is not applicable, even if there is a substantial overlap of core issues or proof that would be adduced.  First, the Rule is disregarded under a "bad faith" exception when "a party engage[s] in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he [may] file a pre-emptive lawsuit."  *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir. 1967); *In re: Toyota Hybrid Brake Litigation*, 2020 WL 61616495 at *7 (E.D. Tex. Oct. 21, 2020); *Chapa v. Mitchell*, 2005 WL 2978396 at *2 (W.D. Tex. Nov. 4, 2005).

11

19.     Second, the rule is disregarded under an "anticipatory filing" exception when "a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping." *True View Surgery Ctr. One, L.P. v. Goodman Glob. Holdings, Inc.*, 2016 WL 755494, at *6 (S.D. Tex. Feb. 24, 2016)

20.     Third, the rule is disregarded under a "form selection clause" exception when such a clause is found to be valid and enforceable because to do otherwise "would encourage parties to rush to the courthouse to file lawsuits for the purpose of circumventing the agreed-upon promises." *Dixie Electric, LLC v. Jarwin*, 2017 WL 4727481 at *7 (W.D. Tex. June 20, 2017)("the court [has not] located any authority holding that the First-to-File Rule is a proper basis to set aside a valid forum selection clause containing mandatory language." *Falk v. Marsh, Inc.*, 2012 WL 13001817 at *6 (E.D. La. July 9, 2012)**.**

21.     In this case, AIG was on notice of Rippy Oil's lawsuit against KOT.  (Morris Aff. Ex. G, and H).  AIG was also on notice that the Bankruptcy Court's Order lifting the stay limited Rippy Oil to recovering any judgment against KOT from the ACE and AIG policies protecting KOT's assets.  (Morris Aff. Ex. K).  AIG was further on notice of KOT's Chapter 11 Bankruptcy and its subsequent discharge from Chapter 11 as a Reorganized Debtor.  (Morris Aff. Exs. I, L, M, P, Q).  Further, AIG retained attorneys to attend the trial in the Underlying Tort Litigation and participated in settlement negotiations with representatives of Rippy Oil and prosecuted post-verdict and post-judgement appeals and attended a second non-binding mediation on behalf of KOT as recently as 7, 2021.  (Morris Aff. p. 5, ¶ 20; p. 9, ¶ 26, 27, and 28).  It is beyond dispute that AIG was fully aware of Rippy Oil's intention to file suit against ACE and AIG in Texas if ACE and AIG did not satisfy the Final Judgment against KOT.  Rippy Oil had no ability

to pursue KOT's assets due to Bankruptcy Orders and Statutes protecting the emerged and reorganized debtor KOT.

22.     The Fifth Circuit follows a general policy that a party whose rights are being infringed should have the privilege of electing where to enforce its rights.  *Texas Instruments, Inc. v. Micron Semiconductor*, Inc. 815 F. Supp. 994, 997 (E. D. Tex. 1993).  Here that privilege should and does belong to Rippy Oil as the injured party, judgment creditor, third-party beneficiary, and non-breaching party who brought a coercive breach of contract and declaratory judgment action initially in Texas state court after ACE and AIG violated a Rule 11 Agreement which expressly provided "this agreement is not intended to prejudice the rights Plaintiffs may have to enforce the judgment once the appellate courts' mandate issues." (Morris Aff. pp. 8-9, ¶s 27 & 28).  AIG brought a declaratory judgment suit in Louisiana Federal Court against a Reorganized Debtor KOT fully protected by bankruptcy orders entered in its KOT Chapter 11 Bankruptcy Case as a pre-emptory strike in anticipation of another action to be filed by Rippy Oil upon resolution of appeal by the Texas Supreme Court.  AIG negotiated the Texas Rule 11 Agreements, which they were fully aware, until the anticipatory breach of same by AIG, prevented Rippy Oil from initiating suit against AIG until "the appellate courts' issuance of the mandate." (Morris Aff. pp. 8-9, ¶¶ 26 and 27).  This court should not allow a party to select its preferred forum by filing an action for a declaratory judgment when it has notice that another party intends to file suit to collect a judgment in a different forum.  *See 909 Corporation v. Village of Boling Brook Police Pension Fund*, 741 F. Sup. 1290, 1292 (S. D. Tex. 1990).  Prior negotiations between the parties, established here, serve as evidence that a suit was expected to be filed.  *Mission Insurance Company v. Puritan Fashions Corporation*, 706 F. 2d 599, 601-602 (5th Cir. 1983).  AIG was on notice of the Rippy Oil state court lawsuit, the KOT Chapter 11

Bankruptcy, and the Bankruptcy Court's Order limiting collection of any judgment against KOT from ACE and AIG and further negotiated the Rule 11 Agreements that, until their breach by AIG hand-cuffed Rippy Oil and prevented it from suing ACE and AIG earlier.  But for those Rule 11 Agreements, Rippy Oil would have filed suit against ACE and AIG as soon as ACE and AIG failed to put up a supersedes bond.  AIG was also no doubt aware that upon resolution of the KOT appeal by the Texas Supreme Court, Rippy Oil would pursue satisfaction of its judgement from ACE and AIG.  Based on these facts, it is apparent that AIG filed the action in anticipation of litigation and in order to gain the advantage of their preferred forum in an effort to apply Louisiana law over Texas law.  Even though it is certainly true that every Plaintiff who files a lawsuit engages in determining a place to file suit, the alleged victim is typically given the right to choose the forum where its coercive case for breach of contract will be heard.  Several courts in the Fifth Circuit have found that allowing an alleged wrongdoer to proceed with a pre-emptive strike declaratory judgment action in anticipation of Plaintiff filing a coercive breach of contract suit divests the true Plaintiff of his right especially when Plaintiff has been prevented from filing suit do to the Rule 11 Agreements secured by attorneys hired by AIG to defend KOT. *See e.g., Pennsylvania General Insurance Company v. Caremark PCS*, No. Civ. A. 3:05-cv-0844-G, 2005 W.L. 2041969, at *5-6 (N. D. Tex. Aug. 24, 2005) (and cases cited therein); *see also Waguespack v. Medtronic, Inc.*, 185 F. Supp.3d 916, 923 (M.D. La. 2016); *Peyman v. Optobiomics Merger Corp.*, 2003 WL 193443 (E.D. La. Jan 23, 2003); *Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, 2001 WL 406264 (E.D. La. April 18, 2001); *Florida Marine Transporters v. Lawson & Lawson Towing Co., Inc.*, 2001 WL 1018364 (E.D. La. Aug. 31, 2001); *Excel Music, Inc. v. Simone*, 1996 WL 5708 (E.D. La. Jan. 5, 1996); *Pacific Emp. Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801 (5th Cir. 1985); *Mission Ins. Co. v. Puritan*

*Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661 (5th Cir. 1967).  Indeed, ACE and AIG's breach of the parties Rule 11 Agreement is the subject of a Motion filed on May 19, 2022 in the Texas trial court which entered the final judgment in the Underlying Tort Litigation and continues to maintain continuing jurisdiction to order the amount and type of security, as well as to modify the amount or type of security required to continue the suspension of a Judgment's execution pursuant to Tex. R. App. P. 24.3(a).  See Plaintiff Rippy Oil Company's Motion for Supersedeas Bond for Violation of Rule 11 Agreement and Application for Turnover Order attached as Exhibit 1.

D.   **A BALANCE OF THE VOLKSWAGEN PRIVATE AND PUBLIC FACTORS WEIGH HEAVILY IN FAVOR OF MAINTAINING THIS COVERAGE DISPUTE IN THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION.**

23.   Finally, a balance of the *Volkswagon* private and public factors in favor of one venue can support the "compelling circumstances" exception to the First-to-File Rule that support dismissal, transfer or stay of the Louisiana lawsuit in favor of the Texas lawsuit.  *In re: Nitro Fluids, LLC*, 978 F. 3d 1308 (5th Cir. 2020).  Even assuming that the Texas Case and Louisiana Case overlap, which is denied, an analysis of the *Volkswagon* public and private interest factors precludes transfer to Louisiana.

24.   As the Fifth Circuit has explained in *In re Volkswagon of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2000)( *En Banc*)(*Volkswagon* II) and *In re Volkswagon AG*, 371 F.3d 201, 203 (5th Cir. 2004)(*Volkswagon* I**),** the private factors are: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive.  The four public interest factors are:

(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws, or in the application of foreign law.

25.     The availability of sources of proof weighs heavily in favor of the Southern District of Texas, Houston Division.  What matters according to the Fifth Circuit is the relative access to sources of evidence in the two competing forums.  *In re Juniper Networks, Inc.*, 14 F.4th 1313, 321 (5th Cir. 2021)(citing *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013)(noting "the question is relative ease of access, not absolute ease of access") and while electronic storage of documents makes them more widely accessible than was true in the past, that does not make the sources of proof factor irrelevant.  *See Volkswagon II*, 545 F.3d at 316 ("that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous.").  Here, that portion of the KOT drill pipe that failed and was retrieved from the Easterling 1-H well and was the focus of the Underlying Tort Litigation, along with all discovery exchanges, documentary evidence, and exhibits in the Underlying Tort Litigation are stored and maintained in the offices of Rippy Oil Company's attorney's offices in Houston, Harris County, Texas.  (Morris Aff. pp. 11-12, ¶ 43).  None of the sources of facts actually established in the Underlying Tort Litigation are located in the Western District of Louisiana, Lafayette Division.

26.     The availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order, likewise, weighs in favor of the Southern District of Texas, Houston Division. As in *Volkswagon I*, the non-party witnesses located in Texas are outside the Western District of Louisiana, Lafayette Division's

subpoena power for deposition under Fed. R. Civ. P. 45(c)(3)(A)(ii) and any trial subpoenas for these witnesses to travel more than 100 miles would be subject to Motions to Quash under Fed. R. Civ. P. 45(c)(3).  More importantly, a proper venue that does enjoy absolute subpoena power for both depositions and trial over 8 of the 10 witnesses listed, the Southern District of Texas, Houston Division, is available.  (Morris Aff. pp. 5-8, ¶¶ 20-21, Ex. N).  Accordingly, this factor weighs in favor of the Southern District of Texas, Houston Division.

27.     With regard to the relative convenience for and cost of attendance of witnesses between the two forums, the Fifth Circuit has stated that this is probably the single most important factor in transfer analysis.  *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (5th Cir. 2009). Eight witnesses who testified in the Underlying Tort Litigation including KOT adverse witnesses, the non-party witness, and all experts are closer to the Southern District of Texas, Houston Division and six of the witnesses are within a 100 mile threshold as are two underwriters.  In *Volkswagon* I, the Fifth Circuit set a 100 mile threshold as follows: "when the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled.  *See Volkswagon* I, 371 F.3d at 204-205.  The Fifth Circuit noted that it was an obvious conclusion that it is more convenient for witnesses to testify at home and that additional distance means additional travel time; additional travel time increases the probability for meals and lodging expense; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.  *Id.* at 205.  Witnesses not only suffer monetary costs, but also the personal cost associated with being away from work, family and community.  *See Volkswagon* II, 545 F.3d at 317.  Clearly, this factor weighs in favor of the Southern District of Texas, Houston Division.  Likewise, all

other practical problems that make the trial of a case easy, expeditious, and inexpensive weigh in favor of the Southern District of Texas, Houston Division.  No known party or non-party witness lives in the Western District of Louisiana, Lafayette Division and none of the facts giving rise to the accident made the basis of the Texas Tort Litigation, the Texas Tort Litigation itself, the jury's verdict, the Texas Judgment, the Texas appeal, or the underwriting, binding, and issuing of the ACE and AIG policies occurred in the Western District of Louisiana, Lafayette Division. Accordingly, all four private interest factors weigh heavily in favor of maintaining the *Rippy Oil vs. ACE, AIG, and Risk Specialists* First-Filed Coverage Litigation in the Southern District of Texas, Houston Division.

