UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| A I G SPECIALTY INSURANCE CO | CASE NO.  6:21-CV-04191 |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| KNIGHT OIL TOOLS INC | MAGISTRATE JUDGE CAROL B. WHITEHURST |

### REPORT AND RECOMMENDATION

Before the Court are the following two related motions:

- Motion for Abstention and to Dismiss Complaint for Declaratory Judgment or in the Alternative Stay or Transfer filed by Rippy Oil Company. (Rec. Doc. 36). The motion was opposed by AIG Specialty Ins. Co. (Rec. Doc. 63) and ACE American Ins. Co. (Rec. Doc. 64). Rippy replied (Rec. Doc. 75), and AIG filed a sur-reply (Rec. Doc. 80).

- Motion to Dismiss or in the Alternative to Stay Proceedings filed by Knight Energy Services, LLC.[1] (Rec. Doc. 42). Rippy filed a response (Rec. Doc. 58), AIG opposed the motion (Rec. Doc. 63), and Knight Energy filed a reply (Rec. Doc. 42).

The Motions were referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the

---

[1] Knight Energy acquired the assets of Knight Oil Tools, Inc., the original defendant in these proceedings, as a result of Knight Oil Tools, Inc.'s bankruptcy.

arguments of the parties, and for the reasons explained below, the Court recommends that both motions to dismiss be granted.

## Factual Background

The dispute precipitating these proceedings involved Knight Oil Tools, Inc.'s ("KOT") allegedly faulty drilling pipe, which caused damage to Rippy's oil well in Texas. Rippy sued KOT in Texas state court. KOT then filed for Chapter 11 bankruptcy. The bankruptcy court lifted the automatic stay and allowed Rippy to pursue its Texas litigation against KOT, but Rippy was only permitted to seek recovery solely from KOT's applicable insurance policies. (Rec. Doc. 36-7, p. 14-15). Following a jury trial in Texas state court, Rippy obtained a multi-million dollar judgment against KOT for the damage. The judgment was eventually affirmed by a Texas appellate court and is now pending before the Texas Supreme Court. (Rec. Doc. 36-5, ¶22-29). Since then, Rippy has pursued recovery of its Texas judgment against ACE (KOT's primary insurer) and AIG (KOT's umbrella/surplus insurer).

On December 7, 2021 (less than a month after the Texas state court judgment was affirmed on appeal), AIG filed the instant action against KOT seeking a declaratory judgment that it did not provide coverage for the incident. Rippy and ACE intervened. (Rec. Doc. 13; 86). On December 29, 2021, Rippy filed a suit in Texas state court against ACE, AIG, and Risk Specialists (a managing general agent that procured the AIG surplus policy) seeking a declaration that ACE, AIG, and Risk

2

Specialists, as KOT's applicable insurers, provide coverage for the incident and are required to pay the judgment against KOT. (Rec. Doc. 36-5, p. 9-10). That case was removed to the Southern District of Texas, Houston Division.

Recently, the Honorable Judge Kenneth Hoyt, presiding over Rippy's suit in the Southern District of Texas, denied ACE, AIG, and Risk Specialists' motions to dismiss or transfer that case to this Court, where AIG filed suit first. (Rec. Doc. 82-1). Judge Hoyt held that, although AIG had filed the first suit, jurisdiction was nonetheless more appropriate in the Southern District of Texas in light of several compelling facts regarding the underlying tort litigation and Rippy's claims against the insurers. (*Id.* at p. 5-6). Judge Hoyt also described AIG's suit in this Court as "farcical," and observed that a ruling on AIG's claim in this suit would be "academic[,] perhaps moot…[and] at best, advisory." (*Id.*)

Rippy and Knight Energy Services, LLC ("Knight Energy"), which acquired KOT's assets following bankruptcy, now seek to dismiss AIG's declaratory action on the grounds that the Court lacks jurisdiction under the Declaratory Judgment Act, and that the Court should otherwise abstain from hearing the case under 28 U.S.C. §1334. Rippy further argues that venue is improper, because the party in interest, Knight Energy, is no longer a Louisiana-domiciled entity. In addition, Knight Energy argues the Court lacks jurisdiction, because AIG does not have a justiciable case or controversy against KOT. Because the Court finds that dismissal of this

3

declaratory action is warranted pursuant to 28 U.S.C. § 2201, the Court shall not consider the parties arguments regarding venue.

