UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AIG SPECIALTY INSURANCE COMPANY (f/k/a CHARTIS SPECIALTY INSURANCE COMPANY) | § § § § § | CIVIL ACTION NO. 6:21-CV-04191 |
| | | JUDGE ROBERT R SUMMERHAYS |
| VS. | § § § | MAGISTRATE CAROL B WHITEHURST |
| KNIGHT OIL TOOLS, INC. | § | |

**INTERVENOR RIPPY OIL COMPANY'S RESPONSE TO AIG SPECIALTY INSURANCE COMPANY'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATIONS**

NOW INTO COURT, through undersigned counsel, comes Intervenor Rippy Oil Company ("Rippy Oil") and respectfully submits its response to Plaintiff AIG Specialty Insurance Company f/k/a Chartis Specialty Insurance Company's ("AIG") Objections to Magistrate's Report and Recommendations (Rec. Doc. 92) and in support thereof would show the Court as follows:

1. Intervenor ACE American Insurance Company ("ACE") and Rippy Oil and Defendant Knight Energy Services LLC ("KOT") have not objected to the Magistrate's Report and Recommendations (Rec. Doc. 91). Only AIG has filed objections to two sentences on page 2 of the Report and Recommendations under "Factual Background" which are fully supported by the record but otherwise not material to the Magistrate's Recommendation "that Rippy Oil Company's Motion for Abstention (Rec. Doc. 36) and Knight Energy Services LLC's Motion to Dismiss (Rec. Doc. 42) be GRANTED." (Rec. Doc. 91, p.11).

2. Indeed, AIG has not objected to any factual findings material to the Magistrate's Recommendations and Conclusion nor has AIG objected to any legal conclusions reflected in the Report and Recommendations. (Rec. Doc. 92).

1

3.	Accordingly, Rippy Oil Company respectfully submits that the Honorable United States Magistrate Judge's Report and Recommendation is correct and should he submitted to the Honorable United States District Judge for acceptance pursuant to 28. U.S.C.A. § 636 (b)(1)(C) and Fed. R. Civ. P. 72 (b)(3).

4.	On page 2 of the Report and Recommendation, under Factual Background, the Magistrate states that "[t]he dispute precipitating these proceedings involved Knight Oil Tools, Inc.'s ("KOT") allegedly faulty drilling pipe, which caused damaged to Rippy's oil well in Texas." (Rec. Doc. 92, p.2). AIG erroneously contends that this statement is lacking in any evidentiary support. Plaintiff's Trial Petition in the underlying Tort lawsuit filed in Texas alleged that:

> "On or about May 11, 2010, Defendant Pioneer Drilling was utilizing the drill pipe supplied and represented to have been API inspected and API Premium Class by Defendant Knight Oil Tools during normal drilling operations and well within the capacity of API Premium Class drill pipe. The drill pipe was being utilized well within the capacity, capabilities, and operating parameters of API Premium Class drill pipe, when the drill pipe supplied by Defendant Knight Oil Tools catastrophically failed, destroying a valuable portion of the Easterling No. 1-H well which prevented its completion and subsequent production of oil reserves from the target intervals Plaintiffs had successfully penetrated with the Easterling No. 1-H well bore. Plaintiffs made every effort to mitigate their damages by attempting to fish the failed drill pipe, separated drill pipe string, bottomhole assembly, and drill bit damaged and lost in the hole after notifying Defendant Knight Oil Tools of the drill pipe failure. Despite efforts to salvage same, Plaintiffs could not reproduce the Easterling no. 1-H well with resulting loss of well bore and hydrocarbon reserves, and drilling equipment damaged and lost down hole and charged to Plaintiffs, all of which caused Plaintiffs to suffer damages set forth below in excess of the minimum jurisdictional limits of this Court."

(Rec. Doc. 36-5, p.4; Ex. H pp 5-6, 23-24).

5.	After a fully adversarial, the Leon County, Texas jury found that KOT's faulty drill pipe proximately caused the destruction of Rippy's oil well and that the well could not be reproduced (Rec. Doc. 36-5, pp 5-8; Ex. O). The Texas trial court entered a Final Judgment on the jury's verdict and the Waco Court of Appeals affirmed the jury's verdict and Final Judgment twice.