28.     With regard to the four public interest factors, the administrative difficulties flowing from court congestion appear to be neutral as both the Southern District of Texas, Houston Division and the Western District of Louisiana, Lafayette Division statistics including cases per judgeship and median times from filing to disposition for civil cases in the Southern District of Texas, Houston Division and Western District of Louisiana, Lafayette Division appear to be roughly equivalent.  (Morris Aff. p. 11, ¶ 40, Ex. AD).

29.     With regard to the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum, Rippy Oil would respectfully submit that the Southern District of Texas, Houston Division has a significant interest in resolving the satisfaction of a Texas Judgment arising out of Texas litigation based on a Texas accident from policies of liability insurance covering Texas risks and underwritten, bound, and issued in Houston, Harris County, Texas.  Moreover, the Texas Insurance Code has expressed a public policy interest in the State of Texas in regulating unauthorized insurers like surplus lines carrier AIG which issued a surplus lines policy through Risk Specialists in Houston, Harris County,

Texas.  *See Mid-American Indemnity Ins. Co. v. King*, 22 S.W.3d 321, 326 (Tex. 1995); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83 (Tex. 2006).  Furthermore, the Texas Insurance Code makes clear that anyone who assists in procuring unauthorized insurance is individually liable for unpaid claims under the policy.  *See* Texas Insurance Code § 101.201.  The Southern District of Texas, Houston Division, and the jurors to be impaneled to decide any fact issues in the case, have a definite interest in enforcing public policy expressed in the Texas Insurance Code against "unauthorized insurers" like AIG.

30.     Likewise, the familiarity of the forum with the law that will govern the case weighs in favor of the Southern District of Texas, Houston Division.  The Texas Insurance Code Article 21.42 directs that Texas law applies when: (1) the insurance proceeds were paid or are payable to a citizen or inhabitant of Texas; (2) the policy was issued by a company doing business in Texas; and (3) the policy was issued in the course of the company's insurance business in Texas.  *Scottsdale Ins. Co. v. Nat'l. Emergency Services, Inc.*, 175 S.W.3d 284, 292 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  All three elements are met here and Texas law will govern the case brought by Rippy Oil against ACE, AIG and Risk Specialists.  Maintaining that lawsuit in the Southern District of Texas, Houston Division would avoid any unnecessary problems of conflicts of laws or the application of Texas law.  In summary, all non-neutral private and public interest factors bearing on the transfer decision favor the Southern District of Texas, Houston Division and no factor favors maintaining the case to the Western District of Louisiana, Lafayette Division.  This Court should dismiss, transfer, or stay this case.[4]

## E.     CONCLUSION AND PRAYER

---

[4] In further support of this combined Reply Memorandum, Intervenor Rippy Oil would incorporate by reference the facts and contentions set forth in the "Factual Background" and "interested Parties and Witnesses in underlying witnesses" and the Affidavit of Mike Morris and Exhibits attached thereto (R. Doc. 58-1) to Intervenor Rippy Oil's Response to KOT's Motion to Dismiss (R. Doc. 58, pp. 20-25).

The record is undisputed, that no party in interest in the Texas Underlying Tort Litigation or witness called in the Leon County State Court trial or likely to be called in the First Filed Coverage Litigation in the Southern District of Texas, Houston Division, is a resident of, domiciled in, or citizen of Louisiana, and there is no party in interest or witness which maintains its principal place of business in Louisiana, much less in the Western District of Louisiana, Lafayette Division.  As set forth in the Morris Affidavit, according to Google Maps Houston, Texas, not Lafayette, Louisiana is clearly a more convenient forum or venue to all real parties in interest and witnesses.  (Morris Aff. pp. 2-4, ¶¶ 5-11, pp. 5-18, ¶¶ 20-21; pp. 10-11, ¶¶33-19).

The over-arching question before the Court is whether a breach of contract and declaratory judgment action brought by a Texas Judgment Creditor and Third-Party Beneficiary Rippy Oil against Defendants ACE, AIG, and Risk Specialists should be litigated in Texas Courts.  The declaratory judgment action filed by AIG against KOT only in the Western District of Louisiana, Lafayette Division has no connection to the real parties in interest, the witnesses, the accident, Texas judgment, Texas appeal, or the facts of this case and raises no true case or controversy with KOT.  It is undisputed that AIG, in anticipation of a collection suit by Intervenor Rippy Oil to satisfy the judgment, breached the parties' Texas Rule 11 Agreement in bad faith and raced to an inconvenient venue for all parties and witnesses and pre-emptively filed a declaratory judgment action against an emerged and reorganized Debtor KOT only whose assets are completely protected by Chapter 11 Bankruptcy statutes and orders from collection of Plaintiff Rippy Oil's Judgment in an effort to apply Louisiana law rather than Texas law to collection and satisfaction of a Texas Judgment against liability policies underwritten and bound in Houston, Texas.  ACE and AIG's conduct in breaching the parties' Rule 11 Agreement is the subject of ongoing litigation in the first filed Texas State trial court that entered the Final

20

Judgment which Intervenor Rippy Oil Company seeks to recover from ACE and AIG.  This Court should grant Defendant KOT's Motion to Dismiss, or in the alternative, stay in favor of the Texas lawsuit, and grant Intervenor Rippy Oil's Motion for Abstention and to Dismiss Complaint for Declaratory Judgment or in the alternative, Stay or Transfer, and such other and further relief to which Intervenor Rippy Oil shows itself justly entitled.

Respectfully submitted,

GIBSON LAW PARTNERS, LLC

By: ____/S/ James H. Gibson_____
          James H. Gibson
          LA Bar No. 14285
          Alan W. Stewart
          LA Bar No. 34107
          2448 Johnston St. (70503)
          P.O Box 52124
          Lafayette, LA 70505
          Direct: 337-767-6025
          Main:   337-761-6023
          Fax:     337-761-6061
          Email:  jimgibson@gibsonlawpartners.com
                 alanstewart@gibsonlawpartners.com

LAW OFFICE OF KENNETH TEKELL, SR. PLLC

By: *_/S/ Kenneth Tekell, Sr._____
          Kenneth Tekell, Sr. - *Signed by Permission
          State Bar No. 19764000
          ktekell@balagiatekell.com
          6 Broad Oaks Lane
          Houston, Texas 77056
          Telephone:  713-823-6558
          *Signed by Mike Morris with permission
          (Appearance pro hac vice granted
          January 10, 2022, Doc. # 9)

TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.

By: _/S/ Mike Morris_____
          Mike Morris
          State Bar No. 14495800
          1221 McKinney, Suite 4300
          Houston, Texas 77010
          (713) 222-9542
          (713) 655-7727 - Fax
          mmorris@taylorbook.com
          (Appearance pro hac vice granted
          January 10, 2022, Doc. # 10)

**ATTORNEYS FOR INTERVENOR,
RIPPY OIL COMPANY**

20

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 19th day of May, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Southern District of Texas.

<u>  /S/ Mike Morris                                          </u>
Mike Morris

# EXHIBIT 1

CAUSE NO. 0-10-498

| | | |
|---|---|---|
| RIPPY OIL COMPANY, RIPPY | § | IN THE DISTRICT COURT OF |
| INTEREST, LLC, THE GENECO GROUP, | § | |
| INC., AND JOHN D. PROCTOR | § | |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | LEON COUNTY, TEXAS |
| | § | |
| KNIGHT OIL TOOLS, INC. AND | § | |
| PIONEER DRILLING COMPANY | § | |
| *Defendants.* | § | 278TH JUDICIAL DISTRICT |

### PLAINTIFF RIPPY OIL COMPANY'S MOTION FOR SUPERSEDEAS BOND FOR VIOLATION OF RULE 11 AGREEMENT AND APPLICATION FOR TURNOVER ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Rippy Oil Company on its own behalf, and on behalf of all working interest owners, to wit:  Rippy Interest, LLC, the Geneco Group, Inc., and John D. Proctor (hereinafter "Plaintiff Rippy Oil"), and files this Motion For Supersedeas Bond for Defendant's Liability Carriers' ACE American Insurance Company ("ACE") and AIG Specialty Insurance Company's ("AIG") violation of Rule 11 Agreement pursuant to Tx. R. App. P. 24.3(a)(2) and, subject to Bankruptcy Court approval, Application for Turnover Order pursuant to Section 32.001 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Turnover Statute," and in support of this Motion and Application would show the Court as follows:

### A.   INTRODUCTION AND SUMMARY OF THE ARGUMENT

1.     Plaintiff is Rippy Oil Company on its own behalf and on behalf of all working interest owners.  Defendant is Knight Oil Tools, Inc., now known as, Knight Energy Services, LLC ("KOT").  This Court signed a Final Judgment on June 4, 2018, in favor of Plaintiff Rippy Oil and against Defendant KOT, in the amount of $5,538,643.13.  Additionally, this Court awarded

pre-judgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017, and an additional $758.72 per day until the day before Final Judgment was signed" on June 4, 2018.  The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid.  As of January 10, 2022, the Final Judgment is $9,388,568.73 together with taxable court costs in the Trial Court and on appeal.  Post-Judgment interest of 5% compounded annually will continue to accrue on the Final Judgment at the rate of $1,248.65 per day for the remainder of 2022 until the Final Judgment is paid, if paid in 2022.  KOT's liability carriers, ACE American Insurance Company ("ACE") and AIG Specialty Insurance Company formerly known as Chartis Specialty Insurance Company ("AIG") appealed the Final Judgment to the Tenth Court of Appeals which twice affirmed the Trial Court's Final Judgment.  ACE and AIG have now filed a Petition for Review on behalf of Defendant KOT with the Texas Supreme Court, which remains pending under Cause No. 21-1115.

2.      Following the Judgment and all post-judgment motions, ACE and AIG negotiated a Rule 11 Agreement at first extending the deadline within which ACE and AIG were required to put up a supersedeas bond on behalf of Defendant KOT.  Thereafter, rather than put up an appropriate supersedeas bond to suspend execution on the Final Judgment, ACE and AIG on behalf of Defendant KOT negotiated a second Rule 11 Agreement whereby Plaintiff Rippy Oil "agreed not to executed on the Judgment against Defendant or **its insurers** until the appellate courts' issuance of the mandate."  Both Rule 11 Agreements were filed with this Court.  It is clear from the second Rule 11 Agreement dated November 8, 2018 that Defendant KOT and its insurers, ACE, AIG, as well as Plaintiff Rippy Oil, agreed to await issuance of appellate courts' mandate

2

and that the Agreement was not intended to prejudice any rights "Plaintiffs may have to enforce the Judgment once the appellate courts' mandate issues."  See attached Exhibits G and H.

3.      Prior to issuance of any mandate by the Tenth Court of Appeals and/or the Texas Supreme Court on December 7, 2021, AIG filed a sneak attack Declaratory Judgment action against KOT only in the Western District of Louisiana, Lafayette Division in violation of the Rule 11 Agreement forcing Plaintiff Rippy Oil to incur additional attorneys' fees and expenses to intervene in the Western District of Louisiana to protect its rights to enforce the Judgment in Texas once the appellate court's mandate issues.