## Law and Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), "is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 287 (1995) (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). "The Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton,* 515 U.S. at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id*. at 289.

In considering a declaratory judgment action, the court must utilize a three-step analysis:

> First, the court must determine whether the declaratory action is justiciable. Typically, this becomes a question of whether an "actual controversy" exists between the parties to the action. ...
>
> Second, if it has jurisdiction, then the district court must resolve whether it has the "authority" to grant declaratory relief in the case presented. ...
>
> Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory judgment action.
>
> *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000) (citations omitted).

### A. <u>Whether a justiciable case or controversy exists.</u>

"As a general rule, an actual controversy exists where 'a substantial controversy of sufficient immediacy and reality [exists] between parties having adverse legal interests.'" *Orix Credit*, 212 F.3d at 895, citing *Middle South Energy, Inc. v. City of New Orleans,* 800 F.2d 488, 490 (5th Cir.1986). Both Rippy and Knight Energy argue this case is not justiciable, because AIG has no viable claim against KOT. AIG argues this case seeking a determination on coverage is ripe, because the underlying litigation (as least insofar as coverage questions are at issue) is final.

The Court agrees that AIG has failed to show the existence of a justiciable controversy, where the only party it has sued, KOT, lacks an adverse legal interest. As the bankruptcy court declared, Rippy was not permitted to obtain any judgment against the debtor, KOT. The bankruptcy code precludes any judgment against a debtor whose pre-bankruptcy debts have been discharged. See 11 U.S.C. § 1141(d)(1) and § 524(a). Therefore, only KOT's insurers (against whom Rippy was permitted to seek recovery), including AIG, and Rippy have cognizable adverse interests. Although the coverage issue may be ripe for determination, AIG's claim represents a justiciable controversy only if brought against the party who stands to lose. Under the peculiar facts of this case, that party is Rippy and/or possibly Knight Energy. KOT suffers nothing by a finding of no coverage. Indeed, the Texas state

5

court recently granted Rippy's application for turnover and ordered KOT's applicable insurance policies and claims against its insurers transferred to a receiver. (Rec. Doc. 84-2). Accordingly, the Court finds jurisdiction should not exist under the Declaratory Judgment Act for this reason alone.

### B. Whether the Court has authority to grant declaratory relief.

"Under the second element of the *Orix Credit Alliance* test, a district court does not have authority to consider the merits of a declaratory judgment action when: (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under section 2283." *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388, fn. 1 (5th Cir. 2003).

KOT, the declaratory defendant, did not file any prior cause of action regarding coverage. To the extent Rippy, as an intervenor aligned as a defendant, filed a parallel state court action, Rippy did not file the first cause of action. Therefore, this inquiry does not preclude jurisdiction.

### C. Whether the Court should exercise its discretion to hear this declaratory action.

The court's third inquiry—how to exercise its broad discretion to decide or dismiss the action—is guided by the seven-factor test identified by the Fifth Circuit in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585 (5th Cir.1994) (the *Trejo* factors). The following factors are nonexclusive:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
(3) whether the plaintiff engaged in forum shopping in bringing the suit;
(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
(5) whether the federal court is a convenient forum for the parties and witnesses;
(6) whether retaining the lawsuit would serve the purposes of judicial economy; and
(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

The foregoing factors are governed by the overarching principles of federalism and comity, fairness in the proceedings, and efficiency. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 391 (5th Cir. 2003). The Court addresses each factor in turn.

### 1. Whether there is a pending state action in which all of the matters in controversy may be fully litigated.

Rippy and Knight Energy argue the first factor favors dismissal, because there is a pending state court action (since removed to federal court) in which every issue at the heart of the complaint for declaratory judgment can be decided. The first factor contemplates a pending parallel state court action involving an identity of parties and issues. *Agora Syndicate, Inc. v. Robinson Janitorial Specialists, Inc.,* 149 F.3d 371, 373 (5th Cir. 1998). "The lack of a pending parallel state proceeding [does] not automatically require a district court to decide a declaratory judgment action, just as the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Sherwin-Williams Co.,* 343

7

F.3 at 394 (footnote omitted). However, the lack of a pending parallel state court action "weighs strongly against dismissal." *Id*.