The Tenth Court of Appeals, affirming the jury's findings of facts, states under "Background Facts" that:

> "On May 11, 2010, one of the drill pipes supplied by Knight broke while it was in the well. The parties agree that the pipe failure was caused by fatigue. Rippy was not able to recover the broken pipe and the drill string beyond it and eventually had to abandon the Easterling 1-H well. Rippy attempted to drill an offset well, Easterling 2-H, but that effort was unsuccessful.
>
> Rippy filed suit against Knight to recover damages…"

(Rec. Doc. 36-5, p.9; Ex. V pp 2-3).

6. Judge Hoyt in his Memorandum and Opinion denying AIG and ACE's Joint Motion to Dismiss or alternatively, Transfer or Stay, after reviewing a similar record, stated under "Procedural History," that: "The pipe failed causing substantial damages to the well(s) and, thereby gave rise to a lawsuit between Rippy and Knight, and perhaps others, in a Leon County Court." (Rec. Doc. 82, Ex. 1, pp 1-2). It is abundantly clear that the record before this Court conclusively establishes that the Magistrate's statement challenged by AIG, is indeed correct and supported by evidence.

7. On page 2 of the Report and Recommendation, under Factual Background the Magistrate states that "[f]ollowing a jury trial in Texas state court, Rippy obtained a multi-million dollar judgment against KOT for the damage." Once again, AIG erroneously argues that the statement is factually inaccurate and not supported by the underlying trial court record. Rippy Oil respectfully submits a cursory review of the record references cited in paragraphs 4, 5 and 6 above, conclusively establishes the correctness of the Magistrate's statement. AIG's objections should be rejected and the Magistrate's Report and Recommendation should be accepted as is.

8. Finally, it appears that AIG's real agenda here is not asserting appropriate objections to the Magistrate's statements in question but rather the effect of the Report and Recommendation

in the ongoing coverage litigation pending in the Southern District of Texas, Houston Division before Judge Hoyt. AIG's concerns are unfounded as the Magistrate in her conclusion on page 11, states "[t]his case should be dismissed to allow AIG's claims/defenses regarding coverage to be resolved in the Southern District of Texas, Houston Division." (Rec. Doc. 91, p. 11).

WHEREFORE, Intervenor Rippy Oil Company requests the Court to accept and adopt the Report and Recommendation of the Magistrate Judge without modification and dismiss this case; and for such other, and further relief, to which Intervenor Rippy Oil Company shows itself justly entitled.

Respectfully submitted,
**GIBSON LAW PARTNERS, LLC**
**Attorneys at Law**

By: /s/ JAMES H. GIBSON
_____
JAMES H. GIBSON
LSBN: 14285
2448 Johnston St. (70503)
P.O. Box 52124
Lafayette, LA  70505
Direct Dial:  337-761-6025
Main:  337-761-6023
Fax:  337-761-6061
Email:  jimgibson@gibsonlawpartners.com

**LAW OFFICE OF KENNETH TEKELL, SR. PLLC**

By: /S/ KENNETH TEKELL, SR.
_____
Kenneth Tekell, Sr. – Signed by Permission
State Bar No. 19764000
ktekell@balagiatekell.com
6 Broad Oaks Lane
Houston, Texas 77056
Telephone:  713-823-6558

4

        **TAYLOR, BOOK, ALLEN & MORRIS, L.L.P.**

By: /s/ MIKE MORRIS
        Mike Morris
        State Bar No. 14495800
        1221 McKinney, Suite 4300
        Houston, Texas 77010
        (713) 222-9542
        (713) 655-7727 - Fax
        mmorris@taylorbook.com

**ATTORNEYS FOR PROPOSED INTERVENOR, RIPPY OIL COMPANY**

## CERTIFICATE OF SERVICE

    I certify that on this 29th day of September, 2022, a true and correct copy of the foregoing instrument was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System for the United States District Court, Western District of Louisiana.

/s/ JAMES H. GIBSON

James H. Gibson