4.      This Court has continuing jurisdiction to order the amount and type of security, as well as to modify the amount or type of security required to continue the suspension of a Judgment's execution pursuant to Tex. R. App. P. 24.3(a).  In that regard, Plaintiff Rippy Oil requests the Court to compel ACE and AIG on behalf of KOT to post an appropriate supersedeas bond as required by Tex. R. App. P. 24.1 in the amount required by Tex. R. App. P. 24.2 and for reimbursement of the attorney's fees and expenses incurred by Plaintiff Rippy Oil as a result of ACE and AIG's violation of the Rule 11 Agreement.

5.      Secondly, this is a request for post-judgment relief to collect on a Final Judgment rendered by this Court, which Final Judgment has not been superseded, from insurance proceeds under two general liability insurance policies providing commercial general liability insurance coverage to named insured, Judgment Debtor and Defendant Knight Oil Tools, Inc. now known as Knight Energy Services, LLC, (hereinafter "Defendant KOT"): ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559.  The Final Judgment, which  has not been superseded, was entered after a protracted and fully adversarial

jury trial.  The Leon County Jury returned a verdict in favor of Plaintiff Rippy Oil and against Defendant KOT.  The factual findings expressed in the jury's verdict and this Court's Final Judgment are binding on Defendant KOT and its general liability insurance carriers ACE and AIG who defended Defendant KOT in the underlying lawsuit.  The facts established through the evidence admitted  at trial as well as the jury's verdict and responses to special issues conclusively establish coverage under both policies as well as ACE and AIG's obligations to pay the Final Judgment entered in this case from their respective policy proceeds.  The Court's Final Judgement has now been affirmed on appeal by the Waco Court of Appeals: twice.  ACE and/or AIG, on behalf of KOT, have filed a Petition for Review with the Texas Supreme Court where the case remains pending a decision whether to grant or to deny the Petition for Review. Plaintiff Rippy Oil therefore seeks a determination by this Court, subject first to Bankruptcy Court approval, that the ACE and AIG policies indemnification obligations and all claims and causes of action that Defendant KOT may have against ACE and AIG arising out of the indemnity obligations of the policies, can be turned over and assigned to Plaintiff Rippy Oil and/or a Receiver for the benefit of Plaintiff Rippy Oil appointed by this Court.

## B.     FACTUAL STATEMENT AND PROCEDURAL POSTURE OF THE CASE

6.     This Court entered a Final Judgment in Plaintiff Rippy Oil's favor against Defendant, Knight Oil Tools, Inc. now known as Knight Energy Services, LLC, (hereinafter "Defendant KOT") in the amount of $5,538, 643.13.  Additionally, this Court awarded prejudgment interest on "these past damages in the amount of $2,056,885.14 through June 1, 2017 and an additional $758.72 per day until the day before final judgment was signed" on June 4, 2018.  The Court further ordered that the Final Judgment would bear post-judgment interest at the rate of 5% compounded annually, from the date of the Final Judgment on June 4, 2018 until paid.  As of

January 10, 2022, the Final Judgment exceeds $9.3 Million and post-judgment interest is continuing to accrue.  A copy of the Final Judgment is attached as Exhibit A.

7.      Defendant KOT had previously filed for Chapter 11 bankruptcy on August 8, 2017.  Plaintiff Rippy Oil filed a Motion for an Order Granting Relief From the Automatic Stay in the bankruptcy court, which Motion was granted by then United States Bankruptcy Judge Robert Summerhays by Order signed October 24, 2017.  A copy of the Bankruptcy Court's Order is attached hereto as Exhibit B.  As set out in the attached Order, the automatic stay was modified for the purpose of allowing the prosecution of the above-captioned lawsuit.  The Order further allowed Plaintiff Rippy Oil to seek recovery on the claims asserted in the underlying lawsuit solely from applicable insurance policies of Defendant KOT and the other non-debtor defendants.  The Order further set forth that Defendant KOT's liability in the underlying lawsuit and for any claims or causes of action that were or could have been raised in that lawsuit, shall be limited to the extent of any coverage provided by Defendant KOT's applicable insurance policies.  The Fifth Circuit has held "that while insurance policies are generally property of the estate, the proceeds of liability insurance policies, unlike first party policies generally are not." *Sosbee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1023 (5th Cir. 2012).  Under the ACE and AIG liability insurance policies, Defendant KOT does not have a cognizable interest in the proceeds of the liability insurance policies as the indemnity proceeds, up to the polices combined limits of $26 Million, will be payable only for the benefit of those harmed by the judgment debtor Defendant KOT under the terms of the insurance contract.  The party harmed here is judgment creditor and third-party beneficiary Plaintiff Rippy Oil whose final judgment remains unsatisfied.

8.      Defendant KOT was a named insured on general liability insurance policies providing commercial general liability coverage to Defendant KOT in force and effect on May 11, 2010

5

issued by ACE American Insurance Company ("ACE") policy No. HDO G24940214 and Chartis Specialty Insurance Company now known as AIG Specialty Insurance Company ("AIG") policy No. BE13074559.  ACE and AIG retained attorneys to vigorously defend Defendant KOT and contest Plaintiff Rippy Oil's claims, causes of actions, and damages in the above-captioned lawsuit through jury trial, verdict, and Final Judgment signed June 4, 2018.  Plaintiff Rippy Oil believes on information and belief that just before, during, or shortly after the fully adversarial trial of this case, ACE tendered the per occurrence policy limit of $1 Million to AIG, and that AIG accepted same.  After the verdict and entry of Final Judgment, AIG retained attorneys appealed the Final Judgment in favor of Plaintiff Rippy Oil against Defendant KOT to the Waco Court of Appeals, and now to the Texas Supreme Court to suspend execution of the Final Judgment on appeal, ACE and AIG on behalf of KOT, after first requesting an extension of time within which to post a supersedeas bond, entered into a Rule 11 Agreement to await "the appellate courts' issuance of the mandate."  The Rule 11 Agreement specifically stated it was not "intended to prejudice any rights Plaintiffs may have to enforce the Judgment once the appellate courts' mandate issues."  See Exhibits G and H.  By filing its sneak attack Declaratory Judgment action on December 7, 2021 to try and improperly establish improper venue against Plaintiff Rippy Oil and wrongful application of Louisiana coverage law to the Final Judgment, AIG and ACE breached the Rule 11 Agreement forcing Plaintiff Rippy Oil to take steps to protect its rights to enforce the Judgment once the appellate courts' mandate issues.

9.      On December 30, 2020, the Waco Court of Appeals initially affirmed this Court's Final Judgment.  The attorneys retained by AIG filed a Motion for Rehearing on behalf of Defendant KOT.  On November 1, 2021, the Waco Court of Appeals once again affirmed this trial court's Final Judgment.  A copy of the Waco Appellate Court's Opinion is attached hereto as Exhibit C.

10.     On December 7, 2021, AIG filed a Declaratory Judgment against Defendant KOT in the United States District Court for the Western District of Louisiana seeking a Declaration that the AIG policy is not triggered until the limits of liability of the ACE policy had been exhausted by payment, as well as a declaration that AIG has no coverage for Defendant KOT's liability under the Final Judgment. Curiously, AIG did not name ACE or judgment creditor Plaintiff Rippy Oil Company who upon entry of this Court's final judgment became a necessary and indispensable party to any proceeding seeking a finding of no coverage to pay the final judgment in this case. A true and correct copy of AIG's Complaint for Declaratory Judgment without exhibits is attached hereto as Exhibit D.

11.     Defendant KOT's Joint Chapter 11 Plan of Reorganization as of November 29, 2017 was confirmed December 1, 2017, Defendant KOT was previously discharged from bankruptcy, and the bankruptcy proceeding terminated on June 17, 2019.  Based upon information and belief, Plaintiff Rippy Oil asserts that neither ACE nor AIG asserted claims of no-coverage against Defendant KOT in Bankruptcy Court or otherwise attempted to reserve no-coverage defenses before Defendant KOT was discharged in bankruptcy.  Although the ACE and AIG policies were produced in discovery as required by the Texas Rules of Civil Procedure, no denials of coverage letters or reservation of rights to deny coverage for ACE or AIG were produced by Defendant KOT in this lawsuit. A copy of the ACE and AIG policies as produced in discovery in this case on behalf of Defendant KOT by attorneys retained by ACE are attached as Exhibits E and F. Accordingly, it is doubtful that there is any actual  case or controversy between Defendant KOT and AIG which is ripe for determination by the United States District Court for the Western District of Louisiana as ACE and AIG have not withdrawn their defense of Defendant KOT and there is no real or substantial controversy between Defendant KOT and AIG due to the

Bankruptcy Court's Order and Bankruptcy Statutes.  On the other hand, it is clear that AIG's conduct in waiting until December 7, 2021 to postpone denial of coverage to Defendant KOT by filing and requesting a Declaratory Judgment that it has no coverage raises potential claims and causes of action by Defendant KOT of estoppel and waiver and for breach of the AIG policy contract, breach of the common law duty of good faith and fair dealing, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Texas Deceptive Trade Practice Act.  It is still unknown at this point whether Defendant KOT intends to vigorously defend AIG's allegations.  Likewise, it is further unknown at this time whether Defendant KOT has entered into a fraudulent and collusive agreement or understanding with ACE and/or AIG to lay down and not vigorously defend the AIG Declaratory Judgment action in an effort to prevent Plaintiff Rippy Oil from satisfying the Final Judgment from the ACE and AIG policy proceeds. Accordingly, Plaintiff Rippy Oil intervened in the Louisiana Federal Court case and moved the Louisiana Federal Court to abstain and/or dismiss, stay, or transfer the AIG Declaratory Judgment action filed against KOT in favor of the Declaratory Judgment action filed by Plaintiff Rippy Oil against ACE, AIG, and Risk Specialists currently pending in the Southern District of Texas, Houston Division.

12.     The conduct of ACE and AIG in violating the Rule 11 Agreement on file with this Court, has cost Plaintiff Rippy Oil to incur additional attorneys' fees and expenses in retaining Louisiana counsel in excess of $25,000.00 who are required to be retained by local rule in the Western District of Louisiana, Lafayette Division.

## C.     ARGUMENT AND AUTHORITIES

13.     This Court may modify the amount or type of security required to continue suspension of the enforcement of its Final Judgment.  Tex. R. App. P. 24.3(a) provides in pertinent part that

even after the Trial Court's plenary power expires, the Trial Court has continuing jurisdiction to do the following: (1) Order the amount and type of security and decide the sufficiency of sureties; and (2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution.

14.     ACE and AIG's violation of the Rule 11 Agreement compels this Court to conclude that the Judgment in this case can no longer be suspended by the parties' Rule 11 Agreement. Accordingly, Plaintiff Rippy Oil seeks a supersedeas bond for the sum of the compensatory damages awarded in the Judgment, interest for the estimated duration of the appeal, and costs awarded in the Judgment.  See Tex. Civ. Prac. & Rem. Code § 52.006(a); Tex. Civ. Prac. & Rem. Code §§ 24.2(a)(1), 24.3(a)(2).

15.     Requiring the posting of a supersedeas bond by ACE and AIG on behalf of their insured KOT to suspend enforcement of the Judgment is not likely to cause Defendant KOT substantial economic harm as both ACE and AIG are required to post and pay the premium for such supersedeas bond under the supplemental limits provisions of their liability insurance policies issued to KOT.

16.     Section 32.001 of the Texas Civil Practice and Remedies Code, commonly referred to as the "Turnover Statute" provides that this Court may order the turnover of a Judgment Debtor's property to aid in satisfying the judgment if that property: (1) can not readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution or seizure for the satisfaction of liabilities."  See Tex. Civ. Prac. & Rem. Code Ann. Section 31.002(a)(1)-(2).  The purpose of the Turnover Statute "is to aid a diligent judgment creditor to reach certain types of property of a judgment debtor."  *Criswell v. Ginsberg & Foreman*, 843 (S.W.2d 304, 306 (Tex. App.—Dallas 1992, no writ).  The Turnover Statute specifically permits a court, in

satisfaction of a judgment, to order the turnover of property that cannot be readily levied on by ordinary legal processes, including "causes of action against third-parties to a judgment creditor who [has] the same interest in pursuing them to maximize value as the judgment debtor." *In re: Great Northern Energy, Inc.*, 493 S.W.3d 283, 289 (Tex. App.—Texarkana 2016, no pet.). *Republic Ins. Co. v. Millard*, 825 S.W.2d 780 (Tex. App.—Houston [14th Dist.] 1992)(orig. proceeding). An unadjudicated cause of action is "property" subject to a turnover order. *In re: Farmers Ins. Exch.*, 13-14-00330-cv, 2014 WL 6804986 (Tex. App.—Corpus Christi Dec. 4, 2014, no pet.)(citing *Assos. Ready Mix, Inc. v. Douglas*, 843 S.W.2d 758, 762 (Tex. App.— Waco 1992, orig. proceeding). A cause of action may be exempt from turnover in limited circumstances when doing so would "extinguish a cause of action." *Assoc. Ready Mix*, 843 S.W.2d at 762. But the judgment debtor bears the burden of showing that the property in question is exempt under Section 31.002(a). *In re: C.H.C.*, 290 S.W.3d 929, 931 (Tex. App.— Dallas 2009, no pet.). Here the ACE and AIG policy proceeds and Defendant KOT's potential claims and causes of action, including but not limited to breach of contract, declaratory relief and violations of Chapter 542 of the Texas Insurance Code are not exempt from turnover.

17.    If a judgment debtor like Defendant KOT has property subject to a turnover order, as Defendant KOT does in the case of claims against the liability policies and carriers who issued them, this Court is authorized to: (1) Order the judgment debtor to turn over the non-exempt property that is in the debtor's possession or is subject to the debtor's control, together with all documents or records related to the property, to a designated Sheriff or Constable for execution; (2) otherwise apply the property to the satisfaction of the judgment; or (3) appoint a receiver with the authority to take possession of the non-exempt property, sell it, and pay the proceeds to the

judgment creditor to the extent required to satisfy the judgment.  Tex. Civ. Prac. & Rem. Code
Ann. Section 31.002(a)(2).

### D.     <u>RELIEF REQUESTED</u>

18.     Because  ACE  and  AIG  on  behalf  of  Defendant  KOT  have  violated  the
Rule 11 Agreement prejudicing the rights of Plaintiff to enforce the Judgment "once the
appellate courts' mandate issues," Plaintiff Rippy Oil requests the Court to order ACE and AIG
to post a supersedeas bond on behalf of KOT in the amount of the sum of the compensatory
damages awarded in the Judgment, interest for the estimated duration of the appeal, and costs
awarded in the Judgment.  Additionally, Plaintiff Rippy Oil seeks an award of attorneys' fees in
excess of $25,000.00 against ACE and AIG, jointly and severally, representing the amount of
attorneys' fees and expenses that Plaintiff Rippy Oil was required to pay Louisiana lawyers to
protect Plaintiff Rippy Oil's interest in the Louisiana Federal Court litigation.

19.     Because the liability policies issued by ACE and AIG to Defendant KOT and the claims
and causes of action that Defendant KOT has against ACE and AIG are all property subject to a
turnover order, Plaintiff Rippy Oil moves, subject to obtaining Bankruptcy Court approval, for
an order compelling Defendant KOT to turnover ACE American Insurance Company policy No.
HDO G24940214 and Chartis Specialty Insurance Company policy No. BE 1374559 and all
claims and causes of action against ACE and AIG pursuant to the indemnity obligations of the
policies.  Additionally, Plaintiff Rippy Oil also requests the Court to appoint a receiver to take
possession of Defendant KOT's claims and causes of action against ACE and AIG through
assignment to the proposed Order submitted with this Motion and to distribute the gross
proceeds, if any, from those claims and causes of action to satisfy the Final Judgment entered by
this Court on June 4, 2018.

11

20.     Plaintiff Rippy Oil further requests that the Court set bond for the receivership at $0, or at a nominal amount to cover anticipated costs of a Sheriff or Constable in the event there is no recovery by Plaintiff Rippy Oil Company on the policies issued by ACE and AIG or claims and causes of action against them.

21.     This Court has authority to enter a turnover order without affording Defendant KOT prior notice for an opportunity to be heard as the rendering of the Final Judgment put Judgment Debtor Defendant KOT on notice that post-judgment proceedings would follow.  *See Exparte Johnson*, 654 S.W.2d 415, 418 n.1 (Tex. 1983); *Ross v. 3D Tower, Ltd.*, 824 S.W.2d 270, 272 (Tex. App—Houston [14th Dist.] 1992, no writ).  Nevertheless, the attorneys hired by ACE and AIG to defend Defendant KOT in this case are being served with a copy of this Motion, Application, and Order, as are the attorneys of record for KOT, ACE, and AIG in the Louisiana litigation.

22.     In addition, the traditional substantive requirements for the appointment of a receiver or the issuance of injunctions are not required as part of a turnover order under Section 31.002. *Childre v. Great Southwest Life Ins. Co.*, 700 S.W.2d. 284, 288 (Tex. App.—Dallas 1985, no writ).

23.     Finally, Plaintiff Rippy Oil Company requests its reasonable costs and attorney's fees to obtain and enforce the Rule 11 Agreement, secure a supersedeas bond and/or enforce the turnover order and that such fees and expenses be taxed as costs in this case and for such other and further relief as Plaintiff Rippy Oil shows itself justly entitled.

Respectfully submitted,

**LAW OFFICE OF KENNETH TEKELL, SR.PLLC**

By:  /S/ Kenneth Tekell, Sr.
     Kenneth Tekell, Sr.
     State Bar No. 19764000
     ktekell@balagiatekell.com
     6 Broad Oaks Lane
     Houston, Texas 77056
     Telephone:  713-823-6558

**TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By:  /S/Mike Morris
     Mike Morris
     State Bar No. 14495800
     1221 McKinney, Suite 4300
     Houston, Texas 77010
     (713) 222-9542
     (713) 655-7727 - Fax
     mmorris@taylorbook.com

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was served in accordance with Rule 21a of the Texas Rules of Civil Procedure to all counsel on this the 19th day of May 2022.

Randy Donato
James T. Sunsoky
Donato, Minx, Brown & Pool, P.C.
3200 Southwest Fwy., Suite 2300
Houston, Texas 77027
rdonato@donatominxbrown.com
jsunosky@donatominxbrown.com

Jessica Z. Barger
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, Texas 77056
barger@wrightclosebarger.com

Robert I. Siegel
Gieger, Laborde & Laperouse, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, LA 70139
504-561-0400
504-561-1011 Fax
rsiegel@glllaw.com

Thear J. Lemoine
Brown Sims
1100 Poydras Street, 39th Floor
New Orleans, LA 70163
504-569-1007
504-569-9255 Fax
tlemoine@brownsims.com

Vanessa W. Anseman
Liskow & Lewis
822 Harding Street
Lafayette, Louisiana 70503
337-232-7424
337-267-2699 Fax
vanseman@liskow.com

_/S/ Mike Morris_____
Mike Morris

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Denise Nesbitt on behalf of Michael Morris
Bar No. 14495800
dnesbitt@taylorbook.com
Envelope ID: 64677146
Status as of 5/19/2022 3:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Randy Donato | | rdonato@donatobrown.com | 5/19/2022 3:05:58 PM | SENT |
| David M.Gunn | | dgunn@beckredden.com | 5/19/2022 3:05:58 PM | SENT |
| J. ParkerFauntleroy | | pfauntleroy@cokinoslaw.com | 5/19/2022 3:05:58 PM | SENT |
| Todd M.Foss | | tfoss@cokinoslaw.com | 5/19/2022 3:05:58 PM | SENT |
| JoAnn E.Tucker | | jtucker@cokinoslaw.com | 5/19/2022 3:05:58 PM | SENT |
| Kevin Roger Knight | 11601400 | kknight@knightfirm.com | 5/19/2022 3:05:58 PM | SENT |
| Bradley Snead | 24049835 | snead@wrightclosebarger.com | 5/19/2022 3:05:58 PM | SENT |
| Ronald D.Krist | | psteele@kristlaw.com | 5/19/2022 3:05:58 PM | SENT |
| Kenneth Tekell | | ktekell@tekellbook.com | 5/19/2022 3:05:58 PM | SENT |
| David Hammitt | | david@hammitlaw.com | 5/19/2022 3:05:58 PM | SENT |
| Ronald D.Krist | | rkrist@kristlaw.com | 5/19/2022 3:05:58 PM | SENT |
| Jessica Z.Barger | | barger@wrightclosebarger.com | 5/19/2022 3:05:58 PM | SENT |
| Michael Choyke | | choyke@wrightclosebarger.com | 5/19/2022 3:05:58 PM | SENT |
| Thomas C.Wright | | wright@wrightclosebarger.com | 5/19/2022 3:05:58 PM | SENT |
| Kenneth Tekell | | ktekell@balagiatekell.com | 5/19/2022 3:05:58 PM | SENT |
| Kym Virgadamo | | kvirgadamo@balagiatekell.com | 5/19/2022 3:05:58 PM | SENT |
| Denise Nesbitt | | dnesbitt@taylorbook.com | 5/19/2022 3:05:58 PM | SENT |
| Mike Morris | | mmorris@tekellbook.com | 5/19/2022 3:05:58 PM | SENT |

Associated Case Party: Pioneer Drilling Company

| Name |
|------|
| James M.Truss |
| Lindsay S.Riley |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Denise Nesbitt on behalf of Michael Morris
Bar No. 14495800
dnesbitt@taylorbook.com
Envelope ID: 64677146
Status as of 5/19/2022 3:14 PM CST

Associated Case Party: Pioneer Drilling Company

| Reagan M.Marble | | rmarble@dykema.com | 5/19/2022 3:05:58 PM | SENT |
|---|---|---|---|---|

Associated Case Party: PIONEER DRILLING COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| James Martin Truss | 797577 | marty.truss@steptoe-johnson.com | 5/19/2022 3:05:58 PM | SENT |
| James Martin Truss | 797577 | marty.truss@steptoe-johnson.com | 5/19/2022 3:05:58 PM | SENT |
| James M.Truss | | mtruss@dykema.com | 5/19/2022 3:05:58 PM | SENT |
| Lindsay S.Riley | | lriley@dykema.com | 5/19/2022 3:05:58 PM | SENT |

Associated Case Party: RIPPY OIL COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Ronald D. Krist | | psteele@kristlaw.com | 5/19/2022 3:05:58 PM | SENT |