The Court agrees this factor strongly favors dismissal. Rippy filed a suit naming all insurers as defendants in which the coverage issues may be decided. Tellingly, even though AIG filed this suit first (and thus might otherwise enjoy the benefit of the first-filed rule[2]), Judge Hoyt, presiding over Rippy's suit in the Southern District of Texas, retained jurisdiction over all matters among the parties. (Rec. Doc. 82-1).

### 2. Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant.

The Court recognizes the reality that declaratory actions are often filed as anticipatory of future suits. The Fifth Circuit explained:

> A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). The mere fact that a declaratory judgment action is brought in anticipation of other suits does not require dismissal of the declaratory judgment action by the federal court. … Declaratory judgment actions often involve the permissible selection of a federal forum over an available state forum, based on the anticipation that a state court suit will be filed.

---

[2] "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)

*Sherwin-Williams Co.,* 343 F.3d at 397-98.

The Court finds this factor is neutral.

### 3. Whether the plaintiff engaged in forum shopping.

Rippy and Knight Energy accuse AIG of forum shopping by filing this suit in a Louisiana federal court, a forum with few ties to the controversy. Regarding this factor, the Fifth Circuit instructed:

> The filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. The courts use pejorative terms such as "forum shopping" or "procedural fencing" to identify a narrower category of federal declaratory judgment lawsuits filed for reasons found improper and abusive, other than selecting a forum or anticipating related litigation. Merely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive "forum shopping."

*Sherwin-Williams Co.,* 343 F.3d at 391.

Unlike the case at bar, the *Sherwin-Williams* court found that the declaratory action plaintiff faced multiple lawsuits by multiple parties in multiple state court forums. *Id*. at 398. Here, the damage resulting in the underlying litigation occurred in Texas, the underlying litigation occurred in Texas, and AIG should reasonably have anticipated that Rippy would seek to enforce its Texas judgment against KOT's insurers in Texas. The only connection to Louisiana is the defunct debtor, KOT, which was domiciled in Louisiana. That tie was severed when Knight Energy acquired KOT's assets. Knight Energy is a limited liability company organized

9

under the laws of Delaware with its principal place of business in Texas. (Rec. Doc. 71-79). Accordingly, without definitively holding that AIG engaged in forum shopping, the Court finds this factor favors dismissal.

### 4. Whether possible inequities exist by allowing the declaratory plaintiff to gain precedence in time or to change forums.

Like factors two and three, this factor "analyze[s] whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds." *Sherwin-Williams Co.*, 343 F.3d at 392. Thus, for the reasons discussed above, the Court does not hereby convict AIG of improper forum shopping but nevertheless finds this factor favors dismissal.

### 5. Whether the federal court is a convenient forum for the parties and witnesses.

This factor also favors dismissal. As discussed above, Louisiana's connection to these proceedings is tenuous.

### 6. Whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

This factor also favors dismissal. For the reasons discussed above and for the reasons Judge Hoyt discussed, judicial economy is best served by allowing the Southern District of Texas to consider all pertinent issues, including those pertaining to AIG's coverage.

### 7. Whether the federal court is being called upon to construe a state judicial decree involving the same parties and entered by the court

10

**before whom the parallel state suit between the same parties is pending.**

Since Judge Hoyt (rightfully) retained jurisdiction to consider AIG's coverage disputes in the Southern District of Texas proceedings, any rulings by this Court on those issues would necessarily run parallel to those proceedings. Thus, to maintain jurisdiction over AIG's coverage claims runs the obvious risk of inconsistent judgments.

The Court concludes that dismissal of this action is warranted, such that all claims may be considered in the Southern District of Texas proceedings at the appropriate time. Having found dismissal proper on these grounds, the Court declines to consider Rippy's and Knight Energy's alternative arguments for a stay of proceedings or dismissal for improper venue.

## Conclusion

For the reasons discussed herein, the Court recommends that Rippy Oil Company's Motion for Abstention (Rec. Doc. 36) and Knight Energy Services, LLC's Motion to Dismiss (Rec. Doc. 42) be GRANTED. This case should be dismissed to allow AIG's claims/defenses regarding coverage to be resolved in the Southern District of Texas, Houston Division.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of

Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of September, 2022.